**In re: St. Jude Medical, Inc. Silzone Heart Valves Product Liability Litigation**
**01-1396 JRT**

The Court held a status conference on Thursday, February 12, 2004, in Minneapolis.

The Court first addressed the plaintiffs' pending motion to reconsider. That motion is expected to be fully briefed by mid-March.

St. Jude Medical was given permission to file a motion to decertify the consumer class. St. Jude's brief is due on or before March 9. Plaintiffs will be given three weeks to respond, and any reply will be due within 10 days of the response.

St. Jude Medical also requested a stay or extension of discovery for 90 days. The Court reserved ruling on that request, and will consider it only after the parties agree on a settlement mediator and provide the Court a written plan of how the settlement negotiations will proceed.

The parties updated the Court on the status of the privilege log dispute.

The parties also discussed the status of the medical monitoring claim, and in particular, the scheduling of 9 depositions. The Court ordered that the scheduling of the depositions should go forward, and if necessary, will set a date certain by which the depositions must be scheduled.

The Court next heard a discussion of the "Two Track Schedule", referring to the medical monitoring claim proceeding separately from the consumer fraud action. Plaintiffs submitted a trial plan, and a proposed notice to class members. St. Jude was ordered to submit any objections to the notice to the class within 10 days of the hearing, and the plaintiffs will then have an opportunity to address those concerns. St. Jude's response to the trial plan will not be due until the Court has been fully briefed on St. Jude's motion to decertify the consumer fraud class. The Court will announce a more certain date in a later opinion.

The parties discussed the appointment of an end game committee and settlement mediator. The end game committee members have been tentatively determined. The parties voiced some disagreement about the scope of the committee. The parties expect to select a settlement mediator shortly. The parties voiced some disagreement about the scope of the settlement mediator's role, and whether the mediator's role will include both MDL and individual claims. The parties were ordered to meet and confer on the role of the mediator.

Also discussed was the status of the escrow account, and whether aggregate, or individual amounts would be reported. The Court will address that issue as soon as possible.

The Court heard updates on the Canadian and Ramsey County litigation.

The next status conference will be held March 18, at 11 a.m. in the Minneapolis Courthouse.