ZIMMERMAN REED
ATTORNEYS AT LAW

May 21, 2004

**J. GORDON RUDD, JR.**
**Admitted in Minnesota**
jgr@zimmreed.com

REPLY TO MINNEAPOLIS

Honorable John R. Tunheim
U. S. District Court
300 South Fourth Street
Minneapolis, MN 55415

Re: *St. Jude Medical, Inc., Silzone Heart Valves Product Liability Litigation,* No. 01-1396 JRT/fln

Dear Judge Tunheim:

Plaintiffs respectfully offer this response to Defendant SJM Medical, Inc.'s ("SJM") unsolicited May 19, 2004, letter to the Court containing argument on the submitted matter of its application for interlocutory appeal certification, and enclosing an FDA amicus letter brief in *Horn v. Thoratec* which it asserts as "new authority."

The FDA amicus letter contains discussion of interesting preemption issues, but for present purposes covers no new ground and addresses none of the enumerated bases for this Court's preemption ruling. In other words, even if everything in the letter brief were assumed to be the law, it still provides no basis to change in any way the Court's January 5, 2004, Order denying summary judgment, and thus cannot support interlocutory appeal of the Order.

SJM's letter to the Court says the FDA amicus letter is relevant first for its "exposition of the PMA and PMA Supplement process." But the Court's Order did not resolve any such "process" issue against SJM. The FDA amicus letter focuses at length on whether the PMA process creates specific federal requirements that may preempt conflicting state requirements, and to a lesser extent on whether state tort claims may constitute such conflicting requirements. But these are not issues upon which SJM could ever obtain reversal of the Court's Order, because for the purpose of deciding the preemption motion, the Order resolved them in SJM's favor. This Court did in fact treat the PMA process as comprising "federal requirements," and state tort claims as "state requirements," under Brooks and Lohr; it was those very requirements that the Court examined in the preemption conflict analysis required by the cases.[1]

Moreover, the FDA letter, and the *Horn* case which it addresses, apparently do not involve any allegations or evidence of a defendant's non-compliance with FDA disclosure, reporting, and marketing requirements (or, for that matter, the explicit preemption exemption of statutory consumer protection and warranty claims given by the FDA's own

[1] The FDA lawyer writing the amicus letter apparently believed he was announcing a change from an FDA position circa 1997 on these "requirements" issues, largely to conform to subsequent case law. Such law has already been extensively briefed by the parties and reviewed and cited by the Court. Moreover, the Court's Order certainly did not adopt the FDA's 1997 view as described in the letter brief, which would have barred preemption before even reaching the required analysis of conflicting requirements and regulatory compliance.

regulations).[2] Indeed, to the contrary, the FDA went out of its way to point out that the *Horn* plaintiff claimed only that the defendant should have adopted designs and warnings that explicitly departed from what the FDA approved, and that there were no allegations (much less any evidence) of deviance from any FDA requirements. (See FDA amicus letter at 4-5, 18, 24-25.) The FDA letter -- just like the familiar federal cases that have found MDA preemption of some state tort claims absent any evidence of regulatory non-compliance -- supports rather than contradicts this Court's preemption analysis.

SJM's letter to the Court also says the FDA amicus letter is relevant to "the significant public policy considerations underlying preemption." But the Court is already well acquainted with the policy arguments here. On the one hand, the certainty and finality occasioned by blanket corporate immunity via federal agency imprimatur is always inherently efficient for corporations, and deferential to agency action. On the other hand, as this Court observed in its Order, allowing a corporation to confer such immunity upon itself by misleading and withholding required information from the federal government would be a terrible public policy. The facts of the *Horn* case addressed in the FDA amicus letter did not implicate the latter policy issue at all – much less the consistent federal appellate and Supreme Court authority that confirms there is no preemption immunity in such a circumstance.

In sum, the FDA amicus letter and SJM's May 19 letter citing to it offers the Court no new information, let alone controlling authority, pertaining to any of the enumerated bases for the Court's denial of summary judgment in this case. Plaintiffs' brief in opposition to SJM's application for interlocutory certification fully addresses all of Defendants' arguments in this regard.

Respectfully,

ZIMMERMAN REED, P.L.L.P.

/s/ J. Gordon Rudd, Jr.
J. Gordon Rudd, Jr.

JGR:jlt
Enclosure
cc: Tracy J. Van Steenburgh, Esq.
David E. Stanley, Esq.
Steven M. Kohn, Esq.
James T. Capretz, Esq.
Steven E. Angstreich, Esq.
Joe Jacobson, Esq.
Patrick J. Murphy, Esq.
Daniel Sigelman, Esq.

---

[2] Nor indeed do they even involve or address any claim currently operative in the Silzone certified class action case.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2004, I caused the following documents:

Letter from J. Gordon Rudd, Jr., to the Honorable John R. Tunheim, dated May 21, 2004

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Steven E Angstreich
sangstreich@levyangstreich.com

James T Capretz
jcapretz@capretz.com jtc@capretz.com

Carolyn Lindheim
clindheim@levyangstreich.com

Michael T Nilan
mnilan@halleland.com NGordon@halleland.com

J Gordon Rudd
jgr@zimmreed.com

Tracy J Van Steenburgh
tvan@halleland.com LClark@halleland.com

Charles S Zimmerman
csz@zimmreed.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Michael J Beck
Room G-255 N Lobby
Clerk of the Panel
Thurgood Marshall Federal Judiciary Bldg
One Columbus Circle NE
Washington, DC 20002-8004

Joe D Jacobson
Green Schaaf & Jacobson
7733 Forsyth Ste 700
St Louis, MO 63105

Tony Jensen
Capretz & Assoc
5000 Birch St Ste 2500
Newport Beach, CA 92660

Steven M Kohn
Reed Smith Crosby Heafey
1999 Harrison St Ste 2200
Oakland, CA 94612

Patrick Murphy
Murphy Law Office
844 E Sahara Ave
Las Vegas, NV 89104

David E Stanley
Reed Smith - LA
355 Grand Ave S Ste 2900
Los Angeles, CA 90071

Dated: May 21, 2004

s/ J. Gordon Rudd, Jr.
J. Gordon Rudd, Jr.