IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

IN RE ST. JUDE MEDICAL, INC., :
SILZONE® HEART VALVES PRODUCTS :
LIABILITY LITIGATION : MDL DOCKET NO. 1396

**JOINT STATUS CONFERENCE REPORT**

**(June 22, 2004 Status Conference)**

The parties have met and conferred and respectfully submit this Joint Status Conference Statement in anticipation of the June 22, 2004 status conference.

## I. STATUS REPORT REGARDING MEDIATIONS

On March 1, 2004, the Court entered Pretrial Order No. 30 establishing the St. Jude Medical Silzone Heart Valve MDL Settlement and Mediation and appointing John W. Carey, Esq. to serve as Special Master to administer the settlement program and serve as mediator. Since that time, mediations have taken place in 27 MDL and Ramsey County cases resulting in 17 settlements. Some settlements will have been funded as of the date of the Status Conference.

The mediation program is currently suspended while St. Jude Medical's insurers transition from the previous layer of insurance (managed by TIG and Gulf) to the next layer (managed by Kemper Lumberman's Mutual Casualty Insurance, which is unit of the Kemper Insurance Companies).

Kemper's credit rating by A.M. Best has been downgraded to a "D" and it (including its Lumberman's line) is presently in "run-off," meaning that it is not issuing new policies, and therefore is not generating sufficient revenue such that it may not be able to cover all claims that

SCANNED
JUN 2 2 2004
U.S. DISTRICT COURT MPLS



DOCSLA-15430648.1-DSTANLEY

may be made under previously issued policies. Despite this situation, based on the information it has received, St. Jude Medical expects that this transition should be completed in the next and that mediations can resume no later than August 1, 2004.

Pretrial Order No. 33 established the St. Jude Medical MDL Escrow Account to receive and disburse funds pursuant to Pretrial Order No. 18 to compensate and reimburse attorneys for services performed and expenses incurred for the common benefit of plaintiffs. The Court has appointed David E. Stanley as the sole escrow agent for the St. Jude Medical Escrow Account. In accordance with Pretrial Order No. 18, Mr. Stanley will provide a report to the Court regarding the status of funds deposited into the St. Jude Medical MDL Escrow Account on or about July 1, 2004.

## II. PRIVILEGE LOG

As the Court is aware, approximately 290 documents were submitted to Special Master Solum for his review and determination as to whether those documents are entitled to attorney-client and/or work product protection. Mr. Solum recently completed his review and analysis of these documents and has issued several reports. Briefly summarized, the Special Master found that approximately 210 documents were protected either by the work product doctrine or by the attorney-client privilege. Prior to the Status Conference on June 22nd, St Jude Medical will produce the documents that the Special Master found were not subject to either work product or attorney-client privilege.

## III. STATUS OF DISCOVERY

### A. Depositions of Current and Former SJM Employees

Pretrial Order No. 16 limits the number of depositions of current and former SJM employees to 20. To date, the PSC has already taken or is in the process of completing the depositions of 17 current and former employees of St. Jude Medical. They are Don Guzik, Steve

Healy, Terry Shepard, Jim Ladner, Al Flory, Tina King, Jim Phillips, Peter Spadaro, Elizabeth Burnett, Maggie Wallner, Tim Chase, Jonas Runquist, Katherine Tweden, Matt Ogle, Dan Langanki, Robert Frater, M.D. and Bill Mirsch. As such, by Court order, plaintiffs are entitled to take an additional 3 depositions absent leave of court.

Plaintiffs have notified St. Jude Medical that they wish to take the depositions of 7 additional current or former employees of St. Jude Medical They are: Monica Schultz, Barbra Illingworth, Roland Gerard, Roger Osborne, a designated representative on Field Experience Reports, William Holmberg, Roy Hosek and Dickey Fraansen-Brader.

In a good faith effort to meet and confer regarding this request, St. Jude Medical proposed that the depositions of Mr. Hosek, Ms. Illingworth, Ms. Schultz and Mr. Holmberg, and the designated representatives on Field Experience Reports should be limited to 3 hours each inasmuch as each of these witnesses has been deposed at length in the state court proceedings. With regard to the depositions of Mr. Gerard, Mr. Osborne and Ms. Fraansen-Brader, none of whom have been deposed in other proceedings, St. Jude Medical offered to produce these witnesses for a full 7 hours. Plaintiffs would not agree to this proposal and seek to depose each of the 7 newly identified witnesses without limitation. St. Jude Medical submits that if Plaintiffs are unwilling to stipulate to time limits regarding the depositions of St. Jude Medical employees who have already been deposed, then the Court should enforce the 20 deposition limit set forth in Pretrial Order No. 16.

### B. Identification and Disclosure of Generic Expert Witnesses

The deadline for Plaintiff's Identification of Generic Expert Witnesses set forth in Pretrial Order No. 32 is July 16, 2004. The deadline for St. Jude Medical's Identification of Generic Expert Witnesses is August 17, 2004. The parties have agreed that these deadlines apply only to the identification of generic expert witnesses and their general area of expertise and not to the exchange of generic expert reports pursuant to FRCP 26. The parties have also agreed that the

deadline for Plaintiff's production of generic expert reports pursuant to FRCP 26 will be November 5, 2004 and that the deadline for St. Jude Medical's production of generic expert reports pursuant to FRCP 26 will be December 6, 2004.

