IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

IN RE ST. JUDE MEDICAL, INC., :
SILZONE HEART VALVES PRODUCTS :
LIABILITY LITIGATION : MDL DOCKET NO. 1396

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD INTERROGATORIES AND SEVENTH REQUEST FOR PRODUCTION TO DEFENDANT (MERITS PHASE)**

**INTERROGATORY NO. 1**: Please provide for each St. Jude Medical, Inc. prosthetic heart valve model identified below the most current annual linearized incidence rate (or if applicable, the range of rates) you have for the following events, including in your response the applicable date and the basis (bases) or source(s) for defining and calculating the rate(s):

| Event | SJM® Mechanical Heart valve standard cuff | | SJM® Mechanical Heart valve expanded cuff | | SJM® Mechanical Heart valve PTFE Standard cuff | | SJM® Mechanical Heart valve PTFE Expanded cuff | | SJM® Mechanical Heart valve HP cuff | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Aortic | Mitral | Aortic | Mitral | Aortic | Mitral | Aortic | Mitral | Aortic | Mitral |
| Bleeding | | | | | | | | | | |
| Endocarditis | | | | | | | | | | |
| Paravalvular Leak | | | | | | | | | | |
| Thromboembolism | | | | | | | | | | |
| Valve thrombosis | | | | | | | | | | |
| Source(s)/Date | | | | | | | | | | |



DOCSOAK-9722354.1-SMENDELSOHN

| Event | Master Series Valve with Silzone™ | | Master Series Valve with polyester cuff | | Master Series Valve with PTFE cuff | | Epic Valve with Conventional cuff | | Epic Valve with Silzone™ Cuff | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Aortic | Mitral | Aortic | Mitral | Aortic | Mitral | Aortic | Mitral | Aortic | Mitral |
| Bleeding | | | | | | | | | | |
| Endocarditis | | | | | | | | | | |
| Paravalvular Leak | | | | | | | | | | |
| Thromboembolism | | | | | | | | | | |
| Valve thrombosis | | | | | | | | | | |
| Source(s)/Date | | | | | | | | | | |

| Event | Regent Valve with Conventional cuff | | Regent Valve with Silzone™ cuff | |
|---|---|---|---|---|
| | Aortic | Mitral | Aortic | Mitral |
| Bleeding | | | | |
| Endocarditis | | | | |
| Paravalvular Leak | | | | |
| Thromboembolism | | | | |
| Valve thrombosis | | | | |
| Source(s)/Date | | | | |

**RESPONSE TO INTERROGATORY NO. 1**: St. Jude Medical objects to this interrogatory on the ground that it is overly broad in scope and thus seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. St. Jude Medical further objects to this interrogatory on the grounds that the interrogatory, including subparts, exceeds the number of interrogatories permitted under Pretrial Order No. 16. St. Jude Medical also objects to

this interrogatory to the extent that it seeks information protected by the attorney work product doctrine. St. Jude Medical further objects to this interrogatory on the grounds that it is vague and ambiguous, as the interrogatory does not specify any particular population of patients about which plaintiffs are requesting linearized rates of complications. To the extent that this interrogatory seeks the linearized incidence rates for all patients who have received the twelve types of valves listed in this interrogatory, St. Jude Medical does not calculate such rates in the ordinary course of its business, and therefore St. Jude Medical also objects to this interrogatory on the grounds that the burden or expense of the proposed discovery outweighs the likely benefits, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues. Furthermore, in order to calculate such rates for patients in the United States, St. Jude Medical would need private patient information that it does not currently possess and access to which is restricted by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). In addition, for patients outside the United States there is no regulatory authority that assures that St. Jude Medical can receive and verify data about such complication rates. Accordingly, the data necessary to calculate accurate linearized rates for the entire population of patients who have received the twelve types of valves listed in this interrogatory is not available to St. Jude Medical. Subject to and without waiving its objections, St. Jude Medical states that AVERT has recently calculated major paravalvular leak linearized rates per year (excluding Major Paravalvular Leak due to Endocarditis) and St. Jude Medical refers Plaintiffs to document SJM4330719990 that it is producing .

## REQUEST

**REQUEST FOR PRODUCTION NO. 1**: Produce a copy of all documents that support your answers to Interrogatory No. 1 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: St. Jude Medical objects to this request on the ground that it is overly broad in scope and thus seeks documents containing irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. St. Jude Medical further objects to this request on the grounds that Request for Production No. 1, exceeds the number of document requests permitted under Pretrial Order No. 16. St. Jude Medical also objects to this request to the extent that it seeks documents containing information protected by the attorney work product doctrine. St. Jude Medical further objects to this request on the grounds that it is vague and ambiguous, as the request does not specify any particular population of patients about which plaintiffs are requesting linearized rates of complications. To the extent that this request seeks documents concerning the linearized incidence rates for all patients who have received the twelve types of valves listed in Interrogatory No. 1, St. Jude Medical does not calculate such rates in the ordinary course of its business, and therefore St. Jude Medical also objects to this request on the grounds that the burden or expense of the proposed discovery outweighs the likely benefits, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues. Furthermore, in order to calculate such rates for patients in the United States, St. Jude Medical would need private patient information that it does not currently possess and access to which is restricted by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). In addition, for patients outside the United States there is no regulatory authority that assures that St. Jude Medical can receive and verify data about such complication rates. Accordingly, the data necessary to calculate accurate linearized rates for the entire population of patients who have received the twelve types of valves listed in this interrogatory is not available to St. Jude Medical. Subject to and without waiving its objections, St. Jude Medical states that AVERT has recently calculated major paravalvular leak linearized rates per year (excluding Major Paravalvular Leak due to Endocarditis) and St. Jude Medical refers Plaintiffs to document

SJM4330719990 that it is producing.

DATED: June 18, 2004.

REED SMITH LLP

By: David Stanley
David Stanley
Attorneys for Defendants
St. Jude Medical, Inc. and St. Jude
Medical, S.C., Inc.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH, LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071. On June 18, 2004, I served the following document(s) by the method indicated below:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD INTERROGATORIES AND SEVENTH REQUEST FOR PRODUCTION TO DEFENDANT (MERITS PHASE)**

☐ by transmitting via facsimile on this date from fax number (213) 457-8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 18, 2004, at Los Angeles, California.

[signature]
Deborah Levenstein

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

SERVICE LIST

Steven E. Angstreich
Levy, Angstreich, Finney,
Baldante, et al.
Woodcrest Pavilion, Suite 100
10 Melrose Avenue
Cherry Hill, NJ 08003

James T. Capretz
Capretz & Associates
5000 Birch Street, Suite 2500
West Tower
Newport Beach, CA 92660

J. Gordon Rudd, Jr., Esq.
Zimmerman Reed, L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

Tracy J. Van Steenburgh
Halleland, Lewis, Nilan, Sipkins & Johnson
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501

Joe Jacobson, Esq.
Green, Schaaf & Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
St. Louis, MO 63105

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.