# EXHIBIT A

ReedSmith

Steven M. Kohn
Direct Phone: 510.466.6727
Email: skohn@reedsmith.com

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
510.763.2000
Fax 510.273.8832

June 14, 2004

**VIA FACSIMILE**

J. Gordon Rudd Jr., Esq.
Charles Zimmerman, Esq.
Zimmerman Reed
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

Joe D. Jacobson, Esq.
Green Schaaf & Jacobson
7733 Forsyth, Suite 700
St. Louis, MO 63105

Steven E. Angstreich, Esq.
Levy Angstreich Finney Baldante Rubenstein & Coren
10 Melrose Avenue, Suite 100
Cherry Hill, NJ 08003

James T. Capretz, Esq.
Capretz & Associates
5000 Birch Street, Suite 2500
Newport Beach, CA 92660

Re: *In Re St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation*
MDL Docket No. 1396
Our File No. 350152.00120

Dear Counsel:

St. Jude Medical designates the following portions of Peter Gove's deposition transcript, Vol. 1, dated April 28, 2004, as confidential:

Pages 9-350.

Very truly yours,

Steven M. Kohn

SMK/mes
cc: Tracy Van Steenburgh, Esq.

# EXHIBIT B

Levy Angstreich Finney
Baldante Rubenstein & Coren P.C.
Attorneys at Law

Mark S. Levy ★✱
Steven E. Angstreich ✱
Lawrence D. Finney ∨ⓟ
John W. Baldante ✱
Martin G. Rubenstein ⓟ
Michael Coren ✱
Carolyn C. Lindheim ✱
Thomas S. Hardy, LL.M ✱
Amy R. Brandt ✱
Melissa T. Herskowitz ✱
Jack S. Cohen ✱
Silvia M. Ferri ✱
Paul N. Bonavita ✱
Theresa S. Corson ✱
R. Erick Chizmar ✱ ¥
Elizabeth W. Finizio ✱ ⌘
Pamela S. Augustin ✱ §
Laura Federico ✱
Matthew A. Green ✱

★ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
∨ National Board of Trial Advocacy Certified Civil Trial Attorney
✱ Also Member of PA Bar
ⓟ Member of PA Bar Only
¥ Also Member of New York Bar
⌘ Also Member of Florida Bar
§ Admitted but Inactive in PA

Woodcrest Pavilion
Suite 100
Ten Melrose Avenue
Cherry Hill, NJ 08003

856-424-8967
800-601-1616
Fax: 856-795-7447

1616 Walnut Street
5th Floor
Philadelphia, PA 19103

215-735-1616
Fax: 215-545-2642

www.levyangstreich.com

June 15, 2004

**VIA TELEFAX AND FIRST CLASS MAIL**

Steven M. Kohn, Esquire
REED SMITH CROSBY HEAFEY
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3572

Re: St. Jude Medical, Inc.

Dear Steve:

We are responding to your letter of June 14, 2004 regarding designating Mr. Gove's entire deposition as confidential. First, pursuant to Pretrial Order No. 5 dated November 23, 2001, you had thirty (30) days after receipt of the transcript to make such designation. Your designation comes beyond the 30 day period.

Second, we do not agree that the entirety of his testimony comes within the definition of paragraph 7 of that Order which would "contain or disclose a trade secret or other confidential research, development of commercial information including, but not limited to sensitive data, technical information, proprietary or non-public commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a non-public nature, or received on confidential basis."

Consequently, pursuant to paragraph 16 of the Order, we are initiating a "meet and confer." It is Plaintiffs' position that none of the deposition is entitled to be designated confidential. Under those circumstances, if you do not agree with that assessment, we offer you the opportunity to provide us with a detailed basis why each question and answer is entitled to be protected pursuant to Pretrial Order No. 5. We will review your position and respond accordingly. Please understand that we expect your position to be stated promptly so that the 21

day period set forth in paragraph 16 will commence in an appropriate time frame.

