**PLAINTIFFS' RESPONSE TO EXHIBIT "E"**
**TO THE DECLARATION OF DAVID STANLEY**

| Item No. | SJM's Deposition Testimony Page/Line References | SJM's Bases for Confidentiality Designation | SJM's Description of Testimony | Plaintiffs' Response |
|---|---|---|---|---|
| 1. | 63:15 to 102.22 | Discloses corporate communication strategy that is nonpublic commercial information and/or competitively sensitive information of a nonpublic nature | Discusses contingency communications plan that is marked "confidential" on its face further demonstrating intent, and discloses methodology and strategy that are typically applied across divisions and across product lines | The designated testimony refers to document SJM011002720MDL, a 8/10/99 email from Peter Gove to Tim Chase regarding SJM's plans to address concerns expressed by Mr. Butchart regarding the Silzone valve. This testimony is Silzone specific. SJM has not met its burden in demonstrating the confidential nature of the testimony (aside from the underlying document), what divisions or product lines the testimony covers, what steps were taken to protect its confidentiality, or what harm, if any, would result from disclosure. |
| 2. | 116:11 to 118:8 | Discloses corporate communication strategy and regulatory information that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses communication strategy for limited initial market release of new products, including the Regent valve product | The designated testimony refers to SJM0200046540MDL, a 4/6/98 memo regarding the Regent heart valve. SJM fails to demonstrate how the testimony is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature and if released would result in any specific injury. |

| | | | | |
|---|---|---|---|---|
| 3. | 126:12 to 155:21 | Discloses corporate communication strategy and regulatory strategy and practices that are nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses typical types of communications plans, such as that used to respond to MDA Advice Notice, and reveals internal resources and external consultants, and regulatory strategies | The designated testimony refers to document SJM1080248445MDL, a 11/15/99 memo regarding a response to a MDA Advisory Notice. The testimony is Silzone specific. SJM has failed to demonstrate how the designated testimony should be confidential since Gove testified that the memo was sent to all SJM employees in St. Paul, Puerto Rico, and Mississauga who had an email address, including secretaries. |
| 4. | 155:22 to 159:15 | Discloses non-public commercial and technical information and/or competitively sensitive information of a nonpublic nature | Discusses confidential document and discusses current products and expected product technology | The designated testimony discusses issues surrounding an agenda for an analyst business meeting in May 1998. The testimony is Silzone specific. SJM has made no showing how this information is non-public commercial and technical information and/or competitively sensitive information of a nonpublic nature |
| 5. | 159:16 to 165:1 | Discloses corporate communications strategy and regulatory strategy and practices that are nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses typical communications plan and St. Jude Medical's relationship with the FDA and offers insight into the Company's approach to regulatory relations | The designated testimony refers to document SJM2520558189MDL regarding the 1999 Annual Report (which was made public). Moreover, SJM has made no showing how this information is non-public commercial and technical information and/or competitively sensitive information of a nonpublic nature |
| 6. | 165:2 to 181.8 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses and reveals corporate communication strategies, including Mr. Gove's routine practices in how he responds to media inquiries, and identifies internal and external resources from whom he gathers responsive information | The designated testimony refers to an inquiry from a magazine reporter regarding the Silzone valve. The testimony is Silzone specific. SJM has not specified how disclosure of the testimony would cause any clearly defined injury. |

| | | | | |
|---|---|---|---|---|
| 7. | 181:9 TO 182:23 | Discloses sensitive financial data that is nonpublic commercial information | Limited discussion that reveals internal budgeting process and retention of outside communication consultants | The designated testimony refers to expenses for the retainer of Burson-Marsteller in response to concerns expressed by Mr. Eric Butchart. The testimony is Silzone specific. No sensitive financial data is disclosed nor has SJM identified how generalized discussions on budgeting process would cause any clearly defined injury. |
| 8. | 182:24 to 246.11 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses and reveals corporate communication strategies, including Mr. Gove's routine practices in how he responds to media inquiries, and identifies internal and external resources from whom he gathers responsive information and on whom he relies for advice | The designated testimony refers to responses to media inquiries. SJM has not specified how the testimony reveals any commercially sensitive or competitive information such that disclosure of such testimony would cause any clearly defined injury. |
| 9. | 246:12 to 253:24 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses internal budgeting process and retention of outside communications consultants | The designated testimony refers to budgeting for the retainer of Burson-Marsteller in response to the concerns expressed by Mr. Eric Butchart. The testimony is Silzone specific. No sensitive strategy is disclosed nor has SJM identified how generalized discussions on budgeting process would cause any clearly defined injury. |
| 10. | 253:25 to 266:4 | Discloses corporate communications strategy that are nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses and reveals corporate communication strategies, including Mr. Gove's routine practices in how he responds to media inquiries, and identifies internal and external resources from whom he gathers responsive information and on whom he relies for advice | The designated testimony refers to Silzone specific media responses. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |

