IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE ST. JUDE MEDICAL, INC. | : | |
| SILZONE® HEART VALVE PRODUCTS | : | MDL DOCKET NO. 1396 |
| LIABILITY LITIGATION | : | |

# DEFENDANT ST. JUDE MEDICAL'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ST. JUDE MEDICAL TO ANSWER PLAINTIFFS' THIRD SET OF INTERROGATORIES AND SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT (MERITS PHASE)

## I

## ARGUMENT

Plaintiffs' Motion to Compel is misplaced for four simple reasons.

- First, the information they ask for in their interrogatory – linearized complication rates for all valve recipients of 12 different valves – does not exist.

- Second, St. Jude Medical does not "routinely calculate" these rates as plaintiffs contend. Indeed, it is *impossible* to calculate linearized complication rates for all recipients of any heart valve because no manufacturer of medical devices, including St. Jude Medical, has access to the type of data necessary to do so.

- Third, Dr. Frater never testified that St. Jude Medical routinely calculates linearized complication rates as plaintiffs contend and certainly not for all recipients of a valve. In fact, he made it clear in deposition that he and St. Jude Medical would have to look up any linearized rates in published studies.

- Fourth, St. Jude Medical explained in its objection to the interrogatory that is does not and cannot calculate linearized complication rates and why.

In short, plaintiffs have drafted an interrogatory that cannot be answered based on deposition testimony they did not understand. As such, there is no answer that can be compelled and plaintiffs' motion must, therefore, be denied.

## II

## ARGUMENT

### A. Plaintiffs' Interrogatory Cannot Be Answered

Plaintiffs' interrogatory asks St. Jude Medical to give linearized complication rates for all valve recipients of twelve different valves in two different positions for five different complications. See, Exh. A to the Affidavit of J. Gordon Rudd ("Rudd Affid.") submitted with plaintiffs' moving papers. St. Jude Medical objected to the interrogatory on multiple grounds including the objection that St. Jude Medical does not calculate such rates because it does not have, nor can it obtain, the data to do so.

This was both a valid objection and a truthful response. As St. Jude Medical's Medical Director, Dr. Robert Frater, explains in his Declaration, submitted with this opposition, a linearized complication rate is an estimate that is derived by dividing the number of complications in a patient population by the total number of patients. Frater Dec., ¶ 7. To perform the calculation, it is necessary to track all patients in the

population (both those who experienced adverse events and those who did not) to determine, among other facts, the outcome of all patients in the population and the amount of time each has had the valve implanted. Id. at ¶ 8. No medical device manufacturer, including St. Jude Medical, receives information for all patients who receive its medical devices, i.e., those who do not experience adverse events.[1] Therefore, linearized complication rates cannot be calculated by anyone for the entire population who received a particular heart valve. Linearized complication rates can only be calculated for a defined population of valve recipients, those being followed in a clinical study. In fact, outside a clinical study setting, the data required to calculate linearized rates is simply not available and it is therefore impossible to calculate them. Frater Decl., ¶¶ 7, 8 and 11.

St. Jude Medical explicitly informed plaintiffs of this fact in its objections to their interrogatory. Since plaintiffs are asking for linearized complication rates for the entire population of valve recipients for each of the twelve valves set forth in their table, St. Jude Medical objected on the ground that it could not provide an answer and told plaintiffs why. See, Exh. A to Rudd Affid.

Plaintiffs never followed up with a meet and confer call or letter. They never sought clarification of St. Jude Medical's response. They never asked what Dr. Frater meant in the brief deposition testimony they cite or whether their interpretation of it was

---

[1] St. Jude Medical, like all medical device manufacturers, obtains data from physicians about patients who experience adverse events to comply with its regulatory obligations. Neither St. Jude Medical nor any other medical device manufacturer receives information from physicians about other tracks patients who do not experience adverse events. Frater Decl.,
¶ 10.

correct. Instead, based on a misunderstanding of both linearized complication rates and Dr. Frater's deposition testimony, they moved to compel.

## Dr. Frater's Deposition Testimony Supports St. Jude Medical's Objections To The Interrogatory And Does Not Support Plaintiffs' Motion To Compel

Plaintiffs seize on a few of Dr. Frater's answers to somewhat imprecise deposition questions in support of their motion. In fact, they incorrectly cite his testimony to support their statement that St. Jude Medical "routinely calculates" linearized complication rates. Plaintiffs clearly misinterpret or misunderstand both what linearized complication rates are and Dr. Frater's testimony. Indeed, the very testimony plaintiffs cite belies their interpretation of both.

