IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE ST. JUDE MEDICAL, INC., | : | |
| SILZONE® HEART VALVES PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL DOCKET NO. 1396 |

**JOINT STATUS CONFERENCE REPORT**

**(August 11, 2004 Status Conference)**

The parties have met and conferred and respectfully submit this Joint Status Conference Statement in anticipation of the August 11, 2004 status conference.

## I. MATTERS PENDING BEFORE THE EIGHTH CIRCUIT

On July 29, 2004, St Jude Medical filed a petition in the Eighth Circuit pursuant to Rule 23 (f) seeking permission to appeal this Court's class certification rulings, and a writ petition seeking review of this Court's January 5, 2004 preemption ruling. Plaintiffs requested, and the Eighth Circuit granted, an extension of time to reply to the Rule 23(f) petition, such that the plaintiffs' response is now due August 13, 2004

## II. PENDING MOTIONS

### A. Plaintiffs' Motion to Compel St. Jude Medical to Respond to Discovery

Plaintiffs' Motion to Compel St. Jude Medical to Respond to Discovery has been fully briefed and is ready for oral argument.

### B. St. Jude Medical's Motion to Protect Confidentiality of Discovery Material Disclosed in Mr. Gove's Deposition

St. Jude Medical's Motion to Protect Confidentiality of Discovery Material Disclosed in Mr. Gove's Deposition has been fully briefed and is ready for oral argument. St. Jude Medical submits that this motion should be heard by Special Master Solum. Plaintiffs believe that the Court should review the issue as the Court initially did with respect to the declassification of attorney and work product privileged documents. Plaintiffs contend that resolution of this does not require submission to the Special Master.

## III. CLASS NOTICE

Pursuant to the Court's July 15, 2004 Order, the parties met and conferred with regard to Class Notice. The following is a summary of the parties' relative positions on class notice:

### A. Timing Of Notice

Plaintiffs submit that class notice should be sent as soon as possible. St. Jude Medical believes that a decision on class notice should be delayed until such time as the 8th Circuit rules on St. Jude Medical's pending 23(f) Petition.

### B. Multiple Notices

Plaintiffs believe that Class Notice should be directed to both of the certified classes. St. Jude Medical believes that no notice should be given to the medical monitoring class because it is a non opt-out B(2) class and notice is discretionary.

Should the Court decide that notice to persons in the monitoring class should be sent, St. Jude Medical believes that the notice to the monitoring class can occur only after plaintiffs have submitted a viable trial plan. St Jude Medical also believes that any notice to persons in the Monitoring Class should not be combined with the notice to persons in the consumer protection class. Plaintiffs do not believe that any trial plan is necessary at this point since the class

certified by the Court's recent Order effectively created one homogeneous class for one medical monitoring standard to be applied to all class members. Plaintiffs oppose the sending of two class notices especially since they will both be received by the very same class member- all class members in the medical monitoring class are members of the consumer fraud class. If the Court believes that two notices should be sent, then Plaintiffs contend that St. Jude Medical should be required to pay for that second notice.

**C. References to Decertified Claims and Denial of Summary Judgment Regarding Preemption**

St. Jude Medical opposes any reference in the Class Notice to the decertified personal injury class on the basis that such notice is a solicitation device and is contrary to controlling law. St. Jude Medical also objects to any statement in the notice that personal injury claims are not included in the consumer protection class since plaintiffs' trial plan seeks personal injury damages. Plaintiffs believe it necessary to so advise persons in the consumer protection class of the decertification of the personal injury class so that they can protect their rights. Plaintiffs do not believe that "controlling law" prohibits reference to the decertified class. To the contrary, Plaintiffs submit that case law requires such notice especially where there has been notice of a conditional certification to the class through newspaper and other publications. Further, the language in the Notice is not a form of solicitation but even if the Court were to view it as such, these individuals are members of the nationwide consumer fraud class to whom (their clients) Class Counsel owe a duty of full and complete disclosure

St. Jude Medical opposes reference to the denial of the summary judgment regarding preemption on the basis that it is irrelevant and potentially confusing. Plaintiffs believe it is necessary information especially in light of the mandamus.

**D. Section V-Claims Being Made**

Both parties believe that the wording is slanted in the other's favor. Plaintiffs have asked St. Jude Medical to consider withdrawing its proposed statements that (1) a class member should consult his/her physician regarding his or her medical condition and (2) a class member should consult with St. Jude Medical's website or call its 800 number if the class member has questions about whether he or she received a Silzone valve. Plaintiffs propose that if class members are permitted to call St. Jude Medical directly, St. Jude Medical must keep a log of the calls including the name, address and telephone number of the class member and that log must be provided to Plaintiffs upon request. St Jude Medical will not agree to withdraw those statements and objects to providing a log of phone calls to class counsel. Such opposition is especially unwarranted as St. Jude Medical is effectively having an ex parte communication with Class Counsel's clients.

**E. Rights of Class Members**

St. Jude Medical proposes that class members be told that if they do not opt out, their personal confidential medical information may be made available and used by counsel for the class. St. Jude Medical also wants class members to be advised that an opt out would opt out family members' claims. Plaintiffs view both of these statements to be both factually and legally inaccurate and an effort to chill participation in the class. Plaintiffs made this position known during the meet and confer and St. Jude Medical was going to consider withdrawing both of these statements.

