# Arizona

## ARIZONA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| AZ | Yes<br>Ariz. Rev. Stat. Ann. §44-1522 | Yes[1] | No[2] | Yes[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Facially, yes.

Reliance is required according to some cases However, it can be unreasonable reliance and, similar to Minnesota law, proof of reliance may not be an absolute requirement on a plaintiff's part, but rather may be one means of proving that harm to the consumer was caused by the commission of the prohibited marketing conduct. *See Correa v. Pecos Valley Development Corp.* 126 Ariz. 601, 605, 617 P.2d 767, 771 (Ariz.App., 1980)

**Which state does the choice influencing factors favor? `**

Minnesota.

Assuming *arguendo* that a conflict exists, Arizona does not have a strong interest in imposing a traditional common law reliance requirement on plaintiffs. As explained by its Supreme Court, the purpose of Arizona's Consumer Fraud Act (the "ACFA"), A.R.S.

---

[1] Haisch v. Allstate Insur. Co., 197 Ariz. 606, 610, 5 P.3d 940, 944, 323 Ariz. Adv. Rep. 9, (Ariz. App. 2000).

[2] No intent to deceive, only intent to do act involved. State v. Goodyear Tire & Rubber Co., 128 Ariz. 483, 486, 626 P.2d 1115, 1118 (Ariz. App. 1981); Clearley v. Wieser, 151 Ariz. 293, 295, 727 P.2d 346, 348 (Ariz. App. 1986); Alaface v. National Investment Co., 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (Ariz. App. 1995).

[3] Perry v. Hansen, 120 Ariz. 266, 269, 585 P.2d 574, 576 (Ariz. App. 1978); Kuehn v. Stanley, 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ariz. App. 2004) (injury occurs when consumer relies, even unreasonably); Winkler v. DTE, Inc., 205 F.R.D. 235, 242 (D. Ariz. 2001).

[4] Ariz. Rev. Stat. Ann. §44-1522(A).

§ 44-1521 *et seq.*, "is to provide injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions. The legislative intent behind the Consumer Fraud Act is to provide consumers with a claim for relief that is easier to establish than is common law fraud. To require higher proof would frustrate the legislative intent." Dunlap v. Jimmy GMC of Tuscon, Inc., 666 P.2d 83 (Ariz. App. 1983) Accord, Waste Mfg. & Leasing Corp. v. Hambicki, 900 P.2d 1220, 1224 (Ariz. Ct. App. 1995) (citing cases); State ex rel. Corbin v. Hovatter, 698 P.2d 225, 226 (Ariz. Ct. App. 1985) ("The state has an interest in protecting the welfare of its consumers and the Consumer Fraud Act is designed to root out and eliminate unlawful practices in merchant-consumer transaction.") (citation omitted). Arizona's Consumer Fraud Act therefore does not require that reliance to be reasonable and there is no reliance requirement in actions brought by the attorney general. Moreover, it appears that Arizona is using "reliance" similar to the way that Minnesota "causal nexus". *See* Correa v. Pecos Valley Development Corp. 126 Ariz. 601, 605, 617 P.2d 767, 771 (Ariz.App., 1980) ("The requisites of a private cause of action for a statutory fraud are a false promise or a misrepresentation made in connection with the sale or advertisement of merchandise and the consumer's consequent and proximate injury. The requisites of a private cause of action for a statutory fraud are a false promise or a misrepresentation made in connection with the sale or advertisement of merchandise and the consumer's consequent and proximate injury. Sellinger v. Freeway Mobile Home Sales, Inc., 110 Ariz. 573, 521 P.2d 1119 (1974). Injury occurs when the consumer relies on the misrepresentation, even though reliance need not be reasonable. Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 591 P.2d 1005 (App.1979); Peery v. Hansen, 120 Ariz. 266, 585 P.2d 574 (App.1978).) Hence Arizona does not make reliance an absolute *sine qua non* for a statutory fraud (UDAP) cause of action when, like Minnesota, the causal connection to the misconduct injury can be established by means other than individualized proof of reliance. Accordingly application of Minnesota's more liberal UDAP would not detrimentally violate or frustrate Arizona's governmental interests and would be consistent with its base policy.

On the other hand, the governmental interests of Minnesota in applying its statutory consumer protection laws that do not require direct proof of plaintiff's reliance to a situation involving one of its own resident companies charged with committing misconduct arising and occurring predominantly in Minnesota, and that relates to an industry important to Minnesota's economy and citizens well being, would be greatly frustrated by applying Arizona's contrary law. Minnesota's has a far greater interest in applying its UADP laws here in order to: (1) deter deceptive and unfair advertising and marketing practices by its resident manufacturers and merchants; (2) remedy any misleading and abusive marketing practices by its resident manufacturers and merchants that occurred, especially where, as here, issues of consumer health and safety are implicated; *see e.g.*- State by Humphrey v. Alpine Air Prods., Inc., 500 N.W.2d 788, 790 (Minn.1993)(misrepresenting ozone emitted by indoor air cleaner as being safe to consumer's health); Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1304-

1305 (D.Minn.,1988) (misrepresentation of safety of intrauterine device product )and (3) provide compensating to consumers abused and harmed by its resident manufactures and merchants misconduct committed, occurring or directed from Minnesota. Minnesota courts have long recognized that Minnesota has a strong interest in both compensating tort victims and promoting responsibility for corporations committing wrongful acts, particularly if the wrongdoer is a Minnesota corporation. Jacobson v. Universal Underwriters Ins. Group, 645 N.W.2d 741 (Minn. 2002); Boatwright v. Budak 625 N.W.2d 483, 489(2001); Bigelow v. Halloran, 313 N.W.2d 10 (Minn. 1981). This interest in fully compensating tort victims is not limited to Minnesota residents. *See* Jacobson *supra* (*Holding* that a nonresident should be fully compensated); Gimmestad v. Gimmestad, 451 N.W.2d 662, 666 (Minn. App. 1990) (*same*). Under the circumstances before this Court, Minnesota's governmental interests in applying its consumer protection law are paramount to Arizona's.

## ARIZONA STATUTE

Arizona Revised Statutes Annotated Currentness
Title 44. Trade and Commerce
Chapter 10. Competition and Competitive Practices
Article 7. Consumer Fraud (Refs & Annos)

### → § 44-1522. Unlawful practices; intended interpretation of provisions

**A.** The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

**B.** The violation of chapter 9, article 16 [FN1] or chapter 19, article 1 [FN2] of this title is declared to be an unlawful practice and subject to enforcement under this article.

**C.** It is the intent of the legislature, in construing subsection A, that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to 15 United States Code § § 45, 52 and 55(a)(1). [FN3]