# Arkansas

**ARKANSAS**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| AR | Yes<br>Ark. Code Ann. §4-88-107(a)(1); (10); §4-88-108 | Yes[1] | Yes[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes. False representations must be made knowingly.

**Which state does the choice influencing factors favor?**

Minnesota.

Arkansas does not have a strong interest in imposing a law scienter requirement on plaintiffs. The preamble to the Arkansas Deceptive Trade Practices Act ("Arkansas Act"), A.C.A. § 4-88-101 et seq.(Repl. 1996 & Supp. 1997), provides that "the legislature's remedial purpose was 'to protect the interests of both the consumer public and the legitimate business community[.]'" State ex rel. Bryant v. R & A Investment Co., 985 S.W.2d 299, 302 (Ark. 1999). The defendant is not an Arkansas company and the marketing misconduct emanated out of Minnesota by a Minnesota resident company. Accordingly application of Minnesota's consumer protection statutes which does not require proof of the defendant's scienter would not frustrate Arkansas' governmental interests in requiring proof of scienter (presumably to restrain liability and protect legitimate business in Arkansas).

Furthermore, Arkansas has no interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy"

[1] Ark. Code Ann. §4-88-113(f).

[2] Ark. Code Ann. §4-88-107(a)(1)("knowingly").

[3] There is no case law or statutory language that indicates reliance is a required element. Section 4-88-113(f) requires actual damage or injury for private cause of action.

[4] Ark. Code Ann. §4-88-108(2).

the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990) (observing that Florida had no interest in having Florida statute of repose apply to a Florida accident involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacturer in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

On the other hand, the governmental interests of Minnesota in applying its statutory consumer protection laws that do not require proof of defendant's scienter to a situation involving one of its own resident companies charged with committing misconduct arising and occurring predominantly in Minnesota, and that relates to an industry important to Minnesota's economy and citizens well being, would be greatly frustrated by applying Arkansas's law. Minnesota's has a far greater interest in applying its laws to: (1) deter deceptive and unfair advertising and marketing practices by its resident manufacturers and merchants; (2) remedy any misleading and abusive marketing practices by its resident manufacturers and merchants that occurred, especially where, as here, issues of consumer health and safety are implicated; *see e.g.*- State by Humphrey v. Alpine Air Prods., Inc., 500 N.W.2d 788, 790 (Minn.1993)(misrepresenting ozone emitted by indoor air cleaner as being safe to consumer's health); Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1304-1305 (D.Minn.,1988) (misrepresentation of safety of intrauterine device product )and (3) provide compensating to consumers abused and harmed by its resident manufacturers and merchants misconduct committed, occurring or directed from Minnesota. Minnesota courts have long recognized that Minnesota has a strong interest in both compensating tort victims and promoting responsibility for corporations committing wrongful acts, particularly if the wrongdoer is a Minnesota corporation. Jacobson v. Universal Underwriters Ins. Group, 645 N.W.2d 741 (Minn. 2002); Boatwright v. Budak 625 N.W.2d 483, 489(2001); Bigelow v. Halloran, 313 N.W.2d 10 (Minn. 1981). This interest in fully compensating tort victims is not limited to Minnesota residents. See Jacobson 645 N.W.2d 741 (holding that a nonresident should be fully compensated); Gimmestad v. Gimmestad, 451 N.W.2d 662, 666 (Minn. App. 1990) (*same*). Under these circumstances, Minnesota's governmental interests in applying its consumer protection law override Arkansas's interests.

Furthermore, Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp, 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996)

(noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v. Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547. (D.N.J. 1998).

# ARKANSAS STATUTE

West's Arkansas Code Annotated Currentness
Title 4. Business and Commercial Law
Subtitle 7. Consumer Protection (Chapters 86 to 108)
Chapter 88. Deceptive Trade Practices
Subchapter 1. General Provisions (Refs & Annos)

## → § 4-88-107. Deceptive and unconscionable trade practices

(a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:

(1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model;

***

(10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade;

***

## → § 4-88-108. Unlawful acts

When utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful:

(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or

(2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

## → § 4-88-113. Civil enforcement and remedies--Suspension or forfeiture of charter, franchise, etc.

***

(f) Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees.