# Connecticut

## CONNECTICUT

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| CT | Yes<br>Conn. Gen. Stat. Ann. §42-110b | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Conn. Gen. Stat. Ann. §42-110g.

[2] Munz v. Kraus, 59 Conn. App. 704, 713, 757 A.2d 1207, 1214 (Conn. App. 2000); Calandro v. Allstate Insur. Co., 63 Conn. App. 602, 616, 778 A.2d 212, 221 (Conn. App. 2001).

[3] Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 583, 636 A.2d 1383, 1388 (Conn. App. 1994).

[4] Southington Savings Bank v. Rodgers, 40 Conn. App. 23, 28, 668 A.2d 733, 736 (Conn. App. 1995) (need duty to disclose).

## CONNECTICUT STATUTE

Connecticut General Statutes Annotated Currentness
Title 42. Business, Selling, Trading and Collection Practices
Chapter 735A. Unfair Trade Practices (Refs & Annos)

### → § 42-110b. Unfair trade practices prohibited. Legislative intent

(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

(b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USC 45(a)(1)), as from time to time amended.

(c) The commissioner may, in accordance with chapter 54, [FN1] establish by regulation acts, practices or methods which shall be deemed to be unfair or deceptive in violation of subsection (a) of this section. Such regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts in interpreting the provisions of the Federal Trade Commission Act. [FN2]

(d) It is the intention of the legislature that this chapter be remedial and be so construed.

### → § 42-110g. Action for damages. Class actions. Costs and fees. Equitable relief. Jury trial

(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

(b) Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the Superior Court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages.

***

(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is

granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief.

***

(g) In any action brought by a person under this section there shall be a right to a jury trial except with respect to the award of punitive damages under subsection (a) of this section or the award of costs, reasonable attorneys' fees and injunctive or other equitable relief under subsection (d) of this section.