# Florida

## FLORIDA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| FL | Yes<br>Fla. Stat. § 501.204(1) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] PNR, Inc. v. Beacon Property Management, Inc., 842 So.2d 773, 777 (Fla. 2003) (Florida Deceptive and Unfair Trade Practices Act applies to private causes of action arising from single unfair or deceptive act in the conduct of any trade or commerce, even if it involves only a single party, a single transaction, or a single contract.).

[2] W.S. Badcock Corp. v. Myers, 696 So.2d 776, 779 (Fla. App. 1996) ("A finding of fraud is not necessary to sustain a violation under the DUTPA.").

[3] Davis v. Powertel, Inc., 776 So.2d 971, 974 (Fla. App. 2000) (question is not whether plaintiff relied on deceptive practice but rather whether practice likely to deceive); Latman v. Costa Cruise Lines, N.V., 758 So.2d 699, 703 (Fla. App. 2000) (individual showings of reliance and damages not necessary to establish that cruise line's alleged overcharging of 'port charges' and retention of overcharged amount violated Florida Deceptive and Unfair Trade Practices Act, where cruise line passengers paid port charges that a reasonable customer would interpret as a pass through charge paid to the relevant authorities, supporting class certification).

[4] Fla. Stat. § 501.204(2) ("Due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to sec. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)"). See 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practice in or affecting commerce, are hereby declared unlawful"). This FTC Act language covers omissions. See e.g., F.T.C. v. World Travel Vacation Brokers, Inc.. 861 F.2d 1020, 1029 (7th Cir. 1988); Simeon Management Corp., v. F.T.C., 579 F.2d 1137, 1145 (9th Cir. 1978); F.T.C. v. Wilcox, 926 F.Supp. 1091, 1098 (S.D. Fla. 1995). Materially misleading omissions in consumer communications thus likewise violate the Florida Deceptive and Unfair Trade Practices Act.

West's Florida Statutes Annotated
Title XXXIII. Regulation of Trade, Commerce, Investments, and Solicitations (Chapters 494-560)
Chapter 501. Consumer Protection
→ Part II. Deceptive and Unfair Trade Practices

**501.201. Short title**

This part shall be known and may be cited as the "Florida Deceptive and Unfair Trade Practices Act."

**501.202. Purposes; rules of construction**

The provisions of this part shall be construed liberally to promote the following policies:

(1) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.

(2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

(3) To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

**501.203. Definitions**

As used in this chapter, unless the context otherwise requires, the term:

* * *

(3) "Violation of this part" means any violation of this act or the rules adopted under this act and may be based upon any of the following as of July 1, 2001:

(a) Any rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. ss. 41 et seq.;

(b) The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts;

(c) Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

* * *

(6) "Interested party or person" means any person affected by a violation of this part or any person affected by an order of the enforcing authority.

(7) "Consumer" means an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination.

(8) "Trade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

(9) "Thing of value" may include, without limitation, any moneys, donation, membership, credential, certificate, prize, award, benefit, license, interest, professional opportunity, or chance of winning.

**501.204. Unlawful acts and practices**

(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2001.

* * *