# Georgia

## GEORGIA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| GA | Yes<br>Ga. Code Ann.<br>§ 10-1-370<br>§10-1-393(a) | Yes[1] | No[2] | Yes[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes. Georgia, unlike Minnesota, requires a showing of individual reliance.

**Which state do the choice influencing factors favor?**

---

[1]Ga Code Ann. § 10-1-373(a) and §10-1-399(a). A private right of action is available if the deceptive or unfair act or practice had potential for harm to the general consuming public; that is, if the individual is injured by a breach of duty owed to the general consuming public. Henderson v. Gandy, 608 S.E.2d 248 (Ga. App. 2004). Seller's misrepresentations breached duty owed to general consuming public where he sold product to at least one other buyer and had placed advertisement in newspaper indicated intent to reach general consuming public. Campbell v. Beak, 568 S.E.2d 801 (Ga. App. 2002).

[2]Regency Nissan, Inc. v. Taylor, 391 S.E.2d 467, 470 (Ga. App. 1990) ("The FBPA 'abandons the two elements of the common law ... scienter and intent to deceive."). However, a plaintiff who can show that the defendant committed an intentional violation is entitled to recover treble damages, so scienter and intent to deceive retain legal significance in FBPA litigation. But see, Gross v. Ideal Pool Corp., 352 S.E.2d 806, 808 (Ga. App. 1987) ("A misrepresentation presupposes knowledge of the falsity of the representation.").

[3]Lynas v. Williams, 454 S.E.2d 570, 574 (Ga. App. 1995) ("[J]ustifiable reliance is an essential element."). Under the GFBPA, a claimant must demonstrate reliance upon the challenged practice or act. Agnew v. Great Atlantic & Pacific Tea Co., 502 S.E.2d 735, 736 (Ga. App. 1998).

[4]See, e.g., Regency Nissan, Inc. v. Taylor, 391 S.E.2d 467 (1990). In addition, the FBPA is modeled on the FTC Act.

Minnesota.

Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp., 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996) (noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v. Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547 (D.N.J. 1998).

By contrast, Georgia has ***no*** interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy" the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990) (observing that Florida had no interest in having Florida statute of repose apply to a Florida accident involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacture in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

To deny plaintiffs the rights afforded by the Minnesota statutes here – in favor of reduced or more-difficult-to-enforce rights under Georgia law -- would thwart Minnesota's entrenched policies of deterrence and domestic corporate regulation, and provide no comparable support to any policies of Georgia. Neither the Georgia court system nor any Georgia defendant will be burdened by the application of salutary Minnesota law in aid of Georgia citizens against a Minnesota corporation in a Minnesota court. Indeed, to the contrary, application of Minnesota's more liberal consumer protections here would support Georgia's express interest in enhancing consumer protections for its citizens.

*WEST'S* CODE OF GEORGIA ANNOTATED
TITLE 10. COMMERCE AND TRADE
CHAPTER 1. SELLING AND OTHER TRADE PRACTICES
ARTICLE 15. DECEPTIVE OR UNFAIR PRACTICES
PART 2. FAIR BUSINESS PRACTICES ACT

**→§ 10-1-393. Unlawful acts and practices**

(a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful.

(b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful:

* * *

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

* * *

(7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another;

* * *

West's Code of Georgia Annotated Currentness
Title 10. Commerce and Trade
Chapter 1. Selling and Other Trade Practices
Article 15. Deceptive or Unfair Practices
Part 2. Fair Business Practices Act (Refs & Annos)

## → § 10-1-399. Private actions, notice before filing

(a) Any person who suffers injury or damages as a result of a violation of Chapter 5B of this title, as a result of consumer acts or practices in violation of this part, as a result of office supply transactions in violation of this part or whose business or property has been injured or damaged as a result of such violations may bring an action individually, but not in a representative capacity, against the person or persons engaged in such violations under the rules of civil procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant; provided, however, exemplary damages shall be awarded only in cases of intentional violation. Notwithstanding any other provisions of law, a debtor seeking equitable relief to redress an injury resulting from a violation of paragraph (20) of subsection (b) of Code Section 10-1-393, upon facts alleged showing a likelihood of success on the merits, may not, within the discretion of the court, be required to make a tender. Nothing in this subsection or paragraph (20) of subsection (b) of Code Section 10-1-393 shall be construed to interfere with the obligation of the debtor to a lender who is not in violation of paragraph (20) of subsection (b) of Code Section 10-1-393. A claim under this Code section may also be asserted as a defense, setoff, cross-claim, or counterclaim or third-party claim against such person.

* * *