# Hawaii

**HAWAII**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| HI | Yes<br>Haw. Rev. Stat. §§ 480-2(a); 481A-3 | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Beerman v. Toro Mfg. Corp., 615 P.2d 749, 754 (Haw. App. 1980). ("The Hawaii legislature intended this section and § 480-13 to provide consumers with individual causes of action where they have been injured by a deceptive trade practice.")

[2]See generally Haw. Rev. Stat. §§ 480-2 & 481A-4; Davis v. Wholesale Motors, 949 P.2d 1026, 1038 (Haw. App. 1997) (listing elements of violation of H.R.S. §480-13).

[3]Id.

[4] Haw. Rev. Stat. § 480-2(b) ("The courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."); Beerman, 615 P.2d at 754 (noting that the Hawaii legislature indicated that interpretations of the Federal Trade Commission Act should be consulted in applying the provisions of this section). See 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."). This FTC Act language covers omissions. See, e.g., F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); Simeon Management Corp. v. F.T.C., 579 F.2d 1137, 1145 (9th Cir. 1978); F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995). Materially misleading omissions in consumer communications thus likewise violate the Florida consumer protection statutes.

HAWAII REVISED STATUTES ANNOTATED
DIVISION 2. BUSINESS
TITLE 26. TRADE REGULATION AND PRACTICE.
CHAPTER 480. MONOPOLIES; RESTRAINT OF TRADE.
PART I. ANTITRUST PROVISIONS.

**§ 480-2 Unfair competition, practices, declared unlawful.**

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

(c) No showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary in any action brought under this section.

(d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

(e) Any person may bring an action based on unfair methods of competition declared unlawful by this section.

HAWAII REVISED STATUTES ANNOTATED
DIVISION 2. BUSINESS
TITLE 26. TRADE REGULATION AND PRACTICE.
CHAPTER 481A. UNIFORM DECEPTIVE TRADE PRACTICE ACT.

**§ 481A-1 Title.**

This chapter may be cited as the Uniform Deceptive Trade Practice Act.

* * *

**§ 481A-3 Deceptive trade practices.**

(a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:

* * *

(5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

* * *

(7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

* * *

(b) In order to prevail in an action under this chapter, a complainant need not prove competition between the parties or actual confusion or misunderstanding.

* * *

**§ 481A-4 Remedies.**

(a) A person likely to be damaged by a deceptive trade practice of another may be granted an

injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits, or intent to deceive is not required. Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source.

* * *