# Idaho

**IDAHO**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| ID | Yes<br>Idaho Code § 48-603(5), (7), (17) & (18). | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Idaho Code §§ 48-608, 48-619.

[2] State ex rel. Kidwell v. Master Distributors, Inc. 615 P.2d 116, 122-23 (Idaho 1980) ("[P]roof of intention to deceive is not required for finding that an act is unfair or deceptive.").

[3] Id. (actual damage to the public not required to be shown if practice possesses a "tendency or capacity to deceive").

[4] Idaho Code § 48-604 (1) ("In construing this act due consideration and great weight shall be given to the interpretation of the federal trade commission and the federal courts relating to section 5(a)(1) of the federal trade commission act (15 U.S.C. 45(a)(1)), as from time to time amended."); State ex rel. Kidwell, 615 P.2d at 122 ("Federal case law as it has developed under § 5(2)(1) of the Federal Trade Commission Act, although not binding, is persuasive in application of the Idaho Consumer Protection Act, §§ 48-601 to 48-619."). See 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."). This FTC Act language covers omissions. See, e.g., F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); Simeon Management Corp. v. F.T.C., 579 F.2d 1137, 1145 (9th Cir. 1978); F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995). Materially misleading omissions in consumer communications thus likewise violate the Idaho Consumer Protection Act.

IDAHO CODE
TITLE 48. MONOPOLIES AND TRADE PRACTICES
CHAPTER 6. CONSUMER PROTECTION ACT

**48-601 Short title and purpose.**

This act shall be known and may be cited as the "Idaho consumer protection act". The purpose of this act is to protect both consumers and businesses against unfair methods of competition and unfair or deceptive acts and practices in the conduct of trade or commerce, and to provide efficient and economical procedures to secure such protection. It is the intention of the legislature that this chapter be remedial and be so construed.

* * *

**48-603 Unfair methods and practices.**

The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is:

* * *

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, connection, qualifications or license that he does not have;

* * *

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

* * *

(17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer;

(18) Engaging in any unconscionable method, act or practice in the conduct of trade or commerce, as provided in section 48-603C, Idaho Code, provided, however, that the provisions of this subsection shall not apply to a regulated lender as that term is defined in subsection (37) of section 28-41-301, Idaho Code;

* * *

**48-604 Intent of legislature -- Attorney general to make rules and regulations.**

(1) It is the intent of the legislature that in construing this act due consideration and great weight shall be given to the interpretation of the federal trade commission and the federal courts relating to section 5(a)(1) of the federal trade commission act (15 U.S.C. 45(a)(1)), as from time to time amended; and

(2) The attorney general may make rules and regulations interpreting the provisions of this act. Such rules and regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts in interpreting the provisions of section 5(a)(1) of the federal trade commission act (15 U.S.C. 45(a)(1)), as from time to time amended. Rules and regulations shall be promulgated as provided in chapter 52, title 67, Idaho Code.

* * *

**48-608 Loss from purchase or lease -- Actual and punitive damages.**

(1) Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by this act, may treat any agreement incident thereto as voidable or, in the alternative, may bring an action to recover actual damages or one thousand dollars ($1,000), whichever is the greater; provided, however, that in the case of a class action, the class may bring an action for actual damages or a total for the class that may not exceed one thousand dollars ($1,000), whichever is the greater. Any such person or class may also seek restitution, an order enjoining the use or employment of methods, acts or practices declared unlawful under this chapter and any other appropriate relief which the court in its discretion may deem just and necessary. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper in cases of repeated or flagrant violations.

* * *

**48-619 Limitation of action.**

No private action may be brought under this act more than two (2) years after the cause of action accrues.