# Illinois

**ILLINOIS**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| IL | Yes<br>815 ILCS 505/2; 815 ILCS 510/2(a)(5), (a)(7) & (a)(12) | Yes[53] | No[54] | No[55] | Yes[56] |

**Are there any true conflicts of substantive law?**

No.

---

[53]815 ILCS 505/2; Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 849-50 (Ill. 2005) (Consumer Fraud Act); Rice v. Snarlin, Inc., 266 N.E.2d 183, 188-89 (same); Fedders Corporation v. Elite Classics, 279 F.Supp.2d 965, 972 (S.D. Ill. 2003) (Illinois Uniform Deceptive Trade Practices Act does not provide cause of action for damages, but does permit private suits for injunctive relief.).

[54]Smith v. Prime Cable of Chicago, 658 N.E.2d 1325, 1335 (Ill. App. 1995) ("intention of the seller or the mental state of the person making the representation is not material to the existence of a cause of action under the Act since an action for innocent misrepresentation also is permissible"); see 815 ILCS 505/2 (intent to cause reliance required only for omissions). Cf. First Midwest Bank, N.A. v. Sparks, 682 N.E.2d 373, 378 (Ill. App. 1997) (to establish deceptive practice claim, plaintiff must prove "an intent by the defendant that the plaintiff rely on the misrepresentation or concealment"). Hoke v. Beck, 587 N.E.2d 4, 8 (Ill. App. 1992), ("'Intent' required by Consumer Fraud Act is only intent that plaintiff in primary action rely on information that defendant gave him, as opposed to any intent on defendant's part to deceive.").

[55]Siegel v. Levy Org. Dev. Co., 607 N.E.2d 194, 198 (Ill. 1992); Smith, 658 N.E.2d at 1335; First Midwest Bank, N.A., 682 N.E.2d at 378.

[56] ILCS 505/2 (covering the concealment, suppression or omission of any material fact).

West's Smith-hurd Illinois Compiled Statutes Annotated
Chapter 815. Business Transactions
Deceptive Practices
→ Act 505. Consumer Fraud and Deceptive Business Practices Act

* * *

**505/2. Unlawful practices; construction with Federal Trade Commission Act**

§ 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, [FN1] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act. [FN2]

[FN1] 815 ILCS 510/2.

[FN2] 15 U.S.C.A. § 45.

* * *

**505/10a. Action for actual damages**

§ 10a. Action for actual damages.

(a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.

* * *

**505/11a. Construction of Act**

§ 11a. This Act shall be liberally construed to effect the purposes thereof.

**505/12. Short title**

§ 12. This Act shall be known and may be cited as the "Consumer Fraud and Deceptive Business Practices Act".

West's Smith-hurd Illinois Compiled Statutes Annotated Currentness
Chapter 815. Business Transactions
Deceptive Practices
→ Act 510. Uniform Deceptive Trade Practices Act (Refs & Annos)

**510/2. Deceptive trade practices**

§ 2. Deceptive trade practices.

(a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

* * *

(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

* * *

(7) represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

* * *

(12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

(b) In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding.

* * *