# Kansas

## KANSAS

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| KS | Yes<br>Kan. Stat. Ann. §50-626(a), 626(b)(1)(A), 626(b)(1)(D), 626(b)(1)(F), 626(b)(1)(G), 626(b)(2), 626(b)(3) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

[1] Kan. Stat. Ann §50-634. While class actions seeking simply monetary damages may arguably be prohibited, individuals may bring class actions for "an injunction and appropriate ancillary relief" such as medical monitoring. Kan. State. Ann. §50-634(c).

[2] Statute does not require that defendant have intent to deceive *Moore v. Bird Engineering Co.*, 41 P.3d 755, 762-764 (Kan. 2002).

[3] Kan. Stat. Ann §50-626(a) and (b).

[4] Kan. Stat. Ann. §50-626(b)(3).

CHAPTER 50. UNFAIR TRADE AND CONSUMER PROTECTION
ARTICLE 6. CONSUMER PROTECTION
CONSUMER PROTECTION

*K.S.A. § 50-626* (2005)

50-626. Deceptive acts and practices.

(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.

(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:

(1) Representations made knowingly or with reason to know that:

(A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have;

(B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have;

(C) property is original or new, if such property has been deteriorated, altered, reconditioned, repossessed or is second-hand or otherwise used to an extent that is materially different from the representation;

(D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation;

(E) the consumer will receive a rebate, discount or other benefit as an inducement for entering into a consumer transaction in return for giving the supplier the names of prospective consumers or otherwise helping the supplier to enter into other consumer transactions, if receipt of benefit is contingent on an event occurring after the consumer enters into the transaction;

(F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or

(G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist;

(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;

(3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact;

(4) disparaging the property, services or business of another by making, knowingly or with reason to know, false or misleading representations of material facts;

(5) offering property or services without intent to sell them;

(6) offering property or services without intent to supply reasonable, expectable public demand, unless the offer discloses the limitation;

(7) making false or misleading representations, knowingly or with reason to know, of fact concerning the reason for, existence of or amounts of price reductions, or the price in comparison to prices of competitors or one's own price at a past or future time;

(8) falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer rights, remedies or obligations;

(9) falsely stating, knowingly or with reason to know, that services, replacements or repairs are needed;

(10) falsely stating, knowingly or with reason to know, the reasons for offering or supplying property or services at sale or discount prices;

(11) sending or delivering a solicitation for goods or services which could reasonably be interpreted or construed as a bill, invoice or statement of account due, unless:

(A) Such solicitation contains the following notice, on its face, in conspicuous and legible type in contrast by typography, layout or color with other printing on its face:

"THIS IS A SOLICITATION FOR THE PURCHASE OF GOODS OR SERVICES AND NOT A BILL, INVOICE OR STATEMENT OF ACCOUNT DUE. YOU ARE UNDER NO OBLIGATION TO MAKE ANY PAYMENTS UNLESS YOU ACCEPT THIS OFFER"; and

(B) such solicitation, if made by any classified telephone directory service not affiliated with a local telephone service in the area of service, contains the following notice, on its face, in a prominent and conspicuous manner:

"_________________________________________ IS NOT AFFILIATED WITH

(name of telephone directory service)

ANY LOCAL TELEPHONE COMPANY"; and

(12) using, in any printed advertisement, an assumed or fictitious name for the conduct of such person's business that includes the name of any municipality, community or region or other description of the municipality, community or region in this state in such a manner as to suggest that such person's business is located in such municipality, community or region unless: (A) Such person's business is, in fact, located in such municipality, community or region; or (B) such person includes in any such printed advertisement the complete street and city address of the location from which such person's business is actually conducted. If located outside of Kansas, the state in which such person's business is located also shall be included. The provisions of this subsection shall not apply to the use of any trademark or service mark registered under the laws of this state or under federal law; any such name that, when applied to the goods or services of such person's business, is merely descriptive of them; or any such name that is merely a surname. Nothing in this subsection shall be construed to impose any liability on any publisher when such publisher had no knowledge the business was not, in fact, located in such municipality, community or region.

CHAPTER 50. UNFAIR TRADE AND CONSUMER PROTECTION
ARTICLE 6. CONSUMER PROTECTION
CONSUMER PROTECTION

*K.S.A. § 50-634* (2005)

50-634. Private remedies.

(a) Whether a consumer seeks or is entitled to damages or otherwise has an adequate remedy at law or in equity, a consumer aggrieved by an alleged violation of this act may bring an action to:

(1) Obtain a declaratory judgment that an act or practice violates this act; or

(2) enjoin or obtain a restraining order against a supplier who has violated, is violating or is likely to violate this act.

(b) A consumer who is aggrieved by a violation of this act may recover, but not in a class action, damages or a civil penalty as provided in subsection (a) of *K.S.A. 50-636* and amendments thereto, whichever is greater.

(c) Whether a consumer seeks or is entitled to recover damages or has an adequate remedy at law, a consumer may bring a class action for declaratory judgment, an injunction and appropriate ancillary relief, except damages, against an act or practice that violates this act.

(d) A consumer who suffers loss as a result of a violation of this act may bring a class action for the damages caused by an act or practice:

(1) Violating any of the acts or practices specifically proscribed in *K.S.A. 50-626*, *50-627* and *50-640*, and amendments thereto, or

(2) declared to violate *K.S.A. 50-626* or *50-627*, and amendments thereto, by a final judgment of any district court or the supreme court of this state that was either officially reported or made available for public dissemination under subsection (a)(3) of *K.S.A. 50-630* and amendments thereto by the attorney general 10 days before the consumer transactions on which the action is based, or

(3) with respect to a supplier who agreed to it, was prohibited specifically by the terms of a consent judgment which became final before the consumer transactions on which the action is based.

(e) Except for services performed by the office of the attorney general or the office of a county or district attorney, the court may award to the prevailing party reasonable attorney fees, including those on appeal, limited to the work reasonably performed if:

(1) The consumer complaining of the act or practice that violates this act has brought or maintained an action the consumer knew to be groundless and the prevailing party is the supplier; or a supplier has committed an act or practice that violates this act and the prevailing party is the consumer; and

(2) an action under this section has been terminated by a judgment, or settled.

(f) Except for consent judgments, a final judgment in favor of the attorney general under *K.S.A. 50-632* and amendments thereto is admissible as prima facie evidence of the facts on which it is based in later proceedings under this section against the same supplier or a supplier in privity.

(g) Notice of an action commenced pursuant to subsection (b) or (c), or an appeal of such action, shall be given to the attorney general, but failure to do so shall not provide a defendant a defense in such action.