# Louisiana

## LOUISIANA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| LA | Yes La. R. S. § 51:1405.A | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] La. R.S. § 51:1409.A ("Any person" may bring individual action for loss suffered due to an unfair or deceptive method, act, or practice under § 51:1405.).

[2] See La. R.S. § 51:1409.A. Defendant's "knowing" violation is required only for treble damages, and in any event includes an objective test of what a reasonably prudent businessperson should have known. Id; La. R.S. § 51:1402.10.

[3] La. R.S. § 51:1405.A does not require reliance.

[4] Louisiana's Unfair Trade Practices and Consumer Protection Law (UTPCPL) tracks the language of the FTC Act, 15 U.S.C. § 45(a), regarding prohibited practices, and federal court interpretations of the FTC Act guide interpretation of the UTPCPL. See Coffey v. Peoples Mortgage & Loan of Shreveport, Inc., 408 So.2d 1153, 1156 (La. App. 1981); Gour v. Daray Motor Co., Inc., 373 So.2d 571, 577-78 (La. App. 1979); Guste v. Demars, 330 So.2d 123, 125 (La. App. 1976). The FTC Act covers omissions. See, e.g., F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); Simeon Management Corp. v. F.T.C., 579 F.2d 1137, 1145 (9th Cir. 1978); F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995). Materially misleading omissions in consumer communications thus likewise violate Louisiana's UTPCPL.

West's Louisiana Statutes Annotated
Louisiana Revised Statutes
Title 51. Trade and Commerce
→ Chapter 13. Unfair Trade Practices and Consumer Protection Law (Refs & Annos)

## § 1401. Short title

This Chapter shall be known and may be cited as the "Unfair Trade Practices and Consumer Protection Law."

## § 1402. Definitions

As used in this Chapter, the following words and phrases shall have the meanings hereinafter ascribed to them:

(1) "Consumer" means any person who uses, purchases, or leases goods or services.

(2) "Consumer interest" means those acts, practices, or methods that affect the economic welfare of a consumer.

(3) "Consumer transaction" means any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family, or household use.

* * *

(8) "Person" means a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity.

(9) "Trade" or "commerce" means the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state.

(10) "Knowingly" means that the act or practice used was such that a reasonably prudent businessman knew or should have known that the act or practice was a violation of this Chapter.

* * *

**§ 1405. Unfair acts or practices; interpretation and rule making authority**

A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

* * *

**§ 1409. Private actions**

A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs.