# Maine

## MAINE

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| ME | Yes<br>Me. Rev. Stat. Ann. tit.5, § 207 | Yes[1] | No[2] | No [3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Me. Rev. Stat. Ann. tit. 5, § 213(1).

[2] Act may be "unfair or deceptive," within meaning of the Unfair Trade Practices Act (UTPA), even when unknowingly perpetrated; when there is a duty to disclose, unawareness is no shield against UTPA liability. Binette v. Dyer Library Ass'n, 688 A.2d 898 (Me. 1996).

[3] Under the UTPA all that need be shown is conduct creating a "likelihood of confusion or misunderstanding," and that it is not "reasonably avoidable by consumers." Ambrose v. New England Ass'n of Schools and Colleges, Inc., 252 F.3d 488, 492 (1st Cir. 2001); Maine v. Weinschenk, 868 A.2d 200, 203 (Me. 2005).

[4] Binett 688 A.2d at 906; see also Suminski v. Maine Appliance Warehouse, Inc., 602 A.2d 1173, 1174-75 n.1 (Me. 1992) (Maine guided by interpretations given by the Federal Trade Commission and the federal courts as to "material representation, omission, act or practice"). Me. Rev. Stat. Ann. tit 5, § 201(2)(same). Weinschenk, 868 A.2d at 207. Federal courts have long held that material omissions stand as violations of the FTC Act. "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment." F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added); see also F.T.C. v. Wilcox, 926 F. Supp 1091, 1098 (S.D. Fla. 1995) ("In order to establish that an act or practice is deceptive, the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment."); Simeon Mgmt. Corp. v. F.T.C., 579 F.2d 1137 (9th Cir. 1978) ("Failure to disclose material information may cause an advertisement to be false or deceptive within the meaning of the FTCA even though the advertisement does not state false facts.").

Maine Revised Statutes Annotated Currentness
Title 5. Administrative Procedures and Services
Part 1. State Departments
Chapter 10. Unfair Trade Practices (Refs & Annos)

## → § 207. Unlawful acts and conduct

Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

**1. Intent.** It is the intent of the Legislature that in construing this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1) ), as from time to time amended.

**2. Rules and regulations.** The Attorney General may make rules and regulations interpreting this section. Such rules and regulations shall not be inconsistent with the rules, regulations and decisions of the Federal Trade Commission and the Federal Courts interpreting the provisions of 15 U.S.C. 45(a)(1) (The Federal Trade Commission Act) as from time to time amended. Evidence of a violation of a rule or regulation made by the Attorney General shall constitute prima facie evidence of an act or practice declared to be unlawful by this chapter in any action thereafter brought under this chapter.

Maine Revised Statutes Annotated Currentness
Title 5. Administrative Procedures and Services
Part 1. State Departments
Chapter 10. Unfair Trade Practices (Refs & Annos)

## → § 213. Private remedies

**1. Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper. There is a right to trial by jury in any action brought in Superior Court under this section.