# Maryland

**MARYLAND**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| MD | Yes<br>Md. Code Ann. Com. Law § 13-301(1), (2)(i), (2)(iv), (3), (9)(i) | Yes[1] | No[2] | Yes[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes. The court in Philip Morris, Inc. v. Angeletti, 752 A.2d 200 (Md. 2000), a tobacco class action case, affirmed a denial of class certification in part because class members appeared to be required to prove individual reliance.

**Which state do the choice influencing factors favor?**

---

[1] Md. Code Ann. Com. Law § 13-408.

[2] Consumer Prot. Div. v. Morgan, 874 A.2d 919 (Md. 2005) (no need to prove scienter upon evidence of misrepresentation).

[3] Reliance by consumers would "seem" to be a necessary precondition under Maryland statutory consumer protection law. Philip Morris, Inc. v. Angeletti, 752 A.2d 200 (Md. 2000).

[4] The Federal Trade Commission's (FTC) Policy Statement, the FTC's rulings, and the relevant federal case law, are appropriate tests under the Maryland Consumer Protection Act. Legg v. Castruccio, 642 A.2d 906 (Md. 1994). Federal courts have long held that material omissions stand as violations of the FTC Act. "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment." F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added); see also F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995) ("In order to establish that an act or practice is deceptive, the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment."); Simeon Mgmt. Corp. v. F.T.C., 579 F.2d 1137 (9th Cir. 1978) ("Failure to disclose material information may cause an advertisement to be false or deceptive within the meaning of the FTCA even though the advertisement does not state false facts.").

The governmental interests of Minnesota in applying its statutory consumer protection laws that do not require direct proof of plaintiff's reliance to a situation involving one of its own resident companies charged with committing misconduct arising and occurring predominantly in Minnesota, and that relates to an industry important to Minnesota's economy and citizens well-being, would be greatly frustrated by applying Maryland's contrary law. Minnesota's has a far greater interest in applying its UDAP laws here in order to: (1) deter deceptive and unfair advertising and marketing practices by its resident manufactures and merchants; (2) remedy any misleading and abusive marketing practices by its resident manufactures and merchants that occurred, especially where, as here, issues of consumer health and safety are implicated; see, e.g., State by Humphrey v. Alpine Air Prods., Inc., 500 N.W.2d 788, 790 (Minn. 1993) (misrepresenting ozone emitted by indoor air cleaner as being safe to consumer's health), and Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1304-1305 (D. Minn. 1988) (misrepresentation of safety of intrauterine device product ); and (3) provide compensation to consumers abused and harmed by its resident manufactures and merchants misconduct committed, occurring or directed form Minnesota. Minnesota courts have long recognized that Minnesota has a strong interest in both compensating tort victims and promoting responsibility for corporations committing wrongful acts, particularly if the wrongdoer is a Minnesota corporation. Jacobson v. Universal Underwriters Ins. Group, 645 N.W.2d 741 (Minn. 2002); Boatwright v. Budak 625 N.W.2d 483, 489(2001); Bigelow v. Halloran, 313 N.W.2d 10 (Minn. 1981). This interest in fully compensating tort victims is not limited to Minnesota residents. See Jacobson supra (holding that a nonresident should be fully compensated); Gimmestad v. Gimmestad, 451 N.W.2d 662, 666 (Minn. Ct. App. 1990) (same result). Under the circumstances before this Court, Minnesota's governmental interests in applying its consumer protection law are paramount to the less than specific requirements for reliance found in the decision in Philip Morris, Inc. v. Angeletti, 752 A.2d 200 (Md. 2000).

West's Annotated Code of Maryland Currentness
Commercial Law
Title 13. Consumer Protection Act
Subtitle 3. Unfair or Deceptive Trade Practices (Refs & Annos)

## → § 13-301. Proscribed practices

Unfair or deceptive trade practices include any:

(1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

(2) Representation that:

(i) Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have;

* * *

(iv) Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not;

(3) Failure to state a material fact if the failure deceives or tends to deceive;

* * *

(9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:

(i) The promotion or sale of any consumer goods, consumer realty, or consumer service;

* * *

West's Annotated Code of Maryland Currentness
Commercial Law
Title 13. Consumer Protection Act
Subtitle 4. Enforcement and Penalties

## § 13-408. Damage actions

(a) In addition to any action by the Division or Attorney General authorized by this title and any other action otherwise authorized by law, any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title.

(b) Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.

(c) If it appears to the satisfaction of the court, at any time, that an action is brought in bad faith or is of a frivolous nature, the court may order the offending party to pay to the other party reasonable attorney's fees.

(d) Notwithstanding any other provision of this section, a person may not bring an action under this section to recover for injuries sustained as a result of the professional services provided by a health care provider, as defined in § 3-2A-01 of the Courts Article.