# Massachusetts

## MASSACHUSETTS

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| MA | Yes<br>Mass. Gen. Laws Ann., Ch. 93A, §§ 2, 9 | Yes[1] | No[2] | No [3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Mass. Gen. Laws Ann. Ch.93A §§ Sec. 2, 9.

[2] No intention to deceive need be shown. Swanson v. Bankers Life Co., 389 Mass. 345, 349, 450 N.E.2d 577 (1983); Fraser Engineering Company, Inc. v. Desmond, 524 N.E.2d 110, 113 (Mass. App. Ct. 1988); negligent misrepresentation of fact is an unfair and deceptive act or practice. Golder v. BayBank Valley Trust Co., 704 N.E.2d 1191 (Mass. App. 1999).

[3] Aspinall v. Philip Morris Companies, Inc., 813 N.E.2d 476, 486, 442 Mass. 381 (2004); Fraser Engineering Company, Inc. v. Desmond, supra (proof of actual reliance on misrepresentation not required "so long as the evidence warrants a finding of a causal relationship between the misrepresentation and the injury to the plaintiff."); plaintiff's motivation unnecessary to show violation. Dushkin v. Desai, 18 F.Supp.2d 117 (D.Mass. 1998).

[4] Underwood v. Risman, 605 N.E.2d 832, 414 Mass. 96 (1993) (duty exists to disclose material facts known to party at time of sales transaction and liability will attach for failure to disclose known material fact if there is partial disclosure, misrepresentation, or false statement); Aspinall v. Philip Morris Companies, Inc., supra, 813 N.E.2d at 487 (advertising may be deemed deceptive under consumer protection statute if it consists of a half truth, or even may be true as a literal matter, but still creates an over-all misleading impression through failure to disclose material information). Furthermore, Ch.93A § 2(b) states that Massachusetts courts must be guided by interpretations of the Federal Trade Commission of 15 U.S.C. § 45(a)(1), which construes deception to include an "omission".

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE XV. **REGULATION OF TRADE** (CH. 93-110G)
CHAPTER 93A. **REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION**

## →§ 2. Unfair practices; legislative intent; rules and regulations

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

* * *

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE XV. **REGULATION OF TRADE** (CH. 93-110G)
CHAPTER 93A. **REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION**

## →§ 9. Civil actions and remedies; class action; demand for relief; damages; costs; exhausting administrative remedies

(1) Any person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.

* * *