# Michigan

## MICHIGAN

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| MI | Yes<br>Mich. Comp. Laws Ann. §§ 445.903<br>(3)(1)(c), (e), (s), (z), (bb), (cc) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Mich. Comp. Laws Ann. §§ 445.911

[2] See Mich. C.L.A. § 445.911(6); Dix v. American Bankers Life Assur. Co. of Florida, 415 N.W.2d 206, 209 (Mich. 1987).

[3] Dix, 415 N.W.2d at 209 (reversing dismissal of Consumer Protection Act count in class action, and distinguishing proof required in action under CPA from common law fraud action).

[4] Mich. Comp. Laws. Ann. § 445.903(s), (cc).

Michigan Compiled Laws Annotated Currentness
Chapter 445. Trade and Commerce
Michigan Consumer Protection Act (Refs & Annos)

## →445.903. Unfair trade practices; rules

Sec. 3. (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

* * *

(c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

* * *

(e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

* * *

(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

* * *

(z) Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

* * *

(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Michigan Compiled Laws Annotated Currentness
Chapter 445. Trade and Commerce
Michigan Consumer Protection Act (Refs & Annos)

**→445.911. Actions; declaratory judgments; injunctions; actual damages; class actions for damages; orders for relief; receiver; sequestration of assets; cost of notice; limitations; defense and counterclaim**

Sec. 11. (1) Whether or not he seeks damages or has an adequate remedy at law, a person may bring an action to do either or both of the following:

(a) Obtain a declaratory judgment that a method, act, or practice is unlawful under section 3. [FN1]

(b) Enjoin in accordance with the principles of equity a person who is engaging or is about to engage in a method, act, or practice which is unlawful under section 3.

(2) Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees.

(3) A person who suffers loss as a result of a violation of this act may bring a class action on behalf of persons residing or injured in this state for the actual damages caused by any of the following:

(a) A method, act, or practice in trade or commerce defined as unlawful under section 3.

(b) A method, act, or practice in trade or commerce declared to be unlawful under section 3(1) [FN2] by a final judgment of the circuit court or an appellate court of this state which is either reported officially or made available for public dissemination pursuant to section 9 [FN3] by the attorney general not less than 30 days before the method, act, or practice on which the action is based occurs.

(c) A method, act, or practice in trade or commerce declared by a circuit court of appeals or the supreme court of the United States to be an unfair or deceptive act or practice within the meaning of section 5(a)(1) of the federal trade commission act, 15 U.S.C. 45(a)(1), in a decision which affirms or directs the affirmance of a cease and desist order issued by the federal trade commission if the order is final within the meaning of section 5(g) of the federal trade commission act, 15 U.S.C. 45(g), and which is officially reported not less than 30 days before the method, act, or practice on which the action is based occurs. For purposes of this subdivision, a method, act, or practice shall not be deemed to be unfair or

deceptive within the meaning of section 5(a)(1) of the federal trade commission act solely because the method, act, or practice is made unlawful by another federal statute that refers to or incorporates section 5(a)(1) of the federal trade commission act.

(4) On motion of a person and without bond in an action brought under subsection (3) the court may make an appropriate order: to reimburse persons who have suffered damages; to carry out a transaction in accordance with the aggrieved persons' reasonable expectations; to strike or limit the application of unconscionable clauses of contracts to avoid an unconscionable result; or to grant other appropriate relief. The court after a hearing may appoint a receiver or order sequestration of the defendant's assets if it appears to the satisfaction of the court that the defendant threatens or is about to remove, conceal, or dispose of his assets to the detriment of members of the class.

(5) If at any stage of proceedings brought under subsection (3) the court requires that notice be sent to the class, a person may petition the court to require the defendant to bear the cost of notice. In determining whether to impose the cost on the defendant or the plaintiff, the court shall consider the probability that the person will succeed on the merits of his action.

(6) If the defendant shows by a preponderance of the evidence that a violation of this act resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error, the amount of recovery shall be limited to actual damages.

(7) An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date. However, when a person commences an action against another person, the defendant may assert, as a defense or counterclaim, any claim under this act arising out of the transaction on which the action is brought.