# Mississippi

**MISSISSIPPI**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| MS | Yes<br>Miss. Code Ann. § 75-24-5(2)(e), (g) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Miss. Code Ann. § 75.24-15(1).

[2] Miss. Code Ann. § 75-24-5(2)(e) and (g) contain no intent requirement. Only (2)(*i*) and (j) contain an intent requirement ("Advertising goods or services ***with intent*** not to sell them as advertised; *** Advertising goods or services ***with intent*** not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity"). Those subsections are not at issue in this case. The only way scienter becomes involved is when, if a defendant "knowingly and willfully" used an unfair or deceptive trade practice, the Attorney General can impose ***additional*** civil penalties. Miss. Code Ann. § 75-24-19(b).

[3] The statute does not require reliance on its face, and no authority grafting such a requirement on the statute was found. See generally Southwest Starving Artists Group v. Mississippi, 364 So.2d 1128 (Miss. 1978).

[4] Miss. Code Ann. § 75-24-3(c) (courts interpreting statute to be guided by interpretations to FTC Act by FTC and federal courts). Federal courts have long held that material omissions stand as violations of the FTC Act. "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment." F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added); see also F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995) ("In order to establish that an act or practice is deceptive, the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment."); Simeon Mgmt. Corp. v. F.T.C., 579 F.2d 1137 (9th Cir. 1978) ("Failure to disclose material information may cause an advertisement to be false or deceptive within the meaning of the FTCA even though the advertisement does not state false facts.").

*WEST'S* ANNOTATED MISSISSIPPI CODE
TITLE 75. REGULATION OF TRADE, COMMERCE AND INVESTMENTS
CHAPTER 24. REGULATION OF BUSINESS FOR CONSUMER PROTECTION
GENERAL PROVISIONS

**→§ 75-24-3. Definitions; construction**

As used in this chapter:

* * *

(c) It is the intent of the Legislature that in construing what constitutes unfair or deceptive trade practices that the courts will be guided by the interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USCS 45(a)(1)) as from time to time amended.

*WEST'S* ANNOTATED MISSISSIPPI CODE
TITLE 75. REGULATION OF TRADE, COMMERCE AND INVESTMENTS
CHAPTER 24. REGULATION OF BUSINESS FOR CONSUMER PROTECTION
GENERAL PROVISIONS

**→§ 75-24-5. Acts or practices prohibited**

(1) Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited. Action may be brought under Section 75-24-5(1) only under the provisions of Section 75-24-9.

(2) Without limiting the scope of subsection (1) of this section, the following unfair methods of competition and unfair or deceptive trade practices or acts in the conduct of any trade or commerce are hereby prohibited:

* * *

(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;

* * *

(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

* * *

(i) Advertising goods or services with intent not to sell them as advertised;

(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

* * *

*WEST'S* ANNOTATED MISSISSIPPI CODE
TITLE 75. REGULATION OF TRADE, COMMERCE AND INVESTMENTS
CHAPTER 24. REGULATION OF BUSINESS FOR CONSUMER PROTECTION
GENERAL PROVISIONS

## →§ 75-24-15. Private actions

(1) In addition to all other statutory and common law rights, remedies and defenses, any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use of employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by Section 75-24-5 may bring an action at law in the court having jurisdiction in the county in which the seller, lessor, manufacturer or producer resides, or has his principal place of business or, where the act or practice prohibited by Section 75-24-5 allegedly occurred, to recover such loss of money or damages for the loss of such property, or may assert, by way of setoff or counterclaim, the fact of such loss in a proceeding against him for the recovery of the purchase price or rental, or any portion thereof, of the goods or services.

* * *

*WEST'S* ANNOTATED MISSISSIPPI CODE
TITLE 75. REGULATION OF TRADE, COMMERCE AND INVESTMENTS
CHAPTER 24. REGULATION OF BUSINESS FOR CONSUMER PROTECTION
GENERAL PROVISIONS

## →§ 75-24-19. Civil violations and penalties; jurisdiction

(1) Civil remedies.

* * *

(b) In any action brought under Section 75-24-9, if the court finds from clear and convincing evidence, that a person knowingly and willfully used any unfair or deceptive trade practice, method or act prohibited by Section 75- 24-5, the Attorney General, upon petition to the court, may recover on behalf of the state a civil penalty in a sum not to exceed Ten Thousand Dollars ($10,000.00) per violation. One-half ( 1/2 ) of said penalty shall be payable to the Office of Consumer Protection to be deposited into the Attorney General's special fund. All monies collected under this section shall be used by the Attorney General for consumer fraud education and investigative and enforcement operations of the Office of Consumer Protection. The other one-half ( 1/2 ) shall be payable to the General Fund of the State of Mississippi. The Attorney General may also recover, in addition to any other relief that may be provided in this section, investigative costs and a reasonable attorney's fee.

* * *