# Missouri

## MISSOURI

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| MO | Yes §407.020, RSMo 2005 | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

[1]§407.025, RSMo 2005 (private cause of action and class action authorized).

[2] "The purpose of Missouri's Merchandising Practices Act is to preserve fundamental honesty, fair play and right dealings in public transactions. By providing a statutory cause of action, the act eliminates the need [ ] to prove intent to defraud or reliance in order for the court to find that a defendant has engaged in unlawful practices." State ex rel. Nixon v. Beer Nuts, 29 S.W.3d 828, 837 (Mo. App. 2000).

[3] §407.020.1, RSMo 2005, (unlawful practice may occur post-sale); *see also Beer Nuts,* 29 S.W.3d at 837.

[4]§407.020, RSMo 2005

TITLE 26. TRADE AND COMMERCE (Chs. 400-421)
CHAPTER 407. MERCHANDISING PRACTICES

*§ 407.020 R.S.Mo.* (2006)

§ 407.020. Unlawful practices, penalty--exceptions

1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in *section 407.453*, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in *section 407.453*, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

2. Nothing contained in this section shall apply to:

(1) The owner or publisher of any newspaper, magazine, publication or printed matter wherein such advertisement appears, or the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher or operator has no knowledge of the intent, design or purpose of the advertiser; or

(2) Any institution or company that is under the direction and supervision of the director of the department of insurance, director of the division of credit unions, or director of the division of finance, unless the directors of such divisions specifically authorize the attorney general to implement the powers of this chapter or such powers are provided to either the attorney general or a private citizen by statute.

3. Any person who willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony.

4. It shall be the duty of each prosecuting attorney and circuit attorney in their respective jurisdictions to commence any criminal actions under this section, and the attorney general shall have concurrent original jurisdiction to commence such criminal actions throughout the state where such violations have occurred.

5. It shall be an unlawful practice for any long-term care facility, as defined in *section 660.600, RSMo*, except a facility which is a residential care facility I or a residential care facility II, as defined in *section 198.006, RSMo*, which makes, either orally or in writing, representation to residents, prospective residents, their families or representatives regarding the quality of care provided, or systems or methods utilized for assurance or maintenance of standards of care to refuse to provide copies of documents which reflect

the facility's evaluation of the quality of care, except that the facility may remove information that would allow identification of any resident. If the facility is requested to provide any copies, a reasonable amount, as established by departmental rule, may be charged.

6. Any long-term care facility, as defined in *section 660.600, RSMo*, which commits an unlawful practice under this section shall be liable for damages in a civil action of up to one thousand dollars for each violation, and attorney's fees and costs incurred by a prevailing plaintiff, as allowed by the circuit court.

TITLE 26. TRADE AND COMMERCE (Chs. 400-421)
CHAPTER 407. MERCHANDISING PRACTICES

*§ 407.025 R.S.Mo.* (2006)

§ 407.025. Civil action to recover damages -- class actions authorized, when -- procedure

1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by *section 407.020*, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class, and the petition shall allege such facts as will show that these persons or the named defendants specifically named and served with process have been fairly chosen and adequately and fairly represent the whole class, to recover damages as provided for in subsection 1 of this section. The plaintiff shall be required to prove such allegations, unless all of the members of the class have entered their appearance, and it shall not be sufficient to prove such facts by the admission or admissions of the defendants who have entered their appearance. In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

3. An action may be maintained as a class action in a manner consistent with *Rule 23 of the Federal Rules of Civil Procedure* and Missouri rule of civil procedure 52.08 to the extent such state rule is not inconsistent with the federal rule if:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class; and, in addition

(5) The prosecution of separate action by or against individual members of the class would create a risk of:

(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(6) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(7) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(a) The interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(d) The difficulties likely to be encountered in the management of a class action.

4. (1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order pursuant to this subdivision may be conditional, and may be altered or amended before the decision on the merits.

(2) In any class action maintained pursuant to subdivision (7) of subsection 3 of this section, the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that:

(a) The court will exclude such member from the class if such member so requests by a specified date;

(b) The judgment, whether favorable or not, will include all members who do not request exclusion; and

(c) Any member who does request exclusion may, if such member desires, enter an appearance through such member's counsel.

(3) The judgment in an action maintained as a class action pursuant to subdivision (5) of subsection 3 of this section or subdivision (6) of subsection 3 of this section, whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. The judgment in an action maintained as a class action pursuant to subdivision (7) of subsection 3 of this section, whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (2) of this subsection was directed, and who have requested exclusion, and whom the court finds to be members of the class.

(4) When appropriate an action may be brought or maintained as a class action with respect to particular issues, or a class may be divided into subclasses and each subclass treated as a class, and the provisions of this section shall then be construed and applied accordingly.

5. In the conduct of actions to which this section applies, the court may make appropriate orders:

(1) Determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument;

(2) Requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action;

(3) Imposing conditions on the representative parties or on intervenors;

(4) Requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly;

(5) Dealing with similar procedural matters.

6. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

7. Upon commencement of any action brought pursuant to subsection 1 of this section, the plaintiff or plaintiffs shall inform the clerk of the court in which such action is brought, on forms to be provided by such clerk, that the action is brought pursuant to this section. The clerk of the court shall forthwith inform the attorney general of the commencement of such action, together with a copy of the complaint or other initial pleading, and, upon entry of any judgment or decree in the action, the clerk shall mail a copy of such judgment or decree to the attorney general.

8. Any permanent injunction, judgment or order of the court made pursuant to *section 407.100* shall be prima facie evidence in an action brought pursuant to* this section that the respondent used or employed a method, act or practice declared unlawful by *section 407.020*.