# Nevada

**NEVADA**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| NV | Yes<br>Nev. Rev. Stat. §§ 598.0903 through 598.0999; Nev. Rev. Stat. § 41.600 | Yes[1] | Yes[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes.

**Which state does the choice influencing factors favor?**

Minnesota.

Nevada has no interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy" the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990) (observing

---

[1] Private right of action authorized under Nev. Rev. Stat. §§ 598.0933, 598.0973, 598.0977, 598.0993, 41.600; actual damages; and reasonable attorneys fees if victim of consumer fraud prevails; elderly or disabled persons suffering injury can sue for actual damages, punitive damages, and attorneys fees.

[2] Statute proscribes "knowingly" making a false representation, Nev. R.S.A. § 598.0915(5), (14), and "knowingly" failing to disclose a material fact, Nev. R.S.A. § 598.0923(2). However, Attorney General can enjoin deceptive conduct without proving knowledge. Nev. R.S.A. § 598.0979.1.

[3] The statute does not require reliance on its face, and no authority grafting such a requirement on the statute was found.

[4] Deceptive trade practices" includes "fail[ure ] to disclose a material fact". Nev. Rev. Stat. § 598.0923.

that Florida had no interest in having Florida statute of repose apply to a Florida accident involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacturer in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

On the other hand, the governmental interests of Minnesota in applying its statutory consumer protection laws that do not require proof of defendant's scienter to a situation involving one of its own resident companies charged with committing misconduct arising and occurring predominantly in Minnesota, and that relates to an industry important to Minnesota's economy and citizens well being, would be greatly frustrated by applying Nevada's law. Minnesota's has a far greater interest in applying its laws to: (1) deter deceptive and unfair advertising and marketing practices by its resident manufacturers and merchants; (2) remedy any misleading and abusive marketing practices by its resident manufacturers and merchants that occurred, especially where, as here, issues of consumer health and safety are implicated; *see e.g.*- State by Humphrey v. Alpine Air Prods., Inc., 500 N.W.2d 788, 790 (Minn.1993)(misrepresenting ozone emitted by indoor air cleaner as being safe to consumer's health); Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1304-1305 (D.Minn.,1988) (misrepresentation of safety of intrauterine device product )and (3) provide compensation to consumers abused and harmed by its resident manufacturers and merchants misconduct committed, occurring or directed from Minnesota. Minnesota courts have long recognized that Minnesota has a strong interest in both compensating tort victims and promoting responsibility for corporations committing wrongful acts, particularly if the wrongdoer is a Minnesota corporation. Jacobson v. Universal Underwriters Ins. Group, 645 N.W.2d 741 (Minn. 2002); Boatwright v. Budak 625 N.W.2d 483, 489(2001); Bigelow v. Halloran, 313 N.W.2d 10 (Minn. 1981). This interest in fully compensating tort victims is not limited to Minnesota residents. See Jacobson 645 N.W.2d 741 (h*olding* that a nonresident should be fully compensated); Gimmestad v. Gimmestad, 451 N.W.2d 662, 666 (Minn. App. 1990) (*same*). Under these circumstances, Minnesota's governmental interests in applying its consumer protection law override Nevada's interests.

Furthermore, Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp, 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996) (noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v.

Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547. (D.N.J. 1998).

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 3. REMEDIES; SPECIAL ACTIONS AND PROCEEDINGS
CHAPTER 41. ACTIONS AND PROCEEDINGS IN PARTICULAR CASES CONCERNING PERSONS
FRAUD UPON PURCHASERS; MISREPRESENTATION

## →41.600. Actions by victims of fraud

1. An action may be brought by any person who is a victim of consumer fraud.

2. As used in this section, "consumer fraud" means:

(a) An unlawful act as defined in NRS 119.330;

(b) An act prohibited by NRS 482.36655 to 482.36667, inclusive;

(c) An act prohibited by NRS 482.351; or

(d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.

3. If the claimant is the prevailing party, the court shall award him:

(a) Any damages that he has sustained; and

(b) His costs in the action and reasonable attorney's fees.

* * *

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 52. TRADE REGULATIONS AND PRACTICES
CHAPTER 598. DECEPTIVE TRADE PRACTICES
GENERAL PROVISIONS

**→598.0915. "Deceptive trade practice" defined**

A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he:

* * *

5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.

* * *

7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he knows or should know that they are of another standard, quality, grade, style or model.

* * *

15. Knowingly makes any other false representation in a transaction.

* * *

West's Nevada Revised Statutes Annotated Currentness
Title 52. Trade Regulations and Practices
Chapter 598. Deceptive Trade Practices (Refs & Annos)
General Provisions (Refs & Annos)

### →598.0923. "Deceptive trade practice" defined

A person engages in a "deceptive trade practice" when in the course of his business or occupation he knowingly:

* * *

2. Fails to disclose a material fact in connection with the sale or lease of goods or services.

3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

* * *

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 52. TRADE REGULATIONS AND PRACTICES
CHAPTER 598. DECEPTIVE TRADE PRACTICES
GENERAL PROVISIONS

**→598.0925. "Deceptive trade practice" defined**

1. Except as otherwise provided in this section, a person engages in a "deceptive trade practice" when, in the course of his business or occupation, he:

(a) Makes an assertion of scientific, clinical or quantifiable fact in an advertisement which would cause a reasonable person to believe that the assertion is true, unless, at the time the assertion is made, the person making it has possession of factually objective scientific, clinical or quantifiable evidence which substantiates the assertion; or

* * *

West's Nevada Revised Statutes Annotated Currentness
Title 52. Trade Regulations and Practices
Chapter 598. Deceptive Trade Practices (Refs & Annos)
General Provisions (Refs & Annos)

### →598.0993. Relief for injured persons

The court in which an action is brought pursuant to NRS 598.0979 and 598.0985 to 598.099, inclusive, may make such additional orders or judgments as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any deceptive trade practice which violates any of the provisions of NRS 598.0903 to 598.0999, inclusive, but such additional orders or judgments may be entered only after a final determination has been made that a deceptive trade practice has occurred.