# New Hampshire

**NEW HAMPSHIRE**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| NH | Yes<br>N.H. Rev. Stat. Ann. §§ 358-A:2; 358-A:2(V); 358-A:2(VII) | Yes[1] | No[2] | No[3] | Yes[4] |

---

[1] N.H. Rev. Stat. Ann. §§ 358-A:10.

[2] See N.H. Rev. Stat. Ann. §§ 358-A:10 (damage amount is doubled or trebled for "willful or knowing violation of this chapter"). Thus, a straight injunction or damages requires no showing of scienter.

[3] "In order to prevail in any prosecution under this chapter, it is not necessary to prove actual confusion or misunderstanding." N.H. Rev. Stat. Ann. §§ 358-A:11.

[4] In determining what actions are unlawful outside of the enumerated categories of the consumer statutes, New Hampshire courts look to federal courts' interpretation of the Federal Trade Commission Act for guidance. State v. Moran, 861 A.2d 763, 785-66 (N.H. 2004). Federal decisional law includes material omissions as violations of section 45(a). "In order to establish that an act or practice is deceptive [under 15 U.S.C. § 45(a)], the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment." F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added); see also F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995) ("In order to establish that an act or practice is deceptive, the FTC must establish that the representations, ***omissions***, or practices likely would mislead consumers, acting reasonably, to their detriment."); see also Simeon Mgmt. Corp. v. F.T.C., 579 F.2d 1137 (9th Cir. 1978) ("Failure to disclose material information may cause an advertisement to be false or deceptive within the meaning of the FTCA even though the advertisement does not state false facts."). Thus, material omissions stand as violations of New Hampshire's consumer protection statutes.

In addition, the First Circuit has noted that the New Hampshire Supreme Court looks to the "well developed" decisional law construing Massachusetts's deceptive practices act, which caselaw "is replete with decisions holding that a failure to disclose a material fact may constitute an unfair or deceptive practice." Chroniak v. Golden Inv. Corp., 983 F.2d 1140, 1146 n. 11, 1147 n. 12 (1993).

**Are there any true conflicts of substantive law?**

No.

REVISED STATUTES ANNOTATED OF THE STATE OF NEW HAMPSHIRE
TITLE XXXI. TRADE AND COMMERCE
CHAPTER 358-A. REGULATION OF BUSINESS PRACTICES FOR CONSUMER PROTECTION

**→358-A:2 Acts Unlawful.**

It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following:

* * *

V. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that such person does not have;

* * *

VII. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

* * *

REVISED STATUTES ANNOTATED OF THE STATE OF NEW HAMPSHIRE
TITLE XXXI. TRADE AND COMMERCE
CHAPTER 358-A. REGULATION OF BUSINESS PRACTICES FOR CONSUMER PROTECTION

## →358-A:10 Private Actions.

I. Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper. If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court. Any attempted waiver of the right to the damages set forth in this paragraph shall be void and unenforceable. Injunctive relief shall be available to private individuals under this chapter without bond, subject to the discretion of the court.

* * *

REVISED STATUTES ANNOTATED OF THE STATE OF NEW HAMPSHIRE
TITLE XXXI. TRADE AND COMMERCE
CHAPTER 358-A. REGULATION OF BUSINESS PRACTICES FOR CONSUMER PROTECTION

**→358-A:11 Proof Required.**

In order to prevail in any prosecution under this chapter, it is not necessary to prove actual confusion or misunderstanding.