# New Jersey

## NEW JERSEY

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| NJ | Yes<br>N.J. Stat. Ann. §56:8-2 | Yes[1] | No[2]<br>Yes-omission[3] | No[4] | Yes[5] |

**Are there any true conflicts of substantive law?**

No.

---

[1] N.J. Stat. Ann. §56:8-19.

[2] Thiedmann v. Mercedes Benz USA, Inc., 183 N.J. 234, 245, 872 A.2d 783, 791 (2005).

[3] N.J. Stat. Ann. §56:8-2 ("knowing" omission with "intent" to rely).

[4] N.J. Stat. Ann. §56:8-2; DaBush v. Mercedes Benz USA, Inc., 378 N.J. Super. 105, 122, 874 A.2d 1110, 1121 (App. Div. 2005); N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 15, 842 A.2d 174, 178 (2003).

[5] N.J. Stat. Ann. §56:8-2.

## NEW JERSEY STATUTE

New Jersey Statutes Annotated Currentness
Title 56. Trade Names, Trade-marks and Unfair Trade Practices
Chapter 8. Frauds, Etc., In Sales or Advertisements of Merchandise (Refs & Annos)

### →56:8-2. Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

### →56:8-2.11. Violations; liability

Any person violating the provisions of the within act shall be liable for a refund of all moneys acquired by means of any practice declared herein to be unlawful.

### →56:8-2.12. Recovery of refund in private action

The refund of moneys herein provided for may be recovered in a private action or by such persons authorized to initiate actions pursuant to P.L.1975, c. 376 (C. 40:23-6.47 et seq.).

### →56:8-19. Action or counterclaim by injured person; recovery of treble damages and costs

Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

West's New Mexico Statutes Annotated Currentness
Chapter 57. Trade Practices and Regulations
➡ Article 12. Unfair Trade Practices (Refs & Annos)

## § 57-12-1. Short title

Chapter 57, Article 12 NMSA 1978 may be cited as the "Unfair Practices Act".

## § 57-12-2. Definitions

As used in the Unfair Practices Act:

* * *

D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes:

* * *

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

* * *

(7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

* * *

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

* * *

E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

(2) results in a gross disparity between the value received by a person and the price paid.

**§ 57-12-3. Unfair or deceptive and unconscionable trade practices prohibited**

Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful.

**§ 57-12-10. Private remedies**

A. A person likely to be damaged by an unfair or deceptive trade practice or by an unconscionable trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive or take unfair advantage of any person is not required. Relief granted for the copying of an article shall be limited as to the prevention of confusion or misunderstanding as to source.

B. Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice.

C. The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails. The court shall award attorney fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action that was groundless.

D. The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state.

E. In any class action filed under this section, the court may award damages to the

named plaintiffs as provided in Subsection B of this section and may award members of the class such actual damages as were suffered by each member of the class as a result of the unlawful method, act or practice.

* * *