# New Mexico

**NEW MEXICO**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| NM | Yes N.M. Stat. Ann. §§ 57-12-3 and 57-12-2 (5), (14) and | Yes[1] | Yes[2] | No [3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes. New Mexico's Consumer Fraud Act requires that the deceptive act or omission be made "knowingly," which is interpreted to mean that the defendant was either actually aware that the statement was false or misleading when made, or in the

---

[1] N.M. Stat. Ann. § 57-12-10.

[2] Stevenson v. Louis Dreyfus Corp. , 112 N.M. 97, 100-101, 811 P.2d 1308, 1311 - 1312 (N.M.,1991); Taylor v. United Management, Inc. 51 F.Supp.2d 1212, 1216 (D.N.M.1999) (Applying New Mexico law). However, need only show , in the exercise of reasonable diligence, should have been aware that a statement is false or misleading. Russey v. Rankin, 911 F.Supp.1449 (D.N.M. 1995); intent to deceive not an element of unfair or deceptive trade practices.

[3] N.M. Stat. Ann § 57-12-2 defines an unfair or deceptive trade practice to include, as a representation...which may, tends to, or does deceive or mislead, any person. To recover under the New Mexico Consumer Fraud Act a plaintiff need only prove that defendant's deceptive trade practice proximately caused Plaintiffs to suffer actual damages. *See* UJI 13-1707 NMRA (instructing that plaintiffs "may recover damages proximately caused by the deception"); *Bogle v. Summit Inv. Co.,* 2005-NMCA-024, ¶ 36, 137 N.M. 80, 107 P.3d 520 (stating that "any person who suffers a financial loss as the result of another willfully engaging in an unfair trade practice may recover treble damages" under the UPA); Chavarria v. Fleetwood Retail Corp. of New Mexico, 115 P.3d 799, *810 (N.M.App.); *certiorari granted*, 137 N.M. 767, 115 P.3d 230, (N.M. 2005) .

[4] N.M. Stat. Ann § 57-12-2 (D) (14).

exercise of reasonable diligence should have been aware that the statement was false or misleading. Stevenson v. Louis Dreyfus Corp. , 112 N.M. 97, 100-101, 811 P.2d 1308, 1311 - 1312 (N.M.,1991); Taylor v. United Management, Inc. 51 F.Supp.2d 1212, 1216 (D.N.M.1999) (applying New Mexico law)

**Which state do the choice influencing factors favor?**

Minnesota.

New Mexico's Unfair Practices Act is intended to provide a private remedy for individuals who suffer pecuniary harm for conduct involving either misleading identification of a business or goods, or false or deceptive advertising. Stevenson v. Louis Dreyfus Corp., 811 P.2d 1308, 1311 (1991); see also Richardson Ford Sales, Inc. v. Johnson, 676 P.2d 1344, 1347 (N.M. App. 1984); Parker v. E.I. DuPont de Nemours & Co., Inc., 909 P.2d 1,13 - 14 (N.M. App. 1995) The New Mexico Supreme Court "has emphasized that the purpose of the New Mexico Unfair Practices Act ('UPA')] is to extend the 'protection of its broad application to innocent consumers.'" Jones v. General Motors Corp., 953 P.2d 1104, 1109 (N.M. App. 1998) (citation omitted). Accordingly, New Mexico's interest in protecting its innocent residents would not be frustrated by not imposing a strict scienter requirement.

Furthermore, New Mexico has no interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy" the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990) (observing that Florida had no interest in having Florida statute of repose apply to a Florida accident involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacturer in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

On the other hand, the governmental interests of Minnesota in applying its statutory consumer protection laws that do not require proof of defendant's scienter to a situation involving one of its own resident companies charged with committing misconduct arising and occurring predominantly in Minnesota, and that relates to an industry important to Minnesota's economy and citizens well being, would be greatly frustrated by applying New Mexico's law. Minnesota's has a far greater interest in

applying its laws to: (1) deter deceptive and unfair advertising and marketing practices by its resident manufacturers and merchants; (2) remedy any misleading and abusive marketing practices by its resident manufacturers and merchants that occurred, especially where, as here, issues of consumer health and safety are implicated; *see e.g.*- State by Humphrey v. Alpine Air Prods., Inc., 500 N.W.2d 788, 790 (Minn.1993)(misrepresenting ozone emitted by indoor air cleaner as being safe to consumer's health); Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1304-1305 (D.Minn.,1988) (misrepresentation of safety of intrauterine device product )and (3) provide compensation to consumers abused and harmed by its resident manufacturers and merchants misconduct committed, occurring or directed from Minnesota. Minnesota courts have long recognized that Minnesota has a strong interest in both compensating tort victims and promoting responsibility for corporations committing wrongful acts, particularly if the wrongdoer is a Minnesota corporation. Jacobson v. Universal Underwriters Ins. Group, 645 N.W.2d 741 (Minn. 2002); Boatwright v. Budak 625 N.W.2d 483, 489(2001); Bigelow v. Halloran, 313 N.W.2d 10 (Minn. 1981). This interest in fully compensating tort victims is not limited to Minnesota residents. See Jacobson 645 N.W.2d 741 (h*olding* that a nonresident should be fully compensated); Gimmestad v. Gimmestad, 451 N.W.2d 662, 666 (Minn. App. 1990) (*same*). Under these circumstances, Minnesota's governmental interests in applying its consumer protection law override New Mexico's interests.

Furthermore, Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp, 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996) (noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v. Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547. (D.N.J. 1998).

West's New Mexico Statutes Annotated Currentness
Chapter 57. Trade Practices and Regulations
→ Article 12. Unfair Trade Practices (Refs & Annos)

## § 57-12-1. Short title

Chapter 57, Article 12 NMSA 1978 may be cited as the "Unfair Practices Act".

## § 57-12-2. Definitions

As used in the Unfair Practices Act:

* * *

D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes:

* * *

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

* * *

(7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

* * *

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

* * *

E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

(2) results in a gross disparity between the value received by a person and the price paid.

**§ 57-12-3. Unfair or deceptive and unconscionable trade practices prohibited**

Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful.

**§ 57-12-10. Private remedies**

A. A person likely to be damaged by an unfair or deceptive trade practice or by an unconscionable trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive or take unfair advantage of any person is not required. Relief granted for the copying of an article shall be limited as to the prevention of confusion or misunderstanding as to source.

B. Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice.

C. The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails. The court shall award attorney fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action that was groundless.

D. The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state.

E. In any class action filed under this section, the court may award damages to the

named plaintiffs as provided in Subsection B of this section and may award members of the class such actual damages as were suffered by each member of the class as a result of the unlawful method, act or practice.

* * *