# North Carolina

## NORTH CAROLINA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| NC | Yes<br>NC General Statutes §§ 75-1. et seq[1]. | Yes[2] | No[3] | No[4] | Yes.[5] |

**Are there any true conflicts of substantive law?**

No.

---

[1] The acts and omissions prohibited under the North Carolina statute is explained in Huff v. Autos Unlimited, Inc., 477 S.E.2d 86, 88-89 (N.C. App.,1996), cert. denied, 346 N.C. 279, 487 S.E.2d 546 (N.C. 1997) as: A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Marshall v. Miller, 276 S.E.2d 397, 403 (N.C. 1981). "[A] practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required." *Id.* In order to prevail in a Chapter 75 claim, a plaintiff must show: "(1) an unfair or deceptive act or practice ..., (2) in or affecting commerce, (3) which proximately caused actual injury to plaintiff or to his business." Spartan Leasing v. Pollard, 400 S.E.2d 476, 482 (N.C. 1991).

[2] N.C. General Statute § 75-16.

[3] Marshall v. Miller 302 N.C. 539, , 276 S.E.2d 397 (N.C. 1981); Excel Staffing Service, Inc. v. HP Reidsville, Inc., 616 S.E.2d 349 (N.C.App. 2005); Edwards v. West, 495 S E.2d 920, 924 (N.C. App.), cert. denied, 501 S.E.2d 918 (1998).

[4] Cullen v. Valley Forge Life Ins., Co.m 161 N.C.App. 570, 589 S.E.2d 423 (2003), *cert. denied sub nom.* 338 S.E.2d 918 (N.C. 2004) (proof of reliance is not required); Marshall v. Miller 302 N.C. 539, , 276 S.E.2d 397 (N.C. 1981 (proof of actual deception is not required); Pinehurst v. O'Leary Bros. Realty, 338 S.E.2d 918, 923 (N.C. App.), *cert. denied*, 342 N.C. 896 (1986).(same)

[5] South Atlantic Ltd. Partnership of Tennessee, L.P. v. Riese, 284 F.3d 518, 537-538 (4th Cir. 2002) (applying North Carolina law).

NC General Statutes §§ 75-1. et seq.

**Chapter 75.**

**Monopolies, Trusts and Consumer Protection.**

Article 1.

## § 75-1.1. Methods of competition, acts and practices regulated; legislative policy.

(a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

(b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

(c) Nothing in this section shall apply to acts done by the publisher, owner, agent, or employee of a newspaper, periodical or radio or television station, or other advertising medium in the publication or dissemination of an advertisement, when the owner, agent or employee did not have knowledge of the false, misleading or deceptive character of the advertisement and when the newspaper, periodical or radio or television station, or other advertising medium did not have a direct financial interest in the sale or distribution of the advertised product or service.

(d) Any party claiming to be exempt from the provisions of this section shall have the burden of proof with respect to such claim. (1969, c. 833; 1977, c. 747, ss. 1, 2.)

## § 75-16. Civil action by person injured; treble damages.

If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict. (1913, c. 41, s. 14; C.S., s. 2574; 1969, c. 833; 1977, c. 707.)