# Oklahoma

# OKLAHOMA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| OK | Yes Okla. Stat. Ann. tit. 15, §753 (2) (3) (5), (20), tit. 78, § 53 | Yes[2] | Yes[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes.

**Which state do the choice influencing factors favor?**

Minnesota.

Oklahoma has no interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy" the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990) (observing that Florida had no interest in having Florida statute of repose apply to a Florida accident

---

[2]Okla. Stat. Ann. tit. 15, § 761.1; Patterson v. Beall, 19 P.3d 839 (Okla. 2000).

[2] Okla. Stat. Ann. tit. 15, § 752(13) and (14) which are incorporated by Okla. Stat. Ann. tit. 15 § 753(20) does not have any knowledge requirement. No such requirement appears as well in Okla. Stat. Ann. tit. 78, § 53(7). However, Okla. Stat. Ann. tit. 78, § 53(5) does require knowledge of a "false representation". Cf. Okla. Ann. tit. 15, § 753(2)-(5) (knowledge required); Okla. Stat. Ann. tit. 15, § 753(7) (knowingly . . .).

[3]No such requirement appears in the Act. See, e.g., Okla. Stat. Ann. tit.15, § 752(13) and (14).

[4]Okla. Stat. Ann. tit. 15,§ 752(13). "Deceptive trade practice" includes "omission . . . that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."

involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacturer in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

On the other hand, the governmental interests of Minnesota in applying its statutory consumer protection laws that do not require proof of defendant's scienter to a situation involving one of its own resident companies charged with committing misconduct arising and occurring predominantly in Minnesota, and that relates to an industry important to Minnesota's economy and citizens well being, would be greatly frustrated by applying Oklahoma's law. Minnesota's has a far greater interest in applying its laws to: (1) deter deceptive and unfair advertising and marketing practices by its resident manufacturers and merchants; (2) remedy any misleading and abusive marketing practices by its resident manufacturers and merchants that occurred, especially where, as here, issues of consumer health and safety are implicated; *see e.g.*- State by Humphrey v. Alpine Air Prods., Inc., 500 N.W.2d 788, 790 (Minn.1993)(misrepresenting ozone emitted by indoor air cleaner as being safe to consumer's health); Kociemba v. G.D. Searle & Co., 680 F.Supp. 1293, 1304-1305 (D.Minn.,1988) (misrepresentation of safety of intrauterine device product )and (3) provide compensation to consumers abused and harmed by its resident manufacturers and merchants misconduct committed, occurring or directed from Minnesota. Minnesota courts have long recognized that Minnesota has a strong interest in both compensating tort victims and promoting responsibility for corporations committing wrongful acts, particularly if the wrongdoer is a Minnesota corporation. Jacobson v. Universal Underwriters Ins. Group, 645 N.W.2d 741 (Minn. 2002); Boatwright v. Budak 625 N.W.2d 483, 489(2001); Bigelow v. Halloran, 313 N.W.2d 10 (Minn. 1981). This interest in fully compensating tort victims is not limited to Minnesota residents. See Jacobson 645 N.W.2d 741 (h*olding* that a nonresident should be fully compensated); Gimmestad v. Gimmestad, 451 N.W.2d 662, 666 (Minn. App. 1990) (*same*). Under these circumstances, Minnesota's governmental interests in applying its consumer protection law override Oklahoma's interests.

Furthermore, Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp, 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996) (noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v. Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547. (D.N.J. 1998).

OKLAHOMA STATUTES ANNOTATED
TITLE 78. TRADEMARKS AND LABELS
OKLAHOMA DECEPTIVE TRADE PRACTICES ACT

**→§ 53. Acts constituting deceptive trade practices--Prima facie evidence of intent to injure competitors**

A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person:

* * *

5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith;

* * *

7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another;

* * *

OKLAHOMA STATUTES ANNOTATED
TITLE 15. CONTRACTS
CHAPTER 20. **CONSUMER PROTECTION**
CONSUMER PROTECTION ACT

**→§ 752. Definitions**

As used in the Oklahoma Consumer Protection Act:

* * *

13. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral;

14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

* * *

OKLAHOMA STATUTES ANNOTATED
TITLE 15. CONTRACTS
CHAPTER 20. **CONSUMER PROTECTION**
CONSUMER PROTECTION ACT

## →§ 753. Unlawful practices

A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person:

* * *

5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith;

* * *

7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another;

* * *

20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title;

* * *

OKLAHOMA STATUTES ANNOTATED
TITLE 15. CONTRACTS
CHAPTER 20. **CONSUMER PROTECTION**
CONSUMER PROTECTION ACT

## →§ 761.1. Liability under Consumer Protection Act

A. The commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the customer and costs of litigation including reasonable attorney's fees, and the aggrieved consumer shall have a private right of action for damages, including but not limited to, costs and attorney's fees. In any private action for damages for a violation of the Consumer Protection Act the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Upon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs, including attorney's fees, incurred with respect to such claim or defense.

* * *