# Oregon

**OREGON**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| OR | Yes<br>Or. Rev. Stat. §646.608 (1) (e), (g), (t), (u);<br>§ 646.608(2) | Yes[3] | No[2] | Depends on unlawful practice alleged[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No. Plaintiffs have alleged omissions of material facts by SJM. While Oregon requires reliance for certain unfair trade practices, it does not require reliance for any omissions.

---

[3]Or. Rev. Stat. 646.638 See, e.g., Weigel v. Ron Tonkin Chevrolet Co., 690 P.2d 488 (1984).

[2]Scienter is not required to establish a violation of the UTPA. See § 646.608. A private plaintiff must prove the "wilful use or employment" of an unlawful practice to recover damages. Raudebaugh v. Action Pest Control, 650 P.2d 1006 (Or. App. 1982).

[3]In an action by the Attorney General, reliance on a misrepresentation need not be proved. Or. Rev. Stat. § 646.608(3). Reliance must be established for certain portions of the UTPA. Sanders v. Francis, 561 P.2d 1003 (Or. 1977) (whether reliance required depends on nature of particular unlawful practice alleged; reliance required "when plaintiff claims to have acted on a seller's express representations" but not required when representation takes the form a "failure to disclose").

[4]Or. Rev. Stat. § 646.608(2). An unlawful trade practice embraces any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact.

West's Oregon Revised Statutes Annotated Currentness
Title 50. Trade Regulations and Practices
Chapter 646. Trade Practices and Antitrust Regulation (Refs & Annos)
Unlawful Trade Practices (Refs & Annos)

**→646.608. Attorney General's rules; unlawful business; trade practices; proof**

(1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following:

* * *

(e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have.

* * *

(g) Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another.

* * *

(t) Concurrent with tender or delivery of any real estate, goods or services fails to disclose any known material defect or material nonconformity.

(u) Engages in any other unfair or deceptive conduct in trade or commerce.

* * *

(3) In order to prevail in an action or suit under ORS 646.605 to 646.652, a prosecuting attorney need not prove competition between the parties or actual confusion or misunderstanding.

*WEST'S* OREGON REVISED STATUTES ANNOTATED
TITLE 50. TRADE REGULATIONS AND PRACTICES
CHAPTER 646. TRADE PRACTICES AND ANTITRUST REGULATION
UNLAWFUL TRADE PRACTICES

## →646.638. Civil action by private party

(1) Except as provided in subsection (8) of this section, any person who suffers any ascertainable loss of money or property, real or personal, as a result of willful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608 or 646.648, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide the equitable relief the court considers necessary or proper.

* * *