# Tennessee

**TENNESSEE**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| TN | Yes<br>Tenn. Code §§ 47-18-104(a) & (b)(5), (b)(7), (b)(21) & (b)(27) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] Tenn. Code Ann. § 47-18-109(a); Menuskin v. Williams, 145 F.3d 755, 767 (6th 1998).

[2] Tenn. Code Ann. §§ 47-18-103 (6) & 47-18-109(a)(3) (knowledge of falsity required only for treble damages, and even then contains an objective "reasonable person" standard for inferring knowledge). See Smith v. Scott Lewis Chevrolet, Inc., 843, S.W.2d 9, 12 (Tenn. App. 1992).

[3] Tenn. Code Ann. 47-18-104 & -109(a)(1). The Tennessee statute permits "[a]ny person who … suffers any ascertainable loss" to bring suit. This language is identical in substance to Minnesota's private attorney general law, which permits "any person injured by a violation" to bring suit, and which is the source of Minnesota's relaxed, causal nexus requirement. See Group Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2, 14-15 (Minn. 2001).

[4] The Tennessee legislature explicitly called for its Consumer Protection Act to be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the FTC Act. Tenn. Code § 47-18-115. Compare 15 U.S.C. § 45(a) with Tenn. Code § 104(a). Federal courts have long held that material omissions stand as violations of FTC Act. See, e.g., F.T.C. v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); Simeon Management Corp. v. F.T.C., 579 F.2d 1137, 1145 (9th Cir. 1978); F.T.C. v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995).

West's Tennessee Code Annotated
Title 47. Commercial Instruments and Transactions
Chapter 18. Consumer Protection
Part 1. Consumer Protection Act of 1977

**§ 47-18-101. Short title**

This part shall be known and may be cited as the "Tennessee Consumer Protection Act of 1977."

**§ 47-18-102. Construction of law**

The provisions of this part shall be liberally construed to promote the following policies:

(1) To simplify, clarify, and modernize state law governing the protection of the consuming public and to conform these laws with existing consumer protection policies;

(2) To protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state;

(3) To encourage and promote the development of fair consumer practices;

(4) To declare and to provide for civil legal means for maintaining ethical standards of dealing between persons engaged in business and the consuming public to the end that good faith dealings between buyers and sellers at all levels of commerce be had in this state; and

(5) To promote statewide consumer education.

**§ 47-18-103. Definitions**

As used in this part, unless the context otherwise requires:

* * *

(2) "Consumer" means any natural person who seeks or acquires by purchase, rent, lease, assignment, award by chance, or other disposition, any goods, services, or property, tangible or intangible, real, personal or mixed, and any

other article, commodity, or thing of value wherever situated or any person who purchases or to whom is offered for sale a franchise or distributorship agreement or any similar type of business opportunity;

* * *

(5) "Goods" means any tangible chattels leased, bought, or otherwise obtained for use by an individual primarily for personal, family, or household purposes or a franchise, distributorship agreement, or similar business opportunity;

(6) "Knowingly" or "knowing" means actual awareness of the falsity or deception, but actual awareness may be inferred where objective manifestations indicate that a reasonable person would have known or would have had reason to know of the falsity or deception;

* * *

(9) "Person" means a natural person, individual, governmental agency, partnership, corporation, trust, estate, incorporated or unincorporated association, and any other legal or commercial entity however organized;

* * *

(11) "Trade," "commerce," or "consumer transaction" means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated;

**<u>§ 47-18-104. Unfair or deceptive acts or practices</u>**

(a) Unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices and are Class B misdemeanors.

(b) Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:

* * *

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

* * *

(7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

* * *

(21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services;

* * *

(27) Engaging in any other act or practice which is deceptive to the consumer or to any other person;

* * *

**§ 47-18-109. Individual or private actions; declaratory judgments; settlements; attorney fees and costs**

(a)(1) Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action

individually to recover actual damages.

* * *

(3) If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper.

* * *

**§ 47-18-112. Remedies cumulative and supplementary**

The powers and remedies provided in this part shall be cumulative and supplementary to all other powers and remedies otherwise provided by law. The invocation of one power or remedy herein shall not be construed as excluding or prohibiting the use of any other available remedy.

* * *

**§ 47-18-115. Construction of law**

This part, being deemed remedial legislation necessary for the protection of the consumers of the state of Tennessee and elsewhere, shall be construed to effectuate the purposes and intent. It is the intent of the general assembly that this part shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)).

* * *