# Utah

## UTAH

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| UT | Yes<br>Utah Code §13-11-4(1)<br>§13-11-4(2)(a)<br>§13-11-4(2)(b)<br>§13-11-4-(2)(e)<br>§13-11-4(2)(i) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1]Utah code §13-11-19 and §13-11-20 authorize private cause of action for a declaratory judgment, injunction and appropriate ancillary relief such as medical monitoring. They also allow for class actions for actual damages under certain circumstances.

[2]No statute or caselaw holds or implies that a defendant must know that the act in which he is engaged is false or fraudulent.

[3]Utah Code §13-11-4 prohibits deceptive practices before, during, or after consumer transaction. Utah Code §13-11-19(1) allows a consumer to pursue a claim even if not damaged by deceptive act.

[4]No statute or caselaw has squarely addressed whether the omission of a material fact may constitute an unfair trade practice. In Wade v. Jobe, 818 P.2d 1006, 1014-15 (Utah 1991), the Utah Supreme Court found that Utah's statute should, if possible, be read consistently with the Federal Trade Commission Act. The FTC Act prohibits omissions of material facts. F.T.C. v. World Travel Vacation Brokerrs, 861 F.2d 1020, 1029 (7th Cir. 1988).

TITLE 13. COMMERCE AND TRADE
CHAPTER 11. CONSUMER SALES PRACTICES

*Utah Code Ann. § 13-11-4* (2005)

§ 13-11-4. Deceptive act or practice by supplier

(1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.

(2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally:

(a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not;

(b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not;

(c) indicates that the subject of a consumer transaction is new, or unused, if it is not, or has been used to an extent that is materially different from the fact;

(d) indicates that the subject of a consumer transaction is available to the consumer for a reason that does not exist;

(e) indicates that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not;

(f) indicates that the subject of a consumer transaction will be supplied in greater quantity than the supplier intends;

(g) indicates that replacement or repair is needed, if it is not;

(h) indicates that a specific price advantage exists, if it does not;

(i) indicates that the supplier has a sponsorship, approval, or affiliation the supplier does not have;

(j) (i) indicates that a consumer transaction involves or does not involve a warranty, a disclaimer of warranties, particular warranty terms, or other rights, remedies, or obligations, if the representation is false; or

(ii) fails to honor a warranty or a particular warranty term;

(k) indicates that the consumer will receive a rebate, discount, or other benefit as an inducement for entering into a consumer transaction in return for giving the supplier the names of prospective consumers or otherwise helping the supplier to enter into other consumer transactions, if receipt of the benefit is contingent on an event occurring after the consumer enters into the transaction;

(l) after receipt of payment for goods or services, fails to ship the goods or furnish the services within the time advertised or otherwise represented or, if no specific time is advertised or represented, fails to ship the goods or furnish the services within 30 days, unless within the applicable time period the supplier provides the buyer with the option to:

(i) cancel the sales agreement and receive a refund of all previous payments to the supplier if the refund is mailed or delivered to the buyer within ten business days after the day on which the seller receives written notification from the buyer of the buyer's intent to cancel the sales agreement and receive the refund; or

(ii) extend the shipping date to a specific date proposed by the supplier;

(m) except as provided in Subsection (3)(b), fails to furnish a notice meeting the requirements of Subsection (3)(a) of the purchaser's right to cancel a direct solicitation sale within three business days of the time of purchase if:

(i) the sale is made other than at the supplier's established place of business pursuant to the supplier's personal contact, whether through mail, electronic mail, facsimile transmission, telephone, or any other form of direct solicitation; and

(ii) the sale price exceeds $ 25;

(n) promotes, offers, or grants participation in a pyramid scheme as defined under Title 76, Chapter 6a, Pyramid Scheme Act;

(o) represents that the funds or property conveyed in response to a charitable solicitation will be donated or used for a particular purpose or will be donated to or used by a particular organization, if the representation is false;

