# Vermont

## VERMONT

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| VM | Yes<br>9 Vt Stat §2453(a) | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] 9 Vt. Stat. §2461(b).

[2] Intentional misrepresentation or bad faith is not required for liability to attach. *Winston v. Johnson & Dix Fuel*, 515 A.2d 371, (Vt. 1986); *Poulin v. Ford Motor Co.* 513 A.2d 1168 (Vt. 1986).

[3] Actual reliance not required. Omission or commission need only have objective capacity to deceive. Jordan v. Nissan North America, 853 A.2d 40 (Vt. 2004); Peabody v. Auto Village, 569 A.2d 460 (Vt. 1990).

[4] Federal Trade Commission Act seen as persuasive authority for interpretation of Vermont Act. Vermont v. International Collection Service, 594 A.2d 426 (Vt. 1990). *See Also* 9 Vt. Stat. §2453(b). FTC Act bars omission of material facts as unlawful trade practices. F.T.C. v. World Travel Vacation Brokers, 861 F.2d 1020, 1029 (7th Cir. 1988). Omission of material facts barred. Peabody v. Auto Village, 569 A.2d 460 (Vt. 1990).

TITLE NINE. COMMERCE AND TRADE
PART 3. SALES, ASSIGNMENTS AND SECURED TRANSACTIONS
CHAPTER 63. CONSUMER FRAUD
SUBCHAPTER 1. GENERAL PROVISIONS

*9 V.S.A. § 2453* (2005)

§ 2453. Practices prohibited; antitrust and consumer fraud

(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.

(b) It is the intent of the legislature that in construing subsection (a) of this section, the courts of this state will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act as from time to time amended by the Federal Trade Commission and the courts of the United States.

(c) The attorney general shall make rules and regulations, when necessary and proper to carry out the purposes of this chapter, relating to unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce. The rules and regulations shall not be inconsistent with the rules, regulations and decisions of the Federal Trade Commission and the federal courts interpreting the Federal Trade Commission Act.

(d) Violation of a rule or regulation as made by the attorney general is prima facie proof of the commission of an unfair or deceptive act in commerce.

(e) The provisions of subsections (a), (c) and (d) of this section shall also be applicable to real estate transactions.

TITLE NINE. COMMERCE AND TRADE
PART 3. SALES, ASSIGNMENTS AND SECURED TRANSACTIONS
CHAPTER 63. CONSUMER FRAUD
SUBCHAPTER 1. GENERAL PROVISIONS

*9 V.S.A. § 2461* (2005)

§ 2461. Civil penalty

(a) Any person who violates the terms of an injunction issued under section 2458 of this title shall forfeit and pay to the state a civil penalty of not more than $ 10,000.00 for each violation. For the purposes of this section, the court issuing such injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the attorney general or a state's attorney acting in the name of the state may petition for recovery of such civil penalty.

(b) Any consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453 of this title, or who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title, or prohibited by any rule or regulation made pursuant to section 2453 of this title may sue for appropriate equitable relief and may sue and recover from the seller, solicitor or other violator the amount of his damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer. Any language, written or oral, used by a seller or solicitor, which attempts to exclude or modify recovery of the penalty or reasonable attorney's fees shall be unenforceable.

(c) Any person alleged to have violated the terms of subsection (b) of this section shall be entitled to a trial by jury, unless waived according to law.