# Virginia

**VIRGINIA**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| VA | Yes<br>Va. Code §59.1-200 A(2), (3), (5), (14);<br>Va. Code §59.1-683 with §18.2-216 | Yes[1] | No[2] | No[3] | No[4] |

**Are there any true conflicts of substantive law?**

Yes.

**Which state do the choice influencing factors favor?**

Minnesota.

Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp., 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996) (noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v. Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547 (D.N.J. 1998).

---

[1] Va. Code §59.1-204.

[2] Treble damages are available for willful violations otherwise a defendant is liable for actual damages regardless of intent. Va. Code §59.1-204A; *See also* Va. Code §59.1-206; Va. Code §59.1-207.

[3] Fraud claims and unfair trade practices claims are distinct. A fraud claim requires reliance. An unfair trade practice must merely be untrue, deceptive or misleading under Va. code §59.1-68.3. Bay Point Condo. v. RML Corp., 52 Va. Cir. 432, 448 (Va. Cir. Ct. 2000)

[4] Only one provision of Virginia's statute refers to omissions. It is not relevant for this case. (Va. Code § 59.1-204(16)).

By contrast, Virginia has ***no*** interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy" the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990) (observing that Florida had no interest in having Florida statute of repose apply to a Florida accident involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacture in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

To deny plaintiffs the rights afforded by the Minnesota statutes here – in favor of reduced or more-difficult-to-enforce rights under Virginia law -- would thwart Minnesota's entrenched policies of deterrence and domestic corporate regulation, and provide no comparable support to any policies of Virginia. Neither the Virginia court system nor any Virginia defendant will be burdened by the application of salutary Minnesota law in aid of Virginia citizens against a Minnesota corporation in a Minnesota court. Indeed, to the contrary, application of Minnesota's more liberal consumer protections here would support Virginia's express interest in enhancing consumer protections for its citizens.

TITLE 59.1. TRADE AND COMMERCE
CHAPTER 17. VIRGINIA CONSUMER PROTECTION ACT

*Va. Code Ann. § 59.1-207* (2005)

§ 59.1-207. Unintentional violations

In any case arising under this chapter, no liability shall be imposed upon a supplier who shows by a preponderance of the evidence that (i) the act or practice alleged to be in violation of *§ 59.1-200* was an act or practice of the manufacturer or distributor to the supplier over which the supplier had no control or (ii) the alleged violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid a violation; however, nothing in this section shall prevent the court from ordering restitution and payment of reasonable attorney's fees and court costs pursuant to *§ 59.1-204* B to individuals aggrieved as a result of an unintentional violation of this chapter.

TITLE 18.2. CRIMES AND OFFENSES GENERALLY
CHAPTER 6. CRIMES INVOLVING FRAUD
ARTICLE 8. MISREPRESENTATIONS AND OTHER OFFENSES CONNECTED WITH SALES

*Va. Code Ann. § 18.2-216* (2005)

§ 18.2-216. Untrue, deceptive or misleading advertising, inducements, writings or documents

Any person, firm, corporation or association who, with intent to sell or in anywise dispose of merchandise, securities, service or anything offered by such person, firm, corporation or association, directly or indirectly, to the public for sale or distribution or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates or places before the public, or causes, directly or indirectly to be made, published, disseminated, circulated or placed before the public, in a newspaper or other publications, or in the form of a book, notice, handbill, poster, blueprint, map, bill, tag, label, circular, pamphlet or letter or in any other way, an advertisement of any sort regarding merchandise, securities, service, land, lot or anything so offered to the public, which advertisement contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation, shall be guilty of a Class 1 misdemeanor.

The actions prohibited in this section, shall be construed as including (i) the advertising in any manner by any person of any goods, wares or merchandise as a bankrupt stock, receiver's stock or trustee's stock, if such stock contains any goods, wares or merchandise put therein subsequent to the date of the purchase by such advertiser of such stock, and if such advertisement of any such stock fail to set forth the fact that such stock contains other goods, wares or merchandise put therein, subsequent to the date of the purchase by such advertiser of such stock in type as large as the type used in any other part of such advertisement, including the caption of the same, it shall be a violation of this section; and (ii) the use of any writing or document which appears to be, but is not in fact a negotiable check, negotiable draft or other negotiable instrument unless the writing clearly and conspicuously, in at least 14-point bold type, bears the phrase "THIS IS NOT A CHECK" printed on its face.

