# West Virginia

## WEST VIRGINIA

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| W.VA. | Yes<br>W.Va. Code § 46A-6-102(7)(B), (C), (E), (G), (L), (M)<br>§46A-6-104 | Yes[1] | No[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

No.

---

[1] W.Va. Code §46A-6-106.

[2] While no West Virginia caselaw has addressed this issue, only one statutory provision relied upon by plaintiffs requires that the defendant intend that a plaintiff rely on the unfair trade practice. § 46A-6-102(7)(M).

[3] While no West Virginia case law has addressed this issue, the statutory provisions relied on by plaintiff do not appear to require reliance. In fact, § 46A-6-102(7)(M) explicitly states that the plaintiff need not have been misled.

[4] W.Va. Code § 46A-6-102(7)(M) barring omissions with intent to deceive. West Virginia interprets its unfair trade statutes to conform, if possible, to federal law. W.Va. Code §46A-6-101(1); § 46A-6-103. The Federal Trade Commission Act bans omission of material facts as unfair trade practices. F.T.C. v. World Travel Vacation Brokers, 861 F.2d 1020, 1029 (7th Cir. 1988).

Chapter 46A West Virginia Consumer Credit and Protection Act
Article 6 General Consumer Protection

*W. Va. Code § 46A-6-106* (2005)

§ 46A-6-106 Actions by consumers

(a) Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article may bring an action in the circuit court of the county in which the seller or lessor resides or has his principal place of business or is doing business, or as provided for in sections one [§ 56-1-1] and two [§ 56-1-2, repealed], article one, chapter fifty-six of this code, to recover actual damages or two hundred dollars, whichever is greater. The court may, in its discretion, provide such equitable relief as it deems necessary or proper.

(b) Notwithstanding the provisions of subsection (a) of this section, no action may be brought pursuant to the provisions of this section until the consumer has informed the seller or lessor in writing and by certified mail of the alleged violation and provided the seller or lessor twenty days from receipt of the notice of violation to make a cure offer: Provided, That the consumer shall have ten days from receipt of the cure offer to accept the cure offer or it is deemed refused and withdrawn.

(c) If a cure offer is accepted, the seller or lessor shall have ten days to begin effectuating the agreed upon cure and such must be completed within a reasonable time.

(d) Any applicable statute of limitations shall be tolled for the twenty-day period set forth in subsection (b) of this section or for the period of time the effectuation of the cure offer is being performed, whichever is longer.

(e) Nothing in this section shall be construed to prevent a consumer that has accepted a cure offer from bringing a civil action against a seller or lessor for failing to timely effect such cure offer.

(f) Any permanent injunction, judgment or order of the court under section one hundred eight [§ 46A-7-108], article seven of this chapter for a violation of section one hundred four [§ 46A-6-104] of this article shall be prima facie evidence in an action brought pursuant to the provisions of this section that the respondent used or employed a method, act or practice declared unlawful by section one hundred four of this article.

(g) Where an action is brought pursuant to the provisions of this section, it shall be a complete defense that a cure offer was made, accepted and the agreed upon cure was performed. If the finder of fact determines that the cure offer was accepted and the agreed upon cure performed, the seller or lessor shall be entitled to reasonable attorney's fees and costs attendant to defending the action.

(h) No cure offer shall be admissible in any proceeding initiated pursuant to the provisions of this article unless the cure offer is delivered by a seller or lessor to the person claiming loss or to any attorney representing such person prior to the filing of the seller or

lessee's initial responsive pleading in such proceeding. If the cure offer is timely delivered by the seller or lessor, then the seller or lessee may introduce the cure offer into evidence at trial. The seller or lessor shall not be liable for such person's attorney's fees and court costs incurred following delivery of the cure offer unless the actual damages found to have been sustained and awarded, without consideration of attorney's fees and court costs, exceed the value of the cure offer.

