# Wyoming

**WYOMING**

| | Did SJM's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance? | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| MN | Yes | Yes | No | No | Yes |
| WY | Yes<br>Wyo. Stat. §40-12-105(a)(i)(ii)(iii)(xv) | Yes[1] | No[2] | Yes[3] | No[4] |

**Are there any true conflicts of substantive law?**

Yes

**Which state do the choice influencing factors favor?**

Minnesota.

Minnesota's interests in conforming the behavior of a Minnesota corporation to the strictures of Minnesota law, and in preserving national consumer confidence in Minnesota corporations, are strong. See CTS v. Dynamic Corp., 481 U.S. 69, 93 (1987); State by Humphrey v. Philip Morris, 551 N.W.2d 490, 495 (Minn. 1996) (noting Minnesota's policy of encouraging aggressive prosecution of statutory consumer law violations); Ferris Baker Watts v. Deutsche Bank, 2004 WL 2501563, *6-8; Simon v. Phillip Morris, 124 F. Supp. 2d 46, 72 (E.D.N.Y. 2000); Boyes v. Greenwich Boat Works, 27 F. Supp. 543, 547 (D.N.J. 1998).

By contrast, Wyoming has ***no*** interest in depriving its citizens of the benefits of Minnesota's consumer protections against a Minnesota corporation. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1006-07 (9th Cir. 2001) (dismissing as "pure fancy" the suggestion that Hawaii would wish to restrict its residents from recovery that others could obtain under California law); Mahne v. Ford Motor, 900 F.2d 83, 88 (6th Cir. 1990)

---

[1] Wyo. Stat. § 40-12-108.

[2] Wyo. Stat. §40-12-113. Civil penalties require defendant to know that its conduct was unfair or deceptive. All other remedies do not contain this requirement.

[3] Wyo. Stat. §40-12-108(a).

[4] Wyoming statutory law and caselaw are silent concerning omissions as unfair trade practices.

(observing that Florida had no interest in having Florida statute of repose apply to a Florida accident involving a Florida plaintiff where such application "would not benefit the interest it was designed to protect," because it would instead serve to protect a foreign manufacture in a foreign court at the expense of a Florida resident); Jackson v. Travelers Ins., 26 F. Supp. 2d 1153, 1162 (S.D. Iowa 1998); Magnant v. Medtronic, Inc., 818 F. Supp. 204, 207 (W.D. Mich. 1993) (Michigan's interest in protecting its own citizens did not weigh in favor of Michigan law where Minnesota law provided more protection); Fort Hammond Paper Co. v. William D. Witter, Inc., 1985 WL 1402, *8 (S.D.N.Y. 1985); Friends for All Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 191 (D.D.C. 1984).

To deny plaintiffs the rights afforded by the Minnesota statutes here – in favor of reduced or more-difficult-to-enforce rights under Wyoming law -- would thwart Minnesota's entrenched policies of deterrence and domestic corporate regulation, and provide no comparable support to any policies of Wyoming. Neither the Wyoming court system nor any Wyoming defendant will be burdened by the application of salutary Minnesota law in aid of Wyoming citizens against a Minnesota corporation in a Minnesota court. Indeed, to the contrary, application of Minnesota's more liberal consumer protections here would support Wyoming's express interest in enhancing consumer protections for its citizens.

Title 40 Trade and Commerce
Chapter 12 Consumer Protection
Article 1 In General

*Wyo. Stat. § 40-12-113* (2005)

§ 40-12-113 Civil penalties

(a) The enforcing authority, upon petition to the court, may recover, on behalf of the state, a civil penalty of not more than five thousand dollars ($5,000.00) from any person who violates the terms of a permanent injunction issued under W.S. 40-12-106.

(b) For purposes of this section, the court issuing an injunction shall retain jurisdiction, and the cause shall be continued.

(c) Except as provided in W.S. 40-12-111, any person or agent or employee of the person, who willfully uses, or has willfully used, a method or act, in violation of this act, is liable for a civil penalty of not more than ten thousand dollars ($10,000.00) for each violation. Willful violations occur when the person knew or should have known that the person's conduct was unfair or deceptive. This civil penalty may be recovered in any action brought under this act by the enforcing authority or the enforcing authority may terminate any investigation or action upon agreement by the person to pay a stipulated civil penalty. The enforcing authority or the court may waive any civil penalty if the person has previously made full restitution or reimbursement or has paid actual damages to the consumers who have been injured by the unlawful act or practice. If civil penalties are assessed in any litigation, the enforcing authority is entitled to reasonable attorney's fees and costs.

