# Exhibit 97

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant
St. Jude Medical, Inc.
DC-3417

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER GROVATT, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | Civil Action No. 00-CV-2657 (JBS)<br><br>**NOTICE OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF MINNESOTA** |

TO: Steven E. Angstreich, Esq.
LEVY, ANGSTREICH, FINNEY, BALDANTE, RUBENSTEIN & COREN, P.C.
Ten Melrose Avenue
Cherry Hill, NJ 08003

Adam Share, Esq.
Blank Rome Comisky & McCauley
210 Lake Drive East
Cherry Hill, NJ 08002

COUNSEL:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1404(a) defendant St. Jude Medical, Inc. shall move before the court, for an Order transferring this action to the United States District Court for the District of Minnesta;

PLEASE TAKE FURTHER NOTICE that in support of this motion, defendant St. Jude Medical, Inc. will rely upon the Declarations of Peter C. Beckerman and John Shear, and the Brief filed simultaneously herewith;

PLEASE TAKE FURTHER NOTICE that this motion shall be submitted in accordance with Appendix N of the Local Rules of the United States District Court for the District of New Jersey;

PLEASE TAKE FURTHER NOTICE that defendant St. Jude Medical, Inc. requests oral argument.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
St. Jude Medical, Inc.
DC-3417

By: ______________________
DAVID J. COONER
A Member of the Firm

Dated: September 23, 2000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER GROVATT, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | Civil Action No. 00-CV-2657 (JBS) |

**BRIEF OF DEFENDANT ST. JUDE MEDICAL, INC.
IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF MINNESOTA OR ALTERNATIVELY FOR A STAY PURSUANT TO 28 U.S.C. § 1404(a)**

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant
St. Jude Medical, Inc.
DC 3417

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTS ........ 3

A. Plaintiff Files A Class Action Against St. Jude Medical In New Jersey ........ 3

B. St. Jude Medical Already Faces An Identical Class Action Lawsuit In Minnesota ........ 3

LEGAL ARGUMENT ........ 5

A. This Court Should Exercise Its Discretion To Transfer This Action To The District Of Minnesota As A Matter Of Convenience And Judicial Economy ........ 5

B. Plaintiff's Class Action Could Have Been – And Indeed Has Been – Brought In Minnesota And The Relevant Factors Favor Transfer There ........ 6

Private Factors ........ 7
Public Factors ........ 8

C. The Private Factors Favor A Transfer To Minnesota Because St. Jude Medical Is Based There And The Bulk Of Evidence Is There ........ 8

Parties' Convenience ........ 8
Center of Gravity ........ 10
Access To Evidence ........ 11

D. The Public "Interest Of Justice" Factors Strongly Favor Transfer To Minnesota Because The Same Class Action Allegations Are Already Pending There ........ 11

Applicable Law ........ 13

E. Alternately, This Court Should Stay This Action Until The Minnesota District Court Rules On The Class Action Issues ........ 14

CONCLUSION ........ 16

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**


*APT Inc. v. Quad Environ. Tech.*, 698 F. Supp. 718 (N.D. Ill 1988)................................12

*AT&T v. MCI*, 736 F. Supp. 1294 (D.N.J. 1990); 736 F. Supp. at 1307 ........................9, 12

*American Littoral Society v. EPA*, 943 F. Supp. 548 (E.D. Pa. 1996)................................7

*Bayside Enterprises v. Mattern's Hatchery, Inc.*, 741 F. Supp. 21 (D. Me. 1990) ..............................................................................12

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998) ......................................12

*Blender v. Sibley*, 396 F. Supp. 300 (E.D. Pa. 1975).................................................10

*Bogus v. American Speech & Hearing Association*, 389 F. Supp. 327 (E.D. Pa. 1975) ..........................................................................6

*Continental Grain Co. v. FBL*, 364 U.S. 19 (1960)...................................................13

*Firmani v. Clarke*, 325 F. Supp. 689 (D. Del. 1971) ..................................................12

*Fogel v. Wolfgang*, 48 F.R.D. 286 (S.D.N.Y. 1969).....................................................10

*Freiman v. Texas Gulf Sulphur Co.*, 38 F.R.D. 336 (N.D. Ill. 1965) ...............................12

*Frontier Airlines v. Security Pacific National Bank*, 696 F. Supp. 1403 (D. Colo. 1988)..................................................................12

*Georgouses v. Natec Resources, Inc.*, 963 F. Supp. 728 (N.D. Ill. 1997) ..........................9

*Gould v. National Life Insurance Co.*, 990 F. Supp. 1354 (M.D. Ala. 1998); , 990 F. Supp. at 1360-61 .........................11, 13

*Hall v. Kittay*, 396 F. Supp. 261 (D. Del. 1975) ..........................................................12

*Hartford Fire Insurance Co. v. Westinghouse Electric Corp.*, 725 F. Supp. 317 (S.D. Miss. 1989) ...................................................................................12

