# Exhibit 102

# NEWS RELEASE

## FEDERAL TRADE COMMISSION

Washington, D.C. 20580

OFFICE OF INFORMATION 393-6800 Ext. 197

For RELEASE: IMMEDIATE, Thursday, July 7, 1966

FTC PROPOSES THAT STATES ENACT LAWS TO PREVENT CONSUMER DECEPTION AND UNFAIR COMPETITIVE PRACTICES, ALSO TO REGULATE HEARING AID DEALERS AND CORRESPONDENCE SCHOOLS

The Federal Trade Commission is urging that the States enact laws to prevent consumer deception and unfair competitive practices, and also to regulate hearing aid dealers and correspondence schools. This was announced today by Paul Rand Dixon, Chairman of the Commission.

The purpose of the proposals, Chairman Dixon said, it to afford the public and honest businessmen better protection from unfair and deceptive trade practices. By stopping such practices locally before they grow into problems of interstate proportions, he said, the need for federal action will be minimized and the people most directly affected will be deciding what constitutes unfair or deceptive practices.

Chairman Dixon pointed out that, generally speaking, the Commission's jurisdiction is limited to practices which are used across state lines, in interstate commerce. By enlisting the aid of Attorneys General and other State officials to control such practices within each State, he said, the Commission can be freed to deal more quickly and effectively with problems of regional or national significance. Moreover, the need to take action against deceptive practices by local businessmen, has become even more apparent in the low-income markets where those least able to afford the loss are frequently the prime object of such practices.

Since many of the States do not have adequate laws to curb unfair or deceptive trade practices, the Commission is urging them to adopt legislation similar to the Commission's own authority to prevent "unfair methods of competition and unfair or deceptive acts or practices in commerce." The States of Washington and Hawaii have already enacted such laws, which can serve as a model for the other States, Mr. Dixon said.

By so doing the States can draw upon the Commission's 50 years of experience and the 800-plus court decisions interpreting the Federal Trade Commission Act which declares such practices to be unlawful.

Chairman Dixon pointed out that a general law against "unfair" and "deceptive" practices has the advantage of extending to all lines of business, to the sale of merchandise as well as services, and comprehends all types of practices which may be deceptive to the consumer or unfair to competitors. It is sufficiently broad to reach practices such as "bait" advertising, deceptive guarantees, fictitious pricing, referral selling, oral misrepresentations by house-to-house salesmen, misbranding, sale of used products as new, false claims as to performance of products, price-fixing conspiracies, and boycotts to eliminate competition.

The Commission additionally proposes that the States enact laws requiring hearing aid fitters and dealers to be licensed, similar to the present practice

in the State of Oregon. This is suggested because investigations by the Commission over the years have shown considerable consumer dissatisfaction with hearing aids. Many of the complainants are older persons on limited incomes or public assistance who can ill afford to expend large sums for a hearing aid which does not meet their needs or expectations. The promotional practices of local dealers, and their competence in the fitting of the devices, have been the most common cause of complaint, Chairman Dixon said.

To eliminate this problem, the Commission proposes that hearing aid fitters and dealers be licensed like watch repairmen, barbers, optometrists, podiatrists, plumbers, etc. The Commission suggests, however, that membership on such regulatory boards include, in addition to industry members, one or more public members, to guard against trade-restrictive or deceptive practices and to assure that the general public interest is adequately represented.

The Commission also proposes that State laws be enacted to provide more adequate control of correspondence and vocational schools. The purpose is not only to protect educationally disadvantaged persons from being exploited, but also to assure that the operators of such schools are possessed of instructional staffs and physical facilities adequate to reach the claimed objectives of the courses being offered for sale. The Commission proposes to cooperate with other interested federal agencies and with the departments of education or vocational training and rehabilitation in the several States to develop appropriate regulatory legislation.

These proposals have been forwarded to the Council of State Governments Committee on Suggested State Legislation, via the U. S. Bureau of the Budget.

Complete texts of the proposals are available upon request. Requests should be addressed to:

Assistant General Counsel
for Federal-State Cooperation,
Federal Trade Commission,
Washington, D. C. 20580

--oOo--