# Exhibit 108

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.
Robert FLUCK, Appellant,
v.
JACOBSON MACHINE WORKS, INC., Respondent, A.V. Seeds, Inc., d/b/a Arkansas Valley Seed Company, Respondent.
**No. CX-98-1899.**

March 23, 1999.
Review Denied May 26, 1999.

Hennepin County District Court, File No. PI 97-005296.

Mark R. Kosieradzki, Kosieradzki & Associates, Minnetonka, MN and Logan N. Foreman III, Minneapolis, MN, for appellant.

Scott P. Drawe, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, MN, for respondent Jacobson Machine Works, Inc.

Terrence Votel, Votel, Anderson & McEachron, St. Paul, MN, for respondent A.V. Seeds, Inc.

Considered and decided by ANDERSON, P.J, HARTEN and HOLTAN [FN*], JJ.

FN* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

HOLTAN.

***1** Appellant Robert Fluck contends the district court erred with its grant of summary judgment to respondent Jacobson Machine Works, Inc. (Jacobson), which was based on the conclusion that a Colorado statute of repose applied to bar his products liability claim. Jacobson asserts that Colorado law applies, but if this court concludes Minnesota law applies to Fluck's claim, then Minnesota law should also apply to its third-party claim against respondent A.V. Seeds, Inc. (A.V. Seeds). A.V. Seeds maintains that if Jacobson wanted to contest the district court's grant of summary judgment on its third-party complaint, Jacobson needed to file a notice of appeal. We affirm the district court's grant of summary judgment to A.V. Seeds, but reverse its grant of summary judgment to Jacobson.

FACTS

On February 1, 1995, while working within the scope of his employment for respondent A.V. Seeds, appellant Robert Fluck injured his arm while cleaning out a vertical seed mixer manufactured by respondent Jacobson. To clean the mixer, it was standard practice for an A.V. Seeds employee to lower himself down to the base of the auger tube, open the trapdoor, and then remove the remaining grass seed with his hands. The mixer would be turned on and off during this cleaning process to jog the auger if a thread caught in it. Fluck's arm was injured by the auger when a co-employee turned on the mixer when Fluck's arm was in the auger tube.

Fluck alleged in his complaint that Jacobson's negligent design, manufacture, and warning with regard to the seed mixer were the direct and proximate causes of his injuries. He asserted to the district court that his experts would testify the machine was defective and unreasonably dangerous when it left Jacobson's plant in Minnesota, because it lacked an electrical interlock mechanism that should have been part of the movable guard (the trap door). He likened the mechanism to that used to shut off a clothes dryer when the door is opened and asserted that such technology was readily available at all times relevant to the action. Jacobson filed a third-party claim against A.V. Seeds for contribution or indemnity, alleging that it was the negligence of A.V. Seeds and its employees that caused Fluck's injuries.

Fluck was a resident of Colorado at the time of the accident, which occurred at A.V. Seeds' plant in Colorado. He subsequently moved to Tennessee and has no connection with Minnesota other than filing this lawsuit. Jacobson is a Minnesota corporation, and the mixer was designed and manufactured in Minnesota. A.V. Seeds is a Colorado corporation, with a connection to Minnesota only by way of its

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mail-order sales. Fluck received worker's compensation from A.V. Seeds, which has paid for lost wages and medical expenses, all of which were incurred in Colorado.

The district court found Colorado law applied and barred both Fluck's claim against Jacobson, and Jacobson's claim against A.V. Seeds. It granted both motions for summary judgment.

DECISION

I.

***2** We first address whether Colorado or Minnesota law applies to Fluck's products liability claim against Jacobson. A conflict of law exists if the choice of one state's law over the other is outcome-determinative. *Hague v. Allstate Ins. Co.,* 289 N.W.2d 43, 47 (Minn.1978), *aff'd,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521. If there is no conflict, the law of the forum applies. *Davis by Davis v. Outboard Marine Corp.,* 415 N.W.2d 719, 723 (Minn.App.1987), *review denied* (Minn. Jan. 28, 1988).

