# JURISDICTIONAL SURVEY ILLUSTRATING DIFFERENCES IN LEGAL STANDARDS OF CONSUMER PROTECTION

**Grovatt, et. al, v. St. Jude Medical, Inc.**

**District Court of Minnesota, MDL No. 01-1396**

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **ALABAMA**<br><br>§§8-19-1 to 8-19-15 ("Deceptive Trade Practices Act") | Deceptive acts or practices<br><br>In the conduct of any trade or commerce are unlawful<br><br>***§ 8-19-5*** (enumerates 27 activities that are unlawful, including advertising goods with intent to sell them not as advertised, passing off goods as those of another, and representing goods as having approvals they do not have) | Defendant acted knowingly[2]<br><br>Proof of intent depends on type of alleged unlawful practice; not all require that D acted with intent[3] | For private action, plaintiff must suffer monetary damages to state a cause of action[4] | Defendant did not knowingly commit any act or knowingly engage in any activity which constitutes a violation (preponderance of the evidence standard).[5]<br><br>5 exemptions-Act doesn't apply to:<br>1) disseminator of advertisement w/o knowledge of its falsity; 2) seller w/o knowledge of falsity who helps AG prosecute and discontinues dissemination; 3) persons/activities subject to Ala. Regulated activities; 4) violations of Federal Consumer Credit Protection Act; and/or 5) activity subject to Ala. Securities Act[6] | Actual or $100, whichever greater[7]<br><br>Up to 3X actual, in court's discretion[8]<br><br>Costs of claim plus attorneys' fees to prevailing P[9]<br><br>Recovery limited to actual damages plus attorneys' fees in action brought by AG or DA. § 8-19-10(f) | Civil penalties of not more than $25,000 per violation for violation of injunction or order.[10]<br><br>Civil penalty of not more than $2,000 per violation if knowing violation.[11] | 1 year after P discovers or reasonably should have discovered act, in no event more than 4 years from date of transaction[12] | Private claims must be asserted personally; statute specifically forecloses the use of class actions by private litigants, but AG or DA may bring suit on behalf of others.[13] | Plaintiff required to send defendant demand letter before filing complaint[14] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **ALASKA**<br><br>§§45.50.471 to 45.50.561 (Alaska Unfair Trade Practices & Consumer Protection Act) | D engaged in trade or commerce<br><br>Unfair or deceptive act or practice occurred.[15]<br><br>***§45.50.471***(enumerates 51 activities that constitute a violation including advertising goods with intent to sell them not as advertised, representing goods as those of another, representing goods have approvals/ characteristics that they don't have, and representing goods as new when they are not) | Plaintiff not required to prove intent to deceive, though certain violations in § 45.50.471 requires that defendant acted knowingly.[16] | Plaintiff must prove "ascertainable loss" of money or property to bring civil action[17]<br><br>Plaintiff <u>not</u> required to prove reliance; all that is required is a showing that acts or practices were capable of being interpreted in a misleading way[18] | 3 exemptions: 1) acts regulated under laws administered by the regulatory board or commission or officers acting under the authority of Alaska or the U.S.; 2) disseminators of ad w/o knowledge of falsity; and/or 3) act or transaction regulated under AS 21.36 or AS 06.05[19] | Any person who suffers ascertainable loss may bring an action to recover 3X the actual loss or $500, whichever is greater. Civil penalties up to $5,000 per violation[20]<br><br>Prevailing party entitled to costs and attorneys' fees.[21]<br><br>Plaintiff not prevented from pursuing common law remedies.[22] | Civil penalties up to $25,000 for person who violates terms of injunction or restraining order.[23] | 2 years from discovery[24] | § 45.50.531 permits class actions[25] | Act or practice need not be deceptive to be unfair[26]<br><br>Various factors determine if act is unfair[27] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **ARIZONA**<br><br>§§44-1521 to 44-1534 (Arizona Consumer Fraud Act) | ***§44-1522***<br><br>Deceptive act, false promise or misrepresentation or omission of material fact<br><br>Made in connection with sale or advertisement of merchandise<br><br>And consequent and proximate injury [*Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992)] | Intent to deceive not required[28]<br><br>Intent that others rely required[29] | Actual reliance required, but need not be reasonable[30]<br><br>Plaintiff required to prove reliance[31] | 2 exemptions: 1) disseminators of ads w/o knowledge of falsity; 2) compliance with FTC rules and regulations[32] | Actual, including consideration & out of pocket expenses[33]<br><br>Punitive damages if D's conduct was wanton or reckless, or shows spite or ill will, or shows reckless indifference to interests of others[34] | AG may petition court for civil penalties of not more than $10,000 per violation for willful violation of § 44-1522.