| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **HAWAII**<br><br>§§480-1 to 480-24 (Antitrust/ Consumer Protection Act) & 481A-1 to 481A-5 (Uniform Deceptive Trade Practices Act – "UDTPA") | ACPA:<br>Unfair methods of competition & unfair or deceptive acts or practices<br><br>In the conduct of any trade or commerce are unlawful<br><br>***§480-2***<br><br>UDTPA:<br>Deceptive trade practices in the course of business;<br>***§ 481A-3*** enumerates 12 deceptive trade practices (including passing off goods as those of another, advertising goods with intent to sell them not as advertised, and causing likelihood of confusion re approval of goods) | ACPA:<br>P must show act had capacity to deceive; need not show actual deception or intent to deceive[160]<br><br>UDTPA:<br>No intent to deceive required[161] | ACPA:<br>Plaintiff must be injured in his business or property to bring suit[162] and must have sustained actual damages[163]<br><br>UDTPA:<br>A person "likely to be damaged" is not required to prove damage or loss[164] | ACPA:<br>"Unclean hands" of consumer is not a defense to a claim for damages[165]<br><br>Scope of the statute does not extend to personal injury actions[166]<br><br>2 statutory exemptions for: 1) labor organizations[167]; and 2) certain cooperative organizations, insurance transactions, and approved mergers[168]<br><br>UDTPA:<br>4 Exemptions: 1) compliance with rules and orders of federal, state or local governments; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending in 1969; and 4) good faith, lawful use of a trademark/ service mark, etc.[169] | ACPA:<br>If plaintiff prevails, must recover at least $1000 or 3 x actual damages, whichever is greater, plus attorneys' fees and costs of suit[170]<br><br>If plaintiff is an elder, must recover not less than $5000 or 3x actual damages, whichever is greater[171]<br><br>P cannot get both punitive and treble damages; P can only recover one, whichever is greater[172]<br><br>UDTPA:<br>No damages, only injunctive relief available[173]<br><br>Costs to prevailing party and attorneys' fees to defendant if action was groundless or to plaintiff if defendant's conduct was willful[174] | ACPA:<br>Not less than $500 or more than $10K per violation[175]<br><br>Additional civil penalties up to $10k for each violation for acts against the elderly[176]<br><br>Not less than $500 or more than $10k per violation of court order or injunction[177]<br><br>UDTPA:<br>Act does not provide for civil penalties | ACPA:<br>Must be commenced within 4 years after cause of action accrues[178]<br><br>UDTPA:<br>Within 6 years of accrual of cause of action[179] | ACPA:<br>Private class actions are permitted[180]<br><br>$1k minimum damage requirements in § 480-13(a),(b) not applicable[181]<br><br>UDTPA:<br>Act does not provide for class actions; no relevant case law on issue | ACPA: Plaintiff is NOT required to show that the suit is brought in the public interest[182] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **IDAHO**<br><br>§§48-601 to 48-619 (Idaho Consumer Protection Act) | Unfair methods of competition and unfair or deceptive acts or practices<br><br>In conduct of trade or commerce are unlawful<br><br>***§48-603*** (enumerates 19 violations, including passing off goods as those of another, advertising goods with intent to sell them not as advertised, and causing likelihood of confusion re approval of goods) | Act or practice is unfair if shown to possess a tendency to deceive consumers, and neither proof of an intention to deceive nor any actual damages to the public need be shown in order to establish a trade practice as unfair or deceptive[183]<br><br>Defendant must know or in the exercise of due care should know that he is committing one of the violations[184] | Plaintiff <u>not</u> required to prove reliance[185]<br><br>Plaintiff must suffer ascertainable loss to of money or property to recover damages[186] | 3 Exemptions: 1) actions permitted by public utility commission or other regulatory body; 2) publisher or disseminator w/o knowledge or reason to know of the misleading or deceptive character; 3) persons subject to insurance regulations[187] | Actual or $1K, whichever is greater[188]<br><br>Court may in its discretion award punitive damages and other equitable relief, including restitution[189]<br><br>Costs allowed to prevailing party, unless court otherwise directs[190]<br><br>Reasonable attorney's fees to prevailing P<br>May award attorney's fees to D if court finds P's action was spurious or brought for harassment purposes only[191]<br><br>Plaintiff must prove "ascertainable loss" of money or property[192] | Civil penalties up to $5k per violation[193]<br><br>Civil penalties up to $10k per violation of injunction or court order[194] | 2 years from date cause of action accrues[195] | Class actions permitted; In case of class action, class may bring action for actual damages or a total for the class that may not exceed $1K, whichever is greater[196] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS**<br><br>Ch. 815, §§505/1 to 505/12 (Consumer Fraud & Deceptive Business Practices Act – "CFDBPA")<br><br>§§510/1 to 510/7 (Uniform Deceptive Trade Practices Act – "UDTPA") | CFDBPA:<br>Commission of deceptive act, misrepresentation or concealment, suppression or omission, with intent that others rely on concealment, suppression, or omission in conduct of trade or commerce are unlawful whether or not a person has been misled, damaged or deceived.