| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MINNESOTA** §§325D.09 to 325D.16 (Minnesota Unlawful Trade Practices Act – "MUTPA");<br><br>325D.43 to 325D.48 (Uniform Deceptive Trade Practices Act – "UDTPA");<br><br>325F.67 (False Statement in Advertisement – "FSA")<br><br>325F.69 to 325F.70 (Prevention of Consumer Fraud –"CFA") | MUTPA:<br>Violations include misrepresenting quality of merchandise[337]<br><br>UDTPA:<br>Deceptive trade practice<br>In the course of business<br>***§325D.44*** (enumerates 13 deceptive practices, including, causing likelihood of confusion as to approval, and representing goods have benefits they do not have)<br><br>FSA:<br>Any person with intent to sell who makes or publishes an advertisement re merchandise which contains deceptive/untrue/ misleading statements[338]<br><br>CFA:<br>Use of fraud or misrepresentation<br>With intent others rely<br>In connection with sale of merchandise[339] | MUTPA:<br>Some require "knowing" misrepresentations; others do not[340]<br><br>UDTPA:<br>Plaintiff not required to prove intent to deceive[341]<br><br>FSA:<br>Intent to sell[342]<br><br>CFA:<br>Intent that others rely on representations[343] | MUTPA/FSA/CFA<br>As long as plaintiff alleges an injury under the statute, it is not necessary for plaintiff to be a purchaser of defendant's product[344]<br><br>Not necessary for plaintiff to plead individual consumer reliance to state a claim under the statute[345]<br><br>UDTPA:<br>Proof of damage, lost profits or intent to deceive not required[346]<br><br>Plaintiff need not prove actual confusion or misunderstanding[347]<br><br>FSA:<br>Plaintiff not required to show pecuniary or other specific damage[348]<br><br>CFA:<br>Plaintiff need not have been misled or damaged[349] | MUTPA:<br>Doesn't prohibit the sale of an employer's goods by an employer to an employee[350]<br><br>UDTPA:<br>4 Exemptions: 1) compliance with rules and orders of federal, state or local government; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending in 1969; and 4) good faith, lawful use of a trademark/ service mark, etc.[351]<br><br>CFA:<br>Exemption for the publisher of an ad w/o knowledge of falsity or a financial interest in the sale[352] | MUTPA:<br>Any person damaged or threatened with damage may sue for actual damages and injunctive relief[353]<br><br>MUTPA/FSA/CFA:<br>Any person injured by a violation of these laws may bring an action to recover damages, costs, reasonable attorneys' fees and injunctive relief[354]<br><br>UDTPA:<br>Damages not available[355]<br><br>Costs allowed to prevailing party unless court directs otherwise[356]<br><br>May award attorney's fees to prevailing party if: (1) P brought action knowing it to be groundless, or (2) D was willfully engaging in trade practice knowing it to be deceptive[357] | ALL:<br>Person who engages in conduct prohibited by any of the statutes whose conduct is directed at elderly or disabled, is liable for up to $10k for each violation[358] | ALL:<br>6 years from transaction[359] | Class actions permitted | MUTPA:<br>Violation of §325D.09-325D.16 is a misdemeanor[360]<br><br>FSA:<br>Violation of §325F.67 is a misdemeanor and a public nuisance and may be enjoined[361] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MISSISSIPPI** §§75-24-1 to 75-24-50 (Mississippi Consumer Protection Act) | Unfair method of competition and unfair or deceptive trade practices<br><br>Affecting commerce<br><br>***§75-24-5*** (enumerates deceptive practices, including passing off goods as those of another, misrepresenting approval of goods, and advertising goods with intent to sell them not as advertised) | Section 75-24-5 does not require that all violations be knowing or willful, though D must act with intent for some violations; for imposition of civil penalties, violations must be knowing and willful[362] | Plaintiff <u>not</u> required to prove reliance<br><br>Plaintiff must suffer ascertainable loss as a result of the unfair/ deceptive practice[363] | 2 Exemptions: 1) publisher or disseminator w/o knowledge of falsity or a direct financial interest; and 2) any officer acting under the orders of any court[364] | Any person who suffers ascertainable loss of money or property may recover damages for such loss[365]<br><br>Prevailing D may recover in addition to other relief, costs & attorney's fees, if court deems action frivolous or filed for harassment or delay[366].