| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **OREGON** §§646.605 to 646.656 | D engaged in unlawful practice prescribed by<br><br>In the course of D's business, vocation, or occupation<br><br>***§ 646.608*** (enumerates violations, including passing off goods as those of another, advertises goods with intent not to provide them as advertised, and causing likelihood of confusion regarding the approval of goods). This section was amended in 2005, but the substantive portions were not altered materially. | Some violations require defendant acted knowingly[538]<br><br>Defendant acted willfully[539] | Plaintiff must suffer ascertainable loss[540]<br><br>Where the alleged violations of Unlawful Trade Practices Act (UTPA) are affirmative misrepresentations, the causal/"as a result of" element requires proof of reliance-in-fact by the consumer.[541]<br><br>Whether proof of reliance is required necessarily depends on type of unlawful practice alleged (e.g., very difficult for P to show in failure to disclose situations; less so when P claims to have acted on D's express representations)[542] | 2 statutory exemptions: 1) compliance with orders, rules or statutes administered by federal, state or local government agency; and 2) publisher or disseminator without knowledge of the falsity or deceptive character of the advertisement[543]<br><br>Also, the scope of the statute does not extend to personal injury actions[544] | Any person who suffers ascertainable loss of money or property as a result of a willful act can recover actual damages or $200, whichever is greater[545]<br><br>May award punitive damages and the equitable relief the court considers necessary or proper[546]<br><br>May award reasonable attorney's fees to prevailing party, but not to D in a class action suit[547]<br><br>Court may make such additional orders or judgments as necessary to restore to any person in interest any money or property[548] | Not more than $25K per willful violation[549]<br><br>Not more than $25K per injunction violation[550] | Within 1 year from discovery of unlawful practice[551] | Class actions permitted[552] | Plaintiff must provide notice of the practice at issue by mailing copy of complaint to the attorney general; no judgment will be entered until proof of mailing is filed[553] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **PENNSYLVANIA** Tit. 73, Chapter 4 §§201-1 to 201-9.2 (Unfair Trade Practices & Consumer Protection Law) | Unfair method of competition and unfair or deceptive act or practice<br><br>In conduct of any trade or commerce is unlawful<br><br>***§201-3***<br><br>***§201-2*** (enumerates unfair trade practices, including causing likelihood of confusion regarding the approval of goods and passing off goods as those of another) | Some of the enumerated violations require Defendant acted knowingly or intentionally; others do not[554]<br><br>If Plaintiff relies on catchall provision which prohibits Defendant from engaging in other fraudulent activity which creates a likelihood of confusion, Plaintiff must prove all elements of common law fraud, including intent[555] | Plaintiff must prove "ascertainable loss"[556]<br><br>Plaintiff must prove reliance and causation[557] | Excludes publishers acting in good faith and without knowledge of falsity or deceptive character of the advertisement[558] | Any person who purchases goods and suffers ascertainable loss of money or property may bring an action to recover actual or $100, whichever is greater[559]<br><br>Court in its discretion may award up to 3X actual damages, but not less that $100, and other equitable relief deemed proper[560]<br><br>May award P costs & reasonable attorney's fees[561]<br><br>May order injunctive relief and restitution.[562]<br><br>May order punitives.[563] | Not more than $1K per willful violation[564]<br><br>If victim 60+ years old, additional penalty not to exceed $3K per willful violation[565]<br><br>Not more than $5K for each injunction violation[566] | 6 years from transaction[567] | Proof of individual reliance is excused where the defendant has a fiduciary relationship with the plaintiff. In all other instances, proof of individualized reliance and causation is required, including in class actions. Thus, there are inherent problems certifying class actions under the UTPCPL because of the individualized proof issues.[568] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **RHODE ISLAND** §§6-13.1-1 to 6-13.1-27 (Unfair Trade Practices & Consumer Protection Act) | Unfair method of competition and unfair or deceptive act or practice<br><br>In the conduct of any trade or commerce are unlawful<br><br>***§ 6-13.1-2***<br><br>***§ 6-13.1-1*** (enumerates deceptive trade practices, including causing likelihood of confusion regarding the approval of goods and passing off goods as those of another) | Some violations in Section 6-13.1-1 require D act with intent; others do not | Plaintiff must prove "ascertainable loss" however, amendments in the statute will allow people engaged in business to bring an action without having sustained loss[569] | Exemption - actions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of R.I. or the U.S.