| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **WEST VIRGINIA** §§46A-6-101 to 46A-6-110; 46A-7-101 to 46A-7-116 (West Virginia Consumer Credit & Protection Act) | Unfair methods of competition or unfair deceptive acts or practices<br><br>In the conduct of any trade or commerce are unlawful<br><br>***§46A-6-104***<br><br>***§46A-6-102*** (enumerates violations, including passing off goods as those of another and causing likelihood of confusion regarding the approval of goods) | Under the catchall provision, the act of fraud or false misrepresentation with *intent* that others rely upon such fraud is a violation whether or not any person has in fact been misled, deceived or damaged; other provisions do not require intent[678] | Plaintiff must prove "ascertainable loss"[679]<br><br>Plaintiff is not required to allege a specific amount of damages; it is enough for Plaintiff to show she purchased something different from or inferior to that for which she bargained[680] | No civil penalty if D can establish unintentional violation or bona fide error[681]<br><br>Exemption for publisher or disseminator without knowledge of the false, misleading or deceptive character of the advertisement and who did not have a direct financial interest in the sale of the product[682] | Any person who purchases goods and suffers ascertainable loss of money or property may bring an action for actual damages or $200, whichever is greater[683];<br><br>The court may also award other equitable relief it deems proper[684] | Up to $5K for each willful violation[685] | 2 years[686] | Class actions permitted[687] | |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **WISCONSIN** §§100.01 to 100.52 | ***§100.18***<br><br>No person<br><br>With intent to sell or induce the public<br><br>In Wisconsin into any sale or contract<br><br>Can make any deceptive or misleading statements in advertisements, publications, etc.<br><br>***§ 100.20***<br><br>Unfair methods of competition in business and<br><br>Unfair trade practices in business are prohibited | D must have intent to sell or induce per Section 100.18; Section 100.20 does not include an intent requirement[688]<br><br>Act does not impose a duty to disclose; it prohibits only affirmative assertions, representations that are false or misleading[689] | Plaintiff must suffer "pecuniary loss" under both sections, Section 100.18, covering fraudulent representations, requires reliance.[690]<br><br>Failure to allege pecuniary loss bars recovery[691] | | Section 100.18:<br>Any person who suffers pecuniary loss because of a violation of Section 100.18 may recover such loss, including attorneys' fees; P can receive up to 2X pecuniary loss if D violated an injunction issued pursuant to Section 100.18[692]<br><br>Section 100.20:<br>Any person who suffers pecuniary loss because of a violation of an order issued pursuant to Section 100.20 may bring an action for 2X amount of pecuniary loss, plus costs & reasonable attorney's fees[693]<br><br>No private cause of action exists under Section 100.20 unless there has been a violation of an order[694] | Up to $200 for certain violations; Up to $10K for certain violations and injunction violations[695]<br><br>Up to $10K in additional penalties for violations against the elderly or disabled[696] | Section 100.18:<br>Within 3 years of occurrence of unlawful practice[697]<br><br>Section 100.20:<br>Within 1 year after initial discovery, or within 2 years of consumer transaction, whichever occurs first | Class actions likely permitted[698] | Statute provides for criminal penalties[699] |

