[277] La. Rev. Stat. § 51:1409(B)
[278] Dorsey v. Northern Life Ins. Co., 2005 U.S. Dist. LEXIS 17742, at *38-44 (E.D. La. 2005)
[279] Binnette v. Dyer Library Assoc., 688 A.2d 898, 906 (Me. 1996)
[280] Me. Rev. Stat. Ann. tit. 10, § 1213
[281] Me. Rev. Stat. Ann. tit. 5, § 213
[282] Me. Rev. Stat. Ann. tit. 10, § 1213
[283] Me. Rev. Stat. Ann. tit. 10, § 1212(2)
[284] Me. Rev. Stat. Ann. tit. 5, § 208
[285] Me. Rev. Stat. Ann. tit. 10, § 1214
[286] Me. Rev. Stat. Ann. tit. 5, § 213(1)
[287] Me. Rev. Stat. Ann. tit. 5, § 213(2)
[288] Me. Rev. Stat. Ann. tit. 10, § 1213
[289] Me. Rev. Stat. Ann. tit. 5, § 209
[290] Me. Rev. Stat. Ann. tit. 14, § 752
[291] Oceanside at Fine Point Condominium Owners Ass'n v. Peachtree Doors, Inc., 659 A.2d 267, 273 (Me. 1995) (court reversed summary judgment on class Plaintiffs' MUTPA claim)
[292] Howard's Rexall Stores, Inc. v. Aetna U.S. Healthcare, Inc., 2001 U.S. Dist. LEXIS 6029, at *29 (D. Me. 2001) (denying Plaintiffs' motion for class certification under UDTPA, but noting class action could, in other circumstances, be maintained under UDTPA)
[293] Me. Rev. Stat. Ann. tit. 5, § 213(3)
[294] Me. Rev. Stat. Ann. tit. 5, § 213(1-A)
[295] Oceanside at Fine Point Condominium Owners Ass'n v. Peachtree Doors, Inc., 659 A.2d 267, 273 (Me. 1995)
[296] Golt v. Phillips, 517 A.2d 328, 333 (Md. 1986) (no knowledge or intent required for non-disclosure to be actionable under the Maryland CPA).
[297] Md. Code Ann., Com. Law § 13-407
[298] Md. Code Ann., Com. Law § 13-302
[299] Morris v. Osmose Wood Preserving, 667 A.2d 624, 634 n. 10 (Md. App. Ct. 1995)
[300] Philip Morris, Inc. v. Angeletti, 752 A.2d 200, 235 (Md. App. Ct. 2000)
[301] Md. Code Ann., Com. Law § 13-408(d)
[302] Md. Code Ann., Com. Law § 13-104
[303] Md. Code Ann., Com. Law § 13-408(a)
[304] Golt v. Phillips, 517 A.2d 328, 333 (Md. 1986)
[305] Md. Code Ann., Com. Law § 13-408(b)
[306] Md. Code Ann., Com. Law § 13-408(c)
[307] Md. Code Ann., Com. Law § 13-410(a)
[308] Md. Code Ann., Com. Law § 13-410(b)
[309] Md. Code Ann., Cts. & Jud. Proceedings § 5-101
[310] Philip Morris, Inc. v. Angeletti, 752 A.2d 200, 235-36 (Md. App. Ct. 2000) (decertifying class for causes of action under Maryland CPA)
[311] 940 Mass. Code Reg. 3.16
[312] Bond Leather Co., Inc. v. O.T. Shoe Mfg. Co., Inc., 764 F.2d 928, 937 n.6 (1st Cir. 1985) (Massachusetts law)
[313] Int'l Fidelity Ins. Corp. v. Wilson, 443 N.E.2d 1308, 1314 (Mass. 1983)
[314] Mass. Gen. Laws ch. 93A, § 11
[315] Mass. Gen. Laws ch. 93A, § 3

