IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE ST. JUDE MEDICAL, INC. | : | |
| SILZONE® HEART VALVES PRODUCTS | : | |
| LIABILITY LITIGATION | : | MDL DOCKET NO. 1396 |

**DEFENDANT ST. JUDE MEDICAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE SURREPLY**

## I. INTRODUCTION

Defendant St. Jude Medical, Inc. opposes Plaintiffs' Motion to Strike St. Jude Medical's Surreply. St. Jude Medical stated in open court that it might seek to file a surreply, and it asked for and received this Court's permission to file. Furthermore, St. Jude Medical's surreply was warranted and will assist the Court in resolving the issues currently before it.

## II. DISCUSSION

### A. St. Jude Medical Requested And Received Permission To File A Surreply

St. Jude Medical indicated at the March 22, 2006 Status Conference that it intended to file a surreply if it needed to address any additional issues. Plaintiffs did not object, and plaintiffs' counsel stated "[w]e would have no objection to the extent that he feels our response to that broad brush Rule 23 argument needs a surreply." (*See* Transcript of March 22, 2006 Status Conference, Exh. A to Affidavit of Tracy J. Van Steenburgh in support of Opposition to Motion to Strike) Additionally, the Court indicated to counsel for St. Jude Medical "Mr. Kohn, if you believe you have a basis for a surreply, be in touch with the Court. We will get that taken care of right away." (*Id.*)

St. Jude Medical contacted the Court on April 17, 2006, and received permission to file a surreply of no more than eight pages by April 19, 2006. (*See* Van Steenburgh Aff.) St. Jude Medical therefore gave advance notice, and it sought and received permission to file in the manner that the Court specified.

## B. The Surreply Will Assist The Court In Resolving The Issues Regarding Plaintiffs' Renewed Motion For Certification

Plaintiffs object to St. Jude Medical's surreply because, in their view, their Reply raised no new issues, making a surreply unwarranted. Whether plaintiffs' Reply brief warranted a response is obviously a matter of interpretation. For its part, St. Jude Medical believes that plaintiffs' Reply called for a response and that a surreply would be helpful to the Court in addressing the questions surrounding plaintiffs' renewed motion. There are three reasons.

First, plaintiffs' Reply accused St. Jude Medical of avoiding or conceding hotly contested issues. Namely, plaintiffs asserted that St. Jude Medical "recognizes that this Court correctly certified this case as a nationwide class-action" applying Minnesota law to the entire class. (*See* Reply at 1) Plaintiffs further insisted that St. Jude Medical by its "silence" conceded that Minnesota law should apply and that it conducted a "nonexistent" choice-of-law analysis. (*See* Reply at 6-7) The opposite is true: St. Jude Medical has repeatedly argued from the outset that neither Minnesota's nor any other state's law should apply to a nationwide class.

Second, plaintiffs' recharacterization of their class as something other than a nationwide medical monitoring class was surprising, in light of their own class definition excluding injured patients and their extremely detailed medical monitoring plan. Plaintiffs also accused St. Jude Medical of "recasting" this action as a medical monitoring class. This unfair accusation required a response.

Third, and perhaps most significantly, plaintiffs saved their discussion of *the governing statute* for their reply, stating that Rule 23 analysis is "irrelevant." Rule 23 is the cornerstone of class certification in federal court, and plaintiffs' mention of Rule 23

for the first time in reply – and their dismissal of Rule 23 as "irrelevant" – clearly merited a response.

## III. CONCLUSION

St. Jude Medical's surreply will help this Court determine the issues that plaintiffs' renewed motion presents, and considering the surreply will not cause plaintiffs any unfair prejudice. Each side has had a full opportunity to air the issues, and the parties have submitted briefs of roughly equal length. For the reasons stated above, St. Jude Medical requests that this Court deny plaintiffs' Motion To Strike.

DATED: April 25, 2006.

HALLELAND LEWIS NILAN &
JOHNSON, P.A.

By s / Tracy J. Van Steenburgh
Tracy J. Van Steenburgh, # 141173
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4501
Telephone: (612) 338-1838

REED SMITH LLP
Steven M. Kohn
James C. Martin
Steven J. Boranian
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Telephone: (510) 763-2000

Attorneys for Defendant