**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**IN RE ST. JUDE MEDICAL, INC.**
**SILZONE HEART VALVE PRODUCTS LIABILITY LITIGATION**

**MDL DOCKET NO. 1396**

# Special Master's Report Respecting PSC's Motion to Compel Answers to Interrogatories Concerning Leaflet Mobility and Specifications

## I. Introduction

In December, 2004, SJM provided answers to PSC's interrogatories respecting leaflet mobility and specifications, which answers PSC contended were deficient. Thereafter, counsel to the parties conferred, and as a result the concerns of PSC were set out in clarified emailed questions of PSC to which SJM provided emailed answers in supplementation of SJM's original interrogatory answers.

PSC contends that SJM's responses continue to be deficient in that SJM has not responded as required by the FRCP to essentially two questions arguably inherent in and arising out of PSC's original interrogatories, PSC's follow-up clarified questions, and in SJM's responses to such interrogatories and questions. The undersigned deals with each of this two questions below.[1]

## II. Inquiry as to Specifications or Standards Concerning Leaflet Mobility

SJM, has not, either in its original answers to the subject interrogatories or in its informal email responses to the clarified questions, specifically identified any leaflet motion or mobility specifications or standards for the subject bi-leaflet valve. Rather, it has stated that such standards and specifications can be found in the "design specifications for the Master Series valve and its components" or in the "design

[1] It is unclear whether SJM has expressly agreed to accept as formal interrogatories those clarified emailed questions resulting from counsels' conferring. In this regard, SJM has a valid concern that the inquiry has been something of a moving target. Even in the moving papers in support of PSC's motion to compel this has been so. See e.g. PSC's April 22nd letter wherein the specification inquiry was expressed as "the specifications for [SJM's] mechanical valves' leaflet opening angles," while in its May 11th response letter the inquiry is expressed as "motion standards which clinically define valve malfunction situations." And of course it could be argued that the clarified emailed questions are not the same as the earlier formal interrogatories. Notwithstanding these observations, however, it appears that an implicit result of the meet-and-confer was an agreement to treat the clarified questions as if they were formal interrogatories, deserving of formal responses in accordance with the FRCP. And to save time and eliminate further debate about these issues, the undersigned has made an assessment of what appears inherent in the inquiry given the formal interrogatories, the formal responses, the clarified questions, the responses to the clarified questions, and the related email dialogue between the parties.

drawings for the SJM bi-leaflet valve." As the subject product has been designed by SJM, SJM is in the best position to specifically state, identify or describe whatever motion or mobility specifications or standards (including hemodynamic performance specifications or standards) exist. Admittedly, if such specification(s) or standard(s) are found in previously produced design drawings or specifications for the Master Series valve, then SJM has the right under the FRCP, in lieu of answering the inquiry, to provide such drawings or specifications. However, given the technical nature of the issues here and the chance that PCS may be left with some related uncertainty, SJM, if it is to reference such drawings, should specifically identify (by Bates number(s) and location or statement(s) on the page) such specification or standard.

III. Inquiry Concerning Studies, Reports, Data and the Like Respecting Leaflet Motion Restriction or Impingement on Cinefluoroscopy.

SJM contends that there have been no such studies commissioned by SJM, and that any such materials (perhaps within some 800 articles) are equally findable by PSC as they are identifiable by SJM. However, to the extent such materials are either (i) known to SJM or (ii) in SJM's possession or control, they should be identified. It does not seem too burdensome for SJM to make inquiry of what would seemingly be a limited number of persons within SJM (i) who would be those with any ability to identify such materials without doing any literature search or other research, or (ii) who would be those with any ability to know whether SJM has in its possession or control any such materials. Also, the degree to which SJM knows of or has in its possession or control (as opposed to the extent to which SJM can subsequently learn) such materials, such identifications may be reasonably calculated to lead to admissible evidence. On the other hand, SJM should not be required to do more by way of an external literature search or other research equally capable of PSC or its experts to respond to PSC's inquiry. Furthermore, there is no way for PSC to know the materials about which SJM may have had knowledge by merely requiring SJM to do the same literature search which PSC or its experts can do.

## REPORT

SJM should, within 30 days from the date hereof, provide in such form as required by the FRCP interrogatory answers consistent with the determinations discussed above, namely:

1. Specifically state any leaflet motion or mobility specifications or standards (including any specifications or standards for hemodynamic performance) applicable to the subject valve. To the extent such specification(s) or standard(s) are found in the previously produced design drawings or specifications for the Master Series valve,

then to such extent SJM may, in lieu of so answering the question, state specifically the Bates number of the page(s) and location or statements on such Bates numbered page(s) where such specification or standard appears.

2. Specifically identify any studies, reports, data or the like respecting leaflet motion restriction or impingement on cineflouroscopy, to the extent such studies, reports, data, or the like are either: (i) known to SJM as of the date hereof; or (ii) are within SJM's possession or control as of the date hereof. The does not require SJM to identify such materials which could be known or could be possessed by virtue of literature searches or other research if such materials are within neither categories (i) or (ii) of the immediately preceding sentence.

Submitted to the Court and the Parties this 16th day of May, 2005.

Dated at Minneapolis this
16th day of May, 2005.

Special Master

Richard B. Solum