IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE ST. JUDE MEDICAL, INC., SILZONE HEART VALVES PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1396 |

**DECLARATION OF J. DAVID BICKHAM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO TEMPORARILY STAY THE TRIAL PRESERVATION DEPOSITION OF PLAINTIFFS' GENERIC EXPERT WITNESS, ERIC G. BUTCHART, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C)**

I, J. David Bickham, declare:

1. I am an attorney at law licensed to practice in the State of California. I am a partner with Reed Smith, LLP, attorneys of record for defendant St. Jude Medical, Inc. in this action. I make this declaration in support of St. Jude Medical, Inc.'s Motion for Protective Order To Temporarily Stay The Trial Preservation Deposition Of Plaitniffs' Generic Expert Witness, Eric G. Butchart, Pursuant To Federal Rule Of Civil Procedure 26(c). I have personal knowledge of the facts set forth below, and if called as a witness, could competently testify thereto under oath.

2. This Court has mandated production of all documents and other materials on which a generic liability expert relied in forming his opinion. A true and correct copy of the Court's Pre-Trial Order No. 51 is attached hereto as Exhibit 1.

3. Although Plaintiffs provided some of the information on which their generic expert, Eric G. Butchart, relied in advance of his deposition, the information provided was far from complete. For example, in what was purported to be the data from the CERF study,

Plaintiffs produced spreadsheets containing a variety of variables followed in the CERF study. Plaintiffs, however, failed to provide any key that explained what the variables reflected so that the data could be interpreted in any meaningful way. Similarly, Plaintiffs provided portions of a multivariate statistical analysis relied upon by Dr. Butchart in opining that Silzone is a risk factor for embolic events, but did not produce all of the analyses. Plaintiffs further failed to produce complete information regarding the risk factors for thromboembolism Dr. Butchart found in the CERF study, including anticoagulation (INR) levels.

4. On June 26 and 27, 2006, I deposed Dr. Butchart. Dr. Butchart was unfamiliar with the details of the CERF study data or the statistical analyses of the data on which his opinions were based, and therefore, was largely unable to testify to the substance of either during his deposition. In particular, without a key to the Excel spreadsheets, Dr. Butchart was unable to interpret the information in the spreadsheets during his deposition, but testified that there was a key that would explain the data. Nor was Dr. Butchart able to provide information explaining the statistical multivariate analyses on either the portions that were produced before his deposition, or those analyses that were not. Dr. Butchart was unable to provide information in response because "the analysis was done by two statisticians working with [him]." A true and correct copy of the relevant excerpts from the Deposition of Eric G. Butchart is attached hereto as Exhibit 2.

5. After a response to all of our requests for the additional CERF Study evidence was not provided, I again requested for the evidence in a letter to Plaintiff's counsel. Included among the items requested were: (1) a key or explanation of the CERF data produced in Excel spreadsheet form, (2) the complete multivariate statistical analyses of the CERF study data relied upon by Mr. Butchart in opining that Silzone is a risk factor for embolic events; (3) the data regarding significant embolic risk factors found in the CERF study that were not included in the published results of the study; and (4) the data regarding the anticoagulation intensity of the

patients in the CERF study. A true and correct copy of January 18, 2007 letter I sent Plaintiffs' counsel, Michael Coren, is attached hereto as Exhibit 3.

6. I reiterated my request on January 29, 2007 and again on February 22, 2007. A true and correct copy of the January 29, 2007 and February 22, 2007 emails I sent Michael Coren is attached hereto as Exhibit 4.

7. Plaintiffs scheduled the trial preservation deposition of Dr. Butchart on April 3, 2007 for use in all federal and state Silzone cases.

8. On February 23, 2007, another email was sent to Plaintiffs' counsel requesting for the evidence from the CERF study by a date certain or rescheduling the trial preservation deposition of Dr. Butchart. A true and correct copy of the February 23, 2007 email from Steve C. Kohn to Michael Coren is attached hereto as Exhibit 5.

9. On February 26, 2007, Plaintiffs produced information that was responsive, in part, to St. Jude Medical's request for Dr. Butchart's CERF data. A true and correct copy of the February 26, 2007 letter from Michael Coren is attached hereto as Exhibit 6.

10. Nevertheless, the information provided was incomplete in several important respects. Plaintiffs have not produced any information about any reports of valve thrombosis in the CERF study, a key element of Dr. Butchart's opinions. Further, the multivariate analyses provided do not include any analyses of the aortic valve recipients, all of the results of the relevant statistical calculations, all of the risk factors Dr. Butchart found to be significant for thromboembolism, or the underlying data for these analyses. Likewise, Plaintiffs have not yet produced all of the data regarding all of the clinical risk factors for thromboembolism Dr. Butchart found to be significant in the CERF study, including the anticoagulation information.

11. On February 28, 2006, I sent another letter to Plaintiffs' counsel outlining in detail the deficiencies in their production. A true and correct copy of the February 28, 2007 letter is attached hereto as Exhibit 7.

12. A true and correct copy of the March 2, 2007 letter from Steve Angstreich is attached as Exhibit 8.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 9, 2007

J. David Bickham