# EXHIBIT 6

No. ________

# In the United States Court of Appeals for the Eighth Circuit

## In re St. Jude Medical, Inc. Silzone® Heart Valve Products Liability Litigation

Lester Grovatt, Beatrice Bailey, Levy D. Redden, Bonnie L. Sliger, and Joe W. Sanchez, on behalf of themselves and all others similarly situated,
Plaintiffs and Respondents,

vs.

St. Jude Medical, Inc.,
Defendant and Petitioner.

---

## PETITION OF DEFENDANT ST. JUDE MEDICAL, INC. UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(f) FOR PERMISSION TO APPEAL A CLASS CERTIFICATION ORDER

---

From a Class Certification Order from the
United States District Court for the District of Minnesota
Multidistrict Litigation No. 01-1396 (JRT/FLN)
The Honorable John R. Tunheim

---

Steven M. Kohn
James C. Martin
Steven J. Boranian
REED SMITH LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612
Telephone: (510) 763-2000
Facsimile: (510) 273-8832

Michael T. Nilan
Tracy J. Van Steenburgh
HALLELAND, LEWIS, NILAN, SIPKINS & JOHNSON, P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-1838
Facsimile: (612) 338-7858

Eric J. Magnuson
RIDER BENNETT, LLP
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: (612) 340-8900
Facsimile: (612) 340-7900

*Attorneys for Defendant and Petitioner St. Jude Medical, Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, St. Jude Medical, Inc. states that it has no publicly-traded parent or subsidiary corporation, and no publicly-held company owns 10% or more of its stock.

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II FACTUAL AND PROCEDURAL BACKGROUND .......... 4

A. St. Jude Medical Recalls The Silzone® Heart Valve After A Clinical Study Shows A Slight Increased Risk Of One Complication In Less Than Two Percent Of Individuals Implanted With The Valve .......... 4

B. Plaintiffs Sue St. Jude Medical Claiming The Silzone® Heart Valve Is A Defective Product .......... 5

C. The District Court Certifies Plaintiffs' Proposed Classes, But Immediately Recognizes That Differences Among The Claims And Claimants Requires Further Briefing And Revision To The Classes .......... 6

D. This Court Denies St. Jude Medical's Petition For Appeal Without Prejudice And The District Court Makes Further Class Rulings, Including Decertifying The Personal Injury Class .......... 8

E. July 15, 2004: After All Parties Challenge The District Court's Order, The District Court Adds Three States To The Medical Monitoring Class And Declines To Decertify The Nationwide Consumer Protection Class .......... 10

III CONSISTENT WITH RULE 23(f), THIS COURT IMMEDIATELY SHOULD ADDRESS THE COMPELLING CONSTITUTIONAL AND STATUTORY ISSUES THAT THE CLASS CERTIFICATION ORDERS PRESENT .......... 12

**TABLE OF CONTENTS**
**(continued)**


**Page**

IV THE NATIONWIDE APPLICATION OF ONE STATE'S CONSUMER PROTECTION STATUTES TO DISPARATE PERSONAL INJURY CLAIMS OFFENDS THE CONSTITUTION AND RULE 23 ........ 14

A. The Constitution Does Not Permit A Nationwide Personal Injury Class Action Applying The Consumer Protection Laws Of One State To The Exclusion Of All Others ........ 14

1. The Nationwide Class Offends The Commerce Clause Because It Purports To Use A Single State's Idiosyncratic Law To Regulate Commercial Activity Nationwide ........ 15

2. The Nationwide Class Offends The Due Process And Full Faith And Credit Clauses Because Class Members (And St. Jude Medical) Have The Right To Proceed Under The Properly Chosen State Law ........ 17

3. The Nationwide Class Offends The *Erie* Doctrine And The Rules Enabling Act Because It Purports To Invoke A Procedural Rule (Rule 23) To Create Substantive Rights For Class Members Outside Minnesota ........ 21

