# EXHIBIT 20

No. ____________

# In the United States Court of Appeals for the Eighth Circuit

## In re St. Jude Medical, Inc. Silzone® Heart Valve Products Liability Litigation

Lester Grovatt, Beatrice Bailey, Levy D. Redden, Bonnie L. Sliger, and Joe W. Sanchez, on behalf of themselves and all others similarly situated, Plaintiffs and Respondents,

vs.

St. Jude Medical, Inc., Defendant and Petitioner.

---

ST. JUDE MEDICAL, INC.'S REPLY BRIEF IN SUPPORT OF PETITION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(f) FOR PERMISSION TO APPEAL A CLASS CERTIFICATION ORDER

---

From a Class Certification Order by the
United States District Court for the District of Minnesota
Multidistrict Litigation No. 01-1396 (JRT/FLN)
The Honorable John R. Tunheim

---

Steven M. Kohn
James C. Martin
Steven J. Boranian
REED SMITH LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612
Telephone: (510) 763-2000
Facsimile: (510) 273-8832

Tracy J. Van Steenburgh
HALLELAND, LEWIS,
NILAN & JOHNSON, P.A.
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-1838
Facsimile: (612) 338-7858

Eric J. Magnuson
RIDER BENNETT, LLP
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402
Telephone: (612) 340-8900
Facsimile: (612) 340-7900

*Attorneys for Defendant and Petitioner*
*St. Jude Medical, Inc.*

# I. INTRODUCTION

St. Jude Medical's Petition described the many manifest errors in the district court's class certification order, with the main barrier to certification being this Court's own prior opinion. In response, plaintiffs insist that the district court's novel and far reaching order is business as usual; they attempt to deny that their class is a medical monitoring class; and they brush aside Rule 23 as "irrelevant." Each of these points is directly contrary to the controlling law and record evidence, which establishes conclusively that this Court must intervene to set this action straight.

St. Jude Medical accordingly offers this reply to make three discrete points exposing the material flaws in plaintiffs' approach to the class issues:

- The certified class is anything but business as usual. It is an unprecedented and unsupportable use of Rule 23 and one state's consumer protection statutes to regulate medical care nationwide. Plaintiffs have cited no authority to support such a class, nor can they excuse the district court's failure to conduct the required individualized choice-of-law analysis. Analysis citing only St. Jude Medical's residence and business in Minnesota does not meet constitutional demands.

- The district court certified a nationwide class of uninjured Silzone® heart valve recipients seeking medical monitoring, yet plaintiffs quizzically assert that the class "does not assert a cause of action for medical monitoring." Plaintiffs cannot deny the plain facts: No matter what basis they allege for liability, their class admittedly seeks medical monitoring and is subject to all the flaws that this Court exposed in its prior opinion.

- Rule 23 governs class certification, and the district court's failure to conduct a renewed analysis under Rule 23 warrants an immediate appeal and reversal.

## II. DISCUSSION

### A. The Certified Class Is Unprecedented And A Dangerous Use Of Rule 23 To Regulate Medical Care On A Nationwide Basis

The district court's class certification order certifying a nationwide class runs directly against this Court's prior opinion and other controlling authorities in multiple ways – mostly notably in its failure to conduct the constitutionally required, individualized conflicts-of-law analysis for each class member. *See In re St. Jude Medical, Inc. Silzone Heart Valve Prods. Liab. Litig.*, 425 F.3d 1116, 1120-21 (8th Cir. 2005). Plaintiffs' principal response to this conundrum is that the certified class is "neither controversial nor unheralded" and that such claims are "hardly novel." (Opposition at 5)

Plaintiffs, however, did not and cannot cite a single precedent for using Rule 23 and one state's consumer protection laws to regulate medical care and to mandate additional medical monitoring on a nationwide basis. Two of plaintiffs' cited cases are not class actions and provide no relevant guidance. *See Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2 (Minn. 2001); *Kociemba v. G.D. Searle & Co.*, 680 F. Supp. 1293 (D. Minn. 1988). The *Group Health* case is particularly inapposite: The plaintiffs were HMOs seeking to recover business expenses, not patients seeking medical care and damages. Further, the Minnesota court considered only the questions that the federal district court certified to it, which dealt with pleading and proof requirements under Minnesota's consumer protection statutes, not choice of law or the

extraterritorial application of those statutes. *Group Health*, 621 N.W.2d at 3. Ultimately, the *Group Health* plaintiffs' consumer protection claims failed on the merits, a result that this Court affirmed. *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 754-77 (8th Cir. 2003) (affirming summary judgment where plaintiffs could not establish causal nexus between company representations and plaintiffs' alleged damages)

A third case, *Curtis v. Philip Morris Cos., Inc.*, No. PI 01-018042, 2004 WL 2776228, *5 (Minn. Dist. Ct. Nov. 29 2004), involved a consumer product (cigarettes), and the claimed injury was "economic and not a personal injury," which excludes medical monitoring. Also, because it was a Minnesota-only class, it says nothing about the propriety of using one state's law to interfere with medical care across the county. *Id.* at *1, 5. None of these cases, nor any other case that plaintiffs cite, involved a nationwide class claiming medical monitoring relief, let alone a class of individuals who have suffered *no cognizable injury* seeking medical monitoring relief. In certifying such a class, the district court is distinctly alone.[1]