## IV. O'NEILL V. ST. JUDE MEDICAL

On February 11, 2004, the law firms of Zimmerman Reed; Levy, Angstreich, Finney, Baldante, Rubenstein & Coren; Kellogg & Sigelman, LLC; and Leigh Day & Co. commenced a putative class action in Minnesota state court. The named plaintiffs are Shane O'Neill and Gabriele Sanio-O'Neill, citizens of the "Republic of Ireland, Europe and Canada" and "Germany and Europe" respectively. The O'Neills further purport to bring their lawsuit -- asserting a claim under the European Union Product Directive and seeking medical monitoring under Minnesota's consumer protection statutes -- on behalf of a putative class of "[a]ll persons who, while residing in the original European Economic Union member states (i.e. -- Austria, Belgium, Denmark, Finland, France, Germany, Greece, Ireland, Italy, Luxemborg, Portugal, Spain, Sweden, the Netherlands, Norway and United Kingdom)" were implanted with "a product with Silzone(r) coating." No U.S. citizen is a named or putative class plaintiff.

On March 12, 2004, St. Jude Medical removed the case to this Court. Plaintiffs have moved to remand this case back to Ramsey County and the motion is fully briefed and ready to be argued at the Status Conference. In conjunction with its opposition to Plaintiffs' remand motion, St. Jude Medical has filed motions to dismiss based on forum non conveniens and lack of subject matter jurisdiction. These motions are also fully briefed and ready to be argued at the Status Conference.

deadline for Plaintiff's production of generic expert reports pursuant to FRCP 26 will be November 5, 2004 and that the deadline for St. Jude Medical's production of generic expert reports pursuant to FRCP 26 will be December 6, 2004.

## IV. O'NEILL V. ST. JUDE MEDICAL

On February 11, 2004, the law firms of Zimmerman Reed; Levy, Angstreich, Finney, Baldante, Rubenstein & Coren; Kellogg & Sigelman, LLC; and Leigh Day & Co. commenced a putative class action in Minnesota state court. The named plaintiffs are Shane O'Neill and Gabriele Sanio-O'Neill, citizens of the "Republic of Ireland, Europe and Canada" and "Germany and Europe" respectively. The O'Neills further purport to bring their lawsuit -- asserting a claim under the European Union Product Directive and seeking medical monitoring under Minnesota's consumer protection statutes -- on behalf of a putative class of "[a]ll persons who, while residing in the original European Economic Union member states (i.e. -- Austria, Belgium, Denmark, Finland, France, Germany, Greece, Ireland, Italy, Luxemborg, Portugal, Spain, Sweden, the Netherlands, Norway and United Kingdom)" were implanted with "a product with Silzone(r) coating." No U.S. citizen is a named or putative class plaintiff.

On March 12, 2004, St. Jude Medical removed the case to this Court. Plaintiffs have moved to remand this case back to Ramsey County and the motion is fully briefed and ready to be argued at the Status Conference. In conjunction with its opposition to Plaintiffs' remand motion, St. Jude Medical has filed motions to dismiss based on forum non conveniens and lack of subject matter jurisdiction. These motions are also fully briefed and ready to be argued at the Status Conference.

DATED:

DATED: 6/22/04

**ZIMMMERMAN REED, P.L.L.P**

By: ______________________
J. Gordon Rudd, Jr., No. 222082
Plaintiffs' Liaison Counsel

DATED:

**CAPRETZ & ASSOCIATES**

By: ______________________
James T. Capretz By SEA
Co-Lead Counsel for Plaintiffs

DATED:

**LEVY, ANGSTREICH, FINNEY, BALDANTE, RUBENSTEIN & COREN, P.C.**

By: ______________________
Steven E. Angstreich
Co-Lead Counsel for Plaintiffs

DATED: 6-22-04

**REED SMITH LLP**

By: ______________________
David E. Stanley
Counsel for Defendant
St. Jude Medical, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **IN RE: ST. JUDE MEDICAL, INC., SILZONE HEART VALVES PRODUCTS LIABILITY LITIGATION** | : | **MDL DOCKET NO. 1396** |
| **THIS DOCUMENT RELATES TO ALL CASES** | : | |

***DRAFT***

**AGENDA**

**June 22, 2004, 9:30 a.m.**
**Status Conference**

1. Report on SJM MDL Mediation Program

   A. Number of Cases Mediated; Number Resolved in Principle
   B. Number of Cases Pending Waiting Restart of Program
   C. Number of Cases Not Set for Mediation
   D. Report on MDL Escrow Bank Account – Payments to Account

2. Case Management Plan for Unresolved MDL Claims

3. Status of MDL Discovery

   A. Review of Current Discovery Deadlines
   B. Depositions to be Completed and Number of Depositions Taken by Class
   C. Additional Depositions Sought by Plaintiffs
   D. Documents from Privilege Log
   E. Written Discovery
   F. Confidentiality Issue
   G. PTO re Expert Reports

4. Pending Motions and Related Matters

5. Report on Canadian Litigation

6. Report on Ramsey County Litigation

7. Next Status Conference

SCANNED
JUN 2 2 2004
U.S. DISTRICT COURT MPLS

8. Hearing on three Pending Motions in *O'Neill v. St. Jude Medical, Inc.*