Very truly yours,

Steven E. Angstreich

SEA:cmd
cc: Plaintiffs' Steering Committee

# EXHIBIT C

ReedSmith

**Steven M. Kohn**
Direct Phone: 510.466.6727
Email: skohn@reedsmith.com

1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
510.763.2000
Fax 510.273.8832

June 29, 2004

**VIA FACSIMILE AND U.S. MAIL**

Steven E. Angstreich, Esq.
Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C.
Woodcrest Pavilion, Suite 100
Ten Melrose Avenue
Cherry Hill, NJ 08003

Re: St. Jude Medical, Inc.
Deposition of Peter Gove

Dear Steve:

This letter is in response to your meet and confer letter of June 15, 2004. I will respond to each of your concerns, in turn.

First, you raise an issue regarding the timing of St. Jude Medical's designation of Mr. Gove's deposition as confidential. Pursuant to Pretrial Order No. 5, paragraph 7, a party may designate oral deposition testimony as confidential "no later than 30 days **after** receipt of the deposition transcript." (emphasis added.) Furthermore, Federal Rules of Civil Procedure, Rule 6 (a) states: "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall **not** be included." We received the transcript on May 14, 2004. Therefore, our time to designate the deposition testimony as confidential began to run on May 15, 2004. Accordingly, our June 14, 2004 letter was timely.

Secondly, you state that you do not agree with St. Jude Medical's determination that the entirety of Mr. Gove's deposition testimony meets the definition of confidential pursuant to paragraph 16 of the Order. Based on further review of the deposition testimony and the exhibits that were discussed in the deposition, St. Jude Medical agrees to release the following documents previously designated as confidential:

SJM2530561314MDL – SJM2530561316MDL

SJM3200661586MDL

ReedSmith LLP

Steven E. Angstreich, Esq.
June 29, 2004
Page 2

Therefore, any testimony by Mr. Gove relating to these two documents will no longer be deemed confidential. In addition, St. Jude Medical agrees to remove its confidentiality designation from all other portions of Mr. Gove's deposition, except those portions outlined below. The portions of the deposition testimony that St. Jude Medical feels, after a thorough and reasonable review, should remain designated as confidential under Paragraph 16 of the Pretrial Order are as follows:

| Testimony designated as Confidential | Reason |
|---|---|
| pg. 63, line 15 – pg. 102, line 22 | discusses and refers to document SJM0110027270MDL that has been designated as confidential under the Pretrial Order |
| pg. 104, line 10 – pg. 106, line 4 | discusses proprietary, nonpublic commercial information |
| pg. 116, line 11 – pg. 118, line 8 | discusses and refers to document SJM0200046540MDL that has been designated as confidential under the Pretrial Order |
| pg. 126 line 12 – pg. 155 line 21 | discusses and refers to document SJM1080248445MDL that has been designated as confidential under the Pretrial Order |
| pg. 155 line 22 – pg. 159 line 15 | discusses and refers to document SJM1080248691MDL – SJM1080248694MDL that has been designated as confidential under the Pretrial Order |
| pg. 159 line 16 – pg. 165 line 1 | discusses and refers to document SJM2520558189MDL that has been designated as confidential under the Pretrial Order |
| pg. 165 line 2 – pg. 253 line 24 | discusses and refers to documents SJM4460724890MDL, SJM4460724900MDL and SJM4460725031- SJM4460725041 that have been designated as confidential under the Pretrial Order |
| pg. 253 line 25 – pg. 272 line 19 | discusses and refers to documents SJM4460724943MDL- SJM4460724956MDL that have been designated as confidential under the Pretrial Order |