| | | | | |
|---|---|---|---|---|
| 11. | 266:5 to 268:17 | Discloses non-public commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses company document retention policy | St. Jude Medical has not demonstrated how its document retention policy constitutes commercially and/or competitively sensitive information or how disclosure of the information would result in any economic harm to St. Jude Medical. |
| 12. | 268:18 to 272:19 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses and reveals corporate communication strategies, including Mr. Gove's routine practices in how he responds to media inquiries, and identifies internal and external resources from whom he gathers responsive information and on whom he relies for advice | The designated testimony refers to Silzone specific media responses. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |
| 13. | 272:20 through 279:25 | Discloses corporate communication strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses a draft communications plan that is typical and advice sought from a communication advisor and reasons for working with communication advisor, revealing St. Jude Medical's commercial practices across product lines | The designated testimony refers to an email dated 01/21/00 and which discusses Silzone specific public relations issues. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury or how the testimony applies to products beyond Silzone. |
| 14. | 280:1 to 282:3 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses ongoing relationship with communication advisor and reasons for working with communication advisor, revealing St. Jude Medical's commercial practices across product lines. | The designated testimony refers to an memo dated 01/24/00 and which discusses Silzone specific media issues. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury or how the testimony applies to products beyond Silzone. |

| | | | | |
|---|---|---|---|---|
| 15. | 306:20 to 314:24 | Discloses regulatory strategy and practices that are nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses St. Jude Medical's relationship with surgeons and regulatory bodies and gives insight into the Company's regulatory relations | The designated testimony refers to a Silzone specific communication from St. Jude Medical to the medical community regarding, among others, concerns expressed by Mr. Eric Butchart. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |
| 16. | 314:25 to 320:8 | Discloses regulatory strategy and practices that are nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses plans to have Mr. Butchart's data peer-reviewed and presented to the MDA, revealing St. Jude Medical's ongoing regulatory strategies and practices | The designated testimony refers to document SJM290299414, a 8/16/99 email regarding a peer review of Mr. Eric Butchart's data. This is Silzone specific. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |
| 17. | 320:9 to 324:4 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses contingency communications plan and medial training and reveals practices and strategies that are used across product lines; reveals St. Jude Medical's typical corporate communications practices | The designated testimony refers to document SJM1390319531, a 8/2/99 email regarding a MDA letter. This is Silzone specific. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |
| 18. | 325.5 to 330:6 | Discloses corporate communication strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses ongoing relationship with communication advisor and reasons for working with communication advisor; reveals St. Jude Medical's typical corporate communications practices | The designated testimony refers to the use of a public relations firm in Canada in response to the Canadian Silzone litigation. This is Silzone specific. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |

| | | | | |
|---|---|---|---|---|
| 19. | 331:5 to 340:15 | Discloses regulatory strategy and practices and corporate communications strategy not limited to Silzone product that are nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses corporate practices in responding to media inquiries as well as practice of surveying top accounts | The designated testimony refers to document SJM405070004914, supplemental Q&A memo regarding the AVERT study and recall. The testimony is Silzone specific. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |
| 20. | 340:25 to 344:8 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses clinical study that involves mostly non-Silzone products and marketing strategy for non-Silzone products | The designated testimony refers to document SJM329066804 1, a 11/12/01 email regarding a Silzone specific media campaign. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |
| 21. | 347:8 to 349:17 | Discloses corporate communications strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses and reveals corporate communication strategies, including Mr. Gove's routine practices in how he responds to media inquiries and identifies internal resources from whom he gathers responsive information an external consultants | The designated testimony refers to the retention of Burson-Marsteller in 2000 response to the concerns expressed by Mr. Eric Butchart. The testimony is Silzone specific. No commercially and/or competitively sensitive strategy is disclosed nor has SJM identified how disclosure of such testimony would cause any clearly defined injury. |
| 22. | 349:18 to 351:10 | Discloses corporate communication strategy that is nonpublic commercial information and/or commercially and/or competitively sensitive information of a nonpublic nature | Discusses communications strategy and reveals St. Jude Medical's approach to corporate communications | The designated testimony refers to document SJM2310524388, a 8/24/99 11/12/01memo regarding a response to findings by Mr. Eric Butchart. This testimony is Silzone specific. SJM has not specified how disclosure of the testimony would reveal any commercially and/or competitively sensitive strategy or cause any clearly defined injury. |

S:\DOCS\8080-05 ST. JUDE MDL\Pleadings\EX E Opp - Table.wpd