First, the questions and answers plaintiffs cite at pages 11 – 13 of Dr. Frater's deposition have nothing whatever to do with linearized complication rates. See, Frater Deposition Excerpts ("Frater Depo"), attached as Exh. B to the Rudd Affd. This fact is abundantly clear by a simple review of the journal article that provided a lead-in to the testimony on pages 11 – 13. On page 10 of Dr. Frater's Deposition transcript, a page not provided to the Court by plaintiffs, Mr. Coren specifically asked Dr. Frater about a March 1994 article Dr. Frater co-wrote which was published in the Journal of Heart Valve Disease, entitled: "Proposal for Reporting Thrombosis, Embolism and Bleeding After Heart Valve Replacement." See, Page 10 of Dr. Frater's Deposition, attached as Exh. A to Declaration of Steven M. Kohn ("Kohn Decl."). The "methodology from which one can compute the TE incidence rates, the paravalvular incidence rates, and explant rates"

that Mr. Coren went on to ask about based on that article have nothing to do with linearized complication rates because the article Mr. Coren was referring to has nothing to do with linearized complication rates. Therefore, the first segment of Dr. Frater's testimony relied on by plaintiffs provides no support for their argument.

Second, Dr. Frater's deposition testimony at pages 351-353 directly contradicts plaintiffs' interpretation. Rather than prove that St. Jude Medical "routinely calculates" linearized complications rates, Dr. Frater's testimony clearly indicates that both he and St. Jude Medical obtain linearized complication rates by *looking them up* and *from literature surveys*. Specifically, the first time Mr. Coren mentions linearized rates, he asks:

> "For example, in the atrial position, do you know what the linearized event rate for valve necrosis [sic – thrombosis] is?
>
> Dr. Frater responded: "The mitral position. That's the sort of stuff **I would look up**." And **I'll look it up** in model studies. . . ."

Frater Depo at 352, attached as Exh. B to Rudd Affid (emphasis added).

Similarly, when asked if he had seen that the company has published linearized rates, Dr. Frater responded:

> " Yes, they have developed such information from **literature surveys**."

Id. at 353 (emphasis added).

Thus, far from proof that St. Jude Medical "routinely calculates" linearized complication rates for all valve recipients -- the subject matter of plaintiffs' interrogatory and motion to compel -- Dr. Frater clearly stated that St. Jude Medical and he, from time to time, *look up* linearized complication rates in published studies for the population of valve patients *in that study*.

Plaintiffs also mistakenly state in footnote 3 of their Memorandum of Law that because St. Jude Medical submits other forms of complication data and rates to the FDA, it "routinely calculates" linearized complication rates. Again, their profound misunderstanding of the data is obvious. The yearly adverse event rates St. Jude Medical submits data to the FDA are merely a calculation of the number of complications reported divided by an estimate of the number of valves implanted. These are not linearized rates. Kohn Decl.,¶ 4.

Had plaintiffs conferred with their experts before serving their interrogatory and before making this motion, or at least met and conferred with St. Jude Medical's counsel, this motion would not have been necessary. Instead, plaintiffs have asked questions that cannot be answered and a motion to compel will not change that fact. There is nothing to compel. Plaintiffs' motion should, indeed must, be denied.

## B. Plaintiffs Have The Data And The Resources To Learn What Linearized Complication Rates Can Be Or Have Been Calculated On Defined Populations Of Valve Receipts Who Have Participated In A Study

St. Jude Medical produced to plaintiffs the linearized complication rates for some complications that were recently calculated by the AVERT investigators for the population of valve recipients followed in that study. St. Jude Medical has also produced to plaintiffs all of the AVERT data. As such, plaintiffs have all the data and information they need for their experts to calculate linearized rates for any other complications in the Silzone versus non-Silzone Master Series valves in which they are interested.

Similarly, plaintiffs can “look up” in the medical literature linearized complication rates calculated in clinical studies for any St. Jude Medical valves that have been studied just as Dr. Frater would do.

## C. St. Jude Medical’s Other Objections Were Well Taken

Plaintiffs complain that St. Jude Medical objected to the interrogatory on the ground that, with its multiple subparts, it exceeds the limits on the number of interrogatories plaintiffs are allowed under PTO No. 16. While St. Jude Medical did not stand on this objection in not answering an impossible to answer interrogatory, this is nonetheless a valid objection. Plaintiffs cannot on their own initiative simply ignore the Court orders in this case.

Similarly, St. Jude Medical’s objection on work product grounds is well taken. Again not the basis for not answering an impossible to answer interrogatory, it is nonetheless an appropriate objection in the event that any of St. Jude Medical’s

consultants may have calculated linearized complication rates. What is more, a privilege log is unnecessary for consultant's work performed during the litigation. The objection was proper.

## III

## CONCLUSION

Plaintiffs should have down their homework before crafting an interrogatory that cannot be answered, misinterpreting deposition testimony they don't understand and making a motion that cannot be granted. Since they did not, and made no effort to meet and confer with St. Jude Medical, their motion must be denied.

Dated: August 10, 2004

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.

By: s/Tracy J. Van Steenburgh
Michael T. Nilan, Reg. No. 79224
Tracy J. Van Steenburgh, Reg. No. 141173
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402-4501
Telephone: (612) 338-1838

Attorneys for Defendant St. Jude Medical, Inc.

Of counsel:

Steven M. Kohn, Esq.
REED SMITH CROSBY HEAFEY, L.L.P.
1999 Harrison Street
Oakland, CA 94612
Telephone: (510) 763-2000