**F. Appointment of a Neutral to Receive Opt-Outs**

St. Jude Medical wants a neutral to receive the opt outs while Plaintiffs want to receive them. As a compromise, plaintiffs proposed that a neutral get them but that class counsel has a right of review as Plaintiffs do not believe that there is a right to privacy in the decision to opt out. St Jude Medical believes plaintiffs' proposal would defeat the purpose of having a neutral

receive the opt outs. Plaintiffs contend that there is no purpose to be achieved by the use of a neutral. Few cases require that opt outs go to a neutral party.

## IV. STATUS OF DISCOVERY

### A. Extension of Discovery Deadlines

The parties have agreed to extend the discovery deadlines set forth in Pretrial Order No. 32 by an additional 60 days. A new pretrial order will be tendered to the Court for approval.

### B. Depositions of Current and Former SJM Employees and Third Party Witnesses

To date, the PSC has completed the depositions of 12 current and former employees of St. Jude Medical. They are Don Guzik, Al Flory, Tina King, Jim Phillips, Peter Spadaro, Elizabeth Burnett, Maggie Wallner, Tim Chase, Jonas Runquist, Katherine Tweden, Matt Ogle, Dan Langanki, Robert Frater, M.D. The following additional depositions are either scheduled or will be scheduled shortly:

| **Deponent** | **Date** |
|---|---|
| James Ladner | August 10, 2004 |
| Roland Gerard | August 25, 2004 |
| Steven Healy | August 31, 2004 |
| William Holmberg | September 3, 2004 |
| Monica Schultz | September 10, 2004 |
| Dickie Fraansen-Brader | September 28, 2004 |
| Terry Shepard | Not yet scheduled. |
| Barb Illingworth | Not yet scheduled. |
| Roy Hosek | Not yet scheduled. |
| Denise Johnson | Not yet scheduled. |
| William Mirsch | Not yet scheduled. |
| Dr. Hartzell Schaff | Not yet scheduled. |
| Dr. Richard Holubkov | Not yet scheduled. |
| Dr. Gary Grunkemeir, | Not yet scheduled. |

### C. Identification and Disclosure of Generic Expert Witnesses

On July 17, 2004, Plaintiffs filed and served their Identification of Generic Expert Witnesses pursuant to Pretrial Order No. 32. The deadline for St. Jude Medical's Identification of Generic Expert Witnesses is August 17, 2004.

## V. STATUS OF MEDIATIONS

As reported at the last Status Conference, mediations have taken place in 27 MDL and Ramsey County cases resulting in 17 settlements. To date, all of the settlements have been fully funded.

The mediation program was currently suspended while St. Jude Medical's insurers transitioned from the previous layer of insurance (managed by TIG and Gulf) to the next layer (managed by Kemper Lumberman's Mutual Casualty Insurance, which is unit of the Kemper Insurance Companies). Mediations are now set to resume on August 17, 2004. The following mediations are on calendar:

| **Case** | **Mediation Date** |
|---|---|
| Martin | 8/17/04 (9:00 a.m.) |
| Daugherty | 8/18/04 (1:00 p.m.) |
| Holt | 8/18/04 (9:00 a.m.) |
| Oatsvall | 8/31/04 (TBD) tentative |
| Smith | 8/31/04 (TBD) tentative |
| Brunett | 9/1/04 (1:00 p.m.) (tentative) |

In addition to the cases that have been or will be dismissed as part of the mediation process, plaintiffs in 10 other MDL cases have agreed to dismiss their cases without prejudice. The closing papers in these cases are being prepared and counsel for St Jude Medical will advise the Court when the dismissals are filed.

DATED: 8/11/04

**ZIMMERMAN REED, P.L.L.P**

By: ______________________
J. Gordon Rudd, Jr., No. 222082
Plaintiffs' Liaison Counsel

DATED: 8/11/04

**CAPRETZ & ASSOCIATES**

By: ______________________
James T. Capretz
Co-Lead Counsel for Plaintiffs

DATED: 8/11/04

**LEVY, ANGSTREICH, FINNEY, BALDANTE, RUBENSTEIN & COREN, P.C.**

By: ______________________
Steven E. Angstreich
Co-Lead Counsel for Plaintiffs

DATED: 8/11/04

**REED SMITH LLP**

By: ______________________
David E. Stanley
Counsel for Defendant
St. Jude Medical, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE ST. JUDE MEDICAL, INC., | : | |
| SILZONE® HEART VALVES PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL DOCKET NO. 1396 |

**AGENDA**

**(August 11, 2004 Status Conference)**

I. Matters Pending Before the Eighth Circuit

II. Pending Motions

A. Plaintiffs' Motion to Compel St. Jude Medical to Respond to Discovery

B. St. Jude Medical's Motion to Protect Confidentiality of Discovery Material Disclosed in Mr. Gove's Deposition

III. Class Notice

IV. Status of Discovery

A. Extension of Discovery Deadlines

B. Plaintiffs' Request for Additional Case-Specific Interrogatories

V. Status of Mediations and Report Regarding MDL Escrow Account

VI. Report on Canadian Litigation

VII. Report on Ramsey County Litigation

VIII. Report of the State Liaison Counsel

SCANNED
AUG 12 2004
U.S. DISTRICT COURT MPLS