(p) if a consumer indicates the consumer's intention of making a claim for a motor vehicle repair against the consumer's motor vehicle insurance policy:

(i) commences the repair without first giving the consumer oral and written notice of:

(A) the total estimated cost of the repair; and

(B) the total dollar amount the consumer is responsible to pay for the repair, which dollar amount may not exceed the applicable deductible or other copay arrangement in the consumer's insurance policy; or

(ii) requests or collects from a consumer an amount that exceeds the dollar amount a consumer was initially told the consumer was responsible to pay as an insurance deductible or other copay arrangement for a motor vehicle repair under Subsection (2)(p)(i), even if that amount is less than the full amount the motor vehicle insurance policy requires the insured to pay as a deductible or other copay arrangement, unless:

(A) the consumer's insurance company denies that coverage exists for the repair, in which case, the full amount of the repair may be charged and collected from the consumer; or

(B) the consumer misstates, before the repair is commenced, the amount of money the insurance policy requires the consumer to pay as a deductible or other copay arrangement, in which case, the supplier may charge and collect from the consumer an amount that does not exceed the amount the insurance policy requires the consumer to pay as a deductible or other copay arrangement;

(q) includes in any contract, receipt, or other written documentation of a consumer transaction, or any addendum to any contract, receipt, or other written documentation of a consumer transaction, any confession of judgment or any waiver of any of the rights to which a consumer is entitled under this chapter;

(r) charges a consumer for a consumer transaction that has not previously been agreed to by the consumer;

(s) solicits or enters into a consumer transaction with a person who lacks the mental ability to comprehend the nature and consequences of:

(i) the consumer transaction; or

(ii) the person's ability to benefit from the consumer transaction; or

(t) solicits for the sale of a product or service by providing a consumer with an unsolicited check or negotiable instrument the presentment or negotiation of which obligates the consumer to purchase a product or service, unless the supplier is:

(i) a depository institution under Section 7-1-103;

(ii) an affiliate of a depository institution; or

(iii) an entity regulated under Title 7, Financial Institutions Act.

(3) (a) The notice required by Subsection (2)(m) shall:

(i) be a conspicuous statement written in dark bold with at least 12 point type on the first page of the purchase documentation; and

(ii) read as follows: "YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the supplier's cancellation policy but not less than three business days) AFTER THE DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT, WHICHEVER IS LATER".

(b) A supplier is exempt from the requirements of Subsection (2)(m) if the supplier's cancellation policy:

(i) is communicated to the buyer; and

(ii) offers greater rights to the buyer than Subsection (2)(m).

TITLE 13. COMMERCE AND TRADE
CHAPTER 11. CONSUMER SALES PRACTICES

*Utah Code Ann. § 13-11-19* (2005)

§ 13-11-19. Actions by consumer

(1) Whether he seeks or is entitled to damages or otherwise has an adequate remedy at law, a consumer may bring an action to:

(a) obtain a declaratory judgment that an act or practice violates this chapter; and

(b) enjoin, in accordance with the principles of equity, a supplier who has violated, is violating, or is likely to violate this chapter.

(2) A consumer who suffers loss as a result of a violation of this chapter may recover, but not in a class action, actual damages or $ 2,000, whichever is greater, plus court costs.

(3) Whether a consumer seeks or is entitled to recover damages or has an adequate remedy at law, he may bring a class action for declaratory judgment, an injunction, and appropriate ancillary relief against an act or practice that violates this chapter.

(4) (a) A consumer who suffers loss as a result of a violation of this chapter may bring a class action for the actual damages caused by an act or practice specified as violating this chapter by a rule adopted by the enforcing authority under Subsection 13-11-8(2) before the consumer transactions on which the action is based, or declared to violate Section 13-11-4 or 13-11-5 by a final judgment of the appropriate court or courts of general jurisdiction and appellate courts of this state that was either officially reported or made available for public dissemination under Subsection 13-11-7(1)(c) by the enforcing authority ten days before the consumer transactions on which the action is based, or with respect to a supplier who agreed to it, was prohibited specifically by the terms of a consent judgment which became final before the consumer transactions on which the action is based.