TITLE 59.1. TRADE AND COMMERCE
CHAPTER 4.1. REMEDIES FOR VIOLATIONS OF PRECEDING CHAPTERS AND CHAPTER 6, ARTICLE 8, OF TITLE 18.2

*Va. Code Ann. § 59.1-68.3* (2005)

§ 59.1-68.3. Action for damages or penalty for violation of Article 8, Chapter 6 of Title 18.2 or Chapter 2.1 of Title 59.1; attorney's fees

Any person who suffers loss as the result of a violation of Article 8 (*§ 18.2-214* et seq.), Chapter 6 of Title 18.2 or Chapter 2.1 (*§ 59.1-21.1* et seq.) of Title 59.1 shall be entitled to bring an individual action to recover damages, or $ 100, whichever is greater. Certified copies of the transcript and exhibits in evidence in any final proceeding in which the Attorney General has obtained a permanent injunction for a violation of Article 8, Chapter 6 of Title 18.2 or Chapter 2.1 of Title 59.1 shall be admissible in evidence in any action brought pursuant to this section by any person claiming damage as a result of the enjoined conduct. Notwithstanding any other provision of law to the contrary, in addition to the damages recovered by the aggrieved party, such person may be awarded reasonable attorney's fees.

TITLE 59.1. TRADE AND COMMERCE
CHAPTER 17. VIRGINIA CONSUMER PROTECTION ACT

*Va. Code Ann. § 59.1-200* (2005)

§ 59.1-200. Prohibited practices

A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful:

1. Misrepresenting goods or services as those of another;

2. Misrepresenting the source, sponsorship, approval, or certification of goods or services;

3. Misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services, with another;

4. Misrepresenting geographic origin in connection with goods or services;

5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits;

6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model;

7. Advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand, repossessed, defective, blemished, deteriorated, reconditioned, or are "seconds," irregulars, imperfects or "not first class";

8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised.

In any action brought under this subdivision, the refusal by any person, or any employee, agent, or servant thereof, to sell any goods or services advertised or offered for sale at the price or upon the terms advertised or offered, shall be prima facie evidence of a violation of this subdivision. This paragraph shall not apply when it is clearly and conspicuously stated in the advertisement or offer by which such goods or services are advertised or offered for sale, that the supplier or offeror has a limited quantity or amount of such goods or services for sale, and the supplier or offeror at the time of such advertisement or offer did in fact have or reasonably expected to have at least such quantity or amount for sale;

9. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

10. Misrepresenting that repairs, alterations, modifications, or services have been performed or parts installed;

11. Misrepresenting by the use of any written or documentary material that appears to be an invoice or bill for merchandise or services previously ordered;

12. Notwithstanding any other provision of law, using in any manner the words "wholesale," "wholesaler," "factory," or "manufacturer" in the supplier's name, or to describe the nature of the supplier's business, unless the supplier is actually engaged primarily in selling at wholesale or in manufacturing the goods or services advertised or offered for sale;

13. Using in any contract or lease any liquidated damage clause, penalty clause, or waiver of defense, or attempting to collect any liquidated damages or penalties under any clause, waiver, damages, or penalties that are void or unenforceable under any otherwise applicable laws of the Commonwealth, or under federal statutes or regulations;

14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction;

15. Violating any provision of *§ 3.1-796.78*, *3.1-796.79*, or *3.1-796.82*, relating to the sale of certain animals by pet dealers which is described in such sections, is a violation of this chapter;