Chapter 46A West Virginia Consumer Credit and Protection Act
Article 6 General Consumer Protection

*W. Va. Code § 46A-6-102* (2005)

§ 46A-6-102 Definitions

When used in this article, the following words, terms and phrases, and any variations thereof required by the context, shall have the meaning ascribed to them in this article, except where the context indicates a different meaning:

(1) "Advertisement" means the publication, dissemination or circulation of any matter, oral or written, including labeling, which tends to induce, directly or indirectly, any person to enter into any obligation, sign any contract or acquire any title or interest in any goods or services and includes every word device to disguise any form of business solicitation by using such terms as "renewal", "invoice", "bill", "statement" or "reminder" to create an impression of existing obligation when there is none or other language to mislead any person in relation to any sought-after commercial transaction.

(2) "Consumer" means a natural person to whom a sale or lease is made in a consumer transaction and a "consumer transaction" means a sale or lease to a natural person or persons for a personal, family, household or agricultural purpose.

(3) "Cure offer" means a written offer of one or more things of value, including, but not limited to, the payment of money, that is made by a merchant or seller and that is delivered by certified mail to a consumer claiming to have suffered a loss as a result of a consumer transaction or to the attorney for such person.

(4) "Merchantable" means, in addition to the qualities prescribed in section three hundred fourteen [§ 46-2-314], article two, chapter forty-six of this code, that the goods conform in all material respects to applicable state and federal statutes and regulations establishing standards of quality and safety of goods and, in the case of goods with mechanical, electrical or thermal components, that the goods are in good working order and will operate properly in normal usage for a reasonable period of time.

(5) "Sale" includes any sale, offer for sale or attempt to sell any goods for cash or credit or any services or offer for services for cash or credit.

(6) "Trade" or "commerce" means the advertising, offering for sale, sale or distribution of any goods or services and shall include any trade or commerce, directly or indirectly, affecting the people of this state.

(7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following:

(A) Passing off goods or services as those of another;

(B) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(C) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;

(D) Using deceptive representations or designations of geographic origin in connection with goods or services;

(E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

(F) Representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand;

(G) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another;

(H) Disparaging the goods, services or business of another by false or misleading representation of fact;

(I) Advertising goods or services with intent not to sell them as advertised;

(J) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

(K) Making false or misleading statements of fact concerning the reasons for, existence of or amounts of price reductions;

(L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

(M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby;

(N) Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods or the extension of consumer credit including the rates, terms or conditions for the sale of such goods or the extension of such credit, which is false, misleading or deceptive or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive;

(O) Representing that any person has won a prize, one of a group of prizes or any other thing of value if receipt of the prize or thing of value is contingent upon any payment of a service charge, mailing charge, handling charge or any other similar charge by the person or upon mandatory attendance by the person at a promotion or sales presentation at the seller's place of business or any other location: Provided, That a person may be offered one item or the choice of several items conditioned on the person listening to a sales promotion or entering a consumer transaction if the true retail value and an accurate description of the item or items are clearly and conspicuously disclosed along with the person's obligations upon accepting the item or items; such description and disclosure shall be typewritten or printed in at least eight point regular type, in upper or lower case, where appropriate; or

(P) Violating any provision or requirement of article six-b [§ § 46A-6B-1 et seq.] of this chapter.

(8) "Warranty" means express and implied warranties described and defined in sections three hundred thirteen [§ 46-2-313], three hundred fourteen [§ 46-2-314] and three hundred fifteen [§ 46-2-315], article two, chapter forty-six of this code and expressions or actions of a merchant which assure the consumer that the goods have described qualities or will perform in a described manner.

Chapter 46A West Virginia Consumer Credit and Protection Act
Article 6 General Consumer Protection

*W. Va. Code § 46A-6-103* (2005)

§ 46A-6-103 Rules and regulations

The attorney general of the State of West Virginia may make rules and regulations interpreting and defining the provisions of section one hundred two [§ 46A-6-102] of this article. Such rules and regulations shall conform as nearly as practicable with the rules, regulations and decisions of the federal trade commission and the federal courts in interpreting the provisions of the "Federal Trade Commission Act," as from time to time amended.