Title 40 Trade and Commerce
Chapter 12 Consumer Protection
Article 1 In General

*Wyo. Stat. § 40-12-105* (2005)

§ 40-12-105 Unlawful practices

(a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly:

(i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have;

(ii) Represents that he has a sponsorship, approval or affiliation he does not have;

(iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not;

(iv) Represents that merchandise is available to the consumer for a reason that does not exist;

(v) Represents that merchandise has been supplied in accordance with a previous representation, if it has not; except that this subsection does not apply to merchandise supplied to the recipient by mistake or merchandise of equal or greater value supplied as a reasonably equivalent substitute for unavailable merchandise previously ordered by the recipient;

(vi) Represents that replacement or repair is needed, if it is not;

(vii) Makes false or misleading statements of fact concerning the price of merchandise or the reason for, existence of, or amounts of a price reduction;

(viii) Represents that a consumer transaction involves a warranty, a disclaimer of warranties, particular warranty terms, or other rights, remedies or obligations if the representation is false;

(ix) Represents that the consumer will receive a rebate, discount or other benefit as an inducement for entering into a consumer transaction in return for giving the supplier the names of prospective consumers or otherwise helping the supplier to enter into other consumer transactions, if receipt of the benefit is contingent upon an event occurring after the consumer enters into the transaction;

(x) Advertises merchandise with intent not to sell it as advertised;

(xi) Advertises merchandise with intent not to supply reasonably expectable public demand, unless the advertisement discloses the limitation;

(xii) Represents that merchandise is original or new if he knows that it is deteriorated, damaged, altered, reconditioned, reclaimed, used or secondhand. For purposes of this subsection, the terms "original" or "new" include merchandise previously sold but returned within a reasonable time by the consumer for full credit if such merchandise is not damaged or deteriorated;

(xiii) Advertises under the guise of obtaining sales personnel when in fact the purpose of the advertisement is to sell merchandise to the sales personnel applicants;

(xiv) Employs "bait and switch" advertising which consists of an offer to sell merchandise which the seller does not intend to sell, which advertising is accompanied by one (1) or more of the following practices:

(A) Refusal to show the merchandise advertised;

(B) False disparagement in any respect of the advertised merchandise or the terms of sale;

(C) Requiring undisclosed tie-in sales or other undisclosed conditions to be met prior to selling the advertised merchandise;

(D) Knowingly showing or demonstrating defective merchandise which is unusable or practicable for the purpose set forth in the advertisement;

(E) Accepting a deposit for the merchandise and subsequently charging the buyer for a higher priced item without his consent; or

(F) Willful failure to either make deliveries of the merchandise or to make a refund therefor.

(xv) Engages in unfair or deceptive acts or practices.

Title 40 Trade and Commerce
Chapter 12 Consumer Protection
Article 1 In General

*Wyo. Stat. § 40-12-108* (2005)

§ 40-12-108 Private remedies

(a) A person relying upon an uncured unlawful deceptive trade practice may bring an action under this act for the damages he has actually suffered as a consumer as a result of such unlawful deceptive trade practice.

(b) Any person who is entitled to bring an action under subsection (a) of this section on his own behalf against an alleged violator of this act for damages for an unlawful deceptive trade practice may bring a class action against such person on behalf of any class of persons of which he is a member and which has been damaged by such unlawful deceptive trade practice, subject to and pursuant to the Wyoming Rules of Civil Procedure governing class actions, except as herein expressly provided. If the court determines that actual damages have been suffered by reason of the unlawful deceptive trade practice, the court shall award reasonable attorney's fees to the plaintiffs in a class action under this subsection, provided that such fees shall be determined by the amount of time reasonably expended by the attorney for the plaintiffs and not by the amount of the judgment. Any monies or property recovered in a class action under this subsection which cannot, with due diligence, be restored to consumers within one (1) year after judgment becomes final shall be returned to the party depositing the same.