*Hess v. Gray*, 85 F.R.D. 15 (N.D. Ill. 1979) ....................14

*ITT v. GT&E*, 527 F.2d 1162 (4th Cir. 1975) ....................11

*Job Haines Home v. Young*,
936 F. Supp. 223 (D.N.J. 1996); 936 F. Supp. At 28-31 ....................5, 7, 9

*Jumara v. State Farm Insurance Co.*,
55 F.3d 873 (3d Cir. 1995); 55 F.3d at 879 ....................5, 7

*Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518 (1947) ....................6

*National Micrographics System v. Cannon U.S.A.*,
825 F. Supp. 671 (D.N.J. 1993); 825 F. Supp. At 680-681 ....................5, 7, 10, 11

*National Property Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324 (D.N.J.
1995) ....................5, 6, 7, 9, 12, 13

*National Union Fire Insurance v. Turtur*, 743 F. Supp. 260 (S.D.N.Y. 1990) ....................12

*Polin v. Conductron Corp.*, 340 F. Supp. 602 (E.D. Pa. 1972) ....................6

*Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481 (D.N.J. 1998) ....................7, 8

*Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473 (D.N.J. 1993) ....................5, 8, 9, 10, 12, 13

*Security Savings Bank v. Green Tree Acceptance*,
703 F. Supp. 350 (D.N.J. 1989) ....................12

*Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511 (D.N.J. 1998) ....................5, 6, 9, 11

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ....................7, 8, 11, 13

*Waller v. Burlington N. R. Co.*, 650 F. Supp. 988 (N.D. Ill. 1987) ....................12

*Wm. H. McGee & Co. v. United Arab Shipping*,
6 F. Supp. 2d 283 (D.N.J. 1997) ....................5, 6, 7, 9, 11

*Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968) ....................13

## DOCKETED CASES

*Bailey v. St. Jude Medical, Inc.*,
Civil Action No. 00-CIV-1025 (filed April 20, 2000) ....................3

## MISCELLANEOUS

1 Newberg on Class Actions, § 5.31 (3d ed. 1992) ....................6

Gormley v. Domino Sugar Corp., CV-98-0004-JBS ....................5

Johnson v. First Union Corp., CV-98-5479-JBS ....................6

## INTRODUCTION

Plaintiff's class action complaint seeks certification of a nationwide class purportedly composed of thousands of individuals implanted with Silzone®-coated heart valves produced by Defendant St. Jude Medical, Inc. ("St. Jude Medical"). This purported class excludes those who have "already been medically diagnosed with a failure or injury associated with the implanted device," and thus consists of a class of persons who have not yet been harmed. (Class Action Complaint ("CAC") at 3.) On behalf of the class, plaintiff generally asks for medical benefits for future care and for "the creation of a medical monitoring program trust and a medical research program trust." (Id. at 7.)

Plaintiff's action is not the first of its kind: A nationwide class action already is pending in federal district court in Minnesota — where St. Jude Medical is headquartered and where the bulk of its corporate documents relative to the design, manufacture, and sale of Silzone®-coated valves are located. Rather than defend two essentially identical class action lawsuits in two different districts, St. Jude Medical requests that this Court transfer this action to the District of Minnesota (after which St. Jude Medical intends to request consolidation with the existing action in Minnesota seeking class treatment).

This Court has broad discretion to transfer the action to Minnesota as a matter of convenience and to further the interests of justice. 28 U.S.C. § 1404(a). Such a transfer is appropriate where, as here, identical class action allegations are proceeding in a forum that contains most of the relevant evidence.

A transfer will foster judicial economy by having only one district court address the class action issues and spare St. Jude Medical from having to wastefully defend almost identical cases in different courts. Transfer will also allow one court to develop a familiarity with the factual and legal background necessary for resolution of the issues relevant to each class-plaintiff's case. In the alternative, St. Jude Medical requests a stay of this action to allow the district court in Minnesota to resolve the class action issues raised in both lawsuits.

## FACTS

### A. Plaintiff Files A Class Action Against St. Jude Medical In New Jersey

Plaintiff, a resident of New Jersey, filed a diversity-based class action complaint in this Court on June 2, 2000 against a single defendant, St. Jude Medical, a Minnesota corporation with its principal place of business in St. Paul, Minnesota. (CAC at 1.) Plaintiff's alleged class consists of all persons in the United States who have had a heart valve replacement and/or repair procedure involving a St. Jude Medical Silzone®-coated mechanical heart valve — allegedly a class of "at least 36,000 people" — who have not been diagnosed with any physical injury, but who fear future injury because Silzone® valves allegedly suffer an "unacceptable level . . . [of] paravalvular leakage." (Id. at 2.)

Plaintiff's complaint contains four causes of action: strict product liability [id. at 11]; breach of implied warranty [id. at 13]; breach of express warranty [id. at 15]; and "negligence/medical monitoring" [id. at 17]. The remedies Plaintiff seeks on behalf of the purported class are several court-supervised medical monitoring trust funds, dealing with medical treatment, research, and education. (See e.g., id. at 7, 12.)