In this case, there is a conflict because Fluck's claim against Jacobson would be barred in Colorado, but not in Minnesota. Colorado has a statute of repose that bars personal injury actions against a manufacturer if seven years have passed since the machinery was first used by someone not engaged in the business of manufacturing such equipment. Col. Rev. § 13-80- 107(1)(b) (1998). This includes claims based on failure to warn or to provide adequate instructions. *See Anderson v. M.W. Kellogg Co.,* 766 P.2d 637, 643- 44 (Colo.1988) (failure to warn or provide instructions barred by statute of repose, not included within "hidden-defects" exception).

Minnesota does not have such a statute of repose. We have a statute that bars a personal injury claim arising out of the defective or unsafe condition of an improvement to real property, if the claim is not brought within ten years of substantial completion of the improvement. Minn.Stat. § 541.051, subd. 1(a) (1998). That same statute, however, specifically excludes claims against manufacturers of equipment or machinery installed upon real property, *id.,* subd.1(d), and Jacobson concedes that the seed mixer is equipment or machinery. [FN1] There is also Minn.Stat. § 604.03 (1988), which provides a manufacturer with a defense that the alleged injury occurred after the expiration of the ordinary useful life of the product, but this statute does not bar a suit. Thus, Colorado and Minnesota laws conflict with regard to Fluck's claim against Jacobson.

FN1. Jacobson's arguable right not to be sued under the earlier version of the statute did not vest prior to the subdivision's enactment in 1990 because the seed mixer was installed in 1983--only seven, not ten years prior to the amendment. *Cf. Larson v. Babcock & Wilson,* 525 N.W.2d 589, 591 (Minn.App.1994) (manufacturer of boiler in sugar plant had vested right not to be sued under statute because boiler installed more than ten years prior to 1990 amendment).

We next consider whether the conflict is procedural or substantive, which is determined by applying the law of the forum, Minnesota. *Gate City Fed. Sav. & Loan Ass'n v. O'Connor,* 410 N.W.2d 448, 450 (Minn.App.1987), *review denied* (Minn. Oct. 21, 1987). [FN2] If the conflict is procedural, the law of the forum applies and that concludes the analysis. *Davis v. Furlong,* 328 N.W.2d 150, 153 (Minn.1983).

FN2. Jacobson asserts that because Fluck admitted that the statute of repose was substantive, he has waived this argument on appeal. The district court was presented with the issue of whether the statute was substantive, however, and ruled on it. It would seem appropriate for this court to rule on the district court's determination of this issue. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (appellate court can consider those issues presented to and passed on by district court).

Minnesota defines substantive law as that which "creates, defines, and regulates rights," as opposed to "adjective or remedial law" which prescribes a method for enforcing rights or redressing a violation of rights. *Stern v. Dill,* 442 N.W.2d 322, 324 (Minn.1989). Statutes of repose, such as the one at issue, are substantive rather than procedural under Minnesota law, at least in cases such as this where the injury-causing accident does not occur until after the repose period has expired. *See Nesladek v. Ford Motor Co.,* 46 F.3d 734, 737 (8th Cir.1995) (Nebraska ten-year statute of repose for product liability actions substantive under Minnesota law, at least where injury occurred after repose period); [FN3] *see also Larson v. Babcock & Wilcox,* 525 N.W.2d 589 (Minn.App.1994) (statute of repose, Minn.Stat. § 540.051, creates vested right of immunity from suit).

FN3. The court noted that if an action accrued within the ten-year period of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> statute of repose, the barring of a suit brought outside of the ten years could in effect be a procedural bar, and subject to tolling, but that this did not change its decision that as applied to the facts presented, the statute was substantive. Nesladek, 46 F.3d at 737 n. 3.

***3** Rather than prescribe a method for enforcing a right or redressing a violation of a right, a statute of repose such as the one at issue "creates in the potential products-liability defendant a right to immunity from suit under the circumstances set out in the statute." Nesladek, 46 F.3d at 737. It does not dictate a method for enforcing a right, but rather, its effect is that a certain number of years after a product is sold there are no rights to enforce, regardless of any subsequent injury related to the product's use. *Id.* Unlike a tort statute of limitations that does not begin to run until the injury occurs, the statute of repose prevents the cause of action from accruing in the first place. *Id.* n. 3.

The third step is to consider whether the law of both states can be constitutionally applied. Jepson v. General Cas. Co., 513 N.W.2d 467, 469 (Minn.1994). For the application of a state's law to be neither arbitrary nor unfair, the state must have a significant contact or aggregation of contacts, creating state interests, with the parties and the occurrence or transaction giving rise to the litigation. Allstate Ins. Co. v. Hague, 449 U.S. 302, 308, 314, 101 S.Ct. 633, 638, 640, 66 L.Ed.2d 521 (1981).