[35]<br><br>Person who violates order or injunction is subject to civil penalties of not more than $25,000 per violation.[36] | 1 year from discovery[37] | Class actions permitted[38] | Consumer has implied private cause of action against wrongdoer[39] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **ARKANSAS**<br><br>§§4-88-101 to 4-88-115 (Arkansas Deceptive Trade Practices Act) | Deceptive and unconscionable trade practices or act prohibited<br><br>***§4-88-107*** (lists violations, including advertising goods with intent not to sell them as advertised and knowingly taking advantage of certain classes of consumers) | Certain provisions require knowing violation; others do not. Section 4-88-107 lists intent requirements.[40] | Consumer must have suffered actual damage or injury to recover damages[41] | 4 Exemptions: 1) compliance with any rule, order, or statute administered by the FTC; 2) disseminators w/o actual knowledge of the deceptive nature; 3) activities subject to certain regulatory laws; and/or 4) authorized actions of public utility[42] | Any person who suffers actual damage or injury has a cause of action to recover actual damages and attorneys' fees[43]<br><br>Restitution available for actions brought by AG[44] | Up to $10,000 for violation of chapter and up to $10,000 for violation of injunction or order.[45] | 5 years from occurrence of violation or date upon which cause of action arises.[46] | Class actions permitted[47] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA**<br><br>Civ. Code §§1750 to 1785 (Consumer Legal Remedies Act – "CLRA");<br><br>Bus. & Prof. Code §§17200 to 17209 (Unfair Competition Act – "UCA") | <u>CLRA:</u><br>Unfair or deceptive act or practice<br><br>Undertaken by any person in a transaction intended to result or which results in<br><br>Sale or lease of goods to any consumer<br><br>***Civ. Code §1770*** (lists violations, including passing of goods as those of another, representing goods to have benefits or approvals they do not have, and advertising goods with intent to sell them not as advertised)<br><br><u>UCA:</u><br>Prohibits any unlawful, unfair or fraudulent business act or practice<br><br>And unfair, untrue, deceptive or misleading advertising<br><br>**Bus. & Prof. Code 17200** | <u>CLRA:</u><br>Act undertaken in a transaction must be intended to result or which does result in sale or lease of goods to consumer[48]<br><br>No damages if D proves violation was not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and makes an appropriate correction, repair, replacement, or other remedy of the goods & services according to §1781(b) & (c)[49]<br><br><u>UCA:</u><br>Plaintiff not required to prove intent to injure; strict liability offenses[50] | <u>CLRA:</u><br>Plaintiff must suffer damage to bring action[51]<br><br><u>UCA:</u><br>No need to show damages or reliance; Plaintiff need only show members of the public likely to be deceived[52] **However, California voters enacted Proposition 64 in 2004 which added an "injury in fact" requirement to Bus. & Prof. Code § 17204.** [53] | <u>CLRA:</u><br>See CLRA Intent/ Scienter section<br><br>Exemption - Act does not apply to a publisher/disseminator or the ad who lacked knowledge of the deceptive methods[54]<br><br>Defense - Unintentional, bona fide error and person makes appropriate correction or other remedy[55] | <u>CLRA:</u><br>Any consumer who suffers damage may bring an action for actual damages, but in class action, award of damages must not be less than $1K[56]<br><br>Punitive damages and restitution available[57]<br><br>Costs & attorneys' fees to prevailing P[58]<br><br>Reasonable attorney's fees to D if court finds P's action is not in good faith[59]<br><br>Senior citizens & disabled may be awarded additional award, up to $5K, if certain conditions met[60]<br><br><u>UCA:</u><br>Judge can make any order necessary to restore plaintiff any money or property.[61] | <u>UCA:</u><br>Civil penalties up to $2,500 for each violation with additional penalties of up to $2,500 for each violation that involves seniors or disabled.[62]<br><br>Civil penalties up to $6,000 for each violation for violation of injunction[63] | <u>CLRA:</u><br>3 years from transaction[64]<br><br><u>UCA:</u><br>4 years from date cause of action accrued.