<br><br>***Ch. 815, § 505/2***<br><br>UDTPA:<br>***Ch. 815, § 510/2***<br>D commits a deceptive trade practice when engaged in activities enumerated in statute in course of business (including passing off goods as those of another, advertising goods with intent to sell them not as advertised, and causing likelihood of confusion re approval of goods) | CFDBPA:<br>P must allege D intended P rely on the misrepresentation or concealment[197]<br><br>UDTPA:<br>Party making statement must know or believe it to be untrue[198]<br><br>No intent to deceive required[199] | CFDBPA:<br>P can only recover damages only when his injury is a direct & proximate result of the alleged violation of the act[200]<br><br>Plaintiff not required to prove actual reliance[201]<br><br>UDTPA:<br>If P is individual consumer, she must allege she is likely to be damaged in the future[202]<br><br>P need not prove actual confusion or misunderstanding[203]<br><br>P need not show monetary damage, lost profits, or intent to deceive[204] | CFDBPA:<br>6 Exemptions: 1) actions specifically authorized by laws administered by regulatory body acting under statutory authority; 2) certain trademark practices; 3) publisher or disseminator of ad w/o knowledge of the falsity or deceptive character; 4) communications provided by the seller of real estate or broker; 5) claims seeking damages for conduct that results in bodily injury, death, or damage to property other than the property that is the subject of the practice claimed to be unlawful; 6) communications by insurance companies[205]<br><br>Innocent motive is not a defense if an advertisement is prejudicial to the public interest because good faith is generally irrelevant to the need for corrective advertising[206]<br><br>UDTPA:<br>4 Exemptions: 1) compliance with rules and orders of federal, state or local governments; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending upon effective date of this act; and 4) good faith, lawful use of a trademark/ service mark, etc.[207] | CFDBPA:<br>Any P who suffers actual damages may bring suit for violation of Act; punitive damages are available, with certain exceptions[208]<br><br>Attorney's fees may be awarded to prevailing P[209]<br><br>UDTPA:<br>No damages, only injunctive relief available; costs and attorneys' fees available for willful violation[210] | CFDBPA:<br>Up to $50k for each violation with additional $10k possible for violations that involve the elderly[211]<br><br>UDTPA:<br>Act does not provide for civil penalties | CFDBPA:<br>3 years from when cause of action accrued[212]<br><br>UDTPA:<br>3 years from transaction[213] | CFDBPA:<br>Class actions permitted[214]<br><br>UDTPA:<br>Class actions likely permitted—although class actions have inherent problems because ordinarily the harm has already occurred (precluding injunctive relief)[215] | CFDBPA:<br>P must mail copy of complaint to AG[216]<br><br>P cannot state claim for unfair practice unless practice is also deceptive[217]<br><br>P can recover for innocent misrepresentations; however such misrepresentation must be material[218] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **INDIANA**<br><br>§§24-5-0.5-1 to 24-5-0.5-12 (Deceptive Consumer Sales Act) | Deceptive act<br><br>Consumer transaction<br><br>***§§ 24-5-0.5-3*** (lists deceptive acts, including product is of a particular quality, product has approvals it does not have, (a)(18) supplier knowingly sells recalled product, etc.) | Defendant knew or reasonably should have known[219] | Plaintiff must prove reliance[220] | Supplier has 2 defenses: 1) representation made in good faith w/o knowledge of its falsity and in reliance on representations of the manufacturer[221] ; and 2) bona fide error[222]<br><br>Defendant has a defense to 24-5-0.5-3(a)(18) if product is altered by a person other than defendant so that product no longer serves its original purpose[223]<br><br>Exemption for acts required or expressly permitted by state or federal law, rules, regulations or local ordinances[224] | Any Plaintiff relying on uncured or incurable act may bring action for damages actual suffered or $500, whichever is greater; court may also increase damages to 3x actual or $1K for willful deceptive acts[225]<br><br>Court may award reasonable attorney's fees to prevailing party[226]<br><br>Treble damages for elderly[227] | Not more than $500 for each knowing violation[228]<br><br>Not more than $15,000 per injunction violation[229] | No more than 2 years after occurrence of deceptive act[230] | Class actions authorized; attorneys' fees in class actions authorized[231] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **IOWA**<br><br>§§714.16 to 714.16A (Consumer Fraud Act) | Act, use, or employment by person of an unfair practice, deception, fraud, false pretense or promise, misrepresentation, or the concealment, suppression, omission of a material fact, with<br><br>Intent that other rely<br><br>In