<br><br>Attorney's fees no longer available to prevailing plaintiff[367] | Up to $10k for willful violations[368]<br><br>Up to $10K per injunction violation[369]<br><br>Act also provides for criminal penalties[370] | 3 years[371] | Class actions prohibited; every private action must be maintained in name of and for sole use & benefit of individual person[372] | Plaintiff required to make a reasonable attempt to resolve claim through informal dispute settlement program prior to pursuing private right of action[373] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MISSOURI** §§407.010 to 407.307 (Missouri Merchandising Practices Act) | Act, use, or employment by any person of any deception, fraud, false pretense or promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of<br><br>Any material fact in connection with sale or advertisement of any merchandise<br><br>In conduct of trade or commerce is unlawful<br><br>***§407.020*** | Plaintiff probably not required to prove intent[374] | Unclear whether reliance is required[375]<br><br>Private plaintiff must be a purchaser who has suffered an ascertainable loss of money or property[376] | 2 Exceptions: 1) publisher or disseminator of ad w/o knowledge of the intent of the advertiser; and 2) companies under supervision of department of insurance, division of credit unions, division of finance[377] | Any person who suffers ascertainable loss of money or property may bring an action[378]<br><br>Plaintiff may recover actual damages; court may in its discretion award punitive damages and award attorneys' fees to prevailing party[379]<br><br>Same remedies available in class actions, but no provision for punitive damages[380] | Not more than $1K per violation, unless D shows that violation resulted from bona fide error[381]<br><br>Not more than $5K per injunction or order violation[382] | 3 years[383] | Private plaintiff may bring class action, but plaintiff must suffer injury and must comply with class requirements in §407.025 and the Mo. Rule of Civil Procedure 52.08[384] | Knowing and willful violation is a class D felony[385] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **MONTANA** §§30-14-101 to 30-14-143 (Montana Unfair Trade Practices and Consumer Protection Act of 1973) | Unfair methods of competition and unfair or deceptive act or practices<br><br>In the conduct of any trade or commerce are unlawful<br><br>*§ 30-14-103* | Plaintiff not required to prove intent (i.e., malice, oppression or fraud)[386] | P must suffer ascertainable loss of money or property as a result of the unlawful conduct[387] | 2 Exemptions: 1) actions permitted under laws administered by the public service commission or state auditor; and 2) publisher or disseminator without knowledge of falsity or deceptive character of advertisement[388] | A consumer who suffers ascertainable loss of money or property may bring an individual action for actual damages or $500, whichever is greater[389]<br><br>Court may, in its discretion, award up to 3X actual damages sustained, and other equitable relief deemed necessary[390]<br><br>Court may award prevailing party reasonable attorney's fees[391] | Not more than $10K for each willful violation[392]<br><br>Not more than $10K for each injunction violation[393] | 2 years from discovery[394]<br><br>Aggrieved party must exercise reasonable/ordinary diligence[395] | Act expressly forbids class actions by private consumers[396] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NEBRASKA**<br>§§59-1601 to 59-1623 (Consumer Protection Act – "CPA")<br><br>§§ 87-301 to 87-306 (Uniform Deceptive Trade Practices Act – "UDTPA") | CPA:<br>Unfair method of competition or deceptive acts or practices<br><br>In the conduct of any trade or commerce shall be unlawful<br><br>§ *59-1602*<br><br>UDTPA:<br>A person engages in a deceptive trade practice when in the course of business he engages in one of the 14 enumerated activities (including passing off goods as those of another, advertising goods with the intent not to sell them as advertised, and causing likelihood of confusion regarding the approval of goods)<br><br>§ *87-302* | CPA:<br>Statute does not require Plaintiff prove intent<br><br>UDTPA:<br>Plaintiff not required to prove intent to deceive for injunction[397] | CPA:<br>Plaintiff must have sustained injury to his business or property to bring suit[398]<br><br>UDTPA:<br>Plaintiff can bring a suit if he/she is "likely to have been damaged" – proof of actual damage is not required[399] | CPA:<br>Exemption - actions or transactions otherwise permitted, prohibited, or regulated under laws administered by the Director of Insurance, the Public Service Commission, the Federal Energy Regulatory Commission, or any other regulatory body or officer acting under statutory authority of Neb. or the U.S.[400]<br><br>UDTPA:<br>4 Exemptions: 1) compliance with rules and orders of federal, state or local government; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; 3) actions pending in 1974; and 4) good faith, lawful use of a trademark/ service mark, etc.