[570] | Any person who purchases goods and suffers any ascertainable loss of money or property may bring an action to recover actual damages or $200, whichever is greater[571]<br><br>May award punitive damages & other equitable relief deemed proper[572]<br><br>May award reasonable attorney's fees & costs. Amendment will make fee award mandatory for violation[573] | Not more than $10K per injunction violation[574] | 10 years[575] | Allowed if unlawful act has cause similar injury to numerous other persons similarly situated & if P adequately represents those other persons. Amendments appear to limit class action to transactions occurring in Rhode Island.[576]<br><br>In a class action, the court may award damages and injunctive relief[577] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **SOUTH CAROLINA** §§39-5-10 to 39-5-170 (South Carolina Unfair Trade Practices Act) | Unfair or deceptive trade practice<br><br>In the conduct of any trade or commerce is unlawful<br><br>Plaintiff must also show public interest has been harmed<br><br>***§ 39-5-20*** | Intent to deceive not required[578]<br><br>Knowledge/intent required for treble damages[579] | Plaintiff must suffer ascertainable loss[580] | Act is inapplicable to: 1) actions permitted under laws administered by any regulatory body or officer acting under statutory authority of S.C. or the U.S. or permitted by any other S.C. law; 2) publisher or disseminator of an ad w/o knowledge of the false, misleading or deceptive character of the ad and w/o a direct financial interest; and 3) practices that comply with statutes administered by the FTC and the rules, regulations and decisions interpreting such statutes[581] | Any person who suffers ascertainable loss of money or property, may bring an action to recover actual damages[582]<br><br>If D's practice found willful and knowing or in bad faith, 3X actual damages allowed & other equitable relief deemed proper;[583] and<br><br>Reasonable attorney's fees & costs to prevailing Plaintiff[584] | Not more than $5K per willful violation[585]<br><br>Not more than $15K per injunction violation[586] | No more than 3 years after discovery of unlawful conduct[587] | Act states injured person may bring action in individual, but not in representative capacity[588] | D's practice had adverse impact on public interest[589] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **SOUTH DAKOTA** §§37-24-1 to 37-24-40 | It is a deceptive act for any person to<br><br>Knowingly and intentionally act, use or employ any deceptive act or practice, fraud or misrepresentation<br><br>In connection with the sale or advertisement of merchandise<br><br>Whether any person has in fact been deceived or damaged<br><br>***§37-24-6*** (in addition to the violation above, this section also enumerates several more specific deceptive practices) | Some violations require that Defendant acted knowingly; others do not. However, the catchall provision in subsection (1) is the most likely to apply, and it requires knowledge or intent.[590] | For some provisions, there is a violation whether or not P has been deceived or damaged[591] | Exemptions: 1) acts or practices permitted under laws of S.D. or the U.S. or under rules, regulations, or decisions interpreting such laws[592]; and 2) publisher or disseminator without knowledge that the practice was unlawful[593] | Any person who claims to have been adversely affected may bring an action to recover actual damages[594]<br><br>Punitive damages not recoverable[595]<br><br>Court may also order restitution or other equitable relief deemed proper.[596] | Not more than $2K per intentional violation[597]<br><br>Not more than $5K per injunction violation[598] | Not more than 2 years after occurrence or discovery of the conduct[599] | Act does not provide for class actions; no relevant case law on issue | Deceptive acts or practices defined under S.D. Codified Laws §37-24-6 |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **TENNESSEE** §§47-18-101 to 47-18-125 (Tennessee Consumer Protection Act of 1977) | Unfair or deceptive acts or practices<br><br>Affecting the conduct of any trade or commerce are unlawful<br><br>***§47-18-104*** (enumerates violations, including passing off goods as those of another and causing likelihood of confusion regarding the approval of goods) | Plaintiff not required to prove intent to recover actual damages[600] | Plaintiff must prove "ascertainable loss"[601] Amendments now will require plaintiff to show that he has suffered out of pocket loss, caused by deceptive act of defendant. | 4 statutory exemptions: 1) acts or transactions required or specifically authorized under the laws administered by, or rules and regulations promulgated by regulatory bodies or officers acting under the authority of Tenn. or of the U.S.; 2) publisher or disseminator without notice from the division that the information violated the act; 3) credit terms subject to Tenn. Equal Consumer Credit Act; and 4) retailer acting in good faith[602]<br><br>Also, the scope of the statute does not extend to personal injury actions[603] | Any person who suffers ascertainable loss of money or property may bring an action to recover actual damages[604]<br><br>If the violation is willful, the court may award 3X actual damages, but plaintiff cannot also recover punitives.