| STATE[1] | STATUTORY ELEMENTS | INTENT/SCIENTER | INJURY/RELIANCE | DEFENSES/ EXEMPTIONS | DAMAGES | CIVIL PENALTY | STATUTE OF LIMITATIONS | CLASS ACTIONS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| **WYOMING** §§40-12-101 to 40-12-209 (Wyoming Consumer Protection Act) | Knowingly engaging in<br><br>Deceptive act or practice<br><br>In course of business or in connection with a consumer transaction<br><br>***§40-12-105*** (enumerates deceptive acts, including representing merchandise is of a particular quality if it is not and advertising merchandise with intent to sell it not as advertised) | Plaintiff must prove Defendant acted knowingly[700] | Plaintiff must prove reliance[701] | 2 Exemptions: 1) acts or practices required or permitted by state or federal law, rule or regulation or judicial or administrative decision; and 2) publisher or broadcaster without knowledge of the deceptive character of the advertisement[702] | A person relying on a deceptive act or practice may bring an action for actual damages[703]<br><br>Court may issue temporary restraining orders or preliminary or permanent injunctions, in accordance with the principles of equity, to restrain and prevent violations of this act. The court may make such additional orders or judgments as are necessary to compensate identifiable persons for actual damages or restoration of money or property.[704]<br><br>However, the remedies provided in this act are the exclusive remedies for actions brought pursuant to this act.[705] | Not more than $10K per willful violation[706]<br><br>Not more than $5K per injunction violation[707]<br><br>Up to $15K for willful violations against the elderly or disabled[708] | 1 year from discovery or within 2 years of transaction, whichever is first[709] | Any person entitled to bring suit on own behalf may bring class action provided Wyoming procedural rules regarding class actions are satisfied; actual damages and attorneys' fees are recoverable[710] | Plaintiff must give notice to defendant within a prescribed time period before filing complaint[711] |

1 Unless otherwise stated, all code citations are to that state's general statute.

2. Strickland v. Kafko Manuf. Inc., 512 So. 2d 714, 718 (Ala. 1987); Ala. Code § 8-19-13

3 Ala. Code § 8-19-5; Nunley v. State, 628 So. 2d 619, 622 (Ala. 1993)

4 Ala. Code § 8-19-10(a); Billions v. White & Stafford Furniture Co., Inc., 528 So. 2d 878, 880 (Ala. App. Ct. 1988)

5 Strickland v. Kafko Manuf. Inc., 512 So. 2d 714, 718 (Ala. 1987); Ala. Code § 8-19-13

6 Ala. Code § 8-19-7

7 Ala. Code § 8-19-10(a)(1)

[8] Ala. Code § 8-19-10(a)(2)
[9] Ala. Code § 8-19-10(a)(3)
[10] Ala. Code § 8-19-11(a)
[11] Ala. Code § 8-19-15
[12] Ala. Code § 8-19-14
[13] Ala. Code § 8-19-10(f)
[14] Ala. Code § 8-19-10(e)
[15] State v. O'Neill, Investigations, Inc., 609 P.2d 520, 534 (Alaska 1980)
[16] State v. O'Neill, Investigations, Inc., 609 P.2d 520, 535 (Alaska 1980)
[17] Alaska Stat. § 45.50.531(a)
[18] State v. O'Neill, Investigations, Inc., 609 P.2d 520, 534-35 (Alaska 1980)
[19] Alaska Stat. § 45.50.481
[20] Alaska Stat. §§ 45.50.531(a) & 45.50.551(b)
[21] Alaska Stat. § 45.50.537
[22] Alaska Stat. § 45.50.531(a)
[23] Alaska Stat. § 45.50.551(a)
[24] Alaska Stat. § 45.50.531(f)
[25] Alaska Stat. § 45.50.531; State v. O'Neill, Investigations, Inc., 609 P.2d 520, 524 (Alaska 1980)
[26] State v. O'Neill, Investigations, Inc., 609 P.2d 520, 535 (Alaska 1980)
[27] State v. O'Neill, Investigations, Inc., 609 P.2d 520, 535 (Alaska 1980)
[28] State ex rel. Corbin v. Tolleson, 773 P.2d 490 (Ariz. Ct. App. 1989)
[29] Ariz. Rev. Stat. § 44-1522A
[30] Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992); Parks v. Macro Dynamics, Inc., 591 P.2d 1005, 1008 (Ariz. 1979)
[31] Holeman v. Neils, 803 F. Supp. 237, 242-43 (D. Ariz. 1992)
[32] Ariz. Rev. Stat. § 44-1523
[33] Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992)
[34] Holeman v. Neils, 803 F. Supp. 237, 242-43 (D. Ariz. 1992)
[35] Ariz. Rev. Stat. § 44-1531
[36] Ariz. Rev. Stat. § 44-1532
[37] Alaface v. National Inv. Co., 892 P.2d 1375, 1380 (Ariz. 1994) (one-year statute of limitations in Ariz. Stat. § 12-541 applies to consumer fraud actions)
[38] Siemer v. Assocs. First Capital Corp., 2001 US Dist. LEXIS 12810, at *18 (D. Ariz. 2001)
[39] Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992)
[40] Ark. Code § 4-88-107. This statute was recently amended, and the following language added: (12) Violating Sections 4-109-101 4-109-105, pertaining to the use by a notary public of 'notario', 'notario publico', and similar terms in advertising. The change did not affect the statute's meaning for the purposes of this action. See 2005 Arkansas Senate Bill 72 (SN), 2005 Arkansas Senate Bill No. 72, Arkansas 2005 Re, (Jan 13, 2005).
[41] Ark. Code § 4-88-113(f)
[42] Ark. Code § 4-88-101
[43] Ark. Code § 4-88-113(f)
[44] Ark. Code § 4-88-113(a)(2)(A)
[45] Ark. Code § 4-88-113(a)(3), (c)