[316] Mass. Gen. Laws ch. 93A, § 9(1)
[317] Mass. Gen. Laws ch. 93A, § 9(3)
[318] Mass. Gen. Laws ch. 93A, § 9(3)
[319] Mass. Gen. Laws ch. 93A, § 9(4)
[320] Mass. Gen. Laws ch. 93A, § 4
[321] Mass. Gen. Laws ch. 260, § 5A
[322] Mass. Gen. Laws ch. 93A, §§ 9(2), 11
[323] Commonwealth v. Elm Medical Labs, Inc., 596 N.E.2d 376, 383 (Mass. Ct. App. 1992) ("[D]eceptive acts or practice may consist of failure to disclose important information")
[324] Mass. Gen. Laws ch. 93A, § 9(3)
[325] Mich. Comp. Laws § 445.903 was amended in 2005, but the technical changes do not affect the analysis
[326] Dix v. American Bankers Life Assurance Co., 415 N.W.2d 206, 209 (Mich. 1987)
[327] Mich. Comp. Laws § 445.911
[328] Dix v. American Bankers Life Assurance Co., 415 N.W.2d 206, 209 (Mich. 1987)
[329] Mich. Comp. Laws §§ 445.910(4), 445.911(6)
[330] Mich. Comp. Laws § 445.904
[331] Mich. Comp. Laws § 445.911(2)
[332] Mich. Comp. Laws § 445.905(4)
[333] Mich. Comp. Laws § 445.905(1)
[334] Mich. Comp. Laws §§ 445.910(5), 445.911(7)
[335] Mich. Comp. Laws §§ 445.910(1), 445.911(3)
[336] Dix v. American Bankers Life Assurance Co., 415 N.W.2d 206, 209 (Mich. 1987)
[337] Minn. Stat. §§ 325D.11-14
[338] Minn. Stat. § 325F.67
[339] Minn. Stat. § 325F.69
[340] Minn. Stat. §§ 325D.11-14
[341] Minn. Stat. § 325D.45
[342] Minn. Stat. § 325F.67
[343] Minn. Stat. § 325F.69(1)
[344] Group Health Plan, Inc. v. Philip Morris, Inc., 621 N.W.2d 2 (Minn. 2001)
[345] Group Health Plan, Inc. v. Philip Morris, Inc., 621 N.W.2d 2 (Minn. 2001)
[346] Minn. Stat. § 325D.45
[347] Minn. Stat. § 325D.44(2)
[348] Minn. Stat. § 325F.67
[349] Minn. Stat. § 325F.69(1)
[350] Minn. Stat. § 325D.16
[351] Minn. Stat. § 325D.46
[352] Minn. Stat. § 325F.69(3)
[353] Minn. Stat. § 325D.15
[354] Minn. Stat. § 8.31(3a)
[355] Alsides v. Brown Inst., Ltd., 592 N.W.2d 468, 476 (Minn. Ct. App. 1999)

[356] Minn. Stat. § 325D.45
[357] Minn. Stat. § 325D.45
[358] Minn. Stat. § 325F.71
[359] Minn. Stat. § 541.05(2)
[360] Minn. Stat. § 325D.15
[361] Minn. Stat. § 325F.67
[362] Miss. Code § 75-24-19(1)(b); *see also* 75-24-19(3) ("knowing and willful violation occurs when the court finds from clear and convincing evidence that the party committing the violation knew or should have known that his conduct was a violation of Section 75-24-5")
[363] Miss. Code § 75-24-15(1)
[364] Miss. Code § 75-24-7
[365] Miss. Code § 75-24-15(1)
[366] Miss. Code § 75-24-15(3)
[367] Miss Code § 75-24-15(1); Wilson v. Nelson Hall Chevrolet, Inc., 871 F. Supp. 279, 280 (S.D. Miss. 1994), *aff'd in part by* Wilson v. Nelson Hall Chevrolet, Inc., 77 F.3d 479 (5th Cir. 1996)
[368] Miss. Code § 75-24-19(1)(b)
[369] Miss. Code § 75-24-19(1)(a)
[370] Miss. Code § 75-24-20
[371] Miss. Code § 15-1-49
[372] Miss. Code § 75-24-15(4)
[373] Miss. Code § 75-24-15(2)
[374] Webster v. Areaco Inv. Co., 756 S.W.2d 633, 635, 636 (Mo. App. Ct. 1988) (AG required to show intent); *but see* Craft v. Philip Morris Co., 2005 Mo. App. LEXIS 1213, *33-34 (noting that *Webster* was brought by an AG seeking an injunction, not a private plaintiff seeking damages under § 407.025(1), and therefore might have different elements)
[375] Craft v. Philip Morris Co., 2005 Mo. App. LEXIS 1213, at *33-34 (noting that *Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635, 636 (Mo. App. Ct. 1988), does not resolve the issue of whether reliance is required in a private cause of action under MPA because *Webster* was not a private cause of action; the court further noted that the requirement of reliance under the MPA is a question that has not been resolved in Missouri)
[376] Mo. Rev. Stat. § 407.025(1)
[377] Mo. Rev. Stat. § 407.020(2)
[378] Mo. Rev. Stat. § 407.025(1)
[379] Mo. Rev. Stat. § 407.025(1)
[380] Mo. Rev. Stat. § 407.025(2)
[381] Mo. Rev. Stat. § 407.100(6)
[382] Mo. Rev. Stat. § 407.110
[383] Mo. Rev. Stat. § 516.130; Webster v. Myers, 779 S.W.2d 286, 290 (Mo. Ct. App. 1989)
[384] Mo. Rev. Stat. § 407.025(2)-(4)
[385] Mo. Rev. Stat. § 407.020(3)
[386] T&W Chevrolet v. Davial, 641 P.2d 1368, 1371 (Mont. 1982)
[387] Mont. Code § 30-14-133(1)
[388] Mont. Code § 30-14-105
[389] Mont. Code § 30-14-133(1)
[390] Mont. Code § 30-14-133(1)
[391] Mont. Code § 30-14-133(3)