B. The Nationwide Class Action Certified Under Minnesota's Consumer Protection Statutes Violates Rule 23 Because It Threatens The Class Members' Rights And Is An Unmanageable Nationwide Products Liability Class Action In Disguise ........ 23

**TABLE OF CONTENTS**
**(continued)**

Page

1. The Consumer Protection Class Places The Class Representatives In An Irreconcilable Conflict Of Interest With The Class Members Because It Overtly Splits The Class Members' Claims ........................ 23

2. The Consumer Protection Class Violates Rule 23 Because It Is An Unmanageable Morass, Just Like The Now-Decertified Tort-Based Personal Injury Class ........................................................ 26

V THE MEDICAL MONITORING CLASS VIOLATES CONTROLLING PRINCIPLES OF FEDERAL LAW AND COMPELS CLASSWIDE RESOLUTION OF CLAIMS NOT AMENABLE TO CLASS TREATMENT .................................. 31

A. The Medical Monitoring Class Contradicts The Consumer Fraud Class And Rests On Flawed Premises, Including The Finding That Medical Monitoring Is "Injunctive Relief" And That The 17 States Included In The Class Actually Allow Medical Monitoring Claims .................................. 31

B. Certifying A Medical Monitoring Subclass Where The Underlying Issues Cannot Be Managed In An Efficient And Economical Classwide Trial Violates Rule 23 ..................... 34

VI . CONCLUSION ........................................................................ 40

# TABLE OF AUTHORITIES

Page(s)

## CASES

Allstate Ins. Co. v. Hague,
449 U.S. 302 (1981) ........ 18

Amchem Prods., Inc. v. Windsor,
521 U.S. 591 (1997) ........ 18, 21, 27

Arch v. American Tobacco Co.,
175 F.R.D. 469 (E.D. Pa. 1997) ........ 39

Ayers v. Township of Jackson,
525 A.2d 287 (N.J. 1987) ........ 37

BMW of North Am. Inc. v. Gore,
517 U.S. 559 (1996) ........ 16

Barnes v. Am. Tobacco Co.,
161 F.3d 127 (3d Cir. 1998) ........ 37, 39

Blair v. Equifax Check Servs., Inc.,
181 F.3d 832 (7th Cir. 1999) ........ 12, 13

Bower v. Westinghouse,
522 S.E.2d 424 (W. Va. 1999) ........ 37

Brooks v. Howmedica, Inc.,
273 F.3d 785 (8th Cir. 2001) ........ 4, 31

Broughton v. Cotter Corp.,
65 F.3d 823 (10th Cir. 1995) ........ 31, 39

Brown-Forman Distillers Corp. v. New York State Liquor Auth.,
476 U.S. 573 (1986) ........ 16

Bryson v. Pillsbury Co.,
573 N.W.2d 718 (Minn. Ct. App. 1998) ........ 33

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Buckman Co. v. Plaintiffs' Legal Committee,
531 U.S. 341 (2001) .......... 4

Castano v. Am. Tobacco Co.,
84 F.3d 734 (5th Cir. 1996) .......... 28

City of San Jose v. Superior Court,
12 Cal. 3d 447 (1974) .......... 24

Cook v. Rockwell Int'l Corp.,
181 F.R.D. 473 (D. Colo. 1998) .......... 31, 39

Duncan v. NW Airlines,
203 F.R.D. 601 (W.D. Wash. 2001) .......... 39

Feinstein v. Firestone Tire & Rubber Co.,
535 F. Supp. 595 (S.D.N.Y. 1982) .......... 24

Fink v. Ricoh Corp.,
839 A.2d 942 (N.J. Super. Ct. Law Div. 2003) .......... 15, 19

Georgine v. Amchem Prods.,
83 F.3d 610 (3d Cir. 1996) .......... 17, 18, 28

Goasdone v. American Cyanamid Corp.,
808 A.2d 159 (N.J. Super. Law. Div. 2002) .......... 39