---

[1] To support their assertion that the district court's order is "in accord with other nationwide consumer claims," plaintiffs cite six cases, none of which provides a valid analogy or otherwise supports the district court's order. *See* Opposition at 5-6, citing *Dal Ponte v. American Mortg. Exp. Corp.*, No. 04-2152 (JEI), 2006 WL 2403982 (D.N.J. Aug. 17, 2006); *Barbara's Sales, Inc. v. Intel Corp.*, No. 5-05-0078, 2006 WL 2105656 (Ill. App. July 25, 2006); *Peterson v. BASF Corp.*, 618 N.W.2d 821 (Minn. App. 2000); *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605 (1987); *Martin v. Heinold Commodities, Inc.*, 510 N.E.2d 840 (Ill. 1987); *International Union v. Merck & Co.*, 894 A.2d 1136 (N.J. Super. Ct. 2006) (appeal pending). For one thing, none of these cases is a published federal opinion. Further, and more importantly, none of them involves claims for medical monitoring relief, and none addresses the propriety of using a consumer protection class action to regulate individualized health care decisions

(continued...)

Moreover, despite plaintiffs' assertions to the contrary, the district court's path to its unprecedented order did not follow this Court's mandate that it apply "individualized choice-of-law analysis . . . to each plaintiff's claim." 425 F.3d at 1120. Plaintiffs once again cite the district court's reliance on St. Jude Medical's contacts with Minnesota – exactly the one-sided and truncated analysis that this Court condemned – and they ask rhetorically "Truncated compared to what?" (Opposition at 10-11)

The answer is truncated compared to choice-of-law analysis which acknowledges that class members reside in other states. That analysis would take into account that physicians made purchasing decisions and implanted Silzone valves in other states, that class members are receiving follow-up care in other states, and that any additional monitoring would occur in other states. The proper analysis would admit, as this Court observed, that "there is no indication that out-of-state parties 'had any idea that [Minnesota] law could control' potential claims when they received their Silzone-coated valves." 425 F.3d at 1120 (quoting *Phillips Petroleum v. Shutts*, 472 U.S. 797, 822 (1985)). As the

(...continued)

nationwide. Rather, all of the cases deal solely with economic damages. Finally, to the extent that any of these courts certified or affirmed a nationwide class asserting claims under a single state's law – and not all of them did – such a holding cannot be reconciled with this Court's controlling mandate, nor with relevant federal authorities such as *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002) (rejecting nationwide application of Indiana consumer protection law, rejecting idea that defendant's Indiana headquarters could support such an extension of Indiana law), *Chin v. Chrysler Corp.*, 182 F.R.D. 448 (D.N.J. 1998) (rejecting nationwide application of New Jersey consumer protection law), and *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 174 F.R.D. 332 (D.N.J. 1997) (same).

Supreme Court expressly held in *Shutts*, "When considering fairness in this context, an important element is the expectation of the parties." *See Shutts*, 472 U.S. at 822. Moreover, the time at which to measure those expectations is the time of the transaction. *Id.* This Court therefore was entirely correct to identify patient expectations "when they received their Silzone-coated valves" as a factor in its analysis. The district court did not acknowledge any of these important factors, but relied solely on St. Jude Medical's Minnesota contacts.

In defense of the certification order, plaintiffs assert that it is "surely unassailable" that the Supreme Court did not require the district court to "discuss" each individual class member's claims. (Opposition at 11) The district court, however, gave no apparent consideration, even in general terms, to any individual class member's claims nor to any of the above factors. The error in its order therefore goes well beyond a failure to "discuss," and the result is contrary to this Court's suspicion that "Minnesota lacks sufficient contacts with all the parties' claims." 425 F.3d at 1120; *see also In re Bridgestone/Firestone*, 288 F.3d 1012, 1018 (7th Cir. 2002) (holding that "courts must respect these differences [in state consumer law] rather than apply one state's law to sales in other stats with different rules").

Finally, plaintiffs bemoan that the constitutionally required individualized analysis would be difficult and burdensome because of the purported number of class members. However, as the Supreme Court said, the calculus on the "question of constitutional limitations on choice of law . . . is not altered by the fact that it may be more difficult or more burdensome to comply with the constitutional limitations because of the large number of transactions." *Shutts*, 472 U.S. at 821. Difficult or not, the analysis is required, and if it is too

burdensome to be practicable, the result should be denial of the proposed class certification. That should have been the result in this action.

### B. Plaintiffs' Proposed Class Is A Nationwide Medical Monitoring Class Flying Under A Consumer Fraud Banner And It Cannot Be Reconciled With The Law Of This Case

Plaintiffs do not take issue with this Court's holding that their prior medical monitoring class could not meet Rule 23 because of the many individualized issues that medical monitoring relief presented. 425 F.3d at 1121. Yet, as St. Jude Medical explained in its Petition, the currently certified class runs headlong into that binding holding, as it is a class of uninjured Silzone patients seeking medical monitoring relief.