ReedSmith LLP



| | |
|---|---|
| pg. 272 line 20 – pg. 279 line 25 | discusses and refers to document SJM2520558773MDL – SJM2520558776MDL that has been designated as confidential under the Pretrial Order |
| pg. 280 line 1 – pg. 282 line 3 | discusses and refers to document SJM2520558808MDL – SJM2520558810MDL that has been designated as confidential under the Pretrial Order |
| pg. 288 line 8 – pg. 306 line 19 | discusses and refers to document SJM1080248753MDL – SJM1080248754MDL that has been designated as confidential under the Pretrial Order |
| pg. 306 line 20 – pg. 314 line 24 | discusses and refers to document SJM1080248760MDL that has been designated as confidential under the Pretrial Order |
| pg. 314 line 25 – pg. 320 line 8 | discusses and refers to document SJM1290299414MDL that has been designated as confidential under the Pretrial Order |
| pg. 320 line 9 – pg. 324 line 4 | discusses and refers to document SJM1390319531MDL that has been designated as confidential under the Pretrial Order |
| pg. 325 line 5 – pg. 330 line 16 | discusses and refers to document SJM2310523264MDL that has been designated as confidential under the Pretrial Order |
| pg. 331 line 5 – pg. 340 line 15 | discusses and refers to document SJM4050700049MDL – SJM4050700050MDL that has been designated as confidential under the Pretrial Order |
| pg. 340 line 25 – pg. 344 line 8 | discusses and refers to document SJM3290668041MDL – SJM3290668042MDL that has been designated as confidential under the Pretrial |

ReedSmith LLP



| | |
|---|---|
| | Order |
| pg. 347 line 8 – pg. 349 line 17 | discusses internal, competitively sensitive information |
| pg. 349 line 18 – pg. 351 line 10 | discusses and refers to document SJM2310524388MDL that has been designated as confidential under the Pretrial Order |

All portions of Mr. Gove's deposition not listed above are hereby released from their confidential designation.

Very truly yours,

Steven M. Kohn

# EXHIBIT D

Levy Angstreich Finney
Baldante Rubenstein & Coren P.C.
Attorneys at Law

Mark S. Levy
Steven E. Angstreich
Lawrence D. Finney
John W. Baldante
Martin G. Rubenstein
Michael Coren
Carolyn C. Lindheim
Thomas S. Harty, LL.M
Amy R. Brandt
Jack S. Cohen
Silvio M. Ferri
Paul N. Bonavita
Theresa S. Carson
R. Erick Chizmar
Elizabeth W. Finkle
Pamela S. Augustin
Laura Federico
Matthew A. Green

Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
National Board of Trial Advocacy Certified Civil Trial Attorney
Also Member of PA Bar
Member of PA Bar Only
Also Member of New York Bar
Also Member of Florida Bar
Admitted but Inactive in PA

Woodcrest Pavilion
Suite 100
Ten Melrose Avenue
Cherry Hill, NJ 08003

856-424-8967
800-601-1616
Fax: 856-795-7447

1616 Walnut Street
5th Floor
Philadelphia, PA 19103

215-735-1616
Fax: 215-545-2642

www.levyangstreich.com

June 30, 2004

**VIA TELEFAX AND FIRST CLASS MAIL**

Steven M. Kohn, Esquire
REED SMITH CROSBY HEAFEY
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3572

Re: St. Jude Medical, Inc.

Dear Steve:

I have received your letter of June 29, 2004 and your designation of confidential portions of Mr. Gove's deposition. I appreciate the fact that you have reduced the number of pages deemed confidential from 351 to 265. However, this letter is intended as notification to you that we are unable to reach any agreement with respect to your designations and the 21 days for you to move for confidentiality is to begin on July 1, 2004.

I have reviewed each and every one of the designations and, quite frankly, do not believe that any information contained within any of those pages remotely approaches proprietary, non-public commercial information that rises to or should rise to the level of being confidential. Further, I find it difficult to conceive how testimony referencing SJM's 1996, 1997 and 1998 annual reports (which are made public) could in any way be deemed confidential. Similarly, the information covered by this deposition is for the latest period 2000. Thus, the information with respect to SJM's business is now almost four (4) years old. How such dated information could even be claimed to discuss internal and competitively sensitive information as you contend for page 347, line 8 through page 349, line 17 is beyond my understanding.

You should further understand that while we have not taken issue with the designation of confidential to the overwhelming majority of documents so designated, we cannot and will not agree to have the testimony of your witnesses cloaked with that designation.