(b) If an act or practice that violates this chapter unjustly enriches a supplier and the damages can be computed with reasonable certainty, damages recoverable on behalf of consumers who cannot be located with due diligence shall be transferred to the state treasurer pursuant to Title 67, Chapter 4a, Unclaimed Property Act.

(c) If a supplier shows by a preponderance of the evidence that a violation of this chapter resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error, recovery under this section is limited to the amount, if any, in which the supplier was unjustly enriched by the violation.

(5) Except for services performed by the enforcing authority, the court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed if:

(a) the consumer complaining of the act or practice that violates this chapter has brought or maintained an action he knew to be groundless; or a supplier has committed an act or practice that violates this chapter; and

(b) an action under this section has been terminated by a judgment or required by the court to be settled under Subsection 13-11-21(1)(a).

(6) Except for consent judgment entered before testimony is taken, a final judgment in favor of the enforcing authority under Section 13-11-17 is admissible as prima facie evidence of the facts on which it is based in later proceedings under this section against the same person or a person in privity with him.

(7) When a judgment under this section becomes final, the prevailing party shall mail a copy to the enforcing authority for inclusion in the public file maintained under Subsection 13-11-7(1)(e).

(8) An action under this section must be brought within two years after occurrence of a violation of this chapter, or within one year after the termination of proceedings by the enforcing authority with respect to a violation of this chapter, whichever is later. When a supplier sues a consumer, he may assert as a counterclaim any claim under this chapter arising out of the transaction on which suit is brought.

TITLE 13. COMMERCE AND TRADE
CHAPTER 11. CONSUMER SALES PRACTICES

*Utah Code Ann. § 13-11-20* (2005)

§ 13-11-20. Class actions

(1) An action may be maintained as a class action under this act only if:

(a) the class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the class;

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) the representative parties will fairly and adequately protect the interests of the class; and

(e) either:

(i) the prosecution of separate actions by or against individual members of the class would create a risk of:

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual members of the class that would as a practical matter dispose of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(ii) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(iii) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(2) The matters pertinent to the findings under Subsection (1)(e)(iii) include:

(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d) the difficulties likely to be encountered in the management of a class action.

(3) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subsection may be conditional, and it may be amended before decision on the merits.

(4) In a class action maintained under Subsection (1)(e) the court may direct to the members of the class the best notice practicable under the circumstances, including individual notice to each member who can be identified through reasonable effort. The notice shall advise each member that:

(a) the court will exclude him from the class, unless he requests inclusion, by a specified date;

(b) the judgment, whether favorable or not, will include all members who request inclusion; and

(c) a member who requests inclusion may, if he desires, enter an appearance through his counsel.

(5) When appropriate, an action may be brought or maintained as a class action with respect to particular issues, or a class may be divided into subclasses and each subclass treated as a class.

(6) In the conduct of a class action the court may make appropriate orders:

(a) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument;

(b) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in the manner the court directs to some or all of the members or to the enforcing authority of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action;

(c) imposing conditions on the representative parties or on intervenors;

(d) requiring that the pleadings be amended to eliminate allegations as to representation of absent persons, and that the action proceed accordingly; or

(e) dealing with similar procedural matters.

(7) A class action shall not be dismissed or compromised without approval of the court. Notice of the proposed dismissal or compromise shall be given to all members of the class as the court directs.

(8) The judgment in an action maintained as a class action under Subsection (1)(e)(i) or (ii), whether or not favorable to the class, shall describe those whom the court finds to be members of the class. The judgment in a class action under Subsection (1)(e)(iii), whether or not favorable to the class, shall specify or describe those to whom the notice provided in Subsection (4) was directed, and who have requested inclusion, and whom the court finds to be members of the class.