16. Failing to disclose all conditions, charges, or fees relating to:

a. The return of goods for refund, exchange, or credit. Such disclosure shall be by means of a sign attached to the goods, or placed in a conspicuous public area of the premises of the supplier, so as to be readily noticeable and readable by the person obtaining the goods from the supplier. If the supplier does not permit a refund, exchange, or credit for return, he shall so state on a similar sign. The provisions of this subdivision shall not apply to any retail merchant who has a policy of providing, for a period of not less than 20 days after date of purchase, a cash refund or credit to the purchaser's credit card account for the return of defective, unused, or undamaged merchandise upon presentation of proof of purchase. In the case of merchandise paid for by check, the purchase shall be treated as a cash purchase and any refund may be delayed for a period of 10 banking days to allow for the check to clear. This subdivision does not apply to sale merchandise that is obviously distressed, out of date, post season, or otherwise reduced for clearance; nor does this subdivision apply to special order purchases where the purchaser has requested the supplier to order merchandise of a specific or unusual size, color, or brand not ordinarily carried in the store or the store's catalog; nor shall this subdivision apply in connection with a transaction for the sale or lease of motor vehicles, farm tractors, or motorcycles as defined in *§ 46.2-100*;

b. A layaway agreement. Such disclosure shall be furnished to the consumer (i) in writing at the time of the layaway agreement, or (ii) by means of a sign placed in a conspicuous public area of the premises of the supplier, so as to be readily noticeable and readable by the consumer, or (iii) on the bill of sale. Disclosure shall include the conditions, charges, or fees in the event that a consumer breaches the agreement;

16a. Failing to provide written notice to a consumer of an existing open-end credit balance in excess of $ 5 (i) on an account maintained by the supplier and (ii) resulting from such consumer's overpayment on such account. Suppliers shall give consumers written

notice of such credit balances within 60 days of receiving overpayments. If the credit balance information is incorporated into statements of account furnished consumers by suppliers within such 60-day period, no separate or additional notice is required;

17. If a supplier enters into a written agreement with a consumer to resolve a dispute that arises in connection with a consumer transaction, failing to adhere to the terms and conditions of such an agreement;

18. Violating any provision of the Virginia Health Spa Act, Chapter 24 (§ *59.1-294* et seq.) of this title;

19. Violating any provision of the Virginia Home Solicitation Sales Act, Chapter 2.1 (§ *59.1-21.1* et seq.) of this title;

20. Violating any provision of the Automobile Repair Facilities Act, Chapter 17.1 (§ *59.1-207.1* et seq.) of this title;

21. Violating any provision of the Virginia Lease-Purchase Agreement Act, Chapter 17.4 (§ *59.1-207.17* et seq.) of this title;

22. Violating any provision of the Prizes and Gifts Act, Chapter 31 (§ *59.1-415* et seq.) of this title;

23. Violating any provision of the Virginia Public Telephone Information Act, Chapter 32 (§ *59.1-424* et seq.) of this title;

24. Violating any provision of § *54.1-1505*;

25. Violating any provision of the Motor Vehicle Manufacturers' Warranty Adjustment Act, Chapter 17.6 (§ *59.1-207.34* et seq.) of this title;

26. Violating any provision of § *3.1-949.1*, relating to the pricing of merchandise;

27. Violating any provision of the Pay-Per-Call Services Act, Chapter 33 (§ *59.1-429* et seq.) of this title;

28. Violating any provision of the Extended Service Contract Act, Chapter 34 (§ *59.1-435* et seq.) of this title;

29. Violating any provision of the Virginia Membership Camping Act, Chapter 25 (§ *59.1-311* et seq.) of this title;

30. Violating any provision of the Comparison Price Advertising Act, Chapter 17.7 (§ *59.1-207.40* et seq.) of this title;

31. Violating any provision of the Virginia Travel Club Act, Chapter 36 (§ *59.1-445* et seq.) of this title;

32. Violating any provision of §§ *46.2-1231* and *46.2-1233.1*;

33. Violating any provision of Chapter 40 (§ *54.1-4000* et seq.) of Title 54.1;

34. Violating any provision of Chapter 10.1 (§ *58.1-1031* et seq.) of Title 58.1;

35. Using the consumer's social security number as the consumer's account number with the supplier, if the consumer has requested in writing that the supplier use an alternate number not associated with the consumer's social security number;