### B. St. Jude Medical Already Faces An Identical Class Action Lawsuit In Minnesota

A class action raising similar issues, Bailey v. St. Jude Medical, Inc., Civil Action No. 00-CIV-1025 (filed April 20, 2000), already is pending in the United States District Court for the District of Minnesota. (See Complaint, attached to Declaration of Peter C. Beckerman ("Beckerman Dec."), as Ex. A; First Amended Complaint attached to Beckerman Dec. as Ex. B.) The plaintiff in Bailey is a Pennsylvania resident suing individually and on behalf of all similarly situated individuals; St. Jude Medical is the sole defendant. (Beckerman Dec. Ex. B at 1.) The Bailey complaint contains the same causes of action as those pending before this Court: i.e.,

strict product liability [id. at 5]; breach of implied warranty [id. at 8]; breach of express warranty [id. at 8]; and negligence [id. at 6]. The remedy sought is Bailey is also the same: i.e., medical monitoring. (Id. at 10.) The similarity does not end there: The "Background" sections and substantive allegations in each complaint set forth essentially the same factual allegations. (Compare e.g.,CAC at 8-11 with Beckerman Dec. Ex. A at 2-3.) The "Class Action Allegations" before this Court and in the Bailey case are comparable as well. (Compare CAC at 3-7 with Beckerman Dec. Ex. A at 3-5.)

The Bailey action is proceeding apace, and on July 18, 2000, the district court issued a pretrial scheduling order setting forth discovery guidelines and timelines, as well as addressing the filing of a motion for class certification. (See Pretrial Schedule Order, attached Beckerman Dec. as Ex. C.) With respect to the relevant classwide discovery, all of St. Jude Medical's key personnel reside in Minnesota, including the employees who designed, manufactured, and marketed the Silzone®-coated heart valves at issue. (Declaration of Jon Shear ("Shear Dec.") ¶¶ 2, 5.) Similarly, St. Jude Medical's records relating to the design, manufacture, and marketing of the valves are all in Minnesota as well. (Shear Dec. ¶ 6.)

## LEGAL ARGUMENT

### A. This Court Should Exercise Its Discretion To Transfer This Action To The District Of Minnesota As A Matter Of Convenience And Judicial Economy

Courts have wide discretion under 28 U.S.C. § 1404(a) to transfer any civil action to any other district where the action could have been brought initially, as a matter of convenience for the parties and witnesses, and to further the interests of justice. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) ("broad discretion"); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 518, 525-26 (D.N.J. 1998) (transfer to state "where the majority of witnesses and documentary evidence" located); National Property Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 326 (D.N.J. 1995) (products liability action transferred); National Micrographics Sys. v. Cannon U.S.A., 825 F. Supp. 671, 680 (D.N.J. 1993) (transfer to New York where witnesses and relevant documents located and where defendant corporation headquartered); Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 482 (D.N.J. 1993) (transfer to Minnesota where relevant products were designed, developed and manufactured).

Section 1404 provides: "For the convenience of the parties and witnesses, and in the interests of justice, a District Court may transfer any civil action to any other District or Division where it might have been brought." The purpose of the section is to prevent unnecessary waste of time, energy and money, as well as to protect parties, witnesses and the public against inconvenience and expense. Wm. H. McGee & Co. v. United Arab Shipping, 6 F. Supp. 2d 283, 287 (D.N.J. 1997). The same considerations apply when determining the appropriate venue for purported class actions. See Job Haines Home v. Young, 936 F. Supp. 223, 228-31 (D.N.J. 1996) (class action transferred to California where defendants, witnesses and documents were located); see also Gormley v. Domino Sugar Corp., CV-98-0004-JBS

(D.N.J. April 27, 1999) (transfer granted where transferee district had "closer connection" to facts giving rise to litigation and the only connection with New Jersey was plaintiff's residence); Johnson v. First Union Corp., CV-98-5479-JBS (D.N.J. March 24, 1999) (transfer to Pennsylvania for consolidation with ongoing class-action where the relevant facts took place there; the only connection to New Jersey was plaintiffs' residence, and the main legal and factual issues in the actions would be the same; transfer would avoid a multiplicity of litigation, would reduce or nullify the risk of inconsistent verdicts, and would place trial in jurisdiction where events giving rise to suit arose).

Although the party seeking transfer bears the burden to show (by a preponderance of the evidence) that transfer will serve the interests of justice and convenience, that burden is reduced when a defendant seeks to transfer a class action. National Property, 917 F. Supp. at 326; see Bogus v. American Speech & Hearing Ass'n, 389 F. Supp. 327, 330 n.5 (E.D. Pa. 1975); Polin v. Conductron Corp., 340 F. Supp. 602, 604-05 (E.D. Pa. 1972) (citing cases). This is so because any member of the purported class could equally claim his or her home state as the most convenient forum. Koster v. Lumbermen's Mut. Cas. Co., 330 U.S. 518, 524 (1947) (class members can all equally argue convenience of their home forum); see 1 Newberg on Class Actions, § 5.31 (3d ed. 1992) ("[i]n multistate litigation . . . any forum has as much a claim for jurisdiction" as the class representative's home forum).