Jacobson concedes that constitutional constraints do not limit the application of either Minnesota or Colorado law to the action between Fluck and Jacobson, and we agree. Jacobson was a corporation organized under the laws of Minnesota. The seed mixer was designed and manufactured in Jacobson's plant in Minnesota. Fluck was a Colorado resident at the time of the accident, and the accident giving rise to the litigation occurred in Colorado. There are significant contacts or aggregations of contacts between the parties and the occurrence giving rise to the litigation to satisfy any constitutional concerns in either state.

The last step of the analysis is to determine, using Minnesota choice-of-law rules, which state's law should apply. Gate City, 410 N.W.2d at 450. Minnesota has a five-part test for making this determination: (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. Milkovich v. Saari, 295 Minn. 155, 161, 164, 203 N.W.2d 408, 412-13 (1973).

The advancement of the government interest of the forum test contemplates consideration of both forum factual contacts and policy determinations. Bigelow v. Halloran, 313 N.W.2d 10, 12 (Minn.1981). In determining the advancement of the forum's interests, we consider not only the interests of Minnesota, but also those of Colorado. *See* Myers v. Government Employees Ins. Co., 302 Minn. 359, 365, 225 N.W.2d 238, 242 (1974).

***4** Minnesota's forum factual contacts and governmental interests outweigh those of Colorado in this case. Fluck has alleged that he was injured because of the negligent design, manufacture, and warning of a machine manufactured in Minnesota by a Minnesota corporation. Minnesota has the policy interest of deterring manufacturers from putting a defective product into the stream of commerce within its borders. Nesladek, 46 F.3d at 743 (Lay, J., dissenting). The Colorado statute of repose serves legitimate purposes: (1) preventing claims where evidence may be unreliable and unavailable due to lapse of time, and (2) allowing people to plan their affairs free from the burden of unknown potential liability. *See* Nieman v. Press & Equip. Sales Co., 588 F.Supp. 650, 654 (S.D.Ohio 1984) (analyzing Colorado statute of repose). But we can find no basis for a Minnesota corporation manufacturing a product in Minnesota to have the benefit of the protections of a statute of repose promulgated in Colorado.

The fifth part of the choice of law test is the "better rule of law" test, but this is to be applied only when the other considerations leave the choice of law uncertain. Myers, 302 Minn. at 368, 225 N.W.2d at 244. Because we find that Minnesota's governmental interests outweigh those of Colorado, we do not reach this analysis.

II.

Jacobson should have filed a notice of appeal rather than a notice of review to appeal the trial court's grant of summary judgment to A.V. Seeds.

> A notice of review is the proper route for a respondent to raise issues on which it is adverse to the appellant, but it is not an appropriate vehicle for a respondent to raise issues on which it is adverse to other respondents.

Andren v. White-Rogers Co., 462 N.W.2d 860, 861 (Minn.App.1990) (citing Leaon v. Washington

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*County,* 397 N.W.2d 867, 872 (Minn.1986)). Although the issue is not properly before this court, we find it in the interest of justice to address it. *See* Minn. R. Civ.App. P. 103.04 (appellate court may review any matter as justice may require).

We agree with the district court's determination that Colorado law applied and barred Jacobson's third-party claim against A.V. Seeds. Jacobson sued A.V. Seeds for indemnity or contribution, alleging that the negligence of A.V. Seeds and its employees caused Fluck's injuries. Fluck received worker's compensation from his Colorado employer under Colorado law for injuries sustained and treated in Colorado. Applying the factors outlined above, Colorado law applies to this action.

Unlike Minnesota worker's compensation law which allows for a limited right of an alleged third-party tortfeasor to seek contribution from an employer, *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679, 681 (1977), Colorado worker's compensation law prohibits contribution or indemnity claims by a third-party tortfeasor against an employer who is paying worker's compensation. *Tex-Ark Joist Co. v. Deer & Gruenewald Constr. Co.,* 749 P.2d 431, 433 (Colo.1988). Jacobson's third-party claim is barred.

***5** Affirmed in part and reversed in part.

Not Reported in N.W.2d, 1999 WL 153789 (Minn.App.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.