[65] | <u>CLRA:</u><br>Permitted if:<br>(1) impracticable to bring entire class before court,<br>(2) questions of law or fact common to class, substantially similar, and predominate over questions affecting individuals,<br>(3) claims or defenses are typical of class,<br>(4) representative will fairly & adequately protect class interests[66]<br><br><u>UCA:</u><br>Class actions permitted, but if brought by a private individual, plaintiff must have suffered injury in fact or lost money or property AND must demonstrate the class action requirements from Cal. Civ. Proc. § 382 [numerosity and impracticability OR common questions) (but see notes re retroactivity-debate)[67] | <u>CLRA:</u><br>Unlawful practices enumerated under Cal. Civ. Code §1770<br><br>Plaintiff required to send defendant notice letter prior to filing complaint (and allow 30 days to correct, repair, replace, etc.)[68] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **COLORADO**<br><br>§§6-1-101 to 6-1-709 (Colorado Consumer Protection Act) | D engaged in unfair or deceptive trade practice<br><br>Challenged practice occurred in course of D's business<br><br>That it significantly impacts the public as consumers of D's products;<br><br>P suffered injury in fact to a legally protected interest; and<br><br>Challenged practice caused P's injury.[69]<br><br>***§6-1-105*** (statute enumerates violations, including knowingly passing off goods as those of another and knowingly making false representations as to benefits of goods) | Some violations require that D acted knowingly; others do not.[70] | Requires actual injury before individual may maintain private action[71] | 4 Exclusions: 1) compliance with order, rule or statute of federal, state or local government; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions filed before 1969; 4) good faith and otherwise lawful use of a trademark, etc.[72] | Except in class actions, P may recover actual damages or $500, whichever is greater, or 3X actual damages if established by clear & convincing evidence that D engaged in bad faith conduct[73]<br><br>Costs and reasonable attorney's fees to P, but not available in class actions[74] | Civil penalties of up to $2,000 per violation (maximum of $100,000 for any related series of violations), up to $10,000 for violation of a court order or injunction, and up to $10,000 for violation that involves the elderly.[75] | 3 years from date act occurred or within three years from date of discovery; may be extended 1 year if P proves failure to timely commence action was caused by D engaging in conduct calculated to induce P to refrain from or postpone commencement of action[76] | Individual actions may seek treble damages and attorneys fees; class actions may not[77] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **CONNECTICUT**<br><br>§§42-110a to 42-110q (Connecticut Unfair Trade Practices Act) | No person shall engage in any unfair method of competition and unfair or deceptive act or practice in conduct of trade or commerce[78]<br><br>Any P who suffers ascertainable loss of money or property as a result of such practice may bring an action to recover damages[79]<br><br>***§ 42-110b*** | Plaintiff not required to prove intent[80] | Any person who suffers ascertainable loss of money or property may bring action to recover damages[81]<br><br>Plaintiff not required to prove reliance[82] | 2 statutory exceptions: 1) actions permitted by other laws administered by federal or state regulatory boards or officers; and 2) publishers or disseminators of ads w/o knowledge of falsity[83]<br><br>Also, the scope of the statute does not extend to personal injury actions[84] | Punitive damages in court's discretion[85]<br><br>May award costs & reasonable attorney's fees for work reasonably performed[86]<br><br>If class action has no monetary recovery, but other relief, court may award P costs & reasonable attorney's fees[87] | No more than $25,000 per injunction violation; No more than $5K per willful violation[88] | 3 years after violation occurs[89] | May bring class action on behalf of others similarly situated who are residents of CT or are injured in CT, to recover damages[90] | Proof of public interest not required[91]<br><br>Plaintiff must provide notice of the practice at issue by mailing complaint to the state attorney general[92] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **DELAWARE**<br><br>Tit. 6, §§2511- 2527 is Consumer Fraud Act ("CFA"); 2531- 2536 is Uniform Deceptive Trade Practices Act ("UDTPA") | CFA: Act or use of any deception, fraud, false pretense or promise, misrepresentation, or the concealment, suppression, or omission of material fact; In connection with the sale, lease, or advertisement of any merchandise; Whether or not any person has in fact been misled, deceived, or damaged thereby ***§2513***<br><br>UDTPA:<br>Deceptive trade practice in the course of a business (§ 2532 enumerates 12 deceptive trade practices, including passing goods off as those of another, causing confusion as to source of goods, and advertising goods with intent to sell them not as advertised). | CFA:<br>Plaintiff not