connection with the lease, sale, or advertisement of any merchandise or the solicitation or contributions for charitable purposes<br><br>Whether or not a person was in fact misled, deceived, or damaged<br><br>***§714.16(2)*** (enumerates unlawful practices) | Plaintiff required to prove intent[232] | Plaintiff <u>not</u> required to prove reliance or damages[233]<br><br>Except in an action for the concealment, suppression, or omission of a material fact with intent that others rely upon it, it is not necessary in an action for reimbursement or an injunction, to allege or to prove reliance, to allege or to prove reliance, damages, intent to deceive, or that the person who engaged in an unlawful act had knowledge of the falsity[234] | 2 Exemptions: 1) publisher or disseminator w/o knowledge or fraudulent intent; and 2) compliance with rules and regulations of the FTC[235]<br><br>Establishing there were satisfied customers is not a complete defense[236] | Statute does not provide for a private right of action and remedies are equitable (injunctive relief, restitution, disgorgement, etc.)[237] | Not to exceed $40K per violation[238]<br><br>In addition, court may impose civil penalty of not more than $5K for each day of intentional violation of a TRO, preliminary injunction, or permanent injunction[239]<br><br>Additional penalty for consumer frauds committed against elderly, not to exceed $5K per violation[240] | 5 years[241] | No provision in Act for class actions and no case law regarding class actions brought under the Iowa Consumer Fraud Act | Unfair practice means an act or practice which causes substantial, unavoidable injury to consumers that is not outweighed by any consumer or competitive benefits which the practice produces[242]<br><br>Iowa CFA is part of its penal code[243] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **KANSAS**<br><br>§§50-623 to 50-644 (Kansas Consumer Protection Act) | Prohibits deceptive acts or practices by suppliers in consumer transactions<br><br>**§ *50-626*** (enumerates deceptive acts, including representing product has approval it doesn't have and representing product is of a particular quality when actual quality differs materially) | Standards of intent differ depending on the unlawful practice alleged (knowingly or with reason to know; willful; and/or without intent)[244] | No need to prove that any consumers were actually mislead[245]<br><br>Unconscionable practices violate Act whether they occur before, after or during transaction[246] | Exemption for publisher or disseminator without actual knowledge that it violated the Kansas CPA[247] | A consumer who is aggrieved by a violation may recover actual damages or civil penalty, whichever is greater, or declaratory relief or an injunction[248]<br><br>Court may award attorneys' fees to prevailing party[249]<br><br>Punitive damages likely available[250] | Not more than $10K for each violation[251]<br><br>Not more than $20K per violation of court order[252]<br><br>Additional civil penalties up to $10k per violation for acts committed against the elderly or disabled[253] | 3 years from transaction[254] | A consumer who has suffered loss may bring a class action for damages; otherwise, plaintiff may bring a class action for equitable relief[255] | Plaintiff must provide notice of the practice at issue to the state attorney general, but failure to give notice is not a defense[256] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **KENTUCKY** §§367.110 to 367.370 (Kentucky Consumer Protection Act) | Unfair, unconscionable, false, misleading, or deceptive acts or practice prohibited<br><br>In the conduct of any trade or commerce<br><br>***§367.170*** | Incompetent performance of a contract is insufficient—P must show defendant intended to deceive consumer (or was grossly negligent)—there must be evidence of some unfair, false, misleading or deceptive act[257] | Any person who suffers ascertainable loss of money or property may bring an action under the Act[258] | 3 Exemptions: 1) publisher or disseminator without knowledge that the ad may be in violation of section 367.170[259]; 2) certain acts by labor organizations, agricultural coops, or utilities; and 3) activities authorized or approved under federal or state statutes or regulations[260] | May award actual damages and equitable relief[261]<br><br>Statute authorizes attorney's fees & costs to prevailing party, subject to the court's discretion[262]<br><br>P may seek punitive damages where appropriate[263] | Statute does not provide for civil penalties | Within 1 year after any action of Attorney General has been terminated, or within 2 years of transaction, whichever later[264] | Class actions permitted[265] | Must send a copy of the civil complaint to the AG § 367.220(2) |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **LOUISIANA** §§51:1401 to 51:1424 (Unfair Trade Practices & Consumer Protection Law) | Unfair methods of competition and unfair or deceptive acts or practices<br><br>In conduct of any trade or commerce are unlawful<br><br>***§51:1405*** | Defendant's motivation is "critical factor" – actions must have been taken with the specific purpose of harming the competition[266] | Any