[401] | CPA:<br>Any person who is injured in his business or property may bring a civil action and receive actual damages and cost of suit, including reasonable attorney's fees; Court may in its discretion increase award of damages to an amount which bears a reasonable relation to the actual damages which have been sustained and which damages are not susceptible of measure by ordinary standards, not to exceed $1K[402]<br><br>UDTPA:<br>Statute provides for injunctive relief, no damages[403]<br><br>Costs shall be awarded to prevailing part; Attorneys' fees to prevailing party if certain conditions are met[404] | CPA:<br>Not more than $2K for each violation[405]<br><br>Not more than $25K for each injunction violation[406]<br><br>UDTPA:<br>Up to $2K for each willful violation of an injunction or for a violation of Section 87-302[407] | CPA:<br>Within 4 years after cause of action accrues[408]<br><br>UDTPA:<br>Within 4 years from the date of purchase[409] | CPA:<br>Statute does not speak to class actions; class actions likely permitted based on case law[410]<br><br>UDTPA:<br>Statute does not speak to class actions, though class actions likely permitted based on case law[411] | CPA:<br>To be actionable under the CPA, the unfair or deceptive act or practice must have an impact on public interest[412]<br><br>NO jury trial right because CPA is equitable in nature[413] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NEVADA** §§598.0903 to 598.0999 (regulating deceptive trade practices) | Deceptive trade practice in the course of business or profession<br><br>§ ***598.0915*** (16 violations enumerated, including knowingly passing off goods as those of another, knowingly making false representations re approval of goods, and advertising goods with intent to sell them not as advertised)<br><br>§ ***598.0919-.0925*** contain additional acts that are defined as "deceptive trade practices" (including failure to disclose a material fact and making an assertion of scientific fact in an ad without quantifiable evidence which substantiates that assertion) | Some violations require D acted knowingly; others do not[414] | Elderly/disabled who suffers damage or injury can bring suit[415]<br><br>Any person who is a victim of consumer fraud (as set out in § 598.0915-.0925) can sue for damages sustained[416]<br><br>Act does not specifically require that Plaintiff prove reliance; no case law on the issue | | Any person who is a victim of consumer fraud can seek damages, costs and attorneys' fees[417]<br><br>Elderly or disabled person can seek actual damages plus reasonable attorneys fees (and punitives if appropriate)[418]<br><br>Court may make such additional orders as necessary to restore to any person in interest any money or property[419] | Not more than $5K per willful violation[420]<br><br>Not more than $10K per injunction violation[421]<br><br>Civil penalties for certain violations if victim is elderly or disabled ($12,500 per violation)[422] | 4 years—action accrues when aggrieved party discovers, or by exercise of due diligence should have discovered the fraud[423] | Statute does not provide for class actions, but it may be possible[424] | Statute also provides for criminal penalties[425]<br><br>Purchaser of a substance not approved by the FDA has a cause of action against seller of manufacturer for any misrepresentation re therapeutic effect[426] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NEW HAMPSHIRE** §§358-A:1 to 358-A:13 (New Hampshire Consumer Protection Act) | Unfair method of competition or any unfair or deceptive act or practice<br><br>In the conduct of any trade or commerce<br><br>Within NH<br><br>***§358-A:2*** (enumerates violations, including passing off goods as those of another and causing likelihood of confusion re approval of goods) | Plaintiff must demonstrate D's violation was knowing/willful for 2X or 3X damages[427] | Not necessary to prove actual confusion or misunderstanding[428]<br><br>Plaintiff must be injured to bring private action[429] | 3 Exemptions: 1) trade subject to jurisdiction of bank commissioner, director of securities regulation, insurance commissioner, etc.; 2) FTC dismissed complaint or secured assurance of voluntary compliance or issued a cease and desist order; and 3) publisher w/o knowledge of the deceptive character[430] | Any injured person may bring an action for damages or equitable relief[431]<br><br>Damages are actual or $1K, whichever greater; if conduct was willful or knowing, court shall award as much as 3X, but not less than 2X, (actual or $1000)[432]<br><br>Prevailing P awarded costs & reasonable attorney's fees[433] | Up to $10K per violation[434] | Transactions entered into more than three years before the time the plaintiff knew of the conduct alleged to be a violation are barred[435] | Class actions permitted, subject to the requirements identified in Section 358-A:10-a (Plaintiff must be injured to bring suit)[436] | Potential for criminal penalties[437] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NEW JERSEY** §§56:8-1 