[605]<br><br>If P prevails, court may award attorneys' fees and costs[606]<br><br>If P's action is frivolous, court may award D attorneys' fees[607] | Not more than $1K per violation[608]<br><br>Not more than $2K per injunction violation[609]<br><br>Up to $10k additional for each knowing violation against elderly[610] | Within 1 year from discovery but no more than 5 years after transaction giving rise to claim for relief[611] | Class actions permitted[612] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **TEXAS**<br>Tex. Bus. & Com. Code §§17.41 to 17.62 (Deceptive Trade Practices – Consumer Protection Act)[613] | False, misleading, or deceptive acts or practices<br><br>In the conduct of any trade or commerce are unlawful<br><br>***§ 17.46(a)*** (enumerates violations, including passing off goods as those of another and causing confusion regarding the approval of goods).<br>Amended, but amendments did not change substantive provisions. | Element of scienter need not be proved; no proof of intent to deceive necessary[614] | Plaintiff must prove Defendant's conduct was the cause of Plaintiff's damages, but Plaintiff does not need to prove reliance or foreseeability[615] | It is a defense to award of damages or attorney's fees if D proves that before consummation of transaction he gave reasonable & timely written notice to P of D's reliance on factors listed under Tex. Bus. & Com. Code §17.506(a)[616]<br><br>6 Exemptions - The act does not apply to: 1) publisher or disseminator without knowledge of falsity or deceptive character or without a direct or substantial financial interest; 2) acts authorized under specific rules or regulations promulgated by the FTC; 3) claim for damages based on the rendering of a professional service, the essence of which is to provide advice, judgment, opinion or similar professional skill; 4) causes of action for bodily injury, death or infliction of mental anguish; and 5) and 6) certain breaches of contract[617] | P may obtain economic damages.<br><br>If intentional or knowing violation, P can obtain up to 3x economic damages plus mental anguish damages[618]<br><br>Reasonable & necessary attorney's fees shall be awarded to prevailing P[619]<br><br>Attorney's fees available in the court's discretion to prevailing defendant where suit is brought for purposes of harassment or was groundless[620]<br><br>The DTPA prohibits double recovery for the same act or practice, but plaintiff can recover treble damages under DTPA and common law punitives.[621] | Not more than $20K per violation[622]<br><br>If violation against elderly, an additional penalty of up to $250K[623]<br><br>For injunction violations, up to $10K (not to exceed $50K)[624] | Within 2 years after date act or practice occurred or<br><br>Within 2 years after consumer discovered, or in exercise of reasonable diligence, should have discovered, deception<br><br>May be extended 180 days if P proves failure to timely commence action was caused by D's intentional conduct[625] | Class actions permitted. Consumer must send notice of action to Consumer Protection Division; CPD may intervene in action[626] | As a prerequisite to filing a suit seeking mental anguish or treble damages, a consumer shall give written notice at least 60 days before filing the suit of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees[627] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **UTAH** §§13-11-1 to 13-11-23 (Utah Consumer Sales Practices Act) | Deceptive act or practice<br><br>In connection with a consumer transaction<br><br>***§13-11-4*** (enumerates violations, including knowingly indicating goods have approval they do not have and knowingly indicating goods are of a quality of which they are not) | The violations enumerated in Section 13-11-4 require that D acted intentionally or knowingly[628] | Plaintiff must suffer loss to recover damages[629]<br><br>Section 13-11-4(1) states that if D commits one of the enumerated acts, it is a violation whether it occurs before, during, or after the transaction.[630] This likely means that Plaintiff need not establish reliance. | If violation resulted from bona fide error, recovery is limited to amount that supplier was unjustly enriched[631]<br><br>5 Exemptions - Act does not apply to: 1) acts required or specifically permitted under federal or state law; 2) publisher or disseminator without knowledge that it violated the act; 3) claims for personal injury or death; 4) credit terms of transaction otherwise subject to the Act; and 5) public utilities[632] | A consumer who suffers loss may recover actual damages or $2K, whichever is greater; no requirement of loss to bring action for declaratory relief[633]<br><br>Reasonable attorneys' fees to prevailing party if P knew action was groundless, or if D committed violation[634] | Not more than $5K each day for TRO or injunction violation[635] | Within 2 years of transaction, or within 1 year after termination of Attorney General proceedings, whichever is later[636] | Consumer who suffers loss may bring class action for actual damages if meets provisions of Section 13-11-20[637]<br><br>Consumer can bring class action for declaratory judgment, injunction and appropriate ancillary relief whether or not consumer is entitled to damages[638]<br><br>Consumer must mail enforcing authority a copy of class action complaint[639]<br><br>Enforcing authority may bring class action on behalf of consumers for actual damages[640] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **VERMONT** Tit. 9, §§2451 to 2480g | Unfair methods of competition and unfair or deceptive acts or practices<br><br>In commerce are unlawful<br><br>*§ 2453* | Plaintiff need not prove intent[641] | Plaintiff must prove reliance or must sustain damages/injury[642]<br><br>The failure to sell any goods or services as advertised or offered creates a rebuttable presumption of an intent to violate the Act. No actual damage need be shown.