[46] Ark. Code § 4-88-115

[47] Tay-Tay, Inc. v. Young, 80 S.W.3d 365, 373 (Ark. 2002) (class action superior method for adjudicating claims brought by consumers against paycheck advance company pursuant to Deceptive Trade Practices Act)

[48] Cal. Civ. Code § 1770(a)

[49] Cal. Civ. Code § 1784

[50] Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632, 647 (1996)

[51] Cal. Civ. Code § 1780(a)(1)

[52] Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632, 647-48 (1996)

[53] The meaning and scope of Proposition 64 are currently being contested in California state courts. Uyeda v. CACV of Colo. LLC, 2005 U.S. Dist. LEXIS 9271, at *12-14 (N.D. Cal. 2005). The California Supreme Court is currently considering the retroactivity of the amendment to § 17204 and 17203 in several related cases. *See, e.g.,* Californians for Disability Rights v. Mervyn's, LLC, 126 Cal. App. 4th 386 (2005) (California Supreme Court Case no. S131798). Whether or not injury-in-fact is required in this case will depend, in part, on the resolution of the retroactivity-debate.

[54] Cal. Civ. Code § 1755

[55] Cal. Civ. Code § 1784

[56] Cal. Civ. Code § 1780(a)(1)

[57] Cal. Civ. Code § 1780(a)(4)

[58] Cal. Civ. Code § 1780(d)

[59] Cal. Civ. Code § 1780(d)

[60] Cal. Civ. Code § 1780(b)

[61] Cal. Bus. & Prof. Code § 17203

[62] Cal. Bus. & Prof. Code §§ 17206, 17206.1

[63] Cal. Bus. & Prof. Code § 17207

[64] Cal. Civ. Code § 1783

[65] Cal. Bus. & Prof. Code § 17208

[66] Cal. Civ. Code § 1781(b)

[67] Cal Bus. & Prof. Code §§ 17203 & 17204; Cal. Code Civ. Proc. § 382.

[68] Cal. Civ. Code § 1782(c)

[69] Rhino Linings USA, Inc. v. Rocky Mtn. Rhino Lining, Inc., 62 P.3d 142, 146-47 (Colo. 2003)

[70] Colo. Rev. Stat. § 6-1-105; Bidwell v. German Motors Inc., 586 P.2d 1003, 1006 (Colo. Ct. App. 1978) (no violation of CPA where no showing that defendant had knowledge of the falsity of the representation)

[71] Hall v. Walter, 969 P.2d 224, 231 (Colo. 1998)

[72] Colo. Rev. Stat. § 6-1-106

[73] Colo. Rev. Stat. § 6-1-113(2)

[74] Robinson v. Lynmar Racquet Club, Inc., 851 P.2d 274, 280 (Colo. Ct. App. 1993), *citing* Colo. Rev. Stat. § 6-1-113(2)