392 Mont. Code § 30-14-142(2); *see also* Mont. Code § 30-14-142(4) ("willful" is when defendant "knew or should have known")
393 Mont. Code § 30-14-142(1)
394 Mont. Code § 27-2-203
395 Osterman v. Sears, Roebuck & Co., 80 P.2d 435, 441 (Mont. 2003)
396 Mont. Code § 30-14-133(1)
397 Selection Research, Inc. v. Murman, 433 N.W.2d 526, 534 (Neb. 1989); Neb. Rev. Stat § 87-303 (exception: knowledge is required under § 87-303(a)(14))
398 Neb. Rev. Stat. § 59-1609
399 Neb. Rev. Stat. § 87-303
400 Neb. Rev. Stat. § 59-1617
401 Neb. Rev. Stat. § 87-304
402 Neb. Rev. Stat. § 59-1609
403 Neb. Rev. Stat. § 87-303(a)
404 Neb. Rev. Stat. § 87-303(b)
405 Neb. Rev. Stat. § 59-1614
406 Neb. Rev. Stat. § 59-1614
407 Neb. Rev. Stat. § 87-303.11
408 Neb. Rev. Stat. § 59-1612
409 Neb. Rev. Stat. § 87-303.10
410 *See, e.g.,* Hage v. General Service Bureau, 2002 US Dist. LEXIS 16774 (D. Neb. 2002)
411 *See, e.g.,* McGinn v. State Farm Mut. Auto. Ins. Co., 689 N.W.2d 802 (Neb. 2004)
412 Nelson v. Lusterstone Surfacing Co., 605 N.W.2d 136, 141-42 (Neb. 2000)
413 Hage v. General Service Bureau, 306 F. Supp. 2d 883, 890 (D. Neb. 2003)
414 Nev. Rev. Stat. § 598.0915; *see also* Nev. Rev. Stat. §§ 598.0916-598.0925
415 Nev. Rev. Stat. § 598.0977
416 Nev. Rev. Stat. § 41.600
417 Nev. Rev. Stat. § 41.600
418 Nev. Rev. Stat. § 598.0977
419 Nev. Rev. Stat. § 598.0993
420 Nev. Rev. Stat. § 598.0999(2) (effective June 13, 2005)
421 Nev. Rev. Stat. § 598.0999(1)
422 Nev. Rev. Stat. § 598.0973
423 Nev. Rev. Stat. § 11.190(2)(d) (effective June 13, 2005)
424 Nev. Power Co. v. Eighth Judicial Dist. Ct., 102 P.3d 578, 583 n.7 (Nev. 2004) (plaintiffs brought class action under deceptive trade practice statute, but the court has not yet reached the issue of class certification or the merits of the private plaintiffs' deceptive-trade practices claims)
425 Nev. Rev. Stat. § 598.0999(3)
426 Nev. Rev. Stat. § 41.610
427 Unit Owners Ass'n of Summit Vista Lot 8 Condo. v. Miller, 677 A.2d 138, 141-42 (N.H. 1996); N.H. Rev. Stat. § 358-A:10
428 N.H. Rev. Stat. § 358-A:11
429 N.H. Rev. Stat. § 358-A:10
430 N.H. Rev. Stat. § 358-A:3