Hansen v. Mountain Fuel Supply,
858 P.2d 970 (Utah 1993) .......... 37

Harding v. Tambrands,
165 F.R.D. 623 (D. Kan. 1996) .......... 29, 39

Healy v. Beer Instit.,
491 U.S. 324 (1989) .......... 15, 16

In re Agent Orange Prod. Liab. Litig.,
818 F.2d 145 (2d Cir. 1987) .......... 28

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**


In re Am. Med. Sys.,
75 F.3d 1069 (6th Cir. 1996) ........................................................ 28

In re Baycol Prods. Litig.,
218 F.R.D. 197 (D. Minn. 2003) ................................................ 29, 35

In re Bridgestone/Firestone Inc.,
288 F.3d 1012 (7th Cir. 2002)...................................... 13, 15, 18, 29

In re Delta Air Lines,
310 F.3d 953 (6th Cir. 2002) ........................................................ 13

In re Fibreboard Corp.,
893 F.2d 706 (5th Cir. 1990) ........................................................ 28

In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.,
174 F.R.D. 332 (D.N.J. 1997) ...................................................... 18

In re Jackson Nat'l Life Ins. Litig.,
183 F.R.D. 217 (W.D. Mich. 1998)................................................ 18

In re Lorazepam Litig.,
289 F.3d 98 (D.C. Cir. 2002) ....................................................... 13

In re Northern Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.,
693 F.2d 847 (9th Cir. 1982) ........................................................ 27

In re Paxil Litig.,
218 F.R.D. 242 (C.D. Cal. 2003) .................................................. 31

In re Propulsid Prods. Liab. Litig.,
208 F.R.D. 133 (E.D. La. 2002)............................................... 28, 35

In re Repetitive Stress Injury Litig.,
11 F.3d 368 (2d Cir. 1993)............................................................ 28

In re Rezulin Prods. Liab. Litig.,
210 F.R.D. 61 (S.D.N.Y. 2002) ........................................... 28, 34, 35

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

In re Rhone-Poulenc Rorer, Inc.,
51 F.3d 1293 (7th Cir. 1995) ........ 29

In re Stucco Litigation,
175 F.R.D. 210 (E.D.N.C. 1997) ........ 28

Lienhart v. Dryvit Systems, Inc.,
255 F.3d 138 (4th Cir. 2001) ........ 13

Linkous v. Medtronic, Inc.,
No. 84-1090, 1985 WL 2602 (E.D. Pa. Sept. 4, 1985) ........ 24

Lockheed Martin Corp. v. Superior Court,
63 P.3d 913 (Cal. 2003) ........ 39

Lyon v. Caterpillar,
194 F.R.D. 206 (E.D. Pa. 2000) ........ 18

Mack v. General Motors Acceptance Corp.,
169 F.R.D. 671 (M.D. Ala. 1996) ........ 29

Mergenthaler v. Asbestos Corp.,
480 A.2d 647 (Del. 1984) ........ 33

Montgomery v. New Piper Aircraft,
209 F.R.D. 221 (S.D. Fla. 2002) ........ 16, 18

Newton v. Merrill Lynch, Inc.,
259 F.3d 154 (3d Cir. 2001) ........ 13

Newton v. Southern Wood Piedmont Co.,
163 F.R.D. 625 (S.D. Ga. 1995) ........ 26, 34

Nodak Mutual Ins. Co. v. American Family Mut. Ins. Co.,
604 N.W.2d 91 (Minn. 2000) ........ 17

Ortiz v. Fibreboard Corp.,
527 U.S. 815 (1998) ........ 21

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Payton v. Abbott Labs.,
100 F.R.D. 336 (D. Mass. 1983) .......... 28

Perez v. Metabolife Int'l, Inc.,
218 F.R.D. 262 (S.D. Fla. 2003) .......... 29, 38

Peterson v. BASF Corp.,
675 N.W.2d 57 (Minn. 2004) .......... 20

Petito v. A.H. Robins,
750 So. 2d 103 (Fla. Ct. App. 2000) .......... 37

Phillips Petroleum Co. v. Shutts,
472 U.S. 797 (1985) .......... 17, 18, 20

Prado-Steiman v. Bush,
221 F.3d 1266 (11th Cir. 2000) .......... 13

Redland Soccer Club, Inc. v. Department of the Army,
696 A.2d 137 (Penn. 1997) .......... 37