In response, plaintiffs insist (incredibly) that this is not a medical monitoring class and they state (even more incredibly) that "[t]he final form of the ultimate relief . . . is never a factor in determining whether class certification is appropriate." Plaintiffs could not be more wrong. Plaintiffs openly admit that they "seek equitable *relief* in the form of a medical monitoring program" for the entire class of uninjured Silzone valve recipients. (Opposition at 6) As for their statement that the relief sought is "never a factor," this Court obviously disagrees. It reversed a class comprising these same class members seeking the same relief on the basis that the relief – additional medical monitoring – presented too many individual issues. *See In re Silzone Heart Valve Litig.*, 425 F.3d at 1122 (reversing the prior medical monitoring class because a "patient who has been implanted with the Silzone® valve may or may not require additional monitoring, and whether he or she does is an individualized inquiry depending on that patient's medical history."). Thus, the "final form of the ultimate relief" not only was a "factor," it was the *dispositive* factor. That ruling

is binding law in this Circuit, and it is consistent with numerous additional authorities holding that class certification decisions must consider how a case will be tried, which implicates every element of every claim and defense. *See, e.g., Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (reversing class certification because district court did not did not consider how claims would be tried, holding that "a court must understand the claims, defenses, relevant facts, and applicable substantive law . . . to make a meaningful determination of the certification issues").

The predominating individual factors that scuttled plaintiffs' tort-based medical monitoring class are also dispositive here. No matter what the alleged legal basis for liability (whether it be statutory, commercial, or common law), the individualized factors that this Court identified are present, and they preclude certification of any class of uninjured Silzone patients seeking medical monitoring.

**C. Because Rule 23 Governs Class Actions, The District Court's Failure To Address The Rule's Requirements And The Insuperable Obstacles To Certification That The Class Presents Are Additional Reasons To Permit An Appeal**

Rule 23 is indisputably the controlling law in this case, yet plaintiffs assert that its requirements are "irrelevant because this Court did not direct the District Court to revisit them." (Opposition at 16) Simply put, Rule 23 is never "irrelevant" to class certification in federal court, and this Court did not need to "direct" the district court to consider whether plaintiffs' proposed class met Rule 23's requirements.

This Court unambiguously "reversed" both previously certified classes, and that mandate eliminated any certified class. *See In re St. Jude Medical, Inc.*

*Silzone Heart Valve Prods. Liab. Litig.*, 425 F.3d 1116, 1120-21 (8th Cir. 2005) (consumer protection class "reversed and remanded"). On remand, it was plaintiffs' burden to prove that the district court could and should certify another class. *See In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (class proponent bears burden to show that proposed class meets Rule 23).

Plaintiffs chose to ignore their burden, and the district court chose to rest on its prior certification rulings, which resulted in the certification of a class that runs against Rule 23 for all the reasons that St. Jude Medical has stated. At the very least, the district court needed to address issues not previously determined, in addition to the conflicts-of-law issues described above. For example:

- Plaintiffs offered a newly defined class, asserting consumer protection claims, but excluding any person with a cognizable injury. Further the class sought nationwide, classwide relief in the form of medical monitoring, which this Court had expressly rejected. 425 F.3d at 1121. These factors alone called for renewed Rule 23 analysis and denial of class certification.

- Mr. Grovatt is now the sole class representative, down from the original five representatives. This raised issues of adequacy and typicality, which the district court did not address and which defeat certification of this class.

- Plaintiffs offered a new and complex medical monitoring proposal geared toward treating individual patients in an individual manner, but the district court did not address its impact on adequacy, typicality, manageability, predominance, and superiority.

- St. Jude Medical offered additional evidence showing that proof of key liability issues would require individualized inquiry into each Silzone-related transaction. St. Jude Medical, for example, did not market Silzone-coated valves directly patients; physicians did not received information regarding Silzone valves in any uniform fashion; and physicians did not inform their patients regarding Silzone valves in the same way.

- Three years passed between the district court's initial order certifying a class and its most recent order. The passage of time implicates superiority. Many cases have been resolved, the MDL is winding down with few individual cases remaining, and there has been no influx of new cases. These events require reevaluation of the purported need for any kind of classwide relief, particularly where the class seeks to benefit individuals who have had their heart valves for *at least six years* without complication.

Because the certified class does not meet Rule 23, this Court should permit an appeal in order to reverse certification of the class.

## III. CONCLUSION

Permitting this class action to go forward will result in a long, costly, and wasteful proceeding that will benefit no one and that inevitably will be reversed. If anything, plaintiffs' opposition underscores that this class action presents significant and far-reaching issues that warrant an immediate appeal.

DATED: November 9, 2006.

Respectfully submitted,

REED SMITH LLP
Steven M. Kohn
James C. Martin
Steven J. Boranian

HALLELAND, LEWIS, NILAN &
JOHNSON, P.A.
Tracy J. Van Steenburgh

RIDER BENNETT, LLP

By____________________
Eric J. Magnuson

Attorneys for Defendant and Petitioner
St. Jude Medical, Inc.