Levy Angstreich Finney Baldante Rubenstein & Coren P.C.

Sooner or later the true facts surrounding the creation, manufacture, testing, sale and recall of this defective combination product will be fully disclosed to the public. We will not and cannot be a party to withholding that information.

Very truly yours,

Steven E. Angstreich

SEA:cmd
cc: Plaintiffs' Steering Committee

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| IN RE ST. JUDE MEDICAL, INC., | : | |
| SILZONE HEART VALVES PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL DOCKET NO. 1396 |

**EXHIBIT E TO DECLARATION OF DAVID E. STANLEY IN SUPPORT OF DEFENDANT ST. JUDE MEDICAL'S MOTION TO PROTECT CONFIDENTIALITY OF DISCOVERY MATERIAL DISCLOSED IN MR. GOVE'S DEPOSITION**

**FILED UNDER SEAL**

**CONFIDENTIAL**

TO BE FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA – MDL 1396

This envelope contains CONFIDENTIAL information that is protected by a STIPULATED PROTECTIVE ORDER. This envelope is not to be opened, and its contents may not be revealed without Order of this Court.

CONFIDENTIAL discovery material filed under seal shall be available to the Court and counsel of record for Plaintiffs of St. Jude Medical.

Dated: July 22, 2004

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
Tracy J. Van Steenburgh, Reg. No. 141173
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402-4501
(612) 338-1838

ATTORNEYS FOR ST. JUDE MEDICAL, INC.

# EXHIBIT F

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF RAMSEY SECOND JUDICIAL DISTRICT

John R. Snider, Norma J. Harris and
William B. Laye,

Plaintiffs,

vs.

ORDER
File No. C7-01-10535

St. Jude Medical, Inc.,

Defendant.

This matter was heard by the Honorable Louise Dovre Bjorkman, Judge of District Court, on June 4, 2002 on Defendant's motion to protect the confidentiality designations of documents produced pursuant to the Stipulation and Pre-Trial Protective Order.

Gary L. Wilson, Esq. appeared on behalf of Plaintiff.

Tracy J. Van Steenburgh, Esq. appeared on behalf of Defendant.

Based on the arguments of counsel and all of the files, records and proceedings in this matter:

IT IS HEREBY ORDERED:

1. Defendant's motion is GRANTED, in part.
2. The following documents are properly designated as "CONFIDENTIAL" pursuant to the Protective Order:

Document Numbers: 3, 4, 5, 6, 7, 8, 11, 12, 13, 30, 31, 32, 33, 39, 40, 41, 42 43, 46, 47, 48, 50, 51, 54, 55, 56, 59, 60, 65

3. The following documents are not properly designated as "CONFIDENTIAL" pursuant to the Protective Order:

   Document Numbers: 1, 2, 18, 19, 21, 26, 27, 28, 35, 37, 44, 45, 49, 57, 58, 62, 63, 64, 66, 68

4. The following memorandum is a part of this Order and constitutes the Court's findings of fact and conclusions of law to the extent required.

5. The mailing of this Order by the Court to counsel is notice of its entry for all purposes.

Dated: 6 Aug 2002

Louise Dovre Bjorkman
Judge of District Court

## MEMORANDUM

FACTS:

This case comes before the Court on Defendant St. Jude Medical, Inc.'s ("St. Jude") motion to protect the confidential classification it gave 48 documents produced to Plaintiff Norma Harris ("Harris") during the course of discovery. The Stipulation and Pre-Trial Protective Order ("Protective Order") specifically provides a party disclosing discovery material may designate any document as "Confidential" if the disclosing party believes it:

> [C]ontains or discloses a trade secret or other confidential research, development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis that is entitled to protection pursuant to Rule 26.03 of the Minnesota Rules of Civil Procedure.