36. Violating any provision of Chapter 18 (*§ 6.1-444* et seq.) of Title 6.1;

37. Violating any provision of *§ 8.01-40.2*;

38. Violating any provision of Article 7 (*§ 32.1-212* et seq.) of Chapter 6 of Title 32.1;

39. Violating any provision of Chapter 34.1 (*§ 59.1-441.1* et seq.) of this title;

40. Violating any provision of Chapter 10.2 (*§ 6.1-363.2* et seq.) of Title 6.1;

41. Violating any provision of the Virginia Post-Disaster Anti-Price Gouging Act, Chapter 46 (*§ 59.1-525* et seq.) of this title;

42. Violating any provision of Chapter 47 (*§ 59.1-530* et seq.) of this title;

43. Violating any provision of *§ 59.1-443.2*; and

44. Violating any provision of Chapter 48 (*§ 59.1-533* et seq.) of this title.

B. Nothing in this section shall be construed to invalidate or make unenforceable any contract or lease solely by reason of the failure of such contract or lease to comply with any other law of the Commonwealth or any federal statute or regulation, to the extent such other law, statute, or regulation provides that a violation of such law, statute, or regulation shall not invalidate or make unenforceable such contract or lease.

TITLE 59.1. TRADE AND COMMERCE
CHAPTER 17. VIRGINIA CONSUMER PROTECTION ACT

*Va. Code Ann. § 59.1-204* (2005)

§ 59.1-204. Individual action for damages or penalty

A. Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $ 500, whichever is greater. If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $ 1,000, whichever is greater.

B. Notwithstanding any other provision of law to the contrary, in addition to any damages awarded, such person also may be awarded reasonable attorneys' fees and court costs.

C. No cure offer shall be admissible in any proceeding initiated under this section, unless the cure offer is delivered by a supplier to the person claiming loss or to any attorney representing such person, prior to the filing of the supplier's initial responsive pleading in such proceeding. If the cure offer is timely delivered by the supplier, then the supplier may introduce the cure offer into evidence at trial. The supplier shall not be liable for such person's attorneys' fees and court costs incurred following delivery of the cure offer unless the actual damages found to have been sustained and awarded, without consideration of attorneys' fees and court costs, exceed the value of the cure offer.

D. In any action which the parties desire to settle all matters in dispute, the question of whether the plaintiff shall be awarded reasonable attorneys' fees and court costs in accordance with subsections B and C may be tendered to the court for consideration of the amount of such an award, if any.

TITLE 59.1. TRADE AND COMMERCE
CHAPTER 17. VIRGINIA CONSUMER PROTECTION ACT

*Va. Code Ann. § 59.1-206* (2005)

§ 59.1-206. Civil penalties; attorney's fees

A. In any action brought under this chapter, if the court finds that a person has willfully engaged in an act or practice in violation of *§ 59.1-200*, the Attorney General, the attorney for the Commonwealth, or the attorney for the county, city, or town may recover for the Literary Fund, upon petition to the court, a civil penalty of not more than $ 2,500 per violation. For purposes of this section, prima facie evidence of a willful violation may be shown when the Attorney General, the attorney for the Commonwealth, or the attorney for the county, city, or town notifies the alleged violator by certified mail that an act or practice is a violation of *§ 59.1-200*, and the alleged violator, after receipt of said notice, continues to engage in the act or practice.

B. Any person who willfully violates the terms of an assurance of voluntary compliance or an injunction issued under *§ 59.1-203* shall forfeit and pay to the Literary Fund a civil penalty of not more than $ 5,000 per violation. For purposes of this section, the circuit court issuing an injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the Attorney General, the attorney for the Commonwealth, or the attorney for the county, city, or town may petition for recovery of civil penalties.

C. In any action pursuant to subsection A or B and in addition to any other amount awarded, the Attorney General, the attorney for the Commonwealth, or the attorney for the county, city, or town may recover any applicable civil penalty or penalties, costs, reasonable expenses incurred by the state or local agency in investigating and preparing the case not to exceed $ 1,000 per violation, and attorney's fees. Such civil penalty or penalties, costs, reasonable expenses, and attorney's fees shall be paid into the general fund of the Commonwealth or of the county, city, or town which such attorney represented.

D. Nothing in this section shall be construed as limiting the power of the court to punish as contempt the violation of any order issued by the court, or as limiting the power of the court to enter other orders under *§ 59.1-203* or *§ 59.1-205*.

E. The right of trial by jury as provided by law shall be preserved in actions brought under this section.