**B. Plaintiff's Class Action Could Have Been — And Indeed Has Been — Brought In Minnesota And The Relevant Factors Favor Transfer There**

The threshold question for a district-to-district transfer is whether the action could have been filed in the transferee district. 28 U.S.C. § 1404(a); Tischio, 16 F. Supp. 2d at 519; Wm. H. McGee, 6 F. Supp. 2d at 288. Here, this class action plainly could have been brought in

Minnesota — St. Jude Medical's principal place of business— and indeed already has been brought in Minnesota in Bailey [Exs. A, B, C to Beckerman Dec.] .

Beyond this preliminary requirement, a transfer analysis then shifts to a discretionary, case-by-case balancing of various factors. National Micrographics, 825 F. Supp. at 680 (court weighs "a number of case-specific factors"); see Van Dusen v. Barrack, 376 U.S. 612, 622 (1964) (transfer based on individualized, case-by-case considerations). This balancing includes: (1) private factors (e.g., convenience to parties, witnesses and access to proof) and (2) public factors (e.g., the general interests of justice and judicial administration). Jumara, 55 F.3d at 879; Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 498 (D.N.J. 1998); Wm. H. McGee, 6 F. Supp. 2d at 288-89 (transfer analysis considers convenience of parties and witnesses and interest of justice factors, plus all relevant other factors).

**Private Factors.** Under this prong, courts evaluate which district would be more convenient to the plaintiffs, defendants and witnesses.[1] Job Haines, 936 F. Supp. at 231; National Micrographics, 825 F. Supp. at 681. This includes consideration of the parties' contact (or lack thereof) with plaintiff's chosen forum, the residences of all pertinent parties and witnesses, and the expenses that would be incurred in one forum or another. Id. Convenience considerations also include the ease of access to proof (including the location of documents, exhibits and other evidence); the availability of compulsory process to compel attendance of witnesses; and all other costs and practical problems of litigation. Id.; American Littoral Soc'y v. EPA, 943 F. Supp. 548, 550 (E.D. Pa. 1996) (enumerating factors).

---

[1] "[C]onvenience of counsel is not a factor to be considered." National Property, 917 F. Supp. at 328.

**Public Factors.** Under this prong, courts look at whether a transfer will further the interests of justice — i.e., foster a speedy, economic and efficient resolution. Rappoport, 16 F. Supp. 2d at 498 (noting negative impact on "judicial administration of maintaining related actions in separate fora"). In this regard, transfer decisions should further the policies of: trying related litigation together (e.g., the feasibility of consolidation with a pending case); avoiding the possibility of inconsistent results; avoiding unnecessary duplication of judicial effort; ensuring speedy trials (e.g., comparing relative docket congestion); and having the court most familiar with the applicable law handle the case. See Van Dusen, 376 U.S. at 616; Ricoh, 817 F. Supp. at 487. Thus, the existence of similar cases in the transferee district — which could lead to economy via consolidation, or at least efficient handling by a judge already familiar with the relevant facts or law — favors transfer.

Consideration of these private and public factors tips the balance conclusively in favor of transferring this action to Minnesota.

**C. The Private Factors Favor A Transfer To Minnesota Because St. Jude Medical Is Based There And The Bulk Of Evidence Is There**

**Parties' Convenience.** Minnesota is a far more convenient forum for St. Jude Medical than New Jersey. (Shear Dec. ¶¶ 3, 7.) St. Jude Medical's headquarters and key personnel are based in Minnesota; including the relevant employees who designed, manufactured, and marketed the heart valves at issue. (Shear Dec. ¶¶ 2, 5.) Similarly, all of St. Jude Medical's records relating to the valves are in Minnesota; none are in New Jersey. (Shear Dec. ¶ 6.) Further, St. Jude Medical has no material connection to New Jersey and requiring St. Jude Medical witnesses to travel to New Jersey for trial will have more of a disruptive effect on St. Jude Medical's operations than allowing these witnesses to testify in their

home forum. (Shear Dec. ¶¶ 4, 5.) See Tischio, 16 F. Supp. 2d at 525 (noting that denial of transfer would "disrupt the [defendant's] normal business workings"); National Property, 917 F. Supp. at 327 (simply selling a product in New Jersey does not create a strong connection to the state); Ricoh, 817 F. Supp. at 482-83 (sales in New Jersey insignificant given nationwide sales of product).