required to prove intent for false statement[93], but, in cases of concealment, suppression or omission, intent required[94]<br><br>UDTPA:<br>Intent to deceive not required for grant of injunctive relief[95]<br><br>Section 2532 lists some violations for which intent is required; some do not contain intent requirement | CFA:<br>Injury not required; Plaintiff not required to prove reliance[96]<br><br>UDTPA:<br><br>A complainant need not prove actual confusion or misunderstanding[97]<br><br>Proof of monetary damage not required for grant of injunctive relief, only that damage is likely[98] | CFA:<br>3 Exemptions: 1) publisher or disseminator with no knowledge of the advertiser's intent; 2) advertisement that complies with FTC rules and regulations; 3) matters subject to the jurisdiction of the Public Service or Insurance Commissions[99]<br><br>UDTPA:<br>4 Exemptions: 1) compliance with rules and orders of federal, state or local governments; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending in 1965; and 4) good faith, lawful use of a trademark/ service mark, etc.[100] | CFA:<br>Plaintiff may recover damages[101]<br><br>Punitive damages if fraud is gross, aggravated, or where it involves breach of trust;[102] No punitive damages unless P also receives compensatory damages[103]<br><br>Attorney's fees may not be rewarded[104]<br><br>UDTPA:<br>Court may award attorneys' fees in exceptional cases and only if D willfully engaged in deceptive practice.[105]<br><br>Relief is in addition to remedies available under common law; if damages are awarded under common law, such damages shall be treble the amount of actual damages, however,[106] can't get treble & punitive damages in same action[107]<br><br>TREBLE DAMAGES under both if the plaintiff is elderly or disabled[108] | CFA:<br>Civil penalties up to $10,000 for each willful violation[109]<br><br>UDTPA:<br>Civil penalties up to $10,000 for each willful violation[110]<br><br>Court has discretion to enhance civil penalty (up to a maximum of $10,000) when the plaintiff is elderly or disabled[111] | CFA/UDTPA: 3 years[112] | CFA:<br>Class actions permitted[113]<br><br>UDTPA:<br>Unclear whether class actions are permitted; no relevant case law on issue | Del. Code Ann. Tit. 6, § 2512: COMPARING CFA TO UDTPA:<br><br>"The Consumer Fraud Act (6 Del. C. § 2511 et seq.) provides remedies for violations of the "vertical" relationship between a buyer (the consumer) and a producer or seller; damages are the traditional remedy. Conversely, the Deceptive Trade Practices Act (6 Del. C. § 2531 et seq.) addresses unreasonable or unfair interference with the "horizontal" relationships between various business interests. Grand Ventures, Inc. v. Whaley, 632 A.2d 63 (Del. 1993)." |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **DISTRICT OF COLUMBIA**<br><br>§§28-3901 to 3911 (Consumer Protection Procedures Act) | It shall be a violation, whether or not any consumer is misled, deceived or damaged<br><br>To commit an unlawful trade practice<br><br>***§28-3904*** (enumerates violations, including representing goods as having approvals they don't have, representing goods as of a particular quality when they are not, and advertising goods without the intent to sell them as advertised) | Plaintiff not required to prove intent[114] | Statute does not require that Plaintiff be misled, deceived or damaged[115] | | Available damages:<br>1) Treble damages or $1500 per willful violation, whichever greater;<br>2) reasonable attorney's fees; and<br>3) punitive damages<br>4) in class actions, any additional relief as may be necessary to restore the consumer's money or property; and/or<br>5) any other relief which the court deems proper [116] | Up to $1K per violation or violation of consent decree[117] | 3 years[118] | Class actions permitted[119] | Complainant must first file complaint with Department of Consumer Protection[120] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **FLORIDA**<br><br>§§501.201 to 501.213 (Florida Deceptive & Unfair Trade Practices Act) | Unfair method of competition, unconscionable acts or practices, and unfair or deceptive acts or practices[121]<br><br>In conduct of any trade or commerce<br><br>***§501.204*** | Plaintiff not required to prove intent | Plaintiff not required to prove reliance; issue is whether practice is likely to deceive[122]<br><br>Plaintiff must suffer "loss" to recover damages and plaintiff must be "aggrieved" to seek declaratory relief[123] | 7 Exemptions: 1) act required or specifically permitted by federal or state law; 2) publisher or disseminator of ad w/o actual knowledge that it violated the statute; 3) claim for personal injury or death; 4) and 5) activity regulated by other regulatory commissions (insurance, public service, financial services, etc.); 6) and 7) practices re real estate and real property[124] | For a person who has suffered loss: actual, plus attorney's fees & court costs, but no damages, fees, or costs against retailer who acted in good faith[125]<br><br>If action is frivolous, court may require P to post reasonable bond to indemnify D for damages & reasonable attorney's fees[126]<br><br>Attorney's fees and costs to prevailing party[127]<br><br>Remedies are in addition to those available for same conduct under state and local law.