person who suffers ascertainable loss of money or movable property may bring an action[267] | 3 Exemptions:<br>1) actions subject to the jurisdiction of certain public utility regulatory bodies; 2) publisher or disseminator of ad without knowledge of its falsity; and 3) compliance with Federal Trade Commission Act and its rules and regulations[268] | Plaintiff may recover actual damages[269]<br><br>Treble damages if defendant acted knowingly[270]<br><br>In the event that damages are awarded, court shall award P reasonable attorney's fees & costs[271]<br><br>Upon finding that action was groundless & brought in bad faith or for purposes of harassment, court may award D reasonable attorney's fees & costs[272] | Not more than $5K per violation of injunction[273] | 1 year running from time of transaction or act which gave rise to right of action[274] | Act expressly forbids a private class action[275]<br><br>Attorney General may bring class action for restitution[276] | Upon commencement of any action, plaintiff's attorney must mail a copy of the petition to the attorney general; failure to do so does not affect plaintiff's right[277]<br><br>Plaintiff must be a consumer or business competitor to have standing to sue under § 51:1409[278] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MAINE**<br>5 M.R.S. 205-A to 214 (Maine Unfair Trade Practices Act – "MUTPA")<br><br>10 M.R.S. 1211-1216 Uniform Deceptive Trade Practices Act – "UDTPA") | <u>MUTPA:</u><br>Person who purchases goods<br><br>Suffers any loss of money or property as a result of<br><br>Unfair methods of competition and unfair or deceptive acts of practices<br><br>In the conduct of any trade or commerce<br><br>***5 M.R.S. §§ 207, 213***<br><br><u>UDTPA:</u><br>***10 M.R.S. § 1212*** (1)<br>D violates Act when he engages in one of enumerated violations in course of business (§ 1212 lists deceptive trade practices, including passing off goods as those of another and causing likelihood of confusion re the approval of goods) | <u>MUTPA:</u><br>Plaintiff not required to prove intent to deceive; D could even be liable if he acted in good faith; no requirement of a knowing violation[279]<br><br><u>UDTPA:</u><br>Intent to deceive is not required[280] | <u>MUTPA:</u><br>Any person who suffers loss of money or property may bring action[281]<br><br><u>UDTPA:</u><br>Proof of damage is not required[282]<br><br>Plaintiff need not prove actual confusion or misunderstanding[283] | <u>MUTPA:</u><br>Exception for transactions or actions permitted under laws administered by any regulatory board or officer acting under statutory authority of Maine or of the U.S.[284]<br><br><u>UDTPA:</u><br>4 Exemptions: 1) compliance with rules and orders of federal, state or local governments; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending in 1969; and 4) good faith, lawful use of a trademark/ service mark, etc.[285] | <u>MUTPA:</u><br>Actual damages, restitution and other equitable relief court deems proper[286]<br><br>If court finds violation, P shall be awarded reasonable attorney's fees & costs[287]<br><br><u>UDTPA:</u><br>Person likely to be damaged may be granted injunction; attorneys fees permitted in "exceptional" cases and only against Defendant if activity is willful (statute only provides for equitable relief – no damages)[288] | <u>MUTPA:</u><br>No more than $10K for each injunction violation[289]<br><br><u>UDTPA:</u><br>Statute does not provide for civil penalties | <u>MUTPA/UDTPA:</u><br>6 years from transaction[290] | <u>MUTPA:</u><br>Class actions permitted[291]<br><br><u>UDTPA:</u><br>Class actions permitted[292] | <u>MUTPA:</u><br>Court clerk shall mail Attorney General a copy of the complaint[293]<br><br>P must send written demand to respondent 30 days before filing a complaint[294]; failure to comply with the notice provision may bar potential remedies, but will not serve as a complete affirmative defense[295] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MARYLAND** §§13-101 to 13-501 (Maryland Consumer Protection Act) | Unfair or deceptive trade practices relating to consumer goods and transactions (§13-303)<br><br>***§13-301*** (enumerates deceptive practices, including failure to state a material fact if the failure tends to deceive, advertising goods without intent to sell them as advertised, and representing goods have approvals which they do not have) | Intent to deceive unnecessary, though some violations in section 13-301 require that the Defendant acted knowingly[296] | A party aggrieved by an order or decision of the Consumer Protection Division may institute any appropriate proceeding[297]<br><br>Any practice prohibited by Act is a violation whether or not any consumer is in fact misled, deceived or damaged[298]<br><br>A private party must establish actual loss or injury[299]<br><br>Reliance is a necessary precondition to awarding restitution or damages[300] | May not bring an action under §13-408 to recover for injuries sustained as a result of professional services provided by a health care provider[301]<br><br>3 Exemptions: 1) certain professional services (including medial or dental practioners); 2) public service cos.; and 3) broadcaster or publisher