to 56:8-20 (Consumer Fraud Act) | Act, use, or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense or promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact<br><br>With intent that others rely upon such action<br><br>Whether or not any person has in fact been misled, deceived or damages thereby is declared unlawful<br><br>*§ 56:8-2* | Plaintiff not required to prove intent with respect to affirmative acts (unconscionable, misrepresentations, fraud, etc.); knowing omission, concealment and suppression of material facts require a showing of intent[438] | Plaintiff not required to demonstrate reliance[439]<br><br>A violation of the Act does not depend on whether the plaintiff was actually deceived or damaged,[440] but a private plaintiff must demonstrate ascertainable loss for award of damages[441] | | Any person who suffers ascertainable loss of money or property may bring an action[442]<br><br>Court shall award 3X damages[443]<br><br>Reasonable attorney's fees, filing fees and reasonable costs of suit.[444]<br><br>Treble damages and attorneys' fees are mandatory if Plaintiff proves unlawful practice and ascertainable loss[445] | Up to $10k for first offense; up to $20k for second offense and each subsequent offense[446]<br><br>Up to $10K for violations that D knew or should have known involved seniors or disabled[447]<br><br>AG can order money or property be restored to person in interest; if violation involves senior citizen, amount restored is doubled[448] | 6 years[449] | Class actions permitted[450] | Authorizing private right of action[451]<br><br>Must provide notice of claim to AG[452] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NEW MEXICO** §§57-12-1 to 57-12-24 (Unfair Practices Act) | Unfair or deceptive and unconscionable trade practices,<br><br>In the conduct of any trade or commerce are unlawful<br><br>***§ 57-12-3***<br><br>***§ 57-12-2***(D) enumerates deceptive practices (including causing confusion or misunderstanding re approval of goods, representing that goods have approval that they do not, and using exaggeration or innuendo as to a material fact) | Intent to deceive not an element of "unfair or deceptive trade practice" but a knowing representation is required.[453] | Proof of monetary damage or loss of profits not required for injunctive relief[454]<br><br>Plaintiff must suffer "loss" to bring action to recover damages[455] | Exemption - actions or transactions expressly permitted under laws administered by a regulatory body of N.M. or the U.S., but all actions or transactions forbidden by the regulatory body, and about which the regulatory body remains silent, are subject to the Unfair Practices Act[456] | Any person who suffers loss of money or property may bring an action to recover actual damages or $100, whichever is greater[457]<br><br>If willful act, court may award up to 3X actual or $300, whichever is greater[458]<br><br>Attorney's fees & costs to prevailing P[459]<br><br>Attorney's fees & costs to D if court finds that P's action was groundless[460] | Not to exceed $5K per willful violation[461] | 4 years from discovery[462] | Court may award members of the class such actual damages as were suffered by each member of the class[463]<br><br>Named plaintiffs may recover treble damages but class members may recover actual damages[464] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NEW YORK** N.Y. Gen. Bus. Law §§349 to 350f-1 | Deceptive acts or practices<br><br>In the conduct of any business, trade, or commerce, or in the furnishing of any service<br><br>In NY<br>***§ 349***<br><br>False Advertising<br><br>In the conduct of any business, trade, or commerce, or in the furnishing of any service<br><br>In NY<br>***§ 350*** | Plaintiff not required to prove intent, however, proof of scienter permits court to treble damages up to $1000[465] | Plaintiff not required to prove reliance but plaintiff must show that act or practice misled in a material way, and must show actual, though not necessarily pecuniary, harm[466]<br><br>Private plaintiff must be injured to bring a suit[467] | It is a "complete defense" if D complied with rules, regulations and statutes administered by the FTC[468]<br><br>Exemption – broadcasters and publishers of an advertisement are exempt (regardless of their scienter)[469] | Any person who has been injured may bring an action to recover actual or $50, whichever is greater[470]<br><br>Court, in its discretion, may award treble damages up to $1000 if court finds defendant acted willfully or knowingly[471]<br><br>Court may award reasonable attorney's fees to prevailing plaintiff[472] | Not more than $500 per violation[473]<br><br>Additional penalties for consumer frauds against elderly up to $10K[474] | 3 years[475] | Class actions may be maintained to recover actual damages and injunctive relief[476] | Must