[643] | Exemption for a publisher or disseminator of an advertisement without knowledge of the fraudulent intent, design or purpose of the advertiser[644] | Any consumer who relies on false representations or who sustains injury or damages as a result of false representations may bring an action for actual damages or the consideration/value given by consumer[645]; e<br>Plaintiff may also receive reasonable attorney's fees and exemplary damages (not to exceed 3x the value of the consideration given by consumer)[646]<br><br>No attorneys fees to prevailing defendant[647] | Not more than $10K per injunction violation[648]<br><br>Up to $10K for each violation[649] | 6 years[650] | Class actions permitted[651] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **VIRGINIA** §§59.1-196 to 59.1-207 (Virginia Consumer Protection Act) | Fraudulent acts or practices<br><br>Committed by supplier<br><br>In connection with consumer transaction<br><br>***§59.1-200*** (enumerates violations, including misrepresenting goods as those of another and misrepresenting the approval of goods) | P must prove D's act was willful to recover 3X damages; otherwise no requirement of willfulness[652] | Plaintiff must suffer loss[653] | Exclusions – The Act does not apply to: 1) transactions authorized under laws or regulations or the formal advisory opinions of any regulatory body or official of Virginia or U.S.; 2) publisher or disseminator without knowledge that it violated § 59.1-200; 3) consumer transactions regulated by the Federal Consumer Credit Protection Act or the Landlord and Tenant Act; 4) banks, credit unions, insurance companies, etc.; and 5) real estate licensees[654]<br><br>Defense - No liability for suppliers if the act/practice of the manufacturer or distributor was not within the control of the supplier or if there was a bona fide error[655] | Any person who suffers loss may bring an action for actual damages or $500, whichever greater[656]<br><br>If D's violation found willful, damages may be increased to amount not exceeding 3X actual damages sustained, or $1K, whichever is greater.[657] Proposed amendments would allow recovery of actual damages and restrict punitive damages to $1000.<br><br>Court may also award P attorneys' fees[658] | Not more than $2500 per willful violation[659]<br><br>Not more than $5K per injunction violation[660] | Within 2 years after accrual of cause of action[661]<br><br>If government files suit, statute of limitations is tolled[662] | Class actions likely permitted, but caselaw recognizes inherent problems because of injury requirement which necessitates individualized inquiry[663] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **WASHINGTON** §§19.86.010 to 19.86.920 (Consumer Protection Act) | Unfair or deceptive act<br><br>In conduct of trade or commerce are unlawful<br><br>engaged in an unfair or deceptive act or practice;<br><br>in the conduct of trade or commerce;<br><br>act or practice affected public interest;<br><br>P was injured by defendant's act or practice<br>***§19.86.020*** | Plaintiff not required to prove intent – only need to show capacity or tendency to deceive[664] | Plaintiff must show injury to recover damages.[665]<br><br>Plaintiff not required to prove reliance, but must prove conduct has capacity or tendency to deceive[666] | Unfair practice occurring in good faith under arguable interpretation of existing law not actionable under CPA.[667]<br><br>Scope of the statute does not extend to personal injury actions[668]<br><br>Statutory exemption: FDA or state approved transactions are not actionable.[669] | Any person who is injured may bring an action to recover actual damages, costs of suit and attorneys' fees; Court may award up to 3x damages (not to exceed $10K)[670]<br><br>Court may order restitution in action brought by AG.<br><br>Prevailing defendant not entitled to attorneys fees[671] | Injunction violation = not more than $25K[672]<br><br>Not more than $100K for certain violations; not more than $500K for certain violations by corporations[673]<br><br>Not more than $2K for violations of section 19.86.020 | 4 years from accrual of cause of action; action by AG tolls statute of limitations[674] | Class actions permitted[675] | Per se violation if P proves: existence of pertinent statute; violation causing proximate damage; P in class statute sought to protect[676]<br><br>Plaintiff must demonstrate the act has an impact on public interest to state a claim[677] |