[75] Colo. Rev. Stat. § 6-1-112

[76] Colo. Rev. Stat. § 6-1-115

[77] Robinson v. Lynmar Racquet Club, Inc., 851 P.2d 274, 278 (Colo. Ct. App. 1993)

[78] Conn. Gen. Stat. § 42-110b

[79] Conn. Gen. Stat. § 42-110g(a); Prishwalko v. Bob Thomas Ford, Inc. 636 A.2d 1383, 1388 (Conn. App. Ct. 1994)

[80] Kellogs v. Key Bank of Maine, 166 B.R. 504, 507 (D. Conn. 1994); Prishwalko v. Bob Thomas Ford, Inc. 636 A.2d 1383, 1388 (Conn. App. Ct. 1994)

[81] Conn. Gen. Stat. § 42-110g(a)

[82] Prishwalko v. Bob Thomas Ford, Inc. 636 A.2d 1383, 1388 (Conn. App. Ct. 1994)
[83] Conn. Gen. Stat. § 42-110c
[84] Gerrity v. R.J. Reynolds Tobacco Co., 818 A.2d 769 (Conn. 2003)
[85] Conn. Gen. Stat. § 42-110g(a)
[86] Conn. Gen. Stat. § 42-110g(d)
[87] Conn. Gen. Stat. § 42-110g(d)
[88] Conn. Gen. Stat. § 42-110o
[89] Conn. Gen. Stat. § 42-110g(f)
[90] Conn. Gen. Stat. § 42-110g(b); *see also* § 42-110h (court should decide whether class action should be maintained as soon as practicable)
[91] Conn. Gen. Stat. § 42-110g(a)
[92] Conn. Gen. Stat. § 42-110g(c)
[93] In re Brandywine Volkswagen, Ltd., 306 A.2d 24, 29 (1973), *aff'd* Brandywine Volkswagen, Ltd. v. State, 312 A.2d 632 (Del. Super. Ct. 1973); Nash v. Hoopes, 332 A.2d 411, 413 (1975)
[94] Del. Code tit. 6, § 2513(a)
[95] Del. Code tit. 6, § 2533
[96] Del. Code tit. 6, § 2513(a); Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1074 (Del. Super. Ct. 1983)
[97] Del. Code tit. 6, § 2532(b)
[98] Del. Code tit. 6, § 2533
[99] Del. Code tit. 6, § 2513(b)
[100] Del. Code tit. 6, § 2534
[101] Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1077 (Del. Super. Ct. 1983)
[102] Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1076-77 (Del. Super. Ct. 1983)
[103] Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1077 (Del. Super. Ct. 1983)
[104] Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1078 (Del. Super. Ct. 1983)
[105] Del. Code tit. 6, § 2533(b)
[106] Del. Code tit. 6, § 2533(c)
[107] Roberts v. American Warranty Corp., 514 A.2d 1132, 1135 (Del. Super. Ct. 1986)
[108] Del. Code tit. 6, § 2583
[109] Del. Code tit. 6, § 2522
[110] Del. Code tit. 6, § 2533(e)
[111] Del. Code tit. 6, § 2582
[112] Del. Code tit. 10, § 8106
[113] Crowhorn v. Nationwide Mut. Ins. Co., 2002 Del. Super. LEXIS 178, at *30 (Del. Super. Ct. 2002) (class treatment not appropriate under facts alleged, but opinion implies that class actions are permissible under the CFA); Spark v. MBNA Corp., 178 F.R.D. 431, 437 (D. Del. 1998) (granting class certification for a cause of action under Section 2513).
[114] Witherspoon v. Philip Morris Inc., 964 F. Supp. 455, 464, n. 5 (D. D.C. 1997)
[115] D.C. Code § 28-3904
[116] D.C. Code § 28-3905(k)
[117] D.C. Code § 28-3905(i)(3)(A)
[118] D.C. Code §12-301(8)
[119] Wells v. Allstate Ins. Co., 210 F.R.D. 1, 13 (D.C. Dist. 2002) (case also discusses a significant change to the law in 2000: pre-2000, plaintiffs had to prove injury in fact and causation, but after 2000, no such proof was required; *compare with* California Proposition 64 which recently added an injury requirement); D.C. Code § 28-3905(k)(1)