[431] N.H. Rev. Stat. § 358-A:10(I)
[432] N.H. Rev. Stat. § 358-A:10(I)
[433] N.H. Rev. Stat. § 358-A:10(I)
[434] N.H. Rev. Stat. § 358-A:4
[435] N.H. Rev. Stat. § 358-A:3
[436] N.H. Rev. Stat. § 358-A:10-a
[437] N.H. Rev. Stat. § 358-A:6
[438] N.J. Rev. Stat. § 56:8-2; In re National Credit Management Group, LLC, 21 F. Supp. 2d 424, 449 (D. N.J. 1998); Leon v. Rite Aid Corp., 774 A.2d 674, 677 (N.J. Super. 2001)
[439] Gennari v. Weichert Co. Realtors, 691 A.2d 350, 366 (1997)
[440] N.J. Rev. Stat. § 56:8-2
[441] N.J. Rev. Stat. § 56:8-19; Cox v. Sears Roebuck & Co., 647 A.2d 454, 464 (N.J. 1994)
[442] N.J. Rev. Stat. § 56:8-19
[443] N.J. Rev. Stat. § 56:8-19
[444] N.J. Rev. Stat. § 56:8-19
[445] Cox v. Sears Roebuck & Co., 647 A.2d 454, 465 (N.J. 1994)
[446] N.J. Rev. Stat. § 56:8-13
[447] N.J. Rev. Stat. § 56:8-14.3
[448] N.J. Rev. Stat. § 56:8-15
[449] N.J. Rev. Stat. § 2A:14-1
[450] Smith v. SBC Commun., Inc., 839 A.2d 850 (N.J. 2004) (Court certified Plaintiffs' class action pursuant to Consumer Fraud Act)
[451] N.J. Rev. Stat. § 56:8-2.12
[452] N.J. Rev. Stat. § 56:8-20
[453] Richardson Ford Sales, Inc. v. Johnson, 676 P.2d 1344, 1347-48 (N.M. Ct. App. 1984)
[454] N.M. Stat. § 57-12-10(A)
[455] N.M. Stat. § 57-12-10(B)
[456] N.M. Stat. § 57-12-7
[457] N.M. Stat. § 57-12-10(B)
[458] N.M. Stat. § 57-12-10(B)
[459] N.M. Stat. § 57-12-10(C)
[460] N.M. Stat. § 57-12-10(C)
[461] N.M. Stat. § 57-12-11
[462] Tiberi v. CIGNA Corp., 89 F.3d 1423, 1430-31 (10th Cir. 1996) (applying N.M. Stat. § 37-1-4 (4 year statute of limitations) and N.M. Stat. § 37-1-7 (discovery rule))
[463] N.M. Stat. § 57-12-10(E)
[464] N.M. Stat. § 57-12-10(E)
[465] Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995)
[466] Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995); *see also* Hershey Foods Corp. v. Voortman Cookies Ltd., 367 F. Supp. 2d 596, 600 n.2 (S.D. N.Y. 2005); *but see* Bello v. Cablevision Sys. Corp., 587 N.Y.S.2d 1, 2 (N.Y. App. Div. 1992) (plaintiffs' fraudulent misrepresentation claim dismissed because Plaintiffs produced no evidence of justifiable reliance)
[467] N.Y. Gen. Bus. Law §§ 349(h) & 350-e
[468] N.Y. Gen. Bus. Law §§ 349(d) & 350-d

[469] N.Y. Gen. Bus. Law §§ 349(e) & 350-f
[470] N.Y. Gen. Bus. Law §§ 349(h) & 350-e
[471] N.Y. Gen. Bus. Law §§ 349(h) & 350-e
[472] N.Y. Gen. Bus. Law §§ 349(h) & 350-e
[473] N.Y. Gen. Bus. Law § 350-d
[474] N.Y. Gen. Bus. Law § 349-c
[475] Morelli v. Weider Nutrition Group, Inc. 712 N.Y.S.2d 551, 553 (N.Y. 2000) (Claims governed by three year statute of limitations in N.Y. CPLR 214(2))
[476] Super Glue Corp. v. Avis Rent-A-Car Sys., Inc., 517 N.Y.S.2d 764, 767 (App. Div. 1987)
[477] H20 Swimwear, Ltd. v. Lomas, 560 N.Y.S.2d 19, 21 (N.Y.A.D. 1990) (noting that the CPA "has been held to apply solely to matters affecting the public interest and involving transactions of a recurring nature")
[478] Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 534 (4th Cir. 1989)
[479] Marshall v. Miller, 276 S.E.2d 397, 403 (N.C. 1981)
[480] Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 534 (4th Cir. 1989)
[481] N.C. Gen. Stat. § 75-16; G.E.B., Inc. v. QVC, Inc., 129 F. Supp. 2d 856, 862 (M.D. N.C. 2000)
[482] Pearce v. American Defender Life Ins., 343 S.E.2d 174, 180 (N.C. 1986)
[483] Forbes v. The Par Ten Group, Inc., 394 S.E.2d 643, 651 (N.C. Ct. App. 1990) ("that defendants may have made these misrepresentations negligently and in good faith, in ignorance of their falsity, and without intent to mislead, affords no defense to an action under [CPA]")
[484] N.C. Gen. Stat. § 75-1.1
[485] N.C. Gen. Stat. § 75-16; Marshall v. Miller, 276 S.E.2d 397, 402 (N.C. 1981)
[486] N.C. Gen. Stat. § 75-16.1
[487] N.C. Gen. Stat. § 75-15.2
[488] N.C. Gen. Stat. § 75-16.2
[489] Crow v. Citicorp Acceptance Co., 354 S.E.2d 459 (N.C. 1987)
[490] G.E.B., Inc. v. QVC, Inc., 129 F. Supp. 2d 856, 862 (M.D. N.C. 2000)
[491] N.D. Cent. Code § 51-15-02
[492] N.D. Cent. Code § 51-12-08
[493] N.D. Cent. Code § 51-15-02
[494] Kjolsrud v. MKB Management Corp., 669 N.W.2d 82 (N.D. 2003) (distinguishing North Dakota standing jurisprudence from California standing jurisprudence)
[495] N.D. Cent. Code § 51-15-03
[496] N.D. Cent. Code § 51-15-09
[497] N.D. Cent. Code § 51-12-14
[498] N.D. Cent. Code § 51-15-11
[499] N.D. Cent. Code § 28-01-16
[500] Kjolsrud v. MKB Management Corp., 669 N.W.2d 82 (N.D. 2003)
[501] N.D. Cent. Code §§ 51-15-02 & 51-15-13
[502] State ex rel Spaeth v. Eddy Furn. Co., 386 N.W.2d 901 (N.D. 1986)
[503] Ohio Rev. Code §§ 1345.02 (unfair or deceptive act or practices) & 1345.03 (unconscionable act or practice)
[504] Rose v. Zaring Homes, Inc., 702 N.E.2d 952, 956 (Ohio Ct. App. 1997); Thomas v. Sun Furniture and Appliance Co., 399 N.E. 2d 567, 569 (Ohio Ct. App. 1978)
[505] Ohio Rev. Code § 4165.03(B)
[506] Ohio Rev. Code § 4165.03(A); Cesare v. Work, 520 N.E.2d 586, 590 (Ohio Ct. App. 1987); Spafford v. Cuyahoga Community College, 2005 Ohio App. LEXIS 1607 (2005)