Reppert v. Marvin Lumber & Cedar Co.,
359 F.3d 53 (1st Cir. 2004) .......... 26

Rosen v. Ciba-Geigy Corp.,
78 F.3d 316 (7th Cir. 1996) .......... 35

Smith v. Brown & Williamson Tobacco Corp.,
174 F.R.D. 90 (W.D. Miss. 1997) .......... 39

Szabo v. Bridgeport Machs., Inc.,
249 F.3d 672 (7th Cir. 2001) .......... 13

Thompson v. American Tobacco Co.,
189 F.R.D. 544 (D. Minn. 1999) .......... 23, 24, 29

Tracker Marine, L.P. v. Ogle,
108 S.W.3d 349 (Tex. Ct. App. 2003) .......... 15, 19

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Trimble v. Asarco,
232 F.3d 946 (8th Cir. 2000) .......... 32

Valentino v. Carter-Wallace, Inc.,
97 F.3d 1227 (9th Cir. 1996) .......... 29

Walsh v. Ford Motor Co.,
807 F.2d 1000 (D.C. Cir. 1986) .......... 29

Waste Mgmt. Holdings, Inc. v. Mowbray,
208 F.3d 288 (1st Cir. 2000) .......... 13

Werlein v. United States,
746 F. Supp. 887 (D. Minn. 1990) .......... 39

Willis v. County of Sherburne,
555 N.W.2d 277 (Minn. 1996) .......... 21

Zinser v. Accufix Research Instit.,
253 F.3d 1180 (9th Cir.), *amended*, 273 F.3d 1266 (9th Cir. 2001) 29, 31, 39

**STATUTES**

21 U.S.C. § 360e .......... 4

28 U.S.C. § 1292(b) .......... 12

28 U.S.C. § 1651(a) .......... 12

28 U.S.C. § 2072(b) .......... 21

Cal. Bus. & Prof. Code §§ 17200, 17203 .......... 22

Fed. R. Civ. Proc. 23 .......... passim

Minn. Stat. Ann. § 325F.67 .......... 6

Minn. Stat. Ann. § 325D.44 .......... 6, 9

## TABLE OF AUTHORITIES
(continued)

Page(s)

Minn. Stat. Ann. § 325F.69 ....................6

Iowa Code Ann. § 714.16(7) ....................22

## MISCELLANEOUS

2 Dan B. Dobbs, *The Law of Torts Damages* § 377 (2001) ....................30

Amendments to Rules of Civil Procedure, 39 F.R.D. 69 (1966)....................27

## I. INTRODUCTION

This case presents compelling circumstances for immediate appellate review to examine unprecedented class certification orders.[1] Unless this Court intervenes, the court below will continue with a certified *nationwide* class action under the consumer protection law of a *single state* (Minnesota), seeking personal injury and medical monitoring damages for individuals implanted with a heart valve regulated and approved by the United States Food and Drug Administration (FDA). It will also attempt to try a *multistate* medical monitoring class with a diverse set of claimants under multiple states' laws, where unique medical issues will predominate. These certification orders are contrary to well-established precedent, basic principles embodied in Rule 23, the *Erie* Doctrine, the Rules Enabling Act, and, ultimately, the Constitution.

No federal court has ever certified a nationwide personal injury and medical monitoring class under a single state's consumer protection statutes, and for good reason. The 50 states have widely diverse consumer protection laws, all informed by unique combinations of objectives and public policy. There is, therefore, no basis to use a class action to elevate one state's law over all others, much less to allow one state's law to displace the legislative prerogative of every other jurisdiction.

[1] Concurrently with this petition, St. Jude Medical has filed a writ petition seeking review of the district court's order denying St. Jude Medical's motion for summary judgment on empress and implied federal preemption grounds.