(*See*, Stipulation and Pre-Trial Protective Order, ¶ 2). The Protective Order further provides that either party "may at any time request from the disclosing party in writing, the release of CONFIDENTIAL discovery material from the requirements ... of [the] Order." (*See*, Stipulation and Pre-Trial Protective Order, ¶ 15).[1]

St. Jude asserts the 48 documents contain confidential business information that falls into three basic categories: marketing, research and development and regulatory. St. Jude contends the documents should be deemed confidential because their distribution was limited, both internally and externally, the documents contain information that is not known to others and release of the documents would provide an advantage to St. Jude's competitors.

[1] This Section of the Protective Order establishes the procedure the parties have followed to bring the classification issue before the Court.

In support of this Motion, St. Jude submitted affidavits from four St. Jude employees. Product Regulation Manager Fonda Burley states the documents in the marketing category are either purely internal or were only distributed on a limited, confidential basis to regulators. (*See,* Affidavit of Fonda Burley, ¶ 3-5). St. Jude's Director of Technical Services, William Holmberg, states the documents related to research and development are likewise internal documents St. Jude did not intend to make public. (*See,* Affidavit of William Holmberg ¶ 3).

St. Jude submitted two affidavits from Roy Hosek ("Hosek"), the Director of Marketing for Tissue Valves. Hosek indicates the documents in the marketing category are all internal and St. Jude never distributed them outside of the company. (*See,* May 17, 2002 Affidavit of Roy Hosek, ¶ 3). Hosek states St. Jude uses the strategies and processes it utilized in marketing the Silzone valves across its valve product lines. (*See,* May 29, 2002 Affidavit of Roy Hosek, ¶ 2). Because the marketing documents contain information about St. Jude's overall marketing strategies, Hosek asserts that providing the documents to St. Jude's competitors would provide them with a competitive advantage. (*See,* Id. at ¶ 3).

St. Jude also submitted the affidavit of Alan R. Flory ("Flory"), St. Jude's Vice-President of Clinical and Regulatory Affairs for the Cardiac Surgery Division. Flory manages the clinical monitoring of St. Jude's heart valve products and St. Jude's regulatory submissions. (*See,* Affidavit of Alan R. Flory, ¶ 3). Flory is familiar with the methods and strategies St. Jude uses to develop mechanical heart valve products and states the strategies St. Jude employed with respect to the Silzone valve apply to St. Jude's other valve products. (*See,* Id. at ¶ 4-6). Flory states that release of the documents

in the research and development and regulatory categories would reveal processes and strategies St. Jude uses with respect to its other valve products and provide St. Jude's competitors with a competitive advantage. (*See*, Id. at ¶ 6-8).

Harris contends release of the documents is appropriate because the information they contain is stale. Specifically, Harris argues St. Jude's removal of the Silzone valve from the market means the documents do not have independent economic value. Harris also asserts St. Jude's designation of the documents as confidential is inappropriate because the documents were previously filed with the court in Baez v. St. Jude Medical, Inc., Ramsey County District Court File No. 62-C4-00-4116. [2]

ISSUE:

> Whether the disputed documents are properly classified as "Confidential" pursuant to the Stipulation and Pre-Trial Protective Order.

ANALYSIS AND DECISION:

Rule 26.03 of the Minnesota Rules of Civil Procedure authorizes the use of protective orders to preclude or limit disclosure of "a trade secret or other confidential research, development, or commercial information" as required in the interests of justice. Minn. R. Civ. P. 26.03. A party seeking such protection has the burden of showing the harm caused by disclosure of the information outweighs the need for full disclosure. *See, e.g.* In re Rahr Malting Co., 632 N.W.2d 572, 576 (Minn. 2001) (party seeking protection must present more than conclusory allegations that information constitutes protected trade secrets); Thermorama, Inc. v. Shiller, 271 Minn. 79, 84, 135 N.W.2d 43, 46 (1965).

[2] Because the subject documents were filed under seal in Baez, the common law favoring access to court documents is not directly implicated. Minneapolis Star & Tribune Co. v. Schumacher, 392 N.W.2d 197 (Minn. 1986). For this reason, the Court will not address the access to court records issue further.