Plaintiff, a resident of New Jersey, presumably will argue that New Jersey is a more convenient forum. If plaintiff was proceeding as an individual, the issue of party convenience would either balance equally or favor the plaintiff as a matter of deference to a plaintiff's choice of home forum. However, where, as here, plaintiff purports to represent a nationwide class, plaintiff's home forum deserves "lessened deference," because every class member could equally claim his or her home forum is most convenient. Job Haines, 936 F. Supp. at 228-31; see Georgouses v. Natec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Under these circumstances, litigation in the defendant's place of business makes the most sense. Job Haines, 936 F. Supp. at 230-31 (convenience favors defendants where potential class members are from many states, but all defendants reside in one state); see also Wm. H. McGee, 6 F. Supp. 2d at 290, 292 ("plaintiff's choice of forum is simply a preference; it is not a right" and deference to plaintiff's choice is "curbed when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit"); National Property, 917 F. Supp. at 327 (plaintiff's choice accorded less weight when central facts occur outside the chosen forum); AT&T v. MCI, 736 F. Supp. 1294, 1306 (D.N.J. 1990) (deference to plaintiff's choice of forum reduced where that choice results in duplicative litigation).

**Center Of Gravity.** Any deference to plaintiff's choice of forum is similarly reduced when the operative facts of the litigation bear little material connection to the chosen forum. Ricoh, 817 F. Supp. at 481 (plaintiff's selection of forum entitled to less deference where the central facts occurred elsewhere). To the extent there is any "locus of operative facts" in this case, Minnesota, and not New Jersey, would fit that bill. Blender v. Sibley, 396 F. Supp. 300, 302 (E.D. Pa. 1975) (courts apply "center of gravity" test considering corporate defendant's headquarters, residence of parties and potential witnesses, location of pertinent documents, location where challenged conduct was conceived, executed or performed); National Micrographics, 825 F. Supp. at 681 (none of the "central facts" of the case occurred in New Jersey).

For example, the class action in Fogel v. Wolfgang, 48 F.R.D. 286, 290 (S.D.N.Y. 1969), concerned alleged misstatements about the efficacy of a vaccine. Because proof regarding the vaccine's development, experimentation, and clinical testing — as well as all records and research personnel — were in Ohio, the court transferred the action there. Similarly, transfer was also appropriate because "the acts relating to preparation of dissemination of the allegedly false and misleading" information the vaccine "centered" in Ohio. Id. at 290-91.

Here, St. Jude Medical's Silzone®-coated valves were designed, researched, developed, engineered, manufactured, tested, quality controlled in Minnesota; and all labels, warnings and instructions were drafted in Minnesota by witnesses in Minnesota. (Shear Dec. ¶ 5.) Likewise, all marketing and distribution efforts were based in Minnesota. (Shear Dec. ¶ 6.) All of these facts point strongly toward transfer to Minnesota. See Ricoh, 817 F. Supp. at 482 (transfer to Minnesota where product was designed, researched, developed, and manufactured and marketing strategy was formulated).

**Access To Evidence.** As this Court has acknowledged, transfer is warranted where it appears that all of the witnesses and documents are more accessible in the transferee court. Tischio, 16 F. Supp. 2d at 525 (bulk of relevant materials in Virginia strongly favors transfer there); Wm. H. McGee, 6 F. Supp. 2d at 291 (bulk of evidence in transferee forum); National Micrographics, 825 F. Supp. at 681 (transfer warranted where virtually all documents related to the litigation were outside New Jersey, most witnesses resided outside New Jersey, and the defendant's corporate headquarters was in the transferee district). Here, the bulk of the sources of proof — witnesses and exhibits — are in Minnesota. (Shear Dec. ¶¶ 5, 6.)

The only convenience factor that might possibly favor this Court as the forum is that plaintiff is a New Jersey resident. Yet, this single factor is not enough given the multiple convenience factors relating to the defendant, the witnesses, and the evidence. On convenience grounds alone, this Court could exercise its discretion to transfer this case to Minnesota. The case for a transfer, however, is much stronger, because the interest of justice factors are also strongly arrayed toward transfer.

**D. The Public "Interest Of Justice" Factors Strongly Favor Transfer To Minnesota Because The Same Class Action Allegations Are Already Pending There**

**Related Litigation.** Congress enacted section 1404(a) as a "federal housekeeping measure" to allow easy changes of venue within a unified federal system. Van Dusen, 376 U.S. at 613. One important judicial "housekeeping" function is the transfer of a case to a district where a similar case is pending already — which may either lead to consolidation, or at least ensure that a single court handles related matters. See ITT v. GT&E, 527 F.2d 1162, 1164 (4th Cir. 1975) (judicial efficiency and economy justify transfer and consolidation when same causes of action are pursued in different districts); Gould v. National Life Ins. Co., 990 F. Supp. 1354,

1360-61 (M.D. Ala. 1998) (interests of justice served by transfer to district where similar class action is already pending); Berman v. Informix Corp., 30 F. Supp. 2d 653, 660 (S.D.N.Y. 1998) (pending litigation is a "very important factor" in transfer decisions because courts "heavily frown" on duplicative litigation).