[128] | Not more than $10K for each willful violation[129]<br><br>Up to $15k for each willful violation involving the elderly or handicapped.[130]<br><br>Court may waive penalty if D previously made full restitution or reimbursement or has paid actual damages to consumers injured[131] | 4 years for private actions[132]<br><br>For actions brought by enforcing authority: no more than 4 years after occurrence (transaction) of violation or more than 2 years after last payment in a transaction involved in a violation, whichever later[133] | Class actions are permitted; members of class need not prove individual reliance,[134] however, the class must establish that a reasonable person would have relied.[135]<br><br>*See also* Fla. R. Civ. Proc. 1.220 for class certification requirements. | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **GEORGIA**<br><br>§§10-1-370 to 10-1-382 (Uniform Deceptive Trade Practices Act – "UDTPA")<br><br>10-1-390 to 10-1-407 (Fair Business Practices Act of 1975 "FBPA") | FBPA:<br>Prohibits unfair or deceptive acts in consumer transactions and consumer acts in trade.<br><br>***§10-1-393*** (enumerates examples of violations, including passing off goods as those of another, causing actual confusion re approval of goods, and advertising goods with intent to sell them not as advertised)<br><br>UDTPA:<br>Prohibits deceptive trade practices in the course of occupation or business<br>***§10-1-372*** (enumerates 12 deceptive practices, including passing off goods as those of another, causing likelihood of confusion re approval of goods, and advertising goods with intent to sell not as advertised) | UDTPA:<br>Proof of damage or intent to deceive not required to get an injunction[136] | FBPA:<br>Plaintiff required to prove reliance[137]<br><br>Plaintiff must suffer injury[138]<br><br>UDTPA:<br>Plaintiff need not prove actual confusion or misunderstanding, likelihood of confusion is sufficient[139] | FBPA:<br>2 Exemptions: 1) actions specifically authorized by federal or state laws, rules or regulations; 2) publisher or disseminator if the ad w/o knowledge of falsity[140]<br><br>Non-consumers do not have cause of action (plaintiff must be a consumer)[141]<br><br>No remedy for private wrongs not affecting consumer public[142]<br><br>Recovery is limited if D proves violation resulted from bona fide error.[143]<br><br>UDTPA:<br>4 Exemptions: 1) compliance with rules and orders of federal, state or local governments; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending in 1968; and 4) good faith, lawful use of a trademark/ service mark, etc.[144] | FBPA:<br>Treble damages may be awarded if defendant acted intentionally[145]<br><br>Exemplary damages are available only for intentional violations.[146]<br><br>Attorneys' fees and expenses are recoverable.[147]<br><br>Punitive damages are available *in addition* to treble damages for intentional violations.<br><br>Remedies are in addition to those remedies provided under other laws[148]<br><br>UDTPA:<br>Injunctive relief is the sole remedy for violation; monetary damages are not available; costs to prevailing party are allowed, and attorneys fees are discretionary if plaintiff brought groundless complaint or if defendant acted willfully[149] | FBPA:<br>Maximum of $2K per willful violation, and $5K per violation of court order[150]<br><br>Not more than $25K per injunction violation; each day regarded as a separate violation[151]<br><br>For both FBPA & UDTPA:<br>For elderly or handicap, additional $10K per violation[152] | FBPA:<br>No more than 2 years after person bringing action knew or should have known of the violation (i.e., discovery) or no more than 2 years after the termination of any proceeding or action by the state, whichever is later[153]<br><br>UDTPA:<br>Four years[154] | FBPA:<br>Private claims must be asserted personally; statute specifically forecloses the use of class actions by private litigants[155]<br><br>UDTPA:<br>Class actions permitted[156]; *see* Ga. Code § 10-1-36.1(a) for class requirements | FBPA:<br>P must be diligent in discovering truth[157]<br><br>Plaintiff required to send defendant demand letter prior to filing complaint[158]<br><br>If defendant fails to pay a judgment under FBPA, plaintiff can seek payment from officers, directors, etc., but only for intentional violations. [159] |

# EXHIBIT H