w/o knowledge that the ad violated this title[302] | Any person may bring an action to recover for injury or loss sustained by him[303]; "private remedy is purely compensatory; it contains no punitive component"[304]<br><br>If awarded damages, P may also seek reasonable attorney's fees[305]<br><br>If action is brought in bad faith or is of a frivolous nature, court may order offending party to pay other party reasonable attorney's fees[306] | First violation: not more than $1K for each violation by a merchant[307]<br><br>Not more than $5K for each subsequent violation by a merchant[308] | 3 years[309] | Statute does not provide for class actions<br><br>Courts have discussed the problem inherent in a class action—individual reliance—and held that a class action was not appropriate[310] | Section 13-411 provides for criminal penalties |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MASSACHUSETTS** Ch. 93A, §§1 to 11 | Unfair methods of competition and unfair or deceptive acts or practices<br><br>In the conduct of any trade or commerce are unlawful<br><br>***Ch. 93A, §2***<br><br>Examples of conduct that violates § 2: oppressive or unconscionable acts, failure to disclose any fact which may have influenced the potential buyer not to enter into the transaction, violations of other laws, and/or violations of federal consumer protection laws[311] | No intent to deceive required; only intent that plaintiff rely[312] | P not required to show proof of actual reliance on misrepresentation; Instead, P must show causal connection between deception and loss and that loss was foreseeable as a result of the deception[313]<br><br>P can obtain injunctive relief without any loss of money or property[314] | Exemption: Actions otherwise permitted under laws administered by any regulatory board or officer acting under statutory authority of Mass. or the U.S.[315] | Any person who has been injured may bring an action for damages and equitable relief[316]<br><br>Actual damages or $25, whichever greater[317]<br><br>If violation is willful or knowing or refusal to grant relief upon demand was in bad faith, plaintiff can obtain up to 3x actual damages, but not less than 2x actual damages, or $25 dollars, whichever is greater[318]<br><br>Reasonable attorney's fees & costs available but if a reasonable settlement offer is tendered in writing, but the consumer proceeds to trial, the award is limited to fees incurred prior to settlement offer[319] | Not more than $5K per violation that D knew or should have known was a violation of §2, plus costs of investigation and attorneys' fees; Up to $10k for violations of an injunction or court order[320] | Within 4 years after cause of action accrues[321] | Class actions allowed, provided court finds at a preliminary hearing that person bringing action adequately and fairly represents other persons and person is bringing action on behalf of himself and others similarly situated[322] | Non-disclosure subject to same standards as any other allegedly deceptive or unfair act[323]<br><br>Plaintiff required to send defendant demand letter prior to filing complaint[324] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MICHIGAN** §§445.901 to 445.922 (Michigan Consumer Protection Act) | Unfair, unconscionable, or deceptive methods<br><br>In conduct of trade or commerce<br><br>**§ *445.903*** (enumerates deceptive acts, including representing goods have approval they do not have, advertising goods with intent to sell them not as advertised, and causing a probability of confusion regarding the approval of goods)[325] | Defendant intended to deceive consumer; in class action, Defendant's intent to deceive can be shown on a representative basis[326] | Plaintiff must suffer loss as a result of violation[327]<br><br>Class plaintiff <u>not</u> required to prove reliance – enough to establish that a reasonable person would have relied on the representations[328] | If the Defendant shows by a preponderance of the evidence that the violation resulted from a bona fide error, recovery is limited to actual damages[329]<br><br>3 Exemptions: 1) conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States; 2) publisher or disseminator of ad, unless the person reasonably should know of the deceptive character of the ad; and 3) certain practices that are made unlawful by other statutes (banking, credit union, motor carrier, insurance, etc.)[330] | Except in a class action, a person who suffers a loss may bring an action to recover actual damages or $250, whichever is greater, plus reasonable attorneys' fees[331] | Not more than $5K for each injunction violation[332]<br><br>Not more than $25K for persistent & knowing violations[333] | No more than 6 years after occurrence of violation, or no more than 1 year after last payment in transaction involving violation, whichever period of time ended on a later date[334] | The AG and a private Plaintiff who suffers loss may bring a class action under the Act on behalf of persons residing in or injured in the State[335]<br><br>Members of class need not individually prove reliance on asserted misrepresentations; sufficient if class can establish that reasonable person would have relied[336] | |