affect public interest[477] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NORTH CAROLINA** §§75-1 to 75-79 (Unfair and Deceptive Trade Practices Act) | Unfair methods of competition and unfair or deceptive acts or practices<br><br>In or affecting commerce<br><br>***§75-1.1*** | Deliberate acts of deceit or bad faith not required, but P must demonstrate that act possessed tendency or capacity to mislead, or that it created the likelihood of deception[478]<br><br>Plaintiff not required to prove intent[479] | Plaintiff need not show actual deception, so long as acts complained of have tendency to deceive[480]<br><br>Plaintiff must show injury[481] and that his injury is the proximate result of D's deceptive statement or misrepresentation[482] | Good faith, negligence, and lack of intent are not defenses[483]<br><br>2 Exemptions – act does not apply to: 1) professional services rendered by a member of a learned profession; and 2) publisher or distributor w/o knowledge of falsity or a direct financial interest[484] | Any injured person may bring an action; Automatic treble damages[485]<br><br>Court may award attorneys fees to prevailing party if (1) D acted willfully and there was an unwarranted refusal to settle, or (2) P knew the action was frivolous and malicious[486] | Not more than $5K for each willful violation or injunction violation[487] | Within 4 years after cause of action accrues[488] | Class actions permitted[489] | Practice is unfair if it is unethical, unscrupulous, or substantially injurious to consumers, or when it offends established public policy[490] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **NORTH DAKOTA**<br><br>Unlawful Sales or Advertising Practices ("USAP") §§51-15-01 to 51-15-11<br><br>False Advertising ("FA") §§51-12-01 to 51-12-15 | USAP:<br>Act, use, or employment by any person of any deceptive act or practice, fraud, false pretense or promise, or misrepresentation<br><br>With intent that others rely thereon<br><br>In connection with the sale or advertisement of any merchandise<br><br>Whether or not any person has in fact been deceived or damaged thereby ***§51-15-02***<br><br>FA:<br>Advertisement contains assertion, representation, or statement of fact which is untrue, deceptive or misleading<br><br>Which D knew or should have known was untrue or misleading ***§§ 51-12-01 & 51-12-08*** | USAP:<br>Intent that others rely[491]<br><br>FA:<br>D knew or should have known that the statement was untrue or misleading[492] | USAP:<br>Actual deceit or damage is not required[493]<br><br>FA:<br>P must have some real interest in the subject matter of the injunction—some threatened or actual injury is required[494] | USAP:<br>Exemption for advertising media without knowledge of the intent of the advertiser[495] | USAP:<br>If D knowingly committed the conduct, court may order up to 3X actual damages and must order P to recover costs, disbursements, and actual reasonable attorney's fees[496]<br><br>FA:<br>Any person acting for the interests of itself or the general public can seek an injunction (no provision re damages or costs) [497] | USAP:<br>Not more that $5K per violation[498] | 6 years[499] | USAP:<br>Act does not provide for class actions; no case law on issue whether class actions are permitted pursuant to Act<br><br>FA:<br>Class actions are likely allowed, but the named plaintiff must demonstrate standing[500] | FA:<br>Violation is also a class B misdemeanor[501]<br><br>BOTH:<br>P must prove the fraudulent conduct by a preponderance of the evidence[502] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **OHIO**<br>§§1345.01 to 1345.13 (Consumer Sales Practices Act – "CSPA")<br><br>4165.01 to 4165.04 (Deceptive Trade Practices – "DTP") | CSPA:<br>Unfair, deceptive, or unconscionable act or practice<br>In connection with a consumer transaction<br><br>§ ***1345.02-.03***[503]<br><br>§ 1345.02 enumerates 10 violations, including that goods have approval they don't have<br><br>§ 1345.03 lists factors for determining whether act is unconscionable<br><br>DTP:<br>A deceptive trade practice<br>In the course of business<br><br>***§4165.02*** enumerates 13 deceptive practices, including passing off goods as those of another and causing likelihood of confusion re the approval of goods | CSPA:<br>Intent to deceive is not an element required for violation of deceptive practices portion of Act[504]<br><br>DTP:<br>Not required for an injunction, but P must show that D's conduct was willful to obtain attorneys' fees[505] | CSPA:<br>Plaintiff must prove reliance<br><br>DTP:<br>For monetary relief, Plaintiff must show actual loss; for injunction P must show they are likely to be damaged[506] | CSPA:<br>2 supplier defenses: 1) bona fide error (eliminates civil penalties, attorneys' fees and damages in excess of actual damages); and 2) actions specifically permitted by the FTC[507]<br><br>3 Exceptions to CSPA: 1) conduct specifically permitted by federal law; 2) publisher or disseminator w/o knowledge that the ad violated this statute; and 3) claims for personal injury or death[508]<br><br>DTP:<br>3 Exceptions: 1) compliance with orders, rules and statutes of federal, state or local government; 2) publisher or disseminator of ad w/o knowledge of its deceptive character; and 3) good faith, lawful use of a trademark/ service mark, etc.