120 D.C. Code § 28-3905
121 Fla. Stat. § 501.204(2) (in construing statute, great weight shall be given to the interpretations of the Federal Trade Commission relating to the Federal Trade Commission Act)
122 Davis v. PowerTel, Inc., 776 So. 2d 971, 974 (Fla. Ct. App. 2000)
123 Fla. Stat. § 501.211(1), (2)
124 Fla. Stat. § 501.212
125 Fla. Stat. § 501.211(2)
126 Fla. Stat. § 501.211(3)
127 Fla. Stat. § 501.2105
128 Fla. Stat. § 501.213
129 Fla. Stat. § 501.2075
130 Fla. Stat. § 501.2077
131 Fla. Stat. § 501.2075
132 Fla. Stat. § 95.11(3)(f)
133 Fla. Stat. § 501.207(5)
134 Davis v. PowerTel, Inc., 776 So. 2d 971, 975 (Fla. Ct. App. 2000)
135 Latman v. Costa Cruise Lines, 758 So. 2d 699, 703 (Fla. Ct. App. 2000)
136 Ga. Code. § 10-1-373
137 Delta Chevrolet v. Wells, 371 S.E.2d 250, 251 (Ga. Ct. App. 1988)
138 Ga. Code § 10-1-399(a); Standish v. Hub Motor Co., 254 S.E.2d 416, 417 (Ga. 1979)
139 Ga. Code § 10-1-372(b)
140 Ga. Code § 10-1-396
141 Friedlander v. PDK Labs, Inc., 465 S.E.2d 670 (Ga. 1996)
142 O'Brien v. Union Oil Co., 699 F. Supp. 1562, 1570 (N.D. Ga. 1988)
143 Ga. Code § 10-1-400
144 Ga. Code § 10-1-374
145 Ga. Code § 10-1-399(c)
146 Ga. Code § 10-1-399
147 Ga. Code § 10-1-399(d)
148 Ga. Code § 10-1-407
149 Lauria v. Ford Motor Co., 312 S.E.2d 190, 207 (Ga. Ct. App. 1983); Ga. Code § 10-1-373
150 Ga. Code § 10-1-397
151 Ga. Code § 10-1-405
152 Ga. Code § 10-1-851
153 Ga. Code § 10-1-401
154 Kason Indus. v. Component Hardware Group, 120 F.3d 1199, 1205 (11th Cir. 1997) (applying Georgia law)
155 Ga. Code § 10-1-399(a)
156 Taylor Auto Group, Inc. v. Jessie, 527 S.E.2d 256, 257 (Ga. Ct. App. 1999)
157 Delta Chevrolet v. Wells, 371 S.E.2d 250, 251 (Ga. Ct. App. 1988)
158 Ga. Code § 10-1-399(b)
159 Ga. Code § 10-1-405