[507] Ohio Rev. Code § 1345.11

[508] Ohio Rev. Code § 1345.12; *see also* Pomianowski v. Merle Norman Cosmetics, Inc., 507 F. Supp. 435 (S.D. Ohio 1980) (consumer can obtain damages for losses incurred by the deceptive sales conduct, but cannot recover damages for the personal injury itself)

[509] Ohio Rev. Code § 4165.04

[510] Ohio Rev. Code § 1345.09(F)

[511] Ohio Rev. Code § 1345.09(B)

[512] Ohio Rev. Code § 4165.03(A)

[513] Ohio Rev. Code § 4165.03(B)

[514] Ohio Rev. Code § 1345.07

[515] Ohio Rev. Code § 1345.10

[516] Ohio Rev. Code § 2305.09

[517] Ohio Rev. Code § 1345.09(E)

[518] Ohio Rev. Code § 1345.09(B)

[519] Ohio Rev. Code § 1345.07(A)(3)

[520] Okla. Stat. tit. 15, § 753

[521] Okla. Stat. tit. 78, § 53

[522] Okla. Stat. tit. 78, § 54(A)

[523] Central Plastics Co. v. Goodson, 537 P.2d 330, 335-36 (Okla. 1975)

[524] Murray v. D&J Motor Co., 958 P.2d 823, 832 (Okla. App. 1998); *see also* Walls v. Am. Tobacco Co., 11 P.3d 626 (Okla. 2000)

[525] Okla. Stat. tit. 78, § 54(A)

[526] Okla. Stat. tit. 15, § 754

[527] Okla. Stat. tit. 78, § 55(A)

[528] Okla. Stat. tit. 15, § 761.1(A); Walls v. Am. Tobacco Co., 11 P.3d 626, 627 (Okla. 2000) (private right of action only allowed for conduct after 1988, the effective date the Legislature added an express private right of action)

[529] Okla. Stat. tit. 15, § 761.1(A)

[530] Okla. Stat. tit. 15, § 761.1(B)

[531] Okla. Stat. tit. 78, § 54(A)

[532] Okla. Stat. tit. 78, § 54(C)

[533] Okla. Stat. tit. 15, § 761.1(C); Walls v. Am. Tobacco Co., 11 P.3d 626, 627 (Okla. 2000) (private plaintiff cannot seek a civil penalty under § 761.1(C), only the AG may do so)

[534] Okla. Stat. tit. 15, § 761.1(B); Walls v. Am. Tobacco Co., 11 P.3d 626, 627 (Okla. 2000) (consumer can seek a civil penalty under § 761.1(B))

[535] Okla. Stat. tit. 12, § 95(2); Fuller v. Sight 'N Sound Appliance Centers, Inc., 982 P.2d 528 (Okla. Civ. App. Div. 3 1999)

[536] Walls v. Am. Tobacco Co., 11 P.3d 626, 627 (Okla. 2000) (court did not certify class of cigarette smokers because they failed to allege any injury other than the payment of the purchase price)

[537] Okla. Stat. tit. 15, § 761.1(E)

[538] Or. Rev. Stat. § 646.608(i)

[539] Or. Rev. Stat. § 646.638(1)

[540] Or. Rev. Stat. § 646.638(1)

[541] Or. Rev. Stat. §§ 646.608(1), 646.638(1). Feitler v. Animation Celection, Inc., 13 P.3d 1044, (2000).