Such a class is particularly improper here, where the district court simultaneously has *decertified* a nationwide personal injury class asserting various tort causes of action and likewise *rejected* a nationwide medical monitoring class—thereby directing the putative class members to pursue their tort-based personal injury claims in separate, individual civil actions. Put another way, the district court has rejected nationwide personal injury and medical monitoring classes in one iteration, revived both in another, and by doing so created a dual-track resolution system in which the same claimants will be pursuing the same remedies under different causes of action in state and classwide forums. This redundant system is not only wasteful, it directly threatens the rights of the parties and the absent class members.

The multistate medical monitoring class is on equally tenuous footing. Again, no federal court has ever certified a multistate medical monitoring class for individuals with unique medical histories and unique needs for follow up care. Moreover, there is nothing resembling uniformity among the states on whether medical monitoring even exists as a claim and, if so, what a claimant has to prove to obtain that relief. The district court nevertheless turned a deaf ear to the many irreconcilable differences among the class members' claims for medical monitoring damages and to the insurmountable challenges such a class presents in terms of a manageable classwide trial.

If this Circuit is going to embrace nationwide personal injury or medical monitoring class actions, then this Court should grant this appeal and so hold. If not, it also should accept this appeal and bring the law in this Circuit in line

with prevailing views on the proper legal and constitutional limits regarding what the district court is attempting.

The district court's class certification order has transformed the relatively few (now less than 40) MDL cases into potentially more than 11,000 separate cases. It has established dual, redundant resolution tracks in different forums, thereby splitting the class members' personal injury claims and offering St. Jude Medical no prospect of finality. It has forced St. Jude Medical to defend personal injury and medical monitoring claims under Minnesota's consumer protection statutes on a nationwide class basis. And it has exposed St. Jude Medical to an obligation to pay medical monitoring costs for more than 11,000 putative class members for years and years—costs the record establishes are unnecessary and would amount to a windfall to individuals who have not sustained, and will likely never sustain, complications attributable to the Silzone® valve.

There is no precedent supporting a class action that mandates this kind of fractured resolution scheme. There is no precedent supporting the nationwide imposition of personal injury or medical monitoring relief under the laws of a single state. And there is no precedent establishing that classwide relief should be ordered where it will be costly, inefficient and unmanageable. Consistent with the discretion provided under Rule 23(f), and for reasons explained more fully below, this Court should grant this petition and reverse the district court's class certification ruling.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

### A. St. Jude Medical Recalls The Silzone® Heart Valve After A Clinical Study Shows A Slight Increased Risk Of One Complication In Less Than Two Percent Of Individuals Implanted With The Valve

This proceeding arises out of St. Jude Medical's manufacture and sale of the FDA-approved Silzone® heart valve, a mechanical heart valve that has a sterile silver coating applied to its sewing cuff.[2] Between March 24, 1998 and January 21, 2000, physicians implanted more than 11,000 Silzone® valves throughout the United States.

As part of the FDA approval process, St. Jude Medical sponsored a randomized clinical study known as the Artificial Valve Endocarditis Reduction Trial (or "AVERT")—a controlled study comparing patient experience with silver-coated (or Silzone®-coated) valves to patient experience with non-Silzone valves. (Petitioner's Appendix ("PA") 125-26) The initial results from the AVERT study were reported in January of 2000, and they showed a small—about 2 percent—increased incidence of a single complication—major paravalvular leakage—among study recipients of Silzone® heart valves. The increase was small, but statistically significant, so

---

[2] The Silzone® valve is a Class III medical device subject to the FDA's strictest oversight regarding evaluation and approval. *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 344 (2001); *Brooks v. Howmedica, Inc.*, 273 F.3d 785, 789 (8th Cir. 2001); 21 U.S.C. § 360e(a)(1)(C). Before a Class III device can be marketed, the manufacturer must satisfy the FDA's experts that the device is safe and effective. 21 U.S.C. § 360e(d)(2); *Buckman*, 531 U.S. at 344.