In determining whether business information warrants protection under Rule 26, courts consider four factors:

> (1) the extent to which information is known outside the business;
> (2) the extent to which information is known to those inside the business;
> (3) the measures taken to guard the secrecy of the information; and
> (4) the value of the information to the business and its competitors.

Reliance Ins. Co. v. Barron's, 428 F. Supp. 200, 203 (S.D.N.Y. 1977). Confidential marketing, research and other business information merit protection if they meet the Reliance factors. Sullivan Marketing, Inc. v. Valassis Communications, Inc., 1994 WL 177795 (S.D.N.Y. May 5, 1994) (pricing and marketing strategies subject to a protective order).

The Minnesota Supreme Court has not specifically defined "confidential business information" in the context of Rule 26.03 protective orders. In State ex rel. Humphrey v. Philip Morris, Inc., 606 N.W.2d 676 (Minn. App. 2000), the appellate court relied on the analysis developed in trade secret cases to determine whether indices prepared by defense counsel during the course of the litigation qualified as confidential business information. The appellate court found the indices were not confidential business information because the documents sought to be protected were not obtained or prepared in the ordinary course of business and did not derive independent economic value because they are not generally known. Id. at 695.

In this case, Harris does not dispute the fact the 48 documents were prepared or obtained in the ordinary course of St. Jude's business operations. Rather, Harris contends the subject documents do not have independent economic value. St. Jude argues the documents meet the Reliance test and disclosure should be limited pursuant to the Protective Order. Whether analyzed under the Reliance factors or the independent

economic value standard, the focus in this case is the value of the documents to St. Jude and its competitors.

Analysis of the affidavits St. Jude submitted in support of this Motion and the documents themselves demonstrates St. Jude limited distribution of the information contained in the documents to a small number of St. Jude employees. For the most part, the only external distribution was to regulators or others who maintained the confidential status of the information. St. Jude has met its burden of showing it limited disclosure of the information both internally and externally. Although St. Jude did not submit specific evidence concerning the steps it took to maintain the confidentiality of the information, the limited number of St. Jude employees with access to the information coupled with the nature of the external parties who received the information (regulators and physicians who owe their own duties to protect their patients' privacy) shows the third Reliance factor is met with respect to most of the documents.

As noted above, the critical inquiry under either the Reliance or independent economic value standard is whether the documents would be valuable to St. Jude's competitors. In that regard, St. Jude employees Flory and Hosek state all 48 documents reflect St. Jude's strategies, processes and research that apply across St. Jude's valve product lines. It is undisputed St. Jude continues to manufacture heart valves identical to the Silzone valve with the exception of the Silzone material itself. To the extent the documents contain information about St. Jude's operations with respect to other valve products, pre-trial protection would be appropriate.

Using this analytical framework, the Court finds the following documents warrant protection under the Protective Order: 3-8, 11-13, 30-33, 39-43, 46-48, 50-51, 54-56, 59-

60 and 65. With respect to these documents, St. Jude has demonstrated the information has broader application than to the Silzone valve and reflects the procedures and strategies St. Jude uses to develop, monitor, market and report to others about its products. Because St. Jude follows these procedures and strategies with respect to its other, current valve products, disclosure beyond the terms identified in the Protective Order would provide value to St. Jude's competitors. These documents fall squarely within the category of documents the parties envisioned would be protected in the Protective Order.

The remaining documents do not similarly reflect marketing, research, regulatory or other business methods and strategies St. Jude continues to use with respect to its valve product line. For the most part, the remaining documents contain information limited to the Silzone valve. That information is stale because St. Jude has not had a Silzone product on the market since January 2000. In addition, certain of the documents contain information St. Jude communicated externally under circumstances where further disclosure was not limited. (*See*, Documents 1, 35, 58 and 62). Documents 1-2, 18-19, 21, 26-28, 35, 37, 44-45, 49, 57-58, 62-64, 66 and 68 are not subject to the limited disclosure terms of the Protective Order.

L. D.B.