This Court recognizes that "[d]istrict courts frequently transfer cases when the record indicates a related action is pending in an appropriate alternative forum." AT&T, 736 F. Supp. at 1307 (citing numerous cases and transferring case to district where prior action was pending); see National Property, 917 F. Supp. at 329 (transfer useful to prevent "piecemeal litigation adversely impacting the efficient administration of justice"); Ricoh, 817 F. Supp. at 487 (where related lawsuits exist, they should "proceed before one court not simultaneously before two tribunals"). Numerous other courts similarly acknowledge the propriety of transferring cases to a district where related actions are pending. National Union Fire Ins. v. Turtur, 743 F. Supp. 260, 264 (S.D.N.Y. 1990) (transfer to prevent duplicative and wasteful litigation); Firmani v. Clarke, 325 F. Supp. 689, 693 (D. Del. 1971) ("absurd" to have rival class action lawsuits pending in different districts); Freiman v. Texas Gulf Sulphur Co., 38 F.R.D. 336, 338 (N.D. Ill. 1965) (class action transferred to be consolidated with pending class action).[2]

---

[2] See also Bayside Enters. v. Mattern's Hatchery, Inc., 741 F. Supp. 21, 22 (D. Me. 1990) (transfer to first-filed related action to prevent wasteful duplicative litigation); Hartford Fire Ins. Co. v. Westinghouse Elec. Corp., 725 F. Supp. 317, 321-22 (S.D. Miss. 1989) (transfer to identical pending suit in D. Minn.); Security Sav. Bank v. Green Tree Acceptance, 703 F. Supp. 350, 354-55 (D.N.J. 1989) (compelling interest in transferring matter to D. Minn. where similar cases pending); APT Inc. v. Quad Environ. Tech., 698 F. Supp. 718, 723-24 (N.D. Ill 1988) (efficient adjudication via transfer and consolidation to earlier filed related suit); Frontier Airlines v. Security Pac. Nat'l Bank, 696 F. Supp. 1403, 1406 (D. Colo. 1988) (same); Waller v. Burlington N. R. Co., 650 F. Supp. 988 (N.D. Ill. 1987) (same); Hall v. Kittay, 396 F. Supp. 261, 264 (D. Del. 1975) (same).

In this case, a previously filed class action against the same defendant asserting the same causes of action and making the same class allegations is already pending in Minnesota. (Beckerman Dec. Ex. A.) Indeed, the initial pretrial conference has been held and the court has issued a scheduling order for the class proceedings. (Beckerman Dec. Ex. C.) This order sets forth guidelines, timelines, and limits for both discovery (including interrogatories, requests for admission, document requests, medical examinations, non-expert depositions, and expert disclosure and depositions) as well as for the filing of a class certification motion and all dispositive motions. (Id.) Given the progress in Minnesota, transfer is warranted for this reason also.[3] Ricoh, 817 F. Supp. at 487 (suits involving the same parties and subject matter should be heard in the court where the suit was first filed).

Transfer to Minnesota will thus foster judicial economy, efficiency and uniformity, by avoiding duplicative litigation and preventing a waste of time and money. Van Dusen, 376 U.S. at 616; Continental Grain Co. v. FBL, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."). Such a transfer will also save attorneys' fees for both the nationwide class and St. Jude Medical by eliminating duplicative proceedings and discovery. Gould, 990 F. Supp. at 1360-61; see Wyndham Assocs. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968) ("strong

---

[3] The relative backlog of cases is also a factor supporting transfer. National Property, 917 F. Supp. at 329. Here, the District of Minnesota is a "current" court that has no perceptible backlog that might delay an efficient resolution of these cases. Beckerman Dec. ¶ 5.

policy" favors litigation of related claims in the same tribunal to minimize expense, duplicative litigation and avoid inconsistent results).

**Applicable Law.** Another interest of justice factor is the policy of having a court familiar with the applicable law handle the case. Here, however, such local familiarity is not an issue either. The determination of the class issues is governed solely by federal law [e.g., Fed. R. Civ. Proc. 23]. Thus, the District of Minnesota is equally competent to make a determination of whether this case can proceed as a class action in light of the purported common issues of law and fact. And, an analysis of the relevant factors under Rule 23 will entail an examination of state law from every jurisdiction nationwide. New Jersey law will be only one factor to consider in this classwide analysis. There is thus no advantage to retaining the class action in New Jersey to help resolve any discrete state law issue.

In sum, the only connection this case has to this Court is that plaintiff — who claims no current injury and who is acting as a nationwide representative — resides in New Jersey. That is not enough to maintain venue, where, as here, the defendant is based in Minnesota, the evidence is based in Minnesota, and essentially identical litigation is proceeding in Minnesota. Moreover, the vast majority of putative class members are almost certainly not New Jersey residents.