[509] | CSPA:<br>Consumer may bring individual action for damages; court may award reasonable attorney's fees to prevailing party if consumer complaint was groundless and in bad faith, or supplier knowingly committed violation of act[510]<br><br>In certain circumstances, consumer may rescind transaction or recover 3x's actual damages or $200, whichever is greater[511]<br><br>DTP:<br>A person likely to be damaged may bring an action for injunctive relief; a person who has been damaged may bring an action to recover actual damages[512]<br><br>Attorneys' fees to prevailing party if (1) Plaintiff knew action was groundless, or (2) Defendant's actions were willful[513] | CSPA:<br>Up to $5K per day for violations of injunction or order[514]<br><br>DTP:<br>Statute does not provide for civil penalties | CSPA:<br>No more than 2 years after occurrence (from transaction) of violation or no more than 1 year after termination of Attorney General's proceedings, whichever is later[515]<br><br>DTP:<br>4 years[516] | CSPA:<br>Consumers permitted to commence class actions[517]<br><br>Limits class action damages to actual damages or other appropriate relief, whereas individual plaintiffs may collect up to treble damages[518]<br><br>AG may bring class action on behalf of consumers[519]<br><br>DTP:<br>Act does not provide for class actions; no relevant case law on subject | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **OKLAHOMA**<br>Tit. 15, §§751 to 765 (Oklahoma Consumer Protection Act)<br><br>Tit. 78, §§51 to 55 (Deceptive Trade Practices Act – "DTPA") | OCPA:<br>D engaged in unlawful practices under<br>In the course of D's business<br><br>**§ *753*** (enumerates 30 violations, including misrepresenting approval of goods and advertising goods with intent to sell them not as advertised)<br><br>DTPA:<br>D engaged in deceptive trade practice<br><br>In the course of business<br>**§ *53*** (enumerates 14 deceptive trade practices, including passing off goods as those of another and making false representations as to the benefits of goods) | OCPA:<br>Most violations enumerated in Section 753 require that D acted knowingly or with reason to know[520]<br><br>DTPA:<br>Some violations in Section 53 require that D acted knowingly; others do not,[521] otherwise, proof of intent is not required[522]<br><br>The enumerated practices in Section 53 are prima facie evidence of intent to injure competition[523] | OCPA:<br>Reliance is not required; P must show she (1) she is a consumer, (2) D engaged in prohibited act, (3) she was aggrieved by act, and (4) she suffered actual damages as a result of act[524]<br><br>DTPA:<br>Plaintiff need not show injury for injunctive relief, but must show injury for damages[525] | OCPA:<br>2 Exemptions: 1) publisher or disseminator w/o knowledge that it is unlawful; and 2) acts regulated under laws administered by any other regulatory body acting under statutory authority[526]<br><br>DTPA:<br>4 Exceptions: 1) conduct in compliance with the orders, rules, or statutes of federal, state, or local governmental agency; 2) publisher or disseminator without knowledge of its deceptive character; 3) actions or appeals pending on the date that this act becomes effective; and 4) certain motor vehicle dealers[527] | OCPA:<br>Actual damages & costs of litigation, including reasonable attorney's fees[528]<br><br>If P's claim asserted in bad faith, court shall order P to reimburse D any amount not to exceed $10K for reasonable costs, including attorney's fees[529]<br><br>If violation found unconscionable, D shall pay P sum set by court, not more than $2K per violation[530]<br><br>DTPA:<br>Any person damaged or likely to be damaged may bring an action; proof of damage or intent is not required to obtain injunctive relief; if P proved damages, P is entitled to actual damages[531]<br><br>Attorneys' fees to prevailing party if (1) D's action was willful, or (2) P brought action in bad faith[532] | OCPA:<br>Not more than $10K per violation or willful injunction violation[533]<br><br>Up to $2K for each unconscionable violation[534]<br><br>DTPA:<br>Act does not provide for civil penalties | BOTH:<br>3 years[535] | OCPA:<br>Class actions allowed, but must demonstrate actual injury or damage[536]<br><br>DTPA:<br>Act does not provide for class actions; no relevant case law on issue | OCPA:<br>Criminal penalties[537] |