[160] State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 312 (Haw. 1996)
[161] Haw. Rev. Stat. § 481A-4(a)
[162] Haw. Rev. Stat. § 480-13 (this section was amended in June 2005 but the substantive law remains the same)
[163] Sambor v. Omnia Credit Svcs., 183 F. Supp. 2d 1234, 1244-45 (D. Haw. 2002)
[164] Haw. Rev. Stat. § 481A-4
[165] Davis v. Wholesale Motors, Inc., 949 P.2d 1026, 1039 (Haw. Ct. App. 1997)
[166] Beerman v. Toro Mfg. Corp., 615 P.2d 749, 754 (1980); Blowers v. Eli Lilly and Co., 100 F. Supp. 2d 1265 (D. Haw. 2000)
[167] Haw. Rev. Stat. § 480-10
[168] Haw. Rev. Stat. § 480-11
[169] Haw. Rev. Stat. § 481A-5
[170] Haw. Rev. Stat. § 480-13(a)(1)
[171] Haw. Rev. Stat. § 480-13(b)(1)
[172] Eastern Star, Inc. v. Union Bldg. Mat. Corp., 712 P.2d 1148, 1159-60 (Haw. 1985)
[173] Haw. Rev. Stat. § 481A-4(a)
[174] Haw. Rev. Stat. § 481A-4(b)
[175] Haw. Rev. Stat. § 480-3.1
[176] Haw. Rev. Stat. § 480-13.5
[177] Haw. Rev. Stat. § 480-15.1
[178] Haw. Rev. Stat. § 480-24
[179] Haw. Rev. Stat. § 657-1
[180] Haw. Rev. Stat. § 480-13.3 (notice to AG required for class actions other than claim of unfair or deceptive acts (*e.g.*, unfair competition), but no such notice is required for claims of unfair or deceptive acts or practices)
[181] Haw. Rev. Stat. § 480-13(c)(1)
[182] Haw. Rev. Stat. § 480-2(c)
[183] Kidwell v. Master Dist., Inc., 615 P.2d 116, 122-23 (Idaho 1980)
[184] Idaho Code § 48-603
[185] Kidwell v. Master Dist., Inc., 615 P.2d 116, 123 (Idaho 1980)
[186] Idaho Code § 48-608(1)
[187] Idaho Code § 48-605
[188] Idaho Code § 48-608(1)
[189] Idaho Code § 48-608(1)
[190] Idaho Code § 48-608(4)
[191] Idaho Code § 48-608(4)
[192] Idaho Code § 48-608(1)
[193] Idaho Code § 48-606(e)
[194] Idaho Code § 48-615
[195] Idaho Code § 48-619
[196] Idaho Code § 48-608(1)
[197] First Midwest Bank v. Sparks, 682 N.E.2d 373, 377-378 (Ill. 1997)
[198] Berthold Types Ltd. v. Adobe Sys., 101 F. Supp. 2d 697, 699 (N.D. Ill. 2000)

199 815 Ill. Comp. Stat. § 510/3
200 Stehl v. Brown's Sporting Goods, Inc., 603 N.E.2d 48, 51-52 (Ill. 1992)
201 First Midwest Bank v. Sparks, 682 N.E.2d 373, 378 (Ill. 1997)
202 Popp v. Cash Station, Inc., 613 N.E.2d 1150, 1157 (Ill. App. 1992)
203 815 Ill. Comp. Stat. § 510/2(b)
204 815 Ill. Comp. Stat. § 510/3
205 815 Ill. Comp. Stat. § 505/10b
206 Grimes v. Adlesperger, 384 N.E.2d 537, 539 (Ill. 1978)
207 815 Ill. Comp. Stat. § 510/4
208 815 Ill. Comp. Stat. § 505/10a
209 815 Ill. Comp. Stat. § 505/10(a)(c)
210 815 Ill. Comp. Stat. § 510/3
211 815 Ill. Comp. Stat. § 505/7(b)
212 815 Ill. Comp. Stat. § 505/10a(e)
213 Elrad v. United Life & Accident Ins. Co., 624 F. Supp. 742, 744-45 (N.D. Ill. 1985)
214 Shields v. Lefta, Inc., 888 F. Supp. 894, 896 (N.D. Ill. 1995)
215 Hayna v. Arby's, Inc., 425 N.E.2d 1174, 1186 (Ill. Ct. App. 1981); *see also* Cobb v. Monarch Finance Corp., 913 F. Supp. 1164, 1179-1180 (N.D. Ill. 1995)
216 815 Ill. Comp. Stat. § 505/10a(d)
217 Cobb v. Monarch Finance Corp., 913 F. Supp. 1164, 1179-1180 (N.D. Ill. 1995)
218 Doll v. Bernard, 578 N.E.2d 1053, 1057 (Ill. 1991)
219 Ind. Code § 24-5-0.5-3
220 Ind. Code § 24-5-0.5-4
221 Ind. Code § 24-5-0.5-3(d)
222 Ind. Code § 24-5-0.5-3(c)
223 Ind. Code § 24-5-0.5-3(g)
224 Ind. Code § 24-5-0.5-6
225 Ind. Code § 24-5-0.5-4(a)
226 Ind. Code § 24-5-0.5-4(a)
227 Ind. Code § 24-5-0.5-4(h)
228 Ind. Code § 24-5-0.5-4(g)
229 Ind. Code § 24-5-0.5-4(f)
230 Ind. Code § 24-5-0.5-5
231 Ind. Code § 24-5-0.5-4(b)
232 State v. Hydro Mag., Ltd., 436 N.W.2d 617, 622 (Iowa 1989)
233 State v. Hydro Mag., Ltd., 436 N.W.2d 617, 621 (Iowa 1989)
234 Iowa Code § 714.16(7)
235 Iowa Code § 714.16(14)
236 State v. Hydro Mag., Ltd., 436 N.W.2d 617, 623 (Iowa 1989)
237 Iowa Code § 714.16(7)
238 Iowa Code § 714.16(7)