[542] Sanders v. Francis, 561 P.2d 1003, 1006 (Or. 1971) ("whether [Oregon CPA] requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged")

[543] Or. Rev. Stat. § 646.612

[544] Gross-Haentjens v. Leckenby, 589 P.2d 1209 (Or. App. 1979); Allen v. G.D. Searle & Co., 708 F. Supp. 1142 (D. Or. 1989)

545 Or. Rev. Stat. § 646.638(1)
546 Or. Rev. Stat. § 646.638(1)
547 Or. Rev. Stat. § 646.638(3), (4)
548 Or. Rev. Stat. § 646.636. Amended in 2005, but substantive portion was unaffected.
549 Or. Rev. Stat. § 646.642(3)
550 Or. Rev. Stat. § 646.642(1)
551 Or. Rev. Stat. § 646.638(6)
552 Or. Rev. Stat. § 646.638(4)
553 Or. Rev. Stat. § 646.638(2)
554 73 Pa. Cons. Stat. § 201-2
555 Skurnowicz v. Lucci, 798 A.2d 788, 795 (Pa. Super. Ct. 2002)
556 73 Pa. Cons. Stat. § 201-9.2
557 Debbs v. Chrysler Corp., 810 A.2d 137, 156 (Pa. Super Ct. 2002)
558 73 Pa. Cons. Stat. § 201-3
559 73 Pa. Cons. Stat. § 201-9.2
560 73 Pa. Cons. Stat. § 201-9.2
561 73 Pa. Cons. Stat. § 201-9.2
562 73 Pa. Cons. Stat. § 201-4.1
563 Stokes v. Gary Barbera Enterprises, Inc., 783 A.2d 296 (2001), 298 -299 (Pa.Super. Ct. 2001).
564 73 Pa. Cons. Stat. § 201-8(b)
565 73 Pa. Cons. Stat. § 201-8(b)
566 73 Pa. Cons. Stat. § 201-8(a)
567 42 Pa. Cons. Stat. § 5527; Gabriel v. O'Hara, 534 A.2d 488, 494 (Pa. Super Ct. 1987)
568 Debbs v. Chrysler Corp., 810 A.2d 137, 157-58 (Pa. Super. Ct. 2002)
569 R.I. Gen. Laws § 6-13.1-5.2
570 R.I. Gen. Laws § 6-13.1-4
571 R.I. Gen. Laws § 6-13.1-5.2(a)
572 R.I. Gen. Laws § 6-13.1-5.2(a)
573 R.I. Gen. Laws § 6-13.1-5.2(d)
574 R.I. Gen. Laws § 6-13.1-8
575 R.I. Gen. Laws § 9-1-13
576 R.I. Gen. Laws § 6-13.1-5.2(b)
577 R.I. Gen. Laws § 6-13.1-5.2(b)
578 State ex rel McLeod v. C.L. Corp., Inc., 313 S.E.2d 334, 338 (S.C. App. 1984) (enough to prove capacity, effect or tendency to deceive), *abrogated on other grounds* Murphy v. Owens-Corning Fiberglas Corp., 550 S.E.2d 589 (S.C. App. 2001); S.C. Code § 39-5-140(a)
579 S.C. Code § 39-5-140(a)
580 S.C. Code § 39-5-140(a)
581 S.C. Code § 39-5-40
582 S.C. Code § 39-5-140(a)
583 S.C. Code § 39-5-140(a)