**E. Alternatively, This Court Should Stay This Action Until The Minnesota District Court Rules On The Class Action Issues**

Even if this Court were to decline to transfer this action to Minnesota, it should nonetheless exercise its inherent power to stay the matter until after the Minnesota court rules on the class action issues. Hess v. Gray, 85 F.R.D. 15, 27 (N.D. Ill. 1979). Without a stay, St. Jude Medical will have to defend against exactly the same class action allegations simultaneously in

two different courts — and face the possibility of inconsistent rulings. Nor is there any reason for this Court to allocate its precious resources toward deciding questions that another district court applying exactly the same law to exactly the same facts is already going to do.

## CONCLUSION

Minnesota is the logical forum for plaintiff's class action lawsuit. The gravamen of plaintiff's lawsuit is that St. Jude Medical designed, manufactured, and distributed a defective product. The evidence relating to St. Jude Medical's operations, however, is all in Minnesota where St. Jude Medical is headquartered. New Jersey, on the other hand, has no connection this dispute, apart from the fact that the class representative-plaintiff resides here. But class members reside in probably every state, so on this ground, any state has an equal claim to convenience. Moreover, the interests of judicial economy all favor transferring venue to Minnesota because essentially the same class action is already proceeding there.

Transfer to Minnesota: (1) reduces the costs of litigation for St. Jude Medical by eliminating the need for counsel in two different courts to defend against similar claims; (2) permits easier access to the documentary evidence; (3) conserves judicial resources by permitting one judge to try — and probably consolidate — nearly identical cases; and (4) avoids the possibility of overlapping and competing class actions of similar claims that could lead to inconsistent results. This Court, respectfully, should order a transfer.

Dated: September 23, 2000

McCARTER & ENGLISH, LLP
Attorneys for Defendant
St. Jude Medical, Inc.
DC 3417

By: ______________________
DAVID J. COONER

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant
St. Jude Medical, Inc.
DC-3417

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER GROVATT, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | Civil Action No. 00-CV-2657 (JBS) |

**DECLARATION OF PETER C. BECKERMAN IN SUPPORT OF DEFENDANT ST. JUDE MEDICAL, INC.'S MOTION TO TRANSFER VENUE**

**DECLARATION OF PETER C. BECKERMAN IN SUPPORT OF ST. JUDE MEDICAL'S MOTION TO TRANSFER VENUE**

I, Peter C. Beckerman, swear, state and allege as follows:

1. I am an attorney licensed to practice before the courts of the State of Minnesota. I am an associate at the law firm of Dorsey & Whitney LLP, in Minneapolis, Minnesota, attorneys of record for defendant St. Jude Medical, Inc., in the class action of Bailey v. St. Jude Medical, Inc., civil action no. 00-CIV-1025, currently pending in the United States District Court for the District of Minnesota. I make this Affidavit in support of St. Jude's Motion to Transfer Venue from New Jersey to Minnesota. I have personal knowledge of the matters set forth in this Affidavit. If called as a witness, I could and would competently testify to these matters.

2. Attached hereto as Exhibit A is a true and correct copy of the Class Action Complaint in Bailey v. St. Jude Medical, Inc., 00-CIV-1025, filed April 20, 2000.

3. Attached hereto as Exhibit B is a true and correct copy of the First Amended Class Action Complaint in Bailey v. St. Jude Medical, Inc., 00-CIV-1025, filed on April 27, 2000.

4. The initial pretrial conference in Bailey v. St. Jude Medical, Inc. took place before the honorable Magistrate Judge Franklin L. Noel on July 18, 2000, and the Court issued a scheduling order setting forth discovery guidelines, timelines and deadlines for the filing of a motion for class certification on that same day. A true and correct copy of the Pre-Trial Schedule in Bailey v. St. Jude Medical, Inc., 00-CIV-1025 is attached hereto as Exhibit C.

5. Based on my personal experience, as well as discussions with court personnel from the District of Minnesota, the District of Minnesota is a "current" court that has no perceptible backlog that might delay an efficient resolution of these cases.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.

DATED: August 24, 2000.

Peter C. Beckerman

PETER C. BECKERMAN

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant
St. Jude Medical, Inc.
DC-3417

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER GROVATT, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | Civil Action No. 00-CV-2657 (JBS) |

**DECLARATION OF JOHN SHEAR**
**IN SUPPORT OF DEFENDANT ST. JUDE MEDICAL, INC.'S**
**MOTION TO TRANSFER VENUE**

## DECLARATION OF JON SHEAR IN SUPPORT OF ST. JUDE MEDICAL'S MOTION TO TRANSFER VENUE

I, Jon Shear, declare:

1. I am an employee of Defendant St. Jude Medical, Inc. ("St. Jude Medical"), and work at St. Jude Medical's Heart Valve Division in St. Paul, Minnesota. I have personal knowledge of the matters set forth in this Affidavit and if called as a witness, I could and would competently testify to these matters.