[239] Iowa Code § 714.16(7)
[240] Iowa Code § 714.16A
[241] Iowa Code § 614.1(4)
[242] Iowa Code § 714.16(1)(n)
[243] Iowa Code § 714.16
[244] Kan. Stat. § 50-626; *see also* Moore v. Bird Engineering Co., 41 P.3d 755, 764 (Kan. 2002)
[245] Kan. Stat. § 50-626(b)
[246] Kan. Stat. § 50-627
[247] Kan. Stat. § 50-635
[248] Kan. Stat. § 50-634(b)
[249] Kan. Stat. § 50-634(e)
[250] Equitable Life Leasing Corp. v. Abbick, 757 P.2d 304, 307 (Kan. 1988) (noting Act does not preclude imposition of punitive damages and Act specifically provides that nothing in Act limits remedies provided by law; however, the punitive damages were based on an "independent tort [fraud] with different elements from those which constituted a violation of the KPCA")
[251] Kan. Stat. § 50-636(a)
[252] Kan. Stat. § 50-636(b)
[253] Kan. Stat. § 50-677
[254] Kan. Stat. § 60-512
[255] Kan. Stat. § 50-634(c) & (d)
[256] Kan. Stat. § 50-634(g)
[257] Capitol Cadillac Olds, Inc. v. Roberts, 813 S.W.2d 287, 291 (Ky. 1991)
[258] Ky. Rev. Stat. § 367.220(1)
[259] Ky. Rev. Stat. § 367.180
[260] Ky. Rev. Stat. § 367.176
[261] Ky. Rev. Stat. § 367.220(1)
[262] Ky. Rev. Stat. § 367.220(3)
[263] Ky. Rev. Stat. § 367.220(1)
[264] Ky. Rev. Stat. § 367.220(5)
[265] Brummett v. Skyline Corp., 38 Fed. R. Serv. 2d 1443 (W.D. Ky. 1984) (court certified class action brought under Kentucky Consumer Protection Act and several other statutes, but expressly rejected a nationwide class due to "numerous problems of manageability")
[266] Nursing Enterprise, Inc. v. Marr, 719 So. 2d 524, 528 (La. Ct. App. 1998)
[267] La. Rev. Stat. § 51:1409(A)
[268] La. Rev. Stat. § 51:1406
[269] La. Rev. Stat. § 51:1409(A)
[270] La. Rev. Stat. § 51:1409(A)
[271] La. Rev. Stat. § 51:1409(A)
[272] La. Rev. Stat. § 51:1409(A)
[273] La. Rev. Stat. § 51:1416
[274] La. Rev. Stat. § 51:1409(E)
[275] La. Rev. Stat. § 51:1409 (person who suffers loss "may bring an action individually but not in representative capacity")
[276] Morris v. Sears, Roebuck & Co., 765 So. 2d 419, 421-22 (La. Ct. App. 2000)