[584] S.C. Code § 39-5-140(a)
[585] S.C. Code § 39-5-110(a)
[586] S.C. Code § 39-5-110(b)
[587] S.C. Code § 39-5-150
[588] S.C. Code § 39-5-140(a)
[589] Wingard v. Exxon Co., U.S.A., 819 F. Supp 497, 506 (S.C. 1992)
[590] S.D. Codified Laws § 37-24-6
[591] S.D. Codified Laws § 37-24-6
[592] S.D. Codified Laws § 37-24-10
[593] S.D. Codified Laws § 37-24-11
[594] S.D. Codified Laws § 37-24-31
[595] Wyman v. Terry Schulte Chevrolet, Inc., 584 N.W.2d 103, 107 (S.D. 1998)
[596] S.D. Codified Laws § 37-24-29
[597] S.D. Codified Laws § 37-24-27
[598] S.D. Codified Laws § 37-24-26
[599] S.D. Codified Laws § 37-24-33
[600] Menuski v. Williams, 145 F.3d 755, 767 (6th Cir. 1998); Smith v. Scott Lewis, 843 S.W.2d 9, 12 (Tenn. App. Ct. 1992)
[601] Tenn. Code § 47-18-109(a)(1) This section was proposed to be amended in 2005 as follows: Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages. Each such person seeking to recover damages for an unfair or deceptive act or practice declared to be unlawful by this part shall be required to prove that the deceptive act or practice caused such person to enter into the transaction that resulted in such person's her damages. Proof of a violation of this part shall not support an award of damages without proof that the person seeking damages suffered an actual out-of-pocket loss. The term 'out-of-pocket loss' means an amount of money equal to the difference between the amount paid by the consumer for the good or service and the actual market value of the good or service that the consumer actually received. The actual market value of the good or service that the consumer actually received shall be the market price of the good or service that is most nearly comparable to what the plaintiff actually received, if evidence of a comparable good or service is presented, with appropriate adjustments to reflect differences between the comparable good or service and the good or service actually received. Any party to an action for damages under this section shall have the right to demand a jury trial.
[602] Tenn. Code § 47-18-111
[603] Kirksey v. Overton Pub. Inc., 804 S.W.2d 68 (Tenn. App. Ct. 1990)
[604] Tenn. Code § 47-18-109(a)(1)
[605] Tenn. Code § 47-18-109(a)(3)
[606] Tenn. Code § 47-18-109(e)(1)
[607] Tenn. Code § 47-18-109(e)(2)
[608] Tenn. Code § 47-18-108(b)(3)
[609] Tenn. Code § 47-18-108(c)
[610] Tenn. Code § 47-18-125(a) (up to $10K)
[611] Tenn. Code § 47-18-110
[612] Bradberry v. John Hancock Mut. Life Ins. Co., 217 F.R.D. 408, 410-411 (W.D. Tenn. 2003) (Class action brought pursuant to Tennessee Consumer Protection Act certified)
[613] Proposed to be amended in 2005, but substantive provisions are unchanged.
[614] Camden Mach. & Tool, Inc. v. Cascade Co., 870 S.W.2d 304, 311 (Tex. App. Ct. 1993)
[615] Camden Mach. & Tool, Inc. v. Cascade Co., 870 S.W.2d 304, 311 (Tex. App. Ct. 1993)

[616] Tex. Bus. & Com. Code § 17.506(a)
[617] Tex. Bus. & Com. Code § 17.49
[618] Tex. Bus. & Com. Code § 17.50(b)(1)
[619] Tex. Bus. & Com. Code § 17.50(d)
[620] Tex. Bus. & Com. Code § 17.50(c)
[621] Winkle Chevy-Olds-Pontiac, Inc. v. Condon, 830 S.W.2d 740 (Tex. App. 1992)
[622] Tex. Bus. & Com. Code § 17.47(c)(1)
[623] Tex. Bus. & Com. Code § 17.47(c)(2)
[624] Tex. Bus. & Com. Code § 17.47(e)
[625] Tex. Bus. & Com. Code § 17.565
[626] Tex. Bus. & Com. Code § 17.501
[627] Tex. Bus. & Com. Code § 17.505(a)
[628] Utah Code § 13-11-4(2)
[629] Utah Code § 13-11-19(2)
[630] Utah Code § 13-11-4(1)
[631] Utah Code § 13-11-19(4)(c)
[632] Utah Code § 13-11-22(1)
[633] Utah Code § 13-11-19(2)
[634] Utah Code § 13-11-19(5)
[635] Utah Code § 13-11-7(3)
[636] Utah Code § 13-11-19(8)
[637] Utah Code §§ 13-11-19(4)(a), 20
[638] Utah Code § 13-11-19(3)
[639] Utah Code § 13-11-21(2)
[640] Utah Code § 13-11-17(2)(a)
[641] Poulin v. Ford Motor Co., 513 A.2d 1168, 1172 (Vt. 1986)
[642] Vt. Stat. Ann. tit. 9, § 2461(b)
[643] Vt. Stat. Ann. tit. 9, § 2457
[644] Vt. Stat. Ann. tit. 9, § 2452
[645] Vt. Stat. Ann tit. 9, § 2461(b)
[646] Vt. Stat. Ann tit. 9, § 2461(b)
[647] State v. Whitingham School Board, 438 A.2d 394, 396 (Vt. 1981)
[648] Vt. Stat. Ann. tit. 9, § 2461(a)
[649] Vt. Stat. Ann. tit. 9, § 2458(b)(1)
[650] Vt. Stat. Ann. tit. 12, § 511
[651] Elkins v. Microsoft Corp., 817 A.2d 9, 20 (Vt. 2002)
[652] Holmes v. LG Marion Corp., 521 S.E. 2d 528, 532 (Va. 1999)
[653] Va. Code § 59.1-204(A)
[654] Va. Code § 59.1-199
[655] Va. Code § 59.1-207