2. St. Jude Medical is a Minnesota corporation, founded and headquartered in St. Paul, Minnesota. St. Jude Medical has three divisions: a Heart Valve Division (which produces mechanical heart valves, including the Silzone® coated valves described in plaintiff's complaint); a Cardiac Rhythm Management Division (which produces pacemakers); and a Daig Division (which produces specialty catheters and other cardiology devices).

3. Based on the location of St. Jude Medical's employees and documents, it would be far more convenient for this lawsuit to be heard by a court in Minnesota rather than in New Jersey.

4. Neither St. Jude Medical nor the St. Jude Medical Heart Valve Division has operations in New Jersey, and no part of the development, labeling, marketing or production of the Silzone® coated heart valves, or other St. Jude Medical heart valve for that matter, has any connection to New Jersey. Rather, a St. Jude Medical subsidiary, which is also based in Minnesota, is involved in selling heart valves in New Jersey, and would have been the entity that sold any Silzone® coated heart valves such as those described in plaintiff's complaint.

5. St. Jude Medical's Silzone® coated valves were designed, researched, developed, engineered, an tested in Minnesota, by St. Jude Medical Heart Valve Division employees who live and work in Minnesota. The carbon components for the valves were all made in Minnesota and the valves were assembled in Minnesota or in a St. Jude Medical facility in Puerto Rico. St. Judge Medical employees based in Minnesota also oversaw the labeling, quality assurance, marketing and distribution of the valves. Thus, the St. Jude Medical Heart Valve Division employees who will have an essential role during discovery and trial all reside in Minnesota. Requiring St. Jude Medical personnel to travel to New Jersey for discovery purposes or trial will be costly, inconvenient, and will disrupt St. Jude Medical's ongoing business operations. Allowing these witnesses to testify closer to where they live and work (i.e., Minnesota) would be less burdensome, less expensive, and more convenient for these individuals, and would have much less of an impact on St. Jude's day-to-day business. Making these witnesses available in Minnesota would also provide for easier scheduling during discovery and trial.

6. Access to proof will prove more difficult in New Jersey than in Minnesota. All of St. Jude Medical's documents, records, and proprietary materials relating to the Silzone® coated heart valves described in the complaint are in Minnesota. This includes the corporate documents relative to the design, testing, manufacture, labeling, marketing and sale of the valves. None of these materials are in New Jersey. Thus, discovery would be easier in Minnesota because St. Jude Medical's records relating to the Silzone® coated heart valves are there. Requiring the copying and transfer of these documents to New Jersey for litigation and trial will be a more expensive and time-consuming project. Those documents could more easily and economically be made available in Minnesota and would significantly reduce the cost of production.

7. In summary, this controversy would be more conveniently litigated and tried in Minnesota. In contrast, litigating this matter in New Jersey will be expensive and difficult. Witnesses and documents are far more accessible in Minnesota, and bringing them to New

Jersey will be inconvenient from a cost and scheduling standpoint. Transfer of this action to Minnesota will reduce or eliminate the costs otherwise necessary to defend this matter in New Jersey.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.

DATED: 24 August, 2000.

JON SHEAR

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant
St. Jude Medical, Inc.
DC 3417

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER GROVATT, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>Defendant. | Civil Action No. 00-CV-2657 (JBS)<br><br>**ORDER TRANSFERRING VENUE TO THE DISTRICT OF MINNESOTA** |

THIS MATTER having come before the Court upon defendant's motion to transfer venue to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a); and the Court having considered the parties' submissions and arguments; and for the reasons expressed in the Court's Opinion;

IT IS this ________ day of ____________, 2000

ORDERED that defendant's motion to transfer venue be, and hereby is, GRANTED, and this case shall be transferred to the United States District Court for the District of Minnesota.

______________________________
JEROME B. SIMANDLE, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2004, I caused the following documents:

Memorandum of Law in Opposition to Defendant's *Forum Non Conveniens* Motion to Dismiss; and
Affidavit of David M. Cialkowski

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

The following are those who are currently on the list to receive e-mail notices for this case.

Steven E Angstreich
sangstreich@levyangstreich.com

David M Cialkowski
dmc@zimmreed.com

Michael Coren
mcoren@levyangstreich.com

Carolyn Lindheim
clindheim@levyangstreich.com

Michael T Nilan
mnilan@halleland.com NGordon@halleland.com

J Gordon Rudd
jgr@zimmreed.com

Tracy J Van Steenburgh
tvan@halleland.com LClark@halleland.com

Charles S Zimmerman
csz@zimmreed.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Richard Meeran
Leigh Day & Co
Priory House
25 St John's Lane
London, UK EC1M4LB

Daniel W Sigelman
Kellogg & Sigelman
1742 N St NW
Washington, DC 20036

Dated: June 4, 2004

s/ J. Gordon Rudd, Jr.
J. Gordon Rudd, Jr.