656 Va. Code § 59.1-204(A)
657 Va. Code § 59.1-204(A)
658 Va. Code § 59.1-204(B)
659 Va. Code § 59.1-206(A)
660 Va. Code § 59.1-206(B)
661 Va. Code § 59.1-204.1(A)
662 Va. Code § 59.1-204.1(B)
663 Chisolm v. TranSouth Fin. Grp., 194 F.R.D. 538, 550 (E.D. Va. 2000) (court declined to certify class action based upon Virginia Consumer Protection Act because or requirement that Plaintiffs show injury, causing individualized issues to predominate)
664 Haner v. Quincy Farm Chemicals, 649 P.2d 820 (Wash. 1982)
665 Wash Rev. Code § 19.86.090
666 State v. Ralph Williams N.W. Chrysler Plymouth, Inc., 553 P.2d 423, 436-37 (Wash. 1976)
667 Watkins v. Peterson Enters., Inc., 57 F. Supp. 2d 1102, 1111 (E.D. Wash. 1999)
668 Wash. State Physicians Ins. Exchange & Ass'n v. Fisons Corp., 858 P.2d 1054 (Wash. 1993)
669 Wash Rev. Code § 19.86.170
670 Wash Rev. Code § 19.86.090
671 Sato v. Century 21 Ocean Shores Real Estate, 681 P.2d 242, 245 (Wash. 1984)
672 Wash. Rev. Code § 19.86.140
673 Wash. Rev. Code § 19.86.140
674 Wash. Rev. Code § 19.86.120
675 Hansen v. Ticket Track, 213 F.R.D. 412, 417 (W.D. Wash. 2003) (Court certified Plaintiffs' class action under Washington Consumer Protection Act)
676 Dempsey v. Joe Pignataro Chevrolet, Inc., 589 P.2d 1265, 1270 (Wash. 1979)
677 Campbell v. Seattle Engine Rebuilders and Remanufacturing, Inc. 876 P.2d 948, 952 (Wash. Ct. App. 1994)
678 W. Va. Code § 46A-6-102(f)(13)
679 W. Va. Code § 46A-6-106(1)
680 In re West Virginia Rezulin Litigation, 585 S.E.2d 52, 75 (W.V. App. Ct. 2003)
681 State v. Scott Runyon Pontiac-Buick, Inc., 461 S.E.2d 516, 524 (W.V. App. Ct. 1995)
682 W. Va. Code § 46A-6-105
683 W. Va. Code § 46A-6-106(1)
684 W. Va. Code § 46A-6-106(1)
685 W. Va. Code § 46A-7-111
686 W. Va. Code § 55-2-12
687 In re West Virginia Rezulin Litigation, 585 S.E.2d 52, 75 (W.V. App. Ct. 2003) (holding lower court erred in denying plaintiffs' motion for class certification under West Virginia Consumer Credit & Protection Act)
688 Wis. Stat. §§ 100.18, .20
689 Tietsworth v. Harley-Davidson, Inc., 677 N.E.2d 233, 244 (Wis. 2004)
690 Wis. Stat. §§ 100.18, .20
691 Snyder v. Badgerland Mobile Homes, 659 N.W.2d 887, 894-95 (Wis. App. Ct. 2003)
692 Wis. Stat. § 100.18(11)(b)(2)
693 Wis. Stat. § 100.20(5)

694 Wis. Stat. § 100.20(5); Emergency One, Inc. v. Waterous Co., Inc., 23 F. Supp. 2d 959, 971-72 (E.D. Wis. 1972)
695 Wis. Stat. § 100.26
696 Wis. Stat. § 100.264
697 Wis. Stat. § 100.18(11)(b)(3)
698 *See, e.g.,* Tietsworth v. Harley-Davidson, Inc., 677 N.E.2d 233 (Wis. 2004)
699 Wis. Stat. § 100.26
700 Wyo. Stat. § 40-12-105(a)
701 Wyo. Stat. § 40-12-108(a)
702 Wyo. Stat. § 40-12-110
703 Wyo. Stat. § 40-12-108(a)
704 Wyo. Stat. § 40-12-106 (a)
705 Wyo. Stat. § 40-12-114
706 Wyo. Stat. § 40-12-113(c)
707 Wyo. Stat. § 40-12-113(a)
708 Wyo. Stat. § 40-12-111(b)
709 Wyo. Stat. § 40-12-109
710 Wyo. Stat